Case 2:07-cv-02534-ABC-JC   Document 7   Filed 04/19/2007   Page 1 of 4

Ticketmaster LLC v. RMG Technologies Inc et al.                                                                                     Doc.




# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TICKETMASTER L.L.C., a Virginia limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>RMG TECHNOLOGIES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV07-2534 ~~GHK~~ ABC (JWJx)<br><br>Hon. ~~George H. King~~<br><br>Courtroom: 650<br><br>[~~PROPOSED~~] ORDER REGARDING TICKETMASTER L.L.C.'S *EX PARTE* APPLICATION FOR (1) TEMPORARY RESTRAINING ORDER TO PRESERVE EVIDENCE, AND (2) ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION REQUIRING PRESERVATION OF EVIDENCE SHOULD NOT BE ISSUED<br><br>[Fed. R. Civ. Proc. 65(b)]<br><br>Complaint Filed: April 17, 2007 |

Having considered and reviewed the *Ex Parte* Application by plaintiff Ticketmaster L.L.C. ("Ticketmaster") for Temporary Restraining Order to Preserve Evidence (the "Application"), including all papers and evidence in support of the Application, the Court makes the following findings:

41107771.2

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

[PROPOSED] ORDER RE *EX PARTE* APPLICATION

1. On April 17, 2007, the same day Ticketmaster filed its Complaint in this action, Ticketmaster filed the Application against defendant RMG Technologies, Inc. ("RMG") for an order "requiring RMG and its agents, servants, employees, representatives and attorneys, and all persons acting in concert or participating with RMG, to desist and refrain from tampering with, destroying, or permitting the loss or destruction of documents and other information, including without limitation computer equipment, computer files, and printed documents, that is relevant or that might lead to the discovery of admissible evidence based on the allegations of the Complaint."

2. Ticketmaster has established, through the certification of its counsel, that it was proper not to have given notice to RMG of the Application, because notice would likely have jeopardized the value of the preservation order.

3. Ticketmaster has established that Ticketmaster will suffer irreparable harm if documents and other information in RMG's possession which is relevant to this litigation are tampered with, destroyed or lost pending a hearing on a preliminary injunction, because RMG may be the only source for obtaining such documents and information.

4. Ticketmaster has established that the balance of hardships tips sharply in Ticketmaster's favor, because the relief requested by Ticketmaster in its Application will merely preserve the status quo and will not impose any hardship on RMG.

5. Ticketmaster has established that unless RMG is immediately restrained in the manner requested, Ticketmaster will have no adequate remedy at law.

Therefore, the Court **HEREBY ORDERS THAT, FOR A PERIOD OF TEN DAYS FOLLOWING ISSUANCE OF THIS RULING,** RMG and its agents, servants, employees, representatives and attorneys, and all persons acting in concert or participating with RMG, desist and refrain from tampering with,

destroying, or permitting the loss or destruction of documents and other information, including without limitation computer equipment, computer files, and printed documents, that is relevant or that might lead to the discovery of admissible evidence based on the allegations of the Complaint filed in this action.

**IT IS FURTHER ORDERED** that:

[Alternative No. 1] Ticketmaster need not post security for this Temporary Restraining Order, because the requested relief is consistent with the discovery obligations specified by the Federal Rules of Civil Procedure following the commencement of an action. Thus, there is no risk that RMG will incur or suffer costs or damages by reason of this Temporary Restraining Order.

[Alternative No. 2] Ticketmaster shall post a bond in the nominal amount of $_____ as security for this Temporary Restraining Order within ____ business days after issuance of this Temporary Restraining Order, or the Temporary Restraining Order shall be dissolved. This nominal amount is appropriate because the requested relief is consistent with the discovery obligations specified by the Federal Rules of Civil Procedure following the commencement of an action.

**IT IS FURTHER ORDERED** that RMG is to appear on _Thurs May 3, 2007_ at _10:00 a.m._ in Courtroom 680 of this Court, located at 255 East Temple Street, Los Angeles, California 90012, to show cause why a preliminary injunction should not issue, restraining and enjoining RMG and its agents, servants, employees, representatives and attorneys, and all persons acting in concert or participating with RMG, to desist and refrain from tampering with, destroying, or permitting the loss or destruction of documents and other information, including without limitation computer equipment, computer files, and printed documents, that is relevant or that might lead to the discovery of admissible evidence based on the allegations of the Complaint filed in this action, pending trial in this action.

**IT IS FURTHER ORDERED** that any answering papers by RMG to the Order to Show Cause contained in this Order must be filed and served upon

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41107771.2

3

[PROPOSED] ORDER RE *EX PARTE* APPLICATION

counsel for Ticketmaster by personally delivering copies to counsel's office on or before the close of business on _Thursday, April 26_, 2007. Reply, if any, must be filed and served upon counsel for RMG by personally delivering copies to counsel's office by the close of business _Mon April 30_ 2007.

**IT IS SO ORDERED.**

Dated: _April 19_, 2007

Hour of Issuance _____   _____

United States District Court Judge

SUBMITTED BY:
MANATT, PHELPS & PHILLIPS, LLP
ROBERT H. PLATT (Bar No. CA 108533)
DONALD R. BROWN (Bar No. CA 156548)

By: _/s/ Robert H. Platt_
Robert H. Platt
Attorneys for *Plaintiff*
TICKETMASTER L.L.C.