Ticketmaster LLC v. RMG Technologies, Inc. et al                                                    Doc. 5

| Priority |  |
| --- | --- |
| Send |  |
| Enter |  |
| Closed |  |
| JS-5/JS-6 | N/A |
| JS-2/JS-3 |  |
| Scan Only |  |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.    CV 07-2534 ABC (JCx)                    Date    October 12, 2007

Title    Ticketmaster L.L.C. v. RMG Technologies, et al.

**ORIGINAL**

Present: The Honorable    Audrey B. Collins

| Daphne Alex | Not Present | N/A |
| --- | --- | --- |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                Attorneys Present for Defendants:

None                                            None

**Proceedings:**        DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED
                        COMPLAINT (In Chambers)

Pending before the Court is Defendant RMG Technologies, Inc.'s Rule 12(b)(6) Motion to
Dismiss the First Amended Complaint ("Motion"), filed on July 10, 2007. Plaintiff Ticketmaster L.L.C.
("Plaintiff") filed an Opposition on July 30, 2007, and Defendant filed a Reply on August 6, 2007. The
Court found the Motion appropriate for determination without oral argument and took it under
submission. See Fed. R. Civ. Pro. 78; Local Rule 7-15. Having considered the materials submitted by
the parties and the case file, the Court DENIES Defendant's Motion.

### BACKGROUND

In this action, Plaintiff Ticketmaster alleges that Defendant RMG has marketed and sold an
application (or applications) that enables Defendant's customers to use automated devices to unlawfully
enter into and navigate through Plaintiff's website, ticketmaster.com, and improperly purchase large
quantities of tickets, circumventing security measures intended to prevent automated purchases and
violating the website's Terms of Use. (First Amended Complaint "FAC" ¶¶ 4, 5, 28.) Based on these
allegations, Plaintiff asserts eleven causes of action against Defendant: (1) copyright infringement, 17
U.S.C. § 101, et seq.; (2) violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §
1201; (3) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; (4) violation of
California Penal Code § 502; (5) violation of RICO, 18 U.S.C. 1962(a); (6) violation of RICO, 18
U.S.C. 1962(d); (7) breach of contract;  (8) inducing breach of contract; (9) intentional interference with
contractual relations; (10) fraud; and (11) aiding and abetting fraud.

Defendant now moves to dismiss the FAC under Fed. R. Civ. Proc. 12(b)(6) for failure to state a
claim. Defendant argues both that Plaintiff has failed to allege the elements comprising its claims, and
that some of Plaintiff's legal theories are not cognizable. Plaintiff opposes.

### LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. See
Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires a
"short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles A.
Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990). "The Rule 8 standard

DOCKETED ON CM

OCT 13 2007

55

Dockets.Justia.co

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2534 ABC (JCx) | Date | October 12, 2007 |
|---|---|---|---|

| Title | Ticketmaster L.L.C. v. RMG Technologies, et al. |
|---|---|

contains 'a powerful presumption against rejecting pleadings for failure to state a claim.'" Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997). A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 969, 699 (9th Cir. 1988); accord Gilligan, 108 F.3d at 249 ("A complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (citations omitted). To survive a 12(b)(6) motion, a complaint "does not need detailed factual allegations," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 127 S.Ct. 1955, 191965 (2007) ("retir[ing]" the "no set of facts" language of Conley v. Gibson, 355 U.S. 41 (1957)).

The Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to plaintiff. Id. However, the Court need not accept as true any unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

**DISCUSSION**

Having studied the FAC and the parties' papers, the Court finds that Plaintiff's claims are well-pled because they are based on cognizable legal theories supported by factual allegations sufficient to state claims for relief. The Court will only briefly address several of Defendant's arguments.

First, Defendant urges that insofar as the FAC merely recites the elements of Plaintiff's claims in a rote fashion – such as Plaintiff's claims under the CFAA, DMCA, and California Penal Code – those claims are insufficiently pled because a complaint must include more than "a formulaic recitation of the elements of a cause of action." Bell Atlantic, 127 S.Ct. at 1959. However, in addition to reciting the elements of each of its causes of action, the FAC begins with a "Summary" reciting numerous specific, substantive facts to support Plaintiff's legal theories. (See FAC ¶¶ 3-45.) Plaintiff did not render its claims ill-pled simply because it did not repeat every supporting factual allegation within the subsections setting forth its eleven claims. Rather, a fair reading of the FAC entails a consideration of the "Summary" in tandem with the claim-specific allegations. Having engaged in such a reading, the Court finds that Plaintiff's claims are well-pled.

Second, Defendant argues that Plaintiff's fraud-based claims do not comply with Rule 9(b)'s requirement that "[i]n all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with specificity." The Ninth Circuit has interpreted Rule 9(b) to mean that "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997), quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627-628 (7th Cir.1990)). However, Rule 9(b) does not require a plaintiff "to allege, in detail, all facts supporting each and every instance of [fraud] over a multi-year period." U.S. ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1051-1052 (9th Cir. 2001). Rather, Rule 9(b) is satisfied if the complaint "'identifies the circumstances of the alleged fraud so that defendants can prepare an adequate answer.'" Warshaw v. Xoma Corp., 74 F.3d 955, 960 (9th Cir. 1996) (quoting Kaplan v. Rose, 49 F.3d 1363, 1370

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2534 ABC (JCx) | Date | October 12, 2007 |
|---|---|---|---|

| Title | Ticketmaster L.L.C. v. RMG Technologies, et al. |
|---|---|

(9th Cir.1994). Thus, a plaintiff need only "set forth what is false or misleading about a statement and why it is false." Cooper, 137 F.3d at 625. For example, "[w]here [a] complaint asserting claims of improper revenue recognition identified (i) some of the specific customers defrauded, (ii) the type of conduct at issue, (iii) the general time frame in which the conduct occurred, and (iv) why the conduct was fraudulent, it was 'not fatal to the complaint that it [did] not describe in detail a single specific transaction . . . by customer, amount, and precise method.'" SmithKline Beecham, 245 F.3d 1051-1052 (characterizing the holding of Cooper v. Pickett.)

Here, Plantiff's FAC satisfies Rule 9(b) because it is specific enough to give Defendant notice of the particular misconduct alleged against it. The FAC alleges that Defendant made a false promise to abide by the Terms of Use each time it used the website, aided and abetted its customers' commission of the same false promise, and that the same misrepresentation has been made thousands of times since 2004. (See, e.g., FAC ¶¶ 34, 89, 99, 100, 116-119, 124, 126-129, 134.) Thus, although Plaintiff has not identified each instance of this alleged fraud, or each and every individual involved, Plaintiff's FAC does identify Defendant's misleading statements, explain why those statements are misleading, identify to the extent possible the persons involved (Defendant, and Defendant's customers, see, e.g., FAC ¶¶ 119, 129), and set out a time frame for the repeated misrepresentations. This is sufficient specificity under Rule 9(b). Defendant also alleges that Plaintiff's fraud claims are infirm for failing to plead detrimental reliance. However, a reading of the FAC belies this position. (See, e.g., FAC ¶¶ 39-45, 120-123.)

Third, the Court rejects Defendant's argument that Plaintiff can plead only either breach of contract or fraud, but not both. See Glendale Fed. Sav. & Loan Assn. v. Marina View Heights Dev. Co., 66 Cal. App. 3d 101, 137 (1977) (plaintiff simultaneously pursued claims for promissory fraud and breach of contract); see also Stop Loss Ins. Brokers, Inc. v. Brown & Toland Medical Group, 143 Cal. App. 4th 1036, 1043 (2006) (noting that "the remedy for a breach of contract is generally limited to contract law, and recovery in tort is not permitted unless (1) the breach is accompanied by a traditional common law tort, such as fraud or conversion; (2) the means used to breach the contract are tortious, involving deceit or undue coercion or; (3) one party intentionally breaches the contract intending or knowing that such a breach will cause severe, unmitigable harm") (citation omitted).

Finally, for the reasons stated in Plaintiff's opposition, the Court finds Plaintiff's theories underlying its copyright claims, claims for inducing breach of contract and intentional interference with contract, and its claims under the CFAA and DMCA, are legally cognizable.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

Initials of Preparer