1    MANATT, PHELPS & PHILLIPS, LLP
    ROBERT H. PLATT (Bar No. CA 108533)
2    rplatt@manatt.com
    MARK S. LEE (Bar No. CA 094103)
3    mlee@manatt.com
    DONALD R. BROWN (Bar No. CA 156548)
4    dbrown@manatt.com
    11355 West Olympic Boulevard
5    Los Angeles, CA 90064-1614
    Telephone: (310) 312-4000
6    Facsimile: (310) 312-4224

7    Attorneys for *Plaintiff*
    TICKETMASTER L.L.C.

8

9           UNITED STATES DISTRICT COURT

10         CENTRAL DISTRICT OF CALIFORNIA

11

12    TICKETMASTER L.L.C., a Virginia     Case No. CJ 07-2534 ABC(JWJx)
    limited liability company,
13                     Hon. Jeffrey W. Johnson

14         Plaintiff,        **DISCOVERY MOTION**

15      vs.                  **JOINT STIPULATION**
                           **REGARDING PLAINTIFF'S**
16    RMG TECHNOLOGIES, INC., a     **MOTION TO COMPEL**
    Delaware corporation, and DOES 1   **PRODUCTION OF DOCUMENTS;**
    through 10, inclusive,          **DECLARATIONS OF ADAM**
17                         **LIEB, RAAQIM KNIGHT,**
         Defendants.       **CIPRIANO GARIBAY, AND**
18                         **DAVID TARLOW**

19

20                    Hearing Date: April 17, 2008
                      Hearing Time: 2:00 p.m.
21                    Location:     Courtroom C, 8th Fl,
                                Spring St.
22

23                    Pre-Trial Conf.: September 15, 2008
                   Trial Date: October 1, 2008
24                    Discovery Cut-Off: May 23, 2008

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1               JOINT STIPULATION RE
            TICKETMASTER'S MOTION TO COMPEL

Dockets.Justia.com

This Joint Stipulation is submitted by the undersigned parties pursuant to Local Rule 37-2 in connection with Plaintiff Ticketmaster L.L.C.'s ("Plaintiff" or "Ticketmaster") motion to compel Defendant RMG Technologies, Inc. ("Defendant" or "RMG") to permit inspection by Ticketmaster of documents and electronically stored information. In accordance with Local Rule 37-1, the parties have met and conferred in good faith to resolve this dispute but were unable to do so.

## I.

## TICKETMASTER'S INTRODUCTORY STATEMENT

Ticketmaster seeks an order requiring RMG to provide amended responses to Ticketmaster's requests for production and to permit immediate inspection by Ticketmaster of unprivileged documents, including electronically stored information, reasonably calculated to lead to the discovery of admissible evidence and necessary for the prosecution of Ticketmaster's claims. Specifically, Ticketmaster seeks an order requiring RMG to: (a) produce allegedly "confidential" materials pursuant to a reasonable protective order; (b) provide amended responses to the requests; and (c) produce additional unprivileged, non-confidential documents and electronically stored information covered by the requests set forth herein.

### A.    Nature of the Case.

Ticketmaster distributes tickets for live entertainment events to the public through its "www.ticketmaster.com" website. (Complaint ¶ 3.) In its complaint, Ticketmaster has alleged that RMG marketed and sold an applications that enable RMG's customers to use automated devices to enter and navigate Ticketmaster's website and unfairly procure large quantities of tickets in violation of Ticketmaster's terms of use, and to conceal from Ticketmaster their use of such automated devices on Ticketmaster's website. (*Id.* ¶ 4.) These activities constitute a civil RICO violation, intentional interference with contractual relations, and

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1

1

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

1  inducing breach of contract.  (*Id.* ¶¶ 72-114.)  RMG also uses, or makes available
2  for use, automated devices to circumvent Ticketmaster's "access control" and
3  "copy protection" systems in violation of the Digital Millennium Copyright Act
4  (17 U.S.C. § 1201), the Computer Fraud and Abuse Act (18 U.S.C. § 1030), and
5  California Penal Code § 502 *et seq.*  (*Id.* ¶¶ 51-71.)  Additionally, RMG copies
6  copyrighted content, in violation of copyright laws.  (*Id.* ¶¶ 46-50.)  Finally, RMG
7  fraudulently misrepresented that it would comply with Ticketmaster's Terms of Use
8  when it accessed Ticketmaster's website, giving rise to a claim for  fraud under
9  California common law.  (*Id.* ¶ 115-124.)

10  **B.**    **The Preliminary Injunction and Expedited Discovery Order.**

11            On October 16, 2007, the Court issued a preliminary injunction, enjoining
12  RMG from creating, selling, facilitating the use of, or using "computer programs or
13  other automatic devices to circumvent the technological copy protection systems in
14  Ticketmaster's website," or otherwise violating ticketmaster.com's terms of use.
15  On November 14, 2007, based on concerns raised by Ticketmaster that RMG was
16  violating the Court's October 16, 2007 preliminary injunction, the Court issued an
17  order permitting Ticketmaster to conduct expedited discovery to ascertain RMG's
18  compliance with the preliminary injunction (the "Expedited Discovery Order").
19  Pursuant to the Expedited Discovery Order, RMG produced certain electronic
20  information and documentation necessary for a determination of whether RMG was
21  in contempt of the Court's preliminary injunction.

22            Prior to the Court's expedited discovery order, Ticketmaster had propounded
23  requests for production of categories of documents that were broader than those
24  ordered produced by the Expedited Discovery Order.   In accordance with the
25  allegations of its Complaint, those requests sought, in general, documents
26  concerning the identity of RMG's customers, communications with those customers
27  regarding RMG's products and Ticketmaster's website, and the steps RMG took to
28  develop and market products intended to be used by customers in conjunction with

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1                                           2                    JOINT STIPULATION RE
                                                                    TICKETMASTER'S MOTION TO COMPEL

their purchase of tickets from the Ticketmaster website, including actual visits to the Ticketmaster website.  (Declaration of Raaqim Knight ("Knight Decl."), filed concurrently herewith, ¶ 2.)  RMG initially refused to produce a single document in response to these requests.  (*Id*. ¶ 3.)

## C.    RMG's Responses and Ticketmaster's Unsuccessful Efforts to Resolve Discovery Disputes.

After counsel for Ticketmaster and RMG met and conferred regarding the requests, RMG agreed to provide supplemental responses to the requests and to produce additional documents (documents not produced in response to the Expedited Discovery Order).  To that end, RMG was to make an initial production on January 7, 2008, which would be followed by a subsequent production of documents accompanying the supplemental responses due January 29, 2008.  (*Id*., ¶ 4, Ex. A.)  RMG's supplemental responses and failure to make a the promised second production of documents are the subjects of this motion.

RMG's supplemental responses mischaracterize Ticketmaster's requests, narrowing the requests in some instances, and expanding them in other instances.  RMG adopted interpretations of requests intended to morph the propounded requests into new requests.  RMG also asserted various unfounded objections to Ticketmaster's requests.  More problematic, however, is RMG's refusal to produce categories of documents based on those objections.  RMG previously stated it would produce additional documents in response to certain requests, however, no documents have been produced. Meanwhile, documents already in Ticketmaster's possession indicate that RMG is still in possession of additional responsive documents.

Further, RMG is needlessly impeding discovery.  For example, RMG refused to produce documents on confidentiality grounds, yet has refused to negotiate a stipulated protective order, or even to comment on a draft protective order that was provided more than a month ago by Ticketmaster.  (Knight Decl., ¶¶ 8 & 9, Exs. B

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1

3

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

1  & C.)  Meanwhile, the expedited discovery order entered on November 14, 2007
2  date provides protection for RMG's allegedly confidential documents.[1]

3  **D.    The Discovery Cut-off and Need for a Discovery Order.**

4  The parties are now only two months away from the May 23, 2008 discovery
5  cut-off in this case, and many requested documents that are relevant and obviously
6  within RMG's possession, custody or control have yet to be produced.
7  Ticketmaster requests that the Court issue an order requiring RMG to produce
8  additional documents and provide amended responses to the requests.

9  **II.**

10  **RMG'S INTRODUCTORY STATEMENT**

11  This is the ultimate case of hypocrisy.  Ticketmaster, the Plaintiff in this
12  matter, is actually the party withholding requested and relevant documents. It is
13  Ticketmaster who is asserting frivolous objections and dilatory tactics all to deprive
14  RMG of its right to defend itself in this action.  Pointedly, pursuant to
15  Ticketmaster's Request for Production of Documents dated October 15, 2007 and
16  the expedited discovery order of the court dated November 9, 2007 RMG has
17  provided to Ticketmaster significant and proprietary documents related to its
18  software products, including, the source code that drives its software product.
19  Nevertheless, Plaintiff has refused to provide any documents whatsoever to RMG
20  notwithstanding the fact that RMG propounded its Request for Production on
21  December 7, 2007.  What makes Ticketmaster's actions even more egregious, is
22  that it specifically requested an extension of time with which to respond to RMG's
23  discovery request, only to then withhold documents.  As of the date of RMG's
24  response to this stipulation, RMG had not received one single piece of paper which
25  was responsive to any of its document requests.

26

27  _____
[1] Ticketmaster is separately moving for a protective order to govern the production
28  of trade secrets and other confidential information.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1                          4                          JOINT STIPULATION RE
                                                   TICKETMASTER'S MOTION TO COMPEL

1    Documents which have been withheld by Ticketmaster are highly relevant to

2  RMG's defenses in this matter.  Specifically, Ticketmaster has claimed that it

3  sustained damages in the form of increased costs of internet security.  In response to

4  this allegation, RMG requested documents concerning Ticketmaster's convenience

5  charges. RMG contends that these documents would show whether Ticketmaster

6  has actually passed off the costs of internet security to its customers, thereby,

7  negating any such damages.  Notwithstanding the obvious relevance, and clear need

8  for this information, Ticketmaster refuses to produce any such documents under

9  any condition.  Moreover, Ticketmaster's attorneys, at the meet and confer of

10  counsel on March 5, 2008  told RMG's counsel that RMG would need to make a

11  motion to compel in order to obtain this information.  When RMG's counsel asked

12  Ticketmaster's counsel why it was refusing to produce documents which clearly are

13  relevant to the matter, Ticketmaster's attorney claimed that he was told by partners

14  at his firm not to compromise on these requests.

15    Ticketmaster has failed to produce any documents which support its loss of

16  goodwill claim, even though same have been requested.  When RMG's counsel

17  confronted Ticketmaster's counsel with the fact that said documents are relevant to

18  disproving Ticketmaster's claims, Ticketmaster's counsel agreed that they were

19  relevant, yet refused to produce them.

20    On March 5, 2008, when counsel for Ticketmaster and RMG met and

21  conferred regarding *both parties* inadequate responses to discovery request,

22  Ticketmaster's counsel requested that RMG provide further discovery responses by

23  March 7, 2008.  Upon RMG's counsel's inquiry as to when Ticketmaster would

24  provide supplemental responses, Ticketmaster's counsel stated that Ticketmaster

25  would be unable to provide a further response for at least 2 to 3 weeks, maybe

26  longer; he refused to confirm any date for further responses or document

27  production.  RMG's counsel stated they would not be able to provide responses by

28  March 7, 2008, as RMG's counsel had an appellate brief due in another matter on

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1                                    5              JOINT STIPULATION RE
                                                    TICKETMASTER'S MOTION TO COMPEL

1  March 14, 2008, and a jury trial scheduled to begin on March 17, 2008.  RMG's

2  counsel suggested that the parties decide on another due date for both of their

3  further responses.  Ticketmaster's counsel refused to commit to a date for his client

4  to provide further responses. Accordingly, the parties left the issue open.  RMG's

5  counsel did not anticipate that Ticketmaster would serve this stipulation upon it on

6  March 12, 2008, especially since Ticketmaster has not provided any further

7  responses, and still is withholding all documents in this matter.

8         Based upon the foregoing, it is respectfully submitted that it is Ticketmaster

9  who must be compelled to provide another response to RMG's document requests,

10  and to immediately produce documents.

11                                    **III.**

12              **JOINT SPECIFICATION OF ISSUES IN DISPUTE**

13  A.    **RMG's Withholding of Documents on the Basis of Confidentiality and
       Simultaneous Refusal to Enter a Stipulated Protective Order (Document
14     Request Nos. 11, 12, 32, 33, 34, 36, and 39).**

15          REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 11

16          All Documents relating to how You obtained or developed
            Automated Devices and software used to buy Tickets.
17
18          RESPONSE TO REQUEST FOR PRODUCTION OF
            DOCUMENTS NO.: 11

19          Responding Party objects to this request as it is overbroad with
20          respect to the definition of Automated Devices."  Responding
            Party objects to this request as it is oppressive and burdensome.
21          Responding Party objects to this request as it seeks information
            which constitutes "trade secrets" or other "confidential research,
22          development or commercial information" pursuant to Rule
            26(c)(7), and would only produce them pursuant to a protective
23          order by the Court or a stipulated protective order.

24          REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 12

25          All Documents relating to whom You transferred Automated
            Devices and software used to buy Tickets.
26
            RESPONSE TO REQUEST FOR PRODUCTION OF
27          DOCUMENTS NO.: 12

28          Responding Party objects to this request as it is overbroad with
            respect the definition of "Automated Devices."  Responding

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1                     6              JOINT STIPULATION RE
                                        TICKETMASTER'S MOTION TO COMPEL

Party objects to this request as it seeks information which constitutes "trade secrets" or "commercial information" pursuant to Rule 26(c)(7). Notwithstanding these objections, Responding Party is unable to comply with this request as it has not transferred any automated devices and software to any person or entity to purchase Tickets.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 32

All documents that identify all persons to whom You sold, leased, rented, licensed or otherwise provided any and all products or services mentioned in Exhibit 1 of Ticketmaster's *Motion for Preliminary Injunction* filed in this case ("MPI Exh. 1") (attached hereto).

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 32

Responding Party objects to this request as exceeding permissible discovery, as it is irrelevant to the issues in the instant matter. Responding Party objects to this request as it seeks information which constitutes "trade secrets" or other "confidential research, development or commercial information" pursuant to Rule 26(c)(7). Responding Party objects to this request as it seeks confidential financial information of third parties.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 33

All Communications between You and any Person relating to the products or services mentioned in MPI Exh. 1.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 33

Responding Party objects to this request as exceeding permissible discovery, as it is irrelevant to the issues in the instant matter. Responding Party objects to this request as it seeks information which constitutes "trade secrets" or other "confidential research, development or commercial information" pursuant to Rule 26(c)(7). Responding Party objects to this request as it seeks confidential financial information of third parties.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 34

All Documents, including but not limited to financial records, relating to all revenue You have received relating to all products and services mentioned in MPI Exh. 1.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 34

Responding Party objects to this request as exceeding permissible discovery, as it is irrelevant to the issues in the

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1

7

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

instant matter. Responding Party objects to this request as it seeks information which constitutes "trade secrets" or other "confidential research, development or commercial information" pursuant to Rule 26(c)(7). Responding Party objects to this request as it seeks confidential financial information of third parties.

<u>REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 36</u>

All Documents relating to all agreements You entered into with any Person to whom You sold, leased, rented, licensed, or otherwise provided an Automated Device(s).

<u>RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 36</u>

Responding Party objects to this request as it is overbroad with respect to the term "Automated Devices." Responding Party objects to this request as exceeding permissible discovery, as it is irrelevant to the issues in the instant matter, as it is not limited to Ticketmaster. Responding Party objects to this request as it seeks information which constitutes "trade secrets" or other "confidential research, development or commercial information" pursuant to Rule 26(c)(7). Responding Party objects to this request as it seeks confidential financial information of third parties.

<u>REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 39</u>

All Communications You have had with any Person to whom You sold, leased, rented, or licensed or otherwise made available any products or services mentioned in MPI Exh. 1.

<u>RESPONSE TO REQUEST FOR PRODUCTION OF DOCPMENTS NO.: 39</u>

Responding Party objects to this request as exceeding permissible discovery, as it is irrelevant to the issues in the instant matter. Responding Party objects to this request as it seeks information which constitutes "trade secrets" or other "confidential research, development or commercial information" pursuant to Rule 26(c)(7). Responding party objects to this request as it seeks confidential financial information of third parties. Responding Party objects to this request as it seeks information regarding Triple Play and Purchasemaster, which are unrelated to this lawsuit.

**1.    Ticketmaster's Contentions and Points and Authorities.**

Ticketmaster is entitled to discovery of "any matter, not privileged, that is relevant to the claim or defense of that party." *See* Fed.R.Civ.P. 26(b)(1). "It is a common principle that the rules of discovery are to be broadly and liberally

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1

8

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

1   construed so as to permit the discovery of any information which is relevant and is

2   reasonably calculated to lead to the discovery of admissible evidence." *Willis v.*

3   *Ritter* (S.D.Cal. 2007) 2007 WL 2455873, *2 (citing Fed.R.Civ.P. 26(b)(2);

4   *Hickman v. Taylor* (1947) 329 U.S. 495, 507). Each of these requests is relevant to

5   the claims and defenses at issue in this matter.

6       Ticketmaster alleges that RMG developed, and is marketing and selling,

7   computer programs that enable its ticket broker customers to access Ticketmaster's

8   website, block access to the best tickets, copy purchase pages, and quickly purchase

9   large quantities of tickets faster than human customers can, in violation of

10  www.ticketmaster.com's terms of use. (Complaint ¶ 4.) Accordingly, the requests

11  at issue seek the identity of RMG's customers, communications with those

12  customers regarding RMG's products and Ticketmaster's website, and the steps

13  RMG took to development a product intended to be used by customers in

14  conjunction with their use of the Ticketmaster website, including actual visits to the

15  Ticketmaster website.

16      RMG has objected that the requests seek information which constitutes "trade

17  secrets" or other "confidential research, development or commercial information,"

18  and has refused to produce such documents, while simultaneously refusing to

19  stipulate to a protective order. The United States Constitution and California

20  Constitution provide protection for certain private and proprietary information,

21  including confidential business records and trade secrets. However, the right of

22  privacy is not an absolute bar to discovery. Rather, courts balance the need for the

23  information against the claimed privacy right. *Ragge v. MCA/Universal Studios*

24  (C.D.Cal. 1995) 165 FRD 601, 604 (right of privacy under both U.S. and California

25  constitutions may be invaded for litigation purposes); *Rubin v. Regents of Univ. of*

26  *Calif.* (N.D.Cal. 1986) 114 F.R.D. 1, 2.

27      Protective orders provide a safeguard for the confidential information of

28  parties and other persons in light of the otherwise broad reach of discovery.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1                               9                    JOINT STIPULATION RE
                                                      TICKETMASTER'S MOTION TO COMPEL

1   Fed.R.Civ.P. 26(c), Advisory Comm. Notes (1970); *United States v. CBS, Inc*. (9th

2   Cir. 1982) 666 F.2d 364, 368–369.  The court may issue protective orders limiting

3   disclosure of trade secrets "or other confidential research, development, or

4   commercial information."  Fed.R.Civ.P. 26(c)(1)(G).  The court may order that the

5   trade secret or commercial information not be revealed or be revealed only in a

6   specified way.  Fed.R.Civ.P. 26(c)(1)(G).  Disclosure may also be ordered to

7   opposing party's trial attorney only – and not to the opposing party (known as an

8   "attorney eyes only" or "counsel only" restriction).  *Safe Flight Instrument Corp. v.*

9   *Sundstrand Data Control Inc*. (D.Del. 1988) 682 F.Supp. 20, 22.

10      The party seeking a protective order (i.e., the party opposing discovery) must

11   show (a) that the information is a "trade secret or other confidential research,

12   development, or commercial information," under FRCP 26(c)(1)(G) and (b) that its

13   disclosure would be harmful to the party's interest in the property.  *In re "Agent*

14   *Orange" Prod. Liab. Litig*. (E.D.N.Y. 1985) 104 FRD 559, 574; *and see Centurion*

15   *Indus., Inc. v. Warren Steurer & Assocs*. (10th Cir. 1981) 665 F.2d 323, 326.

16   Where trade secrets are involved, the court will balance the risk of disclosure to

17   competitors against the risk that a protective order will impair prosecution or

18   defense of the claims.  *Brown Bag Software v. Symantec Corp*. (9th Cir. 1992) 960

19   F.2d 1465, 1470.

20      Indeed, parties frequently stipulate to protective orders protecting against

21   disclosure of information obtained through disclosure and discovery.  William W.

22   Schwarzer, A. Wallace Tashima & James M. Wagstaffe, *California Practice Guide,*

23   *Federal Civil Procedure Before Trial*, ch. 11(III)-C, ¶ 11:1126, at 11-121 (2007)

24   (citing *SEC v. TheStreet.Com* (2nd Cir. 2001) 273 F3d 222, 225—stipulated order

25   gave each party the right to designate material as "confidential").

26      Assuming, *arguendo*, that the information sought by the requests encompass

27   "private" or "confidential" information a protective order would be warranted here.[2]

28   _____

[2] Here, the information sought by the requests may not even qualify for trade secret

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1

10

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

1    Ticketmaster's need for the information sought is great as the requests seek the

2    identity of RMG's customers, communications with those customers regarding

3    RMG's products and Ticketmaster's website, and the steps RMG took to

4    development and market products intended to be used by customers in conjunction

5    with their use of the Ticketmaster website, including actual visits to the

6    Ticketmaster website.    Without the ability to review these documents,

7    Ticketmaster's prosecution of its claims will be unfairly and substantially impaired.

8        Further, Ticketmaster is willing to abide by a protective order protecting

9    RMG's "confidential" information and has offered to enter into a stipulated

10   protective order designating appropriate documents as "confidential."   However,

11   RMG never provided any comments or otherwise responded to Ticketmaster's

12   proposed protective order.  (Knight Decl. ¶ 9.)

13       RMG has no justification for its refusal to enter into a protective order.

14   Indeed, in the mandatory meeting of counsel, RMG's counsel stated RMG simply

15   would not enter into a stipulated protective order with Ticketmaster.  (*Id.* ¶ 12.)

16       The documents sought by these requests are relevant and highly necessary for

17   the prosecution of Ticketmaster's claim.    Meanwhile, production of these

18   
19   protection.  There is little to no danger that Ticketmaster would misappropriate
     RMG's trade secrets for its own commercial use, as Ticketmaster is not a
20   competitor of RMG.  Ticketmaster obviously is not in the business of providing
     ticket brokers with software to circumvent the copy protection systems on
21   Ticketmaster's own website and making those materials available to Ticketmaster
     creates no risk that Ticketmaster will distribute RMG's allegedly "trade secret"
22   code to other companies so that they can create additional products to defeat
     Ticketmaster's security systems.  Thus, there is no danger that disclosure of the
23   information sought would be harmful to RMG's interest in the information.
     Moreover, infringing products are not entitled to intellectual property protection on
24   policy grounds.  *See, e.g., Palladium Music, Inc. v. EatSleepMusic, Inc*, 398 F.3d
     1193, 1197 (10th Cir. 2005) (copyright registration for infringing work invalid);
25   *Mulcahy v. Cheetah Learning LLC*, 386 F.3d 849, 852 (8th Cir. 2002)
     (unauthorized derivative work not entitled to copyright protection); *Anderson v.*
26   *Stallone*, 1989 WL 206431, *8 9 (C.D. Cal 1989) (same).  RMG's products should
     not be entitled to "trade secret" protection (even if they contain content otherwise
27   subject to protection) because this Court has already ruled that RMG's products and
     services likely are infringing in granting Tickemaster's Motion for Preliminary
28   Injunction.

1   documents subject to a protective order should allay any of RMG's concerns

2   regarding the confidentiality of the information sought.  For these reasons, the

3   Court should compel production of all documents responsive to Request Nos. 11,

4   12, 32, 33, 34, 36, and 39, subject to an appropriate protective order entered by the

5   Court.

6       **2.    RMG's Contentions and Points and Authorities.**

7       In November of 2007, Ticketmaster brought an *ex parte* application for

8   expedited discovery on the basis that RMG was violating the preliminary injunction

9   in this matter.  RMG agreed to produce the discovery that Ticketmaster had sought,

10  but requested that Ticketmaster enter into a stipulated protective order regarding

11  same which would prevent employees of Ticketmaster from viewing RMG's

12  confidential and proprietary trade secrets.  RMG lodged the proposed protective

13  order with the Court.  Ticketmaster refused to enter into the stipulated protective

14  order.  The Court granted Ticketmaster's *ex parte* application, but did not grant

15  RMG's request for a protective order.  The only limitation that the court put on

16  Ticketmaster in handling RMG's "trade secrets" and "confidential" information

17  was that the information only be used: (1) in litigation against RMG and against

18  those who use RMG's products and services; and (2) to maintain the security of

19  Ticketmaster's website. Finally, the court ordered that said materials could only be

20  disclosed to Ticketmaster's information technology, legal personnel, and outside

21  legal counsel, staff, experts and consultants.

22      Accordingly, all of the proprietary information of RMG, which was provided

23  to Ticketmaster are in the possession, custody and control of Ticketmaster's

24  Information Technology Department, including, but not limited to RMG's source

25  code which drives its ticket purchasing product.

26      Now that there have been discovery requests propounded upon Ticketmaster,

27  it is now claiming that it is amenable to entering into a protective order.  However,

28  Ticketmaster is demanding that RMG's employees not be permitted to view its

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1                                    12                  JOINT STIPULATION RE
                                                      TICKETMASTER'S MOTION TO COMPEL

1  sensitive information.  On the basis that Ticketmaster is now amenable to entering

2  into a stipulated protective order, Ticketmaster claims that RMG should be

3  compelled to turn over its "proprietary" and "confidential information."  RMG is

4  simply not amenable to entering into the protective order proposed by Ticketmaster.

5  First and foremost, RMG is a small company with extremely limited resources.

6  Some of its employees are software designers.  Thus, it would be much more

7  economical and efficient for RMG's staff to review Ticketmaster's technical

8  documents, than for RMG to retain an expert to review same.  Thus, RMG would

9  be amenable to entering into a stipulated protective order which has the same terms

10  as that of the order of the court dated November 9, 2007.  Those terms being that:

11  (1) Ticketmaster's "confidential" information may be used by RMG for the purpose

12  of defending against this lawsuit; and (2) said information may be disclosed only to

13  RMG's Information Technology employees, and outside legal counsel, staff and

14  experts, if any are retained.  In the event that this condition is agreeable to

15  Ticketmaster, RMG would be willing to withdraw its objections based upon Rule

16  26(c)(7).  Had Ticketmaster simply given RMG's counsel sufficient time to meet

17  with its client regarding same, rather than imposing a stringent and draconian two

18  day deadline for further responses, their motion on this issue could have been

19  avoided.

20      **3.    Proposed Resolutions During the Conference of Counsel**

21          a.    <u>Ticketmaster's Proposed Resolution.</u>

22  At the mandatory conference of counsel, counsel for Ticketmaster proposed

23  that the parties enter into a mutually agreeable stipulated protective order, thus

24  allaying RMG's confidentiality concerns.  (*Id.* ¶ 12.)  However, counsel for RMG

25  stated that RMG simply would not enter into any stipulated protective order with

26  Ticketmaster.  (*Id.*)

27          b.    <u>RMG's Proposed Resolution.</u>

28  RMG proposes that the parties enter into a stipulation consistent with the

order for expedited discovery of the Court dated November 9, 2007, whereby any materials designated as "trade secrets" or "confidential information" be used by the opposing parties only for litigation purposes against each other, and that the "trade secrets" or confidential materials be disclosed only to the parties information technology personnel, legal personnel, outside legal counsel, staff, experts and consultants for such purposes.

**B.** **RMG's Failure to Produce Responsive Documents That It Clearly Possesses (Document Request Nos. 8, 26, 30, 35, 50 and 54).**

    **1.** **Document Request No. 8.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 8

All Documents relating to any Automated Devices used to access Ticketmaster's website and buy Tickets.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 8

Responding Party objects to this request as it is overbroad with respect to the definition of "Automated Devices." Responding Party objects to this request as being overbroad generally. Notwithstanding this objection, after a diligent search and reasonable inquiry, Responding Party is unable to comply with this request, as Responding Party does not have any records reflecting its purchase of any Tickets from Ticketmaster's website in its possession, custody or control. However, without waiving the aforestated objections, Responding Party has already produced documents concerning its Ticket Broker Acquisition Tool ("TBAT"), which is the only software program that Responding Party has developed and marketed which can be used on the ticketmaster.com website, and Ticketmaster already has the technical documents concerning same in its possession, custody and control.

    a.   Ticketmaster's Contentions and Points and Authorities.

In response to Request No. 8, which seeks all documents relating to any Automated Devices used to access Ticketmaster's website and buy tickets, RMG indicated that it already produced documents concerning its Ticket Broker Acquisition Tool ("TBAT") and related technical documents, and that there are no other responsive documents. However, a review of the documents produced by RMG reveals that not all documents responsive to this request have been produced.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1

14

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

For example, RMG has produced source code and "jar" files concerning TBAT. (Declaration of Adam Lieb ("Lieb Decl.") ¶ 6.) However, RMG did not produce the executables that would have been provided to RMG's <u>customers</u> in order for them to run TBAT – i.e., installer, any help or documentation files. (*Id.*) In essence, RMG produced a version of TBAT that most of its customers would be unable to run. (*Id.*) Because RMG obviously provided customers with a product they could actually use (i.e., TBAT and its executables), and those documents would "relate" to TBAT, which is an "Automated Device," RMG should have produced the customer-friendly executables. *See* Fed.R.Civ.P. 34(b), Adv. Comm. Note to 2006 Amendment (If necessary to enable the requesting party to use the information provided, "the responding party may need to provide some reasonable amount of technical support, information on application software, or other reasonable assistance...."); Fed.R.Civ.P. 34(a), Adv. Comm. Note to 2006 Amendment ("[A] Rule 34 request for production of 'documents' should be understood to encompass, and the response should include, electronically stored information...."). Similarly, RMG did not produce any bug database or statements of product capabilities, which would be responsive and which RMG likely possesses. (Lieb Decl. ¶ 7.)

In addition, RMG produced documents evidencing multiple versions of TBAT, its components, and associated applications. (*Id*. ¶ 8) Therefore, documents reflecting, constituting, referencing and/or discussing the differences between the separate versions and RMG's reasons for the differences would also be responsive to this request. Documents reflecting the date upon which each version became available for use would also be responsive. At a minimum, RMG should have produced internal communications regarding these topics. *See Rowe Entertainment, Inc. v. William Morris Agency, Inc*. (S.D.N.Y. 2002) 205 FRD 421, 428 (A party's e-mail communications relating to its claims or defenses are a proper subject for a Rule 34 request). However, no such documents were produced. It is

1   not plausible that RMG developed multiple versions of TBAT, over a several-year

2   period and does not possess any of the missing documents.  Rather, it appears that

3   RMG has adopted an overly narrow interpretation of the scope of this request in

4   order to evade its discovery obligations while feigning compliance.

5          Ticketmaster's prosecution of its claims against RMG would suffer actual

6   and substantial prejudice from the denial of the documents sought by this request –

7   those related to RMG's automated devices – as these documents undoubtedly

8   contain information going to the heart of Ticketmaster's claims.  For these reasons,

9   the Court should compel production of all documents responsive to Request No 8.

10              b.      RMG's Contentions and Points and Authorities.

11         First and foremost, RMG denies that it has ever produced "Automated

12  Devices" as set forth in the definition provided by Ticketmaster, which states that

13  same are computer programs designed to: (a) make multiple automatic ticket

14  purchase requests or otherwise purchase tickets from www.ticketmaster.com faster

15  than a person who uses a traditional Web browser such as Microsoft Internet

16  Explorer or Firefox and manually enters instructions that allow him or her to

17  proceed from the www.ticketmaster.com home page to the various Web pages

18  needed to purchase tickets; (b) circumvent www.ticketmaster.com's CAPTCHA

19  and other technological measures that are intended to regulate a user's ticket

20  purchasing experience on www.ticketmaster.com; (c) conceal the identity of the

21  person who purchases tickets for www.ticketmaster.com by concealing the person's

22  true IP address or through other means; (d) circumvent www.ticketmaster.com's

23  ticket purchase limits; (e) "deep-link" to www.ticketmaster.com web pages; (f) give

24  the user an advantage over other people who purchase tickets from

25  www.ticketmaster.com; or (g) in any other manner which seeks to facilitate

26  commercial use of www.ticketmaster.com by the users.  Notwithstanding the fact

27  that RMG denies that its products constitute "Automated Devices," RMG, in an

28  attempt to be forthright, has indicated in this response that the only software

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1                          16              JOINT STIPULATION RE
                                            TICKETMASTER'S MOTION TO COMPEL

1  program that it has developed which can be used on ticketmaster.com, is the TBAT

2  program.  Pointedly, RMG already provided to Ticketmaster the source code and

3  other technical documents in response to the order for expedited discovery.

c.    Proposed Resolutions During the Conference of Counsel.

(1)    Ticketmaster's Proposed Resolution.

6  At the mandatory meeting of counsel, counsel for RMG indicated that no

7  documents responsive to this request were withheld.    (Knight Decl. ¶ 13.)

8  However, counsel for RMG explained that RMG had interpreted the definition of

9  "Tickets" to exclude tickets not purchased by RMG or on RMG's behalf.  (*Id.*)

10  Counsel for Ticketmaster indicated that the request was not intended to be limited

11  in that fashion and offered to amend the request by removing the phrase "and buy

12  Tickets."  (*Id.*)  Counsel for RMG indicated that RMG would search again for

13  responsive documents in light Ticketmaster's broader interpretation.    (*Id.*)

14  However, given the approaching discovery cut-off in this matter, counsel for

15  Ticketmaster could only grant RMG until March 7, 2008, to provide a supplemental

16  response.  (*Id.*)  To date, RMG still has not provided a supplemental response.  (*Id*.)

(2)    RMG's Proposed Resolution.

18  RMG stands by the fact that it has not produced "Automated Devices," thus it

19  is unable to give a further response to this request.

20  **2.    Document Request No. 30.**

21  REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 30

22  All Communications between you and any Person relating to the

23  sale or transfer of Tickets.

RESPONSE TO REQUEST FOR PRODUCTION OF

24  DOCUMENTS NO.: 30

25  Responding Party objects to this request as it is vague,
ambiguous and unintelligible as to the meaning of the word

26  "you." Responding Party objects to this request as it is vague,
ambiguous and overbroad.  Notwithstanding the foregoing

27  objection, after a diligent search and reasonable inquiry,
Responding Party is unable to comply with this request as no

28  such documents exist, as Responding Part is not in the business

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1                    17                    JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

1         of the sale or transfer of Tickets, but in the software
2  development business.

     a.     <u>Ticketmaster's Contentions and Points and Authorities.</u>

In response to Request No. 30, which seeks all communications between RMG and any person relating to the sale or transfer of tickets, RMG stated that it could not comply with this request because it is not in the business of the sale or transfer of tickets.  This is unresponsive, as RMG does not have to be "in the business" of the sale or transfer of tickets to communicate with someone about that topic.  Thus, any communications that RMG had with its customers (who are in the business of selling tickets) regarding its customers' sale of tickets, for example, would be responsive to this request.  A party's e-mail communications relating to claims or defenses are a proper subject for a Rule 34 request.  *Rowe Entertainment*, 205 F.R.D. at 428.  Given that RMG sold software primarily used by persons "in the business" of selling tickets, it follows that it had some communication with its customers regarding this topic (if for no other reason than to discuss how RMG's products might work in concert with or conflict with a ticket broker customer's plans to sell tickets).

Ticketmaster's prosecution of its claims against RMG would suffer actual and substantial prejudice from the denial of the documents sought by this request – communications between RMG and others relating to the sale of tickets purchased from Ticketmaster's website – as such communications undoubtedly contain admissions and other information going to the heart of Ticketmaster's claims.  For these reasons, the Court should compel production of all documents responsive to Request No. 30.

     b.     <u>RMG's Contentions and Points and Authorities.</u>

In RMG's original response to this request, it responded, among other things, that "after a diligent search and reasonable inquiry, Responding Party is unable to comply with this request as no such documents exist."  In a meet and confer

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1

18

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

1 conference with counsel from Ticketmaster on December 7, 2007, Ticketmaster's
2 counsel requested that RMG supplement the response to state why no such
3 documents exist. RMG therefore, supplemented the response and added the reason
4 why it believed no such documents exist. Now Ticketmaster disingenuously moves
5 to compel a further response because they allege that the response is unresponsive.
6 It is nothing of the sort. The response states that RMG is unable to comply with the
7 request after a diligent search. That response is responsive.

8       Moreover, in its Request for Production of Documents Ticketmaster provided
9 its own definition for the term "Tickets" whereby it states that Tickets "means
10 tickets purchased by You, or on Your behalf, at Ticketmaster's website
11 (www.ticketmaster.com) from January 1, 2002 to present." As RMG is not in the
12 business of selling tickets, logic would dictate that they would not possess
13 documents which showed communications regarding the sale or transfer of tickets
14 purchased by or on behalf of RMG. Ticketmaster's motion on this ground is
15 simply frivolous.

16            c.     Proposed Resolutions During the Conference of Counsel.

17                  (1)    Ticketmaster's Proposed Resolution.

18       At the mandatory meeting of counsel, counsel for RMG indicated that it
19 interpreted the definition of "Tickets" to exclude tickets not purchased by RMG or
20 on RMG's behalf, and thus had no responsive documents. (Knight Decl. ¶ 13.)
21 Counsel for Ticketmaster indicated that the request was not intended to be limited
22 in that fashion and offered to amend the request by removing the phrase "and buy
23 Tickets." (*Id.*) Counsel for RMG indicated that RMG would search again for
24 responsive documents in light Ticketmaster's broader interpretation. (*Id.*)
25 However, given the approaching discovery cut-off in this matter, counsel for
26 Ticketmaster could only grant RMG until March 7, 2008, to provide a supplemental
27 response. (*Id.*) To date, RMG still has not provided a supplemental response. (*Id.*)

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1

19

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

1

(2)    RMG's Proposed Resolution.

2      At the meet and confer, Ticketmaster's counsel accused RMG of withholding

3   documents, and then admitted that Ticketmaster's definition of "Tickets," which

4   was the basis of the request, was limited to tickets purchased by or on behalf of

5   RMG.  Ticketmaster's counsel then suggested that the parties stipulate to change

6   the definition of Tickets, and that RMG provide a supplemental response within

7   two (2) days or else Ticketmaster would bring a motion to compel.

8      RMG proposed that as the discovery cut off date was ten weeks away, and no

9   request had ever been made of RMG to produce documents regarding  its

10  communications relating to the sale or transfer of all tickets— but only "Tickets" as

11  specially defined by Ticketmaster—that Ticketmaster propound a second request

12  for the production of documents.  RMG's counsel explained that it is patently unfair

13  for Ticketmaster to demand documents which it has never requested be produced

14  on two (2) days notice.  Ticketmaster's counsel said rather than propounding a new

15  request, it would be making a motion to compel.

16     **3.    Document Request No. 35.**

17     REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 35

18     All Documents relating to the source code, object code, HTML
19     and other computer code for all computer programs identified in
       MP Exh. 1.

20     RESPONSE TO REQUEST FOR PRODUCTION OF
       DOCUMENTS NO.: 35

21

22     Responding Party objects to this request as it seeks information
       which exceeds permissible discovery with respect to Triple play
       and Purchasemaster, as same are unrelated to the issues in this
23     lawsuit.  Notwithstanding the foregoing objections, and without
       waiving same, Responding Party has produced documents
24     concerning the HTML and source code for RMG's subsequent
       "TBAT" product, "Super Proxy" and other products and
25     services used to facilitate purchases on ticketmaster.com.

26         a.    Ticketmaster's Contentions and Points and Authorities.

27     In response to Request No. 35, which seeks all documents relating to the

28  source  code,  object  code,  HTML  and  other  computer  code  for  all  computer

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1                    20                JOINT STIPULATION RE
                                         TICKETMASTER'S MOTION TO COMPEL

programs identified in MPI Exh. 1[3], RMG responded that it has "produced documents concerning the HTML and source code for RMG's subsequent 'TBAT' product, 'Super Proxy' and other products and services used to facilitate purchases on ticketmaster.com." This response is deficient on its face, as it does not indicate that RMG has produced documents relating to <u>all</u> of the programs identified in MPI Exh. 1. RMG may not unilaterally declare which programs it believes it should be concerned with when responding to this request. Rather, for <u>each</u> item or category covered by a request, RMG must either state that inspection will be permitted as requested, or state an objection to the request, including the reasons. Fed.R.Civ.P. 34(b). Therefore, RMG's alleged production of documents relating to TBAT, Super Proxy and "other products and services" is incomplete.

Many, if not all, of the other programs identified in Exh. 1 are designed to work in conjunction with TBAT to maximize the effectiveness of RMG's "stealth technology." (Lieb Decl. ¶ 13.) Thus, documents relating to these other programs are clearly relevant and likely to lead to the discovery of admissible evidence in this case. Meanwhile, a review of the documents actually produced reveals that RMG, in fact, did not produce any documents relating to several of the computer programs identified on MPI Exh. 1.[4] (*Id.*) At a minimum, RMG should have produced internal communications regarding these programs. A party's e-mail communications, for example, relating to claims or defenses are a proper subject for a Rule 34 request. *Rowe Entertainment*, 205 F.R.D. at 428.

Ticketmaster's prosecution of its claims against RMG would suffer actual and substantial prejudice from the denial of the documents sought by this request –

---

[3] The computer programs identified in MPI Exh. 1 are: (a) Onsale List; (b) Universal Tix; (c) TBAT; (d) Triple Play; (e) OCR; (f) Auto Worker; (g) RPS; (h) ANSWER; (i) TBAT Plus; (j) TBAT Pro; (k) isl; (l) tbat-tm; (m) tbat-tc; (n) Browser Proxy; (o) TBATTHREELIC; (p) tbat-tc-mlb; (q) TBAT Report; (r) release; (s) TBATSINGLIC; (t) tbat-tm-uk; and (u) Ticket Center.

[4] The programs for which no documents were produced are: (a) Universal Tix; (b) Triple Play; (c) TBAT Plus; (d) TBAT Pro; (e) isl; (f) TBATTHREELIC; (g) release; and (h) TBATSINGLIC. (Lieb Decl., ¶ 13.)

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1                    21                    JOINT STIPULATION RE
                                                   TICKETMASTER'S MOTION TO COMPEL

1   documents relating to the computer code for programs designed to maximize the
2   effectiveness of RMG's "stealth technology" – as the requested documents are
3   highly relevant to Ticketmaster's claims.   For these reasons, the Court should
4   compel production of all documents responsive to Request No 35.

5        b. <u>RMG's Contentions and Points and Authorities.</u>

6     At the meet and confer between counsel, RMG's counsel specifically stated
7   that it was his understanding that all documents which were responsive to this
8   request had been provided, but that he would go back to RMG, ask if there were
9   any documents being withheld, and if so, RMG would produce same.

10       c. <u>Proposed Resolutions During the Conference of Counsel</u>

11        (1) Ticketmaster's Proposed Resolution.

12    At the mandatory meeting of counsel, counsel for RMG indicated that,
13  despite only expressly naming TBAT and Super Proxy, it had, in fact, produced all
14  responsive documents in its possession relating to all of the items listed on MPI
15  Exh. 1.  (Knight Decl. ¶ 15.)  Counsel for RMG indicated that it would supplement
16  its response to Request No. 35 to reflect such a comprehensive production.  (*Id.*)
17  However, given the approaching discovery cut-off in this matter, counsel for
18  Ticketmaster could only grant RMG until March 7, 2008, to provide a supplemental
19  response.  (*Id.*)  To date, RMG still has not provided a supplemental response.  (*Id.*)

20        (2) RMG's Proposed Resolution.

21    Counsel for RMG proposed at the meeting that he would consult with RMG
22  to confirm whether all responsive documents have been provided, and if not, that
23  the responses be supplemented.  In the interim, counsel for RMG has learned that
24  all documents responsive to this request have been provided, with the exception of
25  a jsp file and a type server file.  RMG agrees to provide a supplemental response to
26  this request, and agrees to produce said documents.

27    **4.**  **Document Request Nos. 50 and 54.**
28      <u>REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 50</u>

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1     22     JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

All Documents relating to all web pages viewable on http://tbat.ticketbrokertools.com.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 50

Responding Party does not have any documents in its possession, custody or control responsive to this request because http://tbat.ticketbrokertools.com is not viewable; it is a software program. However, the source code to this software has already been provided in this litigation.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 54

All Documents relating to every visitor to www.tbat.ticketbrokertools.com from January 1,2001 to present.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 54

Responding Party does not have any documents responsive to this request in its possession, custody or control because www.tbat.ticketbrokertools.com does not exist.

    a.    Ticketmaster's Contentions and Points and Authorities.

In response to Request Nos. 50 and 54, which seek all documents relating to web pages viewable on http://tbat.ticketbrokertools.com and visitors to www.tbat.ticketbrokertools.com, RMG responded that it does not possess any documents responsive to this request because "http://tbat.ticketbrokerteools.com is not viewable; it is a software program," and "www.tbat.ticketbrokertools.com does not exist." However, assuming, *arguendo*, this statement is correct as of today, it would not be correct for the entire time period at issue. There was a page of information publicly viewable at http://tbat.ticketbrokertools.com at some point, regardless of whether this is a software program or some other document. (Declaration of Kevin McLain filed in support of Ex Parte Application For Expedited Discovery Order To Determine Compliance With Preliminary Injunction ("McLain I Decl.") ¶ 11.) Thus, at a minimum, documents relating to the changes made to the pages formerly located at these addresses (i.e., the date and reason for the changes) would be responsive to this request and should be produced.

Furthermore, parties may seek to recover existing as well as deleted files

from an opposing party's computers.  *See Simon Property Group L.P. v. mySimon, Inc*. (S.D.Ind. 2000) 194 FRD 639, 641 (plaintiff in trademark case sought files deleted from defendant's computer to prove contention that defendant was acting in bad faith in selecting a trade name).[5]

Ticketmaster's prosecution of its claims against RMG would suffer actual and substantial prejudice from the denial of the documents sought by this request – documents relating to http://tbat.ticketbrokertools.com and visitors to www.tbat.ticketbrokertools.com – as the requested documents likely contain information that is highly relevant to Ticketmaster's claims.  For these reasons, the Court should compel production of all documents responsive to Request Nos. 50 and 54.

b.    RMG's Contentions and Points and Authorities.

In Request No. 50, Ticketmaster seeks all Web pages viewable on http://tbat.ticketbrokertools.com.  However, as RMG responded, http://tbat.ticketbrokertools.com is not a Web page.  It is a software application. Thus, it contains no Web pages.  Anyone going onto that site will see that a box appears in the middle of the screen that allows a user to download an application. No Web pages appear thereon.  Thus, it is impossible for RMG to provide a further response to this request.

In Request No. 54, RMG maintains that it does not have any documents which relate to every visitor to www.tbat.ticketbrokertools.com from January 1, 2001 to present because www.tbat.ticketbrokertools.com does not exist. Ticketmaster has not produced any evidence to the contrary.  Thus, it is impossible for RMG to provide a further response to this request.

---

[5] At the outset of this matter, the Court issued an injunction requiring RMG to preserve all documents.

c.    Proposed Resolutions During the Conference of Counsel.

(1)    Ticketmaster's Proposed Resolution.

At the mandatory meeting of counsel, counsel for RMG indicated that he was informed that these websites were not viewable and did not otherwise exist. (Knight Decl. ¶ 16.)    Counsel for Ticketmaster responded that he possessed information to the contrary.  (*Id*.)  Counsel for RMG stated that he would double-check with his client and if the website did at one time exist, RMG would produce an activity log or other responsive documents.  (*Id*.)  Given the approaching discovery cut-off in this matter, counsel for Ticketmaster could only grant RMG until March 7, 2008, to provide a supplemental response.  (*Id*.)  To date, RMG still has not provided a supplemental response.  (*Id*.)

(2)    RMG's Proposed Resolution.

At the mandatory meeting of counsel, RMG's counsel agreed to go back to his client and confirm that the responses to Nos. 50 and 54 were accurate. Ticketmaster served this Stipulation before RMG's counsel had the opportunity to advise Ticketmaster's counsel that he had confirmed that the responses thereto were accurate.

## C.    RMG's Incomplete and Evasive Responses (Document Request Nos. 9, 26, 29, 37, 38, 41, 48, and 56).

### 1.    Document Request Nos. 29 and 37.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 29

All Communications relating to the efforts You made to conceal from Ticketmaster the fact that Tickets were being purchased from Ticketmaster for Your benefit, on Your behalf, or by using Your technology.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 29

Responding Party objects to this request as it is vague, ambiguous and unintelligible as to the meaning of the word "efforts" and "technology."  Notwithstanding the foregoing objection, after a diligent search and reasonable inquiry, Responding Party is unable to comply with this request, as Responding Party never took any actions to conceal that Tickets

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1

25

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

were being purchased from Ticketmaster for Responding Parties benefit, on Responding Parties behalf or by using Responding Party's technology. However, all IP addresses which have been used by Responding Party and its clients have previously been produced.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 37

All Documents relating to <u>all</u> methods of avoiding detection of Your activities or Your clients' activities by Ticketmaster.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 37

Responding Party objects to this request as it is vague, ambiguous and unintelligible as to the term "activities" and "methods." Notwithstanding the foregoing objection, Responding Party is unable to comply with this request as no such documents exist, as Responding Party did not employ methods of detection. Notwithstanding the foregoing objections, and without waiving said objections, all IP addresses utilized by Responding Party will be produced.

a.    <u>Ticketmaster's Contentions and Points and Authorities</u>.

In response to Request Nos. 29 and 37, which seek documents and communications relating to the efforts RMG made to conceal from Ticketmaster the fact that Tickets were being purchased from Ticketmaster for RMG's benefit or by using RMG's technology, RMG stated that it cannot comply with the request because it "never took any actions to conceal that Tickets were being purchased from Ticketmaster" for RMG's benefit or using its technology. RMG adds, however, that it has already produced all IP addresses which have been used by RMG and its clients.

This response in unacceptable for several reasons. First, it is demonstrably false. Ticketmaster is already in possession of an email RMG sent to one of its customers, Chris Kovach, that mentions nondisclosure agreements it requires its clients to sign, and describes the importance of not disclosing RMG's services to other brokers because such disclosures pose too much of a risk for RMG. (Declaration of Chris Kovach, filed in support of Ticketmaster's Motion for Preliminary Injunction ("Kovach Decl.") ¶ 12.) The nondisclosure agreements and

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1

26

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

1  emails obviously are intended to help conceal RMG and its services from
2  Ticketmaster, and RMG should have produced all nondisclosure agreements and all
3  emails similar to Mr. Kovach's sent to all other RMG clients.  *See Rowe*
4  *Entertainment*,  205 F.R.D. at 428.

5  Second, Ticketmaster is in possession of an RMG price list which touts the
6  features of RMG's Super Proxy Service by stating "Never got locked out or slowed
7  down by Ticketmaster," and that the Super Proxy "Intelligently manages, switches
8  your IP's to prevent lockouts."  (*See* Declaration of Mark Lee, filed in support of
9  Ticketmaster's Motion for Preliminary Injunction ("Lee Decl.").)  There can be but
10  one purpose for switching customers' IP's to prevent lockouts by Ticketmaster – to
11  conceal from Ticketmaster the purchase of tickets.  It is obvious that the purpose of
12  RMG's Super Proxy is to conceal the purchase of tickets.

13  Finally, RMG's reference to the production of IP addresses is unresponsive
14  to this request unless the produced IP addresses reflect communications relating to
15  efforts made to conceal from Ticketmaster the fact that tickets were being
16  purchased.

17  Ticketmaster's prosecution of its claims against RMG would suffer actual
18  and substantial prejudice from RMG's withholding of the documents sought by this
19  request – communications and documents relating to RMG's efforts to avoid
20  detection and to conceal from Ticketmaster the fact that Tickets were being
21  purchased – as the requested documents undoubtedly contain admissions and other
22  information that are highly relevant to Ticketmaster's claims.  The Court should not
23  permit RMG's wordplay to relieve it from its discovery obligations and instead
24  should compel production of all documents responsive to Request Nos. 29 and 37.

25          b.    RMG's Contentions and Points and Authorities.
26  On November 14, 2007, RMG provided a response to Request Nos. 29
27  whereby it stated that "Responding Party objects to this request as it is vague,
28  ambiguous and unintelligible as to the meaning of the word Aefforts.@

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1                                    27                  JOINT STIPULATION RE
                                                        TICKETMASTER'S MOTION TO COMPEL

Notwithstanding the foregoing objection, after a diligent search and reasonable inquiry, Responding Party is unable to comply with this request as no such documents exist." It also provided a response to Request No. 37 whereby it stated "Responding Party objects to this request as it is vague, ambiguous and unintelligible as to the term Aactivities.@ Notwithstanding the foregoing objection, Responding Party is unable to comply with this request as no such documents exist." In a meet and confer between counsel on December 7, 2007, Ticketmaster's counsel requested that RMG supplement this response and set forth "why" no documents exist. On January 29, 2008, RMG supplemented the responses stating that the reason no such documents exist is that no efforts were made to conceal the fact that Tickets were being purchased from Ticketmaster for RMG's benefit, on RMG's behalf or using RMG's technology. RMG also set forth that it provided all of its IP addresses to Ticketmaster in discovery, so that Ticketmaster can see that the IP addresses provided were not concealed, but were used to log onto the website.

Pointedly, RMG is not a ticket broker; its a software developer. Over the last several years, it has engaged in the purchase of tickets on only 128 occasions. Those records have been provided to Ticketmaster. On no occasion did RMG conceal the fact that Tickets were being purchased for it, on its behalf of by using its Technology. Moreover, it is RMG's position that it is impossible to conceal when someone is purchasing tickets on www.ticketmaster.com's Web site, because the Web site requires the user to log onto the Web site to buy tickets, and to provide information to the Web site. Moreover, all IP addresses which enter www.ticketmaster.com are recorded in Ticketmaster's activity logs. There simply is no way to conceal the purchase of tickets.

     c.    <u>Proposed Resolutions During the Conference of Counsel.</u>

     (1)    Ticketmaster's Proposed Resolution.

At the mandatory conference of counsel, counsel for RMG indicated that

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1

28

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

1 producing documents in response to these requests would amount to an admission
2 of wrongdoing by RMG, and, thus, no responsive documents would be produced.
3 (Knight Decl. ¶ 17.) Counsel for RMG indicated that RMG maintains that they
4 never took efforts to conceal the purchase of tickets, that this request is
5 encompassed by others, and that Ticketmaster can get the information it seeks from
6 RMG's ISPs. (*Id*.) Counsel for Ticketmaster proposed to replace the term
7 "conceal" with a term that RMG would not view as constituting an admission of
8 wrongdoing. (*Id*.) Counsel for RMG rejected that proposal, however, and stated
9 his view that the request could not be cured. (*Id*.)

(2)    RMG's Proposed Resolution.

11    At the mandatory conference of counsel, counsel from RMG stated that it
12 was RMG's position that it had not engaged in the act of concealment or avoiding
13 detection. RMG stands by its response.

14    **2.    Document Request No. 26.**

15    REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 26

16    All Documents relating to and sufficient to identify all Internet
   Service Provider ("ISP") services provided or used by You, on
17    Your behalf, or by Your clients to purchase Tickets.

18    RESPONSE TO REQUEST FOR PRODUCTION OF
   DOCUMENTS NO.: 26
19
20    After a diligent search for documents, no such documents were
   in Responding Party's possession, custody or control, as no such
   IP addresses were used. However, Responding Party has
21    provided all IP addresses registered and used by it.

22        a.    Ticketmaster's Contentions and Points and Authorities.

23    In response to Request No. 26, which seeks all documents relating to all
24 Internet Service Provider ("ISP") services provided or used by RMG, RMG stated
25 that it possesses no such document "as no such IP addresses were used," and that it
26 has already provided all IP addresses registered and used by it. This is
27 unresponsive as the request seeks documents sufficient to identify <u>ISP's</u> not <u>IP</u>
28 <u>addresses</u>.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1

29

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

1    Moreover, although knowledge of an IP address might reveal the
2    accompanying ISP, this is not always the case. (Supplemental Reply Declaration of
3    Kevin McLain, filed in support of Ticketmaster's Motion for Preliminary
4    Injunction, ("Suppl. McLain Decl.").)

5    It is inconceivable that RMG does not utilize the services of any ISP, and
6    such a claim is contradicted by documents that RMG has produced. In fact, RMG
7    has produced documents indicating that it has at least used the services of ISP's
8    SoftLayer, ThePlanet/EV1 Servers, C I Host, Intelenet, Rackspace, ServePass, and
9    XO Communications. (Lieb Decl. ¶ 9.) Accordingly, invoices and receipts relating
10   to the ISPs RMG used should have been produced, for example.

11   Ticketmaster's prosecution of its claims against RMG would suffer actual
12   and substantial prejudice from the production of only IP addresses without
13   documents sufficient to identify all ISP services provided or used by RMG, as the
14   identity of the ISP's RMG used is highly relevant and likely to lead to the discovery
15   of admissible evidence (including potential witnesses) supporting Ticketmaster's
16   claims. For these reasons, the Court should compel production of all documents
17   responsive to Request No. 26.

18        b.    RMG's Contentions and Points and Authorities.

19   First, RMG does not provide or use ISP services for the purchase of Tickets
20   by it or on its behalf. RMG is a software developer, not a ticket broker; thus, it
21   does not generally purchase tickets. Notwithstanding this fact, RMG provided all
22   of the IP addresses which it has utilized to Ticketmaster. Further, RMG has
23   performed a further search for records sufficient to identify all ISP services
24   provided to it subsequent to the meet and confer of counsel dated March 5, 2008,
25   and has located more records which will be produced.

26        c.    Proposed Resolutions During the Conference of Counsel

27        (1)    Ticketmaster's Proposed Resolution.

28   At the mandatory conference of counsel, counsel for RMG stated that

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1                         30                    JOINT STIPULATION RE
                                          TICKETMASTER'S MOTION TO COMPEL

1  RMG's production of IP addresses discharged its obligation to respond to this
2  request. (Knight Decl. ¶ 18.) He elaborated that a review of the IP addresses used
3  by RMG would reveal the ISP's used by RMG. (*Id*.) Counsel for Ticketmaster
4  responded that RMG should produce additional documents (other than IP
5  addresses) that specifically identify ISP's used by RMG. (*Id*.) Counsel for RMG
6  indicated that he would confer with his client regarding whether any such
7  documents exist. (*Id*.) Given the approaching discovery cut-off in this matter,
8  counsel for Ticketmaster could only grant RMG until March 7, 2008, to provide a
9  supplemental response. (*Id*.) To date, RMG still has not provided a supplemental
10  response. (*Id*.)

(2)    RMG's Proposed Resolution.

12    RMG's counsel stated he would confer with RMG to determine if more
13  documents existed. RMG's counsel has done so, and RMG has located documents
14  responsive to this request which will be produced.

**3.    Document Request No. 9.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 9

All Documents relating to any web-based applications used to
purchase Tickets.

RESPONSE TO REQUEST FOR PRODUCTION OF
DOCUMENTS NO.: 9

Responding Party objects to this request as it is vague,
ambiguous and unintelligible as to the term "web-based
applications used to purchase Tickets." Responding party
objects to this request as it is overbroad. Notwithstanding the
foregoing objections, after a diligent search and reasonable
inquiry, Responding Party is unable to comply with this request
as it does not have any records in its possession, custody or
control with respect to its purchase of Tickets, or the purchase of
tickets on its behalf However, without waiving the aforestated
objections, Responding Party has already produced documents
concerning its TBAT, which is the only software program that
Responding Party has developed and marketed which can be
used on the ticketmaster.com website, and Ticketmaster already
has the technical documents concerning same in its possession,
custody and control.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1                              31              JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

a.    <u>Ticketmaster's Contentions and Points and Authorities.</u>

In response to Request No. 9, which seeks all documents relating to any web-based applications used to purchase tickets, RMG indicated that it "does not have any records in its possession ... with respect to its purchase of Tickets," and that it has already produced documents concerning TBAT and the technical documents concerning the same. However, records concerning RMG's purchase of tickets are not the only documents covered by this request and a review of the documents produced by RMG to date reveals that not all documents responsive to this request have been produced.

For example, one version of RMG's typing server was a web-based application and, thus, all documents relating to that version of RMG's typing server would be responsive and should be produced. (Lieb Decl. ¶ 12.) RMG has only produced source code relating thereto. (*Id*.) Again, RMG has produced documents reflecting multiple versions of its typing server, but has not produced any documents relating to the various differences and availability dates of these versions. (*Id*.) At a minimum, RMG must possess internal communications regarding these various versions of its typing server, and such should be produced. *Rowe Entertainment*, 205 F.R.D. at 428 (a party's e-mail communications relating to claims or defenses are a proper subject for a Rule 34 request).

In addition, documents produced by RMG reveal that RMG has failed to produce thirty-two (32) "open-source libraries" that are used in connection with TBAT. (Lieb Decl. ¶ 10.) These open-source libraries are required to run RMG's software, yet RMG did not provide them. (*Id*.) The documents also reveal that there are HTML/jsp files that allow a user to monitor the status of RMG's Super Proxy product when it is in use. (*Id*.) Documents relating to these files would also be responsive and should be produced. *See* Fed.R.Civ.P. 34(b), Adv. Comm. Note to 2006 Amendment (If necessary to enable the requesting party to use the information provided, "the responding party may need to provide some reasonable

1    amount of technical support, information on application software, or other

2    reasonable assistance....").

3        Ticketmaster's prosecution of its claims against RMG would suffer actual

4    and substantial prejudice from RMG's withholding of the documents sought by this

5    request – documents relating to RMG's web-based applications used to purchase

6    tickets – as the requested documents are highly relevant to Ticketmaster's claims.

7    For these reasons, the Court should compel production of all documents responsive

8    to Request No. 9.

9            b.    RMG's Contentions and Points and Authorities.

10       Ticketmaster provided its own definition for the term "Tickets,"

11   limiting same to tickets purchased by or on behalf of RMG. It made the decision to

12   make a such a limited definition. Ticketmaster is the plaintiff in this action; it knew

13   the facts in its complaint.  Based upon Ticketmaster's definition of Tickets, no

14   such documents exist which are responsive to this request.  However, in the spirit

15   of cooperation in the discovery process, RMG did indicate that TBAT is the only

16   product that it has developed or marketed which can be used on the

17   [www.ticketmaster.com](http://www.ticketmaster.com) Web site, and it indicated that the records concerning same

18   have been provided to Ticketmaster.

19       Ticketmaster complains that from the documents provided by RMG, it

20   appears as though RMG failed to produce 32 open source libraries that TBAT

21   utilizes.  However, these open source libraries are freely accessible on the internet

22   and are part of the public domain.  RMG is not in possession, custody, or control of

23   same.

24       As stated earlier above, upon further search, RMG did acknowledge that it

25   did not produce its jsp files and type server files, and it will produce same.

26           c.    Proposed Resolutions During the Conference of Counsel

27               (1)    Ticketmaster's Proposed Resolution.

28   At the mandatory conference of counsel, counsel for RMG stated that he is

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1                                    33              JOINT STIPULATION RE
                                                         TICKETMASTER'S MOTION TO COMPEL

1   informed that the typing server, source libraries, and 32 source codes referenced

2   above are not "web based applications." (Knight Decl. ¶ 21.)  He stated that he

3   would double-check with RMG, but that if his understanding is confirmed, RMG's

4   existing response would stand. (*Id*.)  Given the approaching discovery cut-off in

5   this matter, counsel for Ticketmaster could only grant RMG until March 7, 2008, to

6   provide a supplemental response. (*Id*.)  To date, RMG still has not provided a

7   supplemental response. (*Id*.)

8                   (2)    RMG's Proposed Resolution.

9          At the mandatory conference of counsel, RMG's counsel stated that it was

10  his understanding that the type server, source libraries and 32 source codes were not

11  "web based applications," but that he would confirm this with his client, and if such

12  documents exist, same would be produced.  Ticketmaster rushed to serve the instant

13  stipulation before RMG's counsel had the opportunity to confirm same.

14       **4.    Document Request No. 38.**

15       REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 38

16       All Documents relating to all Persons who created or helped
         create any computer programs identified in MPI Exh. 1.
17

18       RESPONSE TO REQUEST FOR PRODUCTION OF
         DOCUMENTS NO.: 38

19       Responding Party objects to producing any records regarding
20       Triple Play and Purchasemaster as said request exceeds the
         scope of permissible discovery as triple play is unrelated to
21       Ticketmaster.com.  Subject to said objection, Plaintiff has
         already provided the employee list of RMG, and all Persons
22       whose identity are responsive to this request are located thereon.

23            a.    Ticketmaster's Contentions and Points and Authorities.

         In response to Request No. 38, which seeks all documents relating to all
24
     persons who created or helped create any of the computer programs identified in
25
     MPI Exh. 1, RMG responded that it has "already provided the employee list of
26
     RMG, and all persons whose identity are responsive to this request are located
27
     thereon."  This is another unresponsive response.  This request seeks the production
28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1                    34           JOINT STIPULATION RE
                                           TICKETMASTER'S MOTION TO COMPEL

1   of documents, not simply the identification of individuals.  Thus, the fact that the

2   names of persons who helped create the computer programs appear somewhere on

3   RMG's employee list does not discharge RMG's obligation to fully respond to this

4   request.  The employee list is merely one of the many documents that would be

5   responsive to this request.    Any documents, including electronically stored

6   information, reflecting or discussing the fact that a particular employee created or

7   helped create any of the computer programs at issue would be responsive to this

8   request and should have been produced.

9       In addition, documents specifically referencing the employees at issue are

10   needed here because the Federal Rules limit the number of depositions that may be

11   taken in discovery.  Accordingly, the production of documents identifying those

12   employees who actually created or helped create the programs at issue is necessary

13   to prevent Ticketmaster from wasting its limited number of depositions on persons

14   whose name appears on RMG's employee list, but who were not involved in the

15   creation of the subject programs.[6]

16       Ticketmaster's prosecution of its claims against RMG would suffer actual

17   and substantial prejudice from RMG's withholding of the documents sought by this

18   request – documents relating to all Persons who created or helped create any of

19   RMG's computer programs identified in MPI Exh. 1 – as the requested documents

20   are highly relevant to Ticketmaster's claims.  For these reasons, the Court should

21   compel production of all documents responsive to Request No. 38.

22          b.    RMG's Contentions and Points and Authorities.

23       During the mandatory meeting of counsel, counsel for RMG proposed to ask

24   RMG whether there were any other documents in its possession, custody, or control

25   responsive to this request.  Subsequent to this meeting, RMG has informed its

26   counsel that the employee list is the only document it has responsive to this request.

27   _____
[6] By making this argument Ticketmaster is not waiving any right to seek leave of
28   Court to exceed the limit on the number of depositions.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1                        35        JOINT STIPULATION RE
                                            TICKETMASTER'S MOTION TO COMPEL

c.     Proposed Resolutions During the Conference of Counsel

(1)     Ticketmaster's Proposed Resolution.

At the mandatory conference of counsel, counsel for Ticketmaster suggested that RMG internally undertake efforts to identify which of its employees where involved in the development of the items listed on MPI Ex. 1, and then produce all communications to or from those employees relating to the development of the items listed on MPI Ex. 1. (Knight Decl. ¶ 22.) Counsel for RMG stated that RMG provided all software development documentation as indicated in a letter dated December 6, 2008. (*Id.*) Counsel for RMG stated that he does not believe any additional documents relating to the development of the software at issue exist, given ad hoc nature of software development and RMG's general operations. (*Id.*) However, he stated that he would confer with his client to ensure that it possess no additional responsive documents. (*Id.*) Given the approaching discovery cut-off in this matter, counsel for Ticketmaster could only grant RMG until March 7, 2008, to provide a supplemental response. (*Id.*) To date, RMG still has not provided a supplemental response. (*Id.*)

(2)     RMG's Proposed Resolution.

RMG will provide a supplemental response setting forth that it has no further documents responsive to this request.

**5.     Document Request No. 41.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 41

All Documents relating to all visits You made to Ticketmaster's website (www.ticketmaster.com) from January 1, 2001 to present.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 41

Responding Party objects to this request as it is beyond the scope of permissible discovery. Responding Party objects to this request as being burdensome and oppressive. Responding Party objects to this request as it seeks information which is already in the possession, custody or control of Asking Party. Notwithstanding said objections, and without waiving same,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> Responding Party will produce all records which reflect purchases it made on the ticketmaster.com website, which are in its possession, custody and control, with the exception of backup documentation which was provided to ticketmaster during said purchases, including, but not limited to credit card statements, invoices and receipts.

   a. <u>Ticketmaster's Contentions and Points and Authorities.</u>

  Request No. 41 seeks all documents relating to all visits RMG made to Ticketmaster's website from January 1, 2001 to present.  In its supplemental response, RMG objects and states that it will produce all records which reflect purchases it made on the ticketmaster.com website.  However, the request is not limited to visits to Ticketmaster's website during which RMG made a purchase.  If RMG visited Ticketmaster's website on other occasions and did not make a purchase (to investigate the operation of ticketmaster.com for development of effective software, for example), yet possesses a document memorializing, referring to, or reflecting that visit, such a document would be responsive to Request No. 41 and should be produced.

  A request for "documents" should be understood to include a request for electronically-stored information, unless discovery in the action has clearly distinguished between the two.  Fed.R.Civ.P. 34(a), Adv. Comm. Note to 2006 Amendment.  Moreover, data collected and stored through use of the Internet, including "bookmarks" and browser history identifying Web sites visited falls within the definition of discoverable "electronically-stored information" and should have been produced by RMG.  Schwarzer, Tashima & Wagstaffe, ch. 11(IV)-C, ¶ 11:1850.5, at 11-222.

  Ticketmaster's prosecution of its claims against RMG would suffer actual and substantial prejudice from RMG's withholding of the documents sought by this request – documents relating to all visits RMG made to Ticketmaster's website (www.ticketmaster.com) from January 1, 2001 to present – as the requested documents are highly relevant to Ticketmaster's claims – in particular, its copyright

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1

37

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

1  and Digital Millennium Copyright Act claims.  For these reasons, the Court should

2  compel production of all documents responsive to Request No. 41.

3            b.     RMG's Contentions and Points and Authorities.

4         During the mandatory conference of counsel, in response to this request,

5  counsel for Ticketmaster represented that he would inquire into whether

6  Ticketmaster has documents in its possession, custody, or control that are

7  responsive to this request.  It is RMG's position that the documents Ticketmaster

8  seeks are equally available—if not more likely available to Ticketmaster.

9  Specifically, all IP addresses that enter the www.ticketmaster.com Web site are

10  recorded in Ticketmaster's activity logs.  Moreover, RMG does not generate

11  records which show any visits to Ticketmaster's Web site.  Accordingly, RMG

12  stands by its objection that the documents Ticketmaster seeks is equally in the

13  possession, custody, or control of Ticketmaster.  Furthermore, Ticketmaster is

14  seeking documents that are well beyond any time period in which it alleges RMG

15  has done any of the acts complained of.  Accordingly, RMG finds this request to be

16  burdensome and oppressive.

17            c.     Proposed Resolutions During the Conference of Counsel.

18            (1)    Ticketmaster's Proposed Resolution.

19         At the mandatory conference of counsel, in response to RMG's claim that the

20  request was overbroad and that RMG had already produced documents relating to

21  visits to www.ticketmaster.com during which a purchase had been made, counsel

22  for Ticketmaster offered to limit the request to documents relating to visits to site

23  relating to RMG's development of its ticket-purchasing software.  (Knight Decl. ¶

24  23.)  Counsel for RMG stated that he would confer with his client to ascertain

25  whether it possesses additional responsive documents, but that the requested

26  information is equally available to Ticketmaster by way of the IP addresses that

27  RMG has produced.  (*Id*.)  He also requested that Ticketmaster undertake to

28  determine whether or not it already possesses the requested information, which, in

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1                38                  JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

his view, would alleviate RMG's need to search for the responsive documents. (*Id.*)    Given the approaching discovery cut-off in this matter, counsel for Ticketmaster could only grant RMG until March 7, 2008, to provide a supplemental response.  (*Id.*)  To date, RMG still has not provided a supplemental response.  (*Id.*)

(2)    RMG's Proposed Resolution.

During the mandatory conference of counsel, Ticketmaster's counsel represented that he would inquire as to whether his client already has the responsive information that it seeks from RMG. To date, Ticketmaster's counsel has not provided RMG with any response as to whether Ticketmaster has the information in its possession, custody, or control.  Finally, counsel for RMG proposed to ask RMG if it had any further documents responsive to this request.  RMG has represented that it has no other documents responsive to this request.

**6.    Document Request No. 48.**

<u>REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 48</u>

All Documents relating to all websites You have registered in the name of RMG, Ticket Broker Tools, Inc., or in any of Your prior business names, employees' names, or in the name of any other Person(s) acting for Your benefit or on Your behalf.

<u>RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 48</u>

Responding Party cannot comply with this request because websites cannot be registered.

a.    <u>Ticketmaster's Contentions and Points and Authorities.</u>

In response to Request No. 48, which seeks documents relating to websites registered by RMG, RMG responded with the hyper-technical contention that it could not comply with the request because websites cannot be registered. However, from the context of this case, it is clear that Request No. 48 refers to websites owned and/or operated by RMG or, stated differently, websites for which a domain name was registered by or on behalf of RMG.  Such, documents are relevant and should be produced.

1   In addition, before RMG supplemented its responses, Ticketmaster invited

2   RMG to seek further clarification regarding any seemingly inapplicable definitions

3   if necessary. (Knight Decl. ¶ 5.)   However, RMG never sought any additional

4   clarification for any of the terms used.   (*Id*.)   Ticketmaster was obviously not

5   seeking documents that could not possibly exists.   Thus, RMG's failure to seek

6   clarification regarding the term "registered" belies a good faith belief that the

7   phrase was either incomprehensible or subject to the hyper-technical interpretation

8   argued by RMG.

9   b.   <u>RMG's Contentions and Points and Authorities.</u>

10   First, RMG has provided an accurate, good faith response to this request.

11   Second, RMG provided its supplemental response to this request on January 29,

12   2008.   Accordingly, Ticketmaster has been aware of the fact that a Web site cannot

13   be registered for nearly two months.   If Ticketmaster sought other documents, it

14   should have propounded further discovery requests seeking this information;

15   however, for nearly two months, it did absolutely nothing.   Accordingly, its demand

16   that RMG "fix" its failure to propound further discovery is baseless.   There is

17   simply no requirement under the Federal Rules to require RMG to do so. Moreover,

18   there was no need for RMG to have sought any additional clarification of any

19   terms.   There was no confusion as to the meaning of the term "registered."

20   c.   <u>Proposed Resolutions During the Conference of Counsel.</u>

21   (1)   Ticketmaster's Proposed Resolution.

22   At the mandatory meeting of counsel, counsel for Ticketmaster proposed

23   amending the request by replacing the term "registered" with the phrase "owned

24   and/or operated."   (Knight Decl. ¶ 24.)   Counsel for RMG stated that he would

25   confer with his client, but would likely not agree to the proposed amendment unless

26   RMG is afforded a new 30-day deadline within which to comply, because, in his

27   view, the proposed amendment would constitute an entirely new request.   (*Id*.)

28   Because very little time remains before the discovery cutoff, counsel for

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1

40

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

1  Ticketmaster could not agree to provide an additional 30 days for RMG to respond.

2  (*Id*.)

3              (2)    RMG's Proposed Resolution.

4       RMG proposed that Ticketmaster propound further discovery requests

5  reflecting an accurate description of the documents that it seeks. RMG's counsel

6  also represented that he would confer with RMG to see if it was amenable to the

7  proposed amendments to the request. RMG is not amenable to said amendment.

8       **7.    Document Request No. 56.**

9       REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 56

10      All Documents relating to all of Your revenues or profits from
        the sale or lease of Automated Devices and software used to
11      access Ticketmaster's website and buy Tickets.

12      RESPONSE TO REQUEST FOR PRODUCTION OF
        DOCUMENTS NO.: 56
13
        Responding Party cannot comply with this request as it did not
14      receive any revenues or profits from the sale or lease of
        Automated Devices and software used to access Ticketmaster's
15      website and buy Tickets.

16          a.    Ticketmaster's Contentions and Points and Authorities.

17      RMG's supplemental response to Request No. 56 states that it cannot

18  produce responsive documents because "it did not receive any revenues or profits

19  from the sale or lease of Automated Devices and software used to access

20  Ticketmaster's website and buy Tickets."  This response is obviously not true and

21  suggests that RMG is again employing an overly narrow interpretation of this

22  request, rather than a good faith response.

23      In its supplemental response to Request No. 5, RMG stated that it "has

24  developed software for the purchase of tickets."  (Knight Decl., ¶ 7.)  In its

25  supplemental response to Request No. 8, which seeks documents relating to

26  "Automated Devices" used to access Ticketmaster's website, RMG identified its

27  "Ticket Broker Acquisition Tool" ("TBAT").  (*Id*.)  In addition, in response to

28  Request No. 11, which seeks documents relating to how RMG obtained or

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1                              41                     JOINT STIPULATION RE
                                                      TICKETMASTER'S MOTION TO COMPEL

1  developed Automated Devices, RMG did not deny possessing responsive
2  documents, but merely objected that they contain "trade secrets." (*Id.*) These
3  responses clearly demonstrate that RMG is in the business of developing automated
4  devices for profit, and it defies all reason for RMG to claim that it has not received
5  any revenue from those devices.

6      Ticketmaster anticipates that RMG will contend that (a) the definition of the
7  term "Tickets" limits the scope of this request to tickets purchased by RMG or on
8  RMG's behalf, (b) it did not receive any revenue or profit for tickets it purchased or
9  tickets purchased on its behalf, and (c) therefore, it possesses no responsive
10  documents. However, the context of the parties' dispute makes it obvious that the
11  term "Tickets" was not intended to be so limited. Indeed, RMG raised this issue in
12  November 2007 and Ticketmaster explained that the term "Tickets" as used in this
13  request was not so limited. (Knight Decl. ¶ 5.) Ticketmaster also invited RMG to
14  seek further clarification regarding any seemingly inapplicable definitions if
15  necessary. (*Id.*) However, RMG never sought any additional clarification. (*Id.*) It
16  is disingenuous for RMG to now claim that when it provided its supplemental
17  responses, over two months later, it interpreted "Tickets" in a manner that excluded
18  tickets purchased by or on behalf of persons other than RMG.

19      Ticketmaster's prosecution of its claims against RMG would suffer actual
20  and substantial prejudice from RMG's withholding of the documents sought by this
21  request – documents relating to RMG's revenues and profits from the sale or lease
22  of Automated Devices and software used to access Ticketmaster's website – as the
23  requested documents are highly relevant to Ticketmaster's claims, including its
24  claimed damages and its efforts to impose a constructive trust over RMG's ill-
25  gotten gains. For these reasons, the Court should compel production of all
26  documents responsive to Request No. 56.

27          b.   <u>RMG's Contentions and Points and Authorities.</u>
28      First, RMG has provided an accurate, good faith response to this request.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1

42

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

1  Second, Ticketmaster provided its own definition for the term "Tickets." It
2  made the decision to make a such a limited definition. Pointedly, it is the plaintiff in
3  this action; it knew the facts in its complaint. Accordingly, any argument by
4  Ticketmaster that the term "Tickets" was not intended to be so limited is simply
5  absurd. If it desired a broader definition it should have either: (1) drafted such a
6  definition in its original request for documents; or (2) propounded a further request
7  for documents setting forth its broader definition.  Moreover, Ticketmaster is again
8  demanding that RMG "fix" its errors; however, there is no requirement under the
9  Federal Rules, nor has Ticketmaster provided any such authority requiring RMG to
10  do so.  Furthermore, this demand by Ticketmaster is even more egregious as it has
11  known of this limited definition of the term "Tickets" since November, 2007, but
12  never propounded further requests.  Furthermore, RMG denies that it has ever
13  produced "Automated Devices" as set forth in the definition provided by
14  Ticketmaster.  Finally, Ticketmaster's bad faith demand that RMG not only accept
15  its changed definition—without propounding further discovery—but also provide
16  responses within 2 days of the mandatory meeting of counsel, was deemed by RMG
17  to be wholly inappropriate, unsupported by the Federal Rules of Civil Procedure,
18  and clearly an attempt at harassing and annoying RMG.

19  c.  Proposed Resolutions During the Conference of Counsel.

20  (1)  Ticketmaster's Proposed Resolution.

21  At the mandatory conference of counsel, counsel for RMG reiterated RMG's
22  position that according to the definition of the term "Tickets," no responsive
23  documents exist. (Knight Decl. ¶ 19.)  Ticketmaster's counsel offered to amend the
24  request by dropping the phrase "and buy Tickets."  (*Id.*)  Counsel for RMG stated
25  that he would ask RMG if it possesses documents responsive to the modified
26  request.  (*Id.*)  Given the approaching discovery cut-off in this matter, counsel for
27  Ticketmaster could only grant RMG until March 7, 2008, to provide a supplemental
28  response.  (*Id.*)  To date, RMG still has not provided a supplemental response.  (*Id.*)

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1     43     JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

(2)    RMG's Proposed Resolution.

RMG proposed that Ticketmaster propound further request for documents reflecting any changed definitions for its specially defined term "Tickets."

**D.    RMG's Unfounded Relevance Objections (Document Request Nos. 3, 13, 27, 34, 39, 57, and 58).**

**1.    Document Request No. 39.**

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 39

All Communications You have had with any Person to whom You sold, leased, rented, or licensed or otherwise made available any products or services mentioned in MPI Exh. 1.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCPMENTS NO.: 39

Responding Party objects to this request as exceeding permissible discovery, as it is irrelevant to the issues in the instant matter. Responding Party objects to this request as it seeks information which constitutes "trade secrets" or other "confidential research, development or commercial information" pursuant to Rule 26(c)(7). Responding party objects to this request as it seeks confidential financial information of third parties. Responding Party objects to this request as it seeks information regarding Triple Play and Purchasemaster, which are unrelated to this lawsuit.

a.    Ticketmaster's Contentions and Points and Authorities.

The Federal Rules permit Ticketmaster to propound discovery that relates to "any matter, not privileged, that is relevant to the claim or defense of that party." Fed.R.Civ.P. 26(b)(1). "It is a common principle that the rules of discovery are to be broadly and liberally construed so as to permit the discovery of any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence." *Willis,* 2007 WL 2455873, *2. This request is relevant to the claims and defenses at issue in this matter.

Ticketmaster alleges that RMG develops, markets and sells, computer programs that enable its ticket broker customers to access Ticketmaster's website, block access to the best tickets, copy purchase pages, and quickly purchase large quantities of tickets faster than human customers can, in violation of the website's

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1

44

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

1    terms of use.  Accordingly, this request seeks the identity of RMG's customers and

2    communications with those customers regarding RMG's products.

3         RMG has objected that this request is irrelevant.  But RMG's

4    communications with its customers will be an obvious source of witnesses,

5    information and admissions relating to RMG's products and their intended and

6    actual use by its customers.  Such information is clearly relevant to Ticketmaster's

7    claims, and the deprivation of such information would result in actual and

8    substantial prejudice to Ticketmaster's ability to prosecute its claims.  For these

9    reasons, the Court should compel production of all documents responsive to

10   Request No. 39.

11              b.    RMG's Contentions and Points and Authorities.

12        First, this request seeks documents that are entirely irrelevant to the issues in

13   this case.  Specifically, this request seeks any documents that reflect any

14   communications between RMG and any person who it allegedly sold, leased,

15   rented, licensed or otherwise made available any products or services mentioned in

16   MPI Exh. I.  The request fails to qualify that the documents must relate to

17   communications regarding the products or services mentioned in MPI Exh I.

18   Rather, the plain language of this request seek documents that are not related to this

19   action whatsoever. By way of example, pursuant to this request, should RMG have

20   received a communication from someone who allegedly leased a product cited in

21   MPI Exh. I, regarding a matter wholly unrelated to the lease or sale of the product,

22   such as the alleged customer's birthday party or decision to purchase a new car, as

23   drafted, RMG would be required to produce said document.   Clearly, such

24   documents are entirely irrelevant to the issues in this case.  Accordingly, as drafted,

25   Ticketmaster has failed to narrowly tailor its request to seek only relevant

26   documents; accordingly, RMG stands by its objection that this request seeks

27   documents that are irrelevant to this action.

28        Second, RMG further objects to this request as Ticketmaster is seeking

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1                                45                    JOINT STIPULATION RE
                                                        TICKETMASTER'S MOTION TO COMPEL

1  documents that would violate third parties' constitutional right to privacy pursuant

2  to California Constitution Article 1, § 1.  Specifically, the documents Ticketmaster

3  seeks could compel the disclosure of private and sensitive information regarding

4  third parties' personal financial affairs; thus violating their constitutional right to

5  privacy.  Furthermore, this is an objection that Ticketmaster repeatedly made in its

6  response to RMG's request for documents. Accordingly, RMG stands by its

7  objection that this request seeks confidential financial information of third parties.

8         c.    Proposed Resolutions During the Conference of Counsel

9               (1)    Ticketmaster's Proposed Resolution.

10      At the mandatory conference of counsel, counsel for Ticketmaster suggested

11  that RMG amend its response to remove the objection based on relevance and

12  produce responsive documents in its possession.  (Knight Decl. ¶ 20.)  Counsel for

13  RMG stated that he would confer with his client regarding supplementing the

14  response and whether RMG possessed any responsive documents.  (*Id.*)  Given the

15  approaching discovery cut-off in this matter, counsel for Ticketmaster could only

16  grant RMG until March 7, 2008, to provide a supplemental response.  (*Id.*)  To date,

17  RMG still has not provided a supplemental response.  (*Id.*)

18               (2)    RMG's Proposed Resolution.

19      RMG proposed that Ticketmaster propound further discovery requests that

20  are narrowly tailored so as to only seek documents that are relevant to the instant

21  action.  However, counsel for RMG represented that RMG would not violate any

22  third person's right to privacy.

23      **2.    Document Request No. 13.**

24           REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 13

25           All Documents relating to the purchase, use, distribution and
            resale of tickets that were initially purchased through
26           Ticketmaster.

27           RESPONSE TO REQUEST FOR PRODUCTION OF
            DOCUMENTS NO.: 13

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1                    46        JOINT STIPULATION RE
                                        TICKETMASTER'S MOTION TO COMPEL

1  Responding Party objects to this request as it is beyond the
2  scope of permissible discovery.  Responding Party objects to
   this request as it is overbroad.  Responding party objects to this
3  request as it is irrelevant.  Responding party objects to this
   request as it seeks information which is entirely unrelated to the
4  allegations regarding use of computer programs set forth in the
   First Amended Complaint.

5          a.    Ticketmaster's Contentions and Points and Authorities.

6      The Federal Rules permit Ticketmaster to propound discovery that relates to

7  "any matter, not privileged, that is relevant to the claim or defense of that party."

8  Fed.R.Civ.P. 26(b)(1).    RMG contends that this request is irrelevant.    However,

9  documents relating to the purchase, use, distribution and resale of tickets that were

10 initially purchased through Ticketmaster could not be more relevant.  Ticketmaster

11 alleges in its Complaint that RMG develops, markets and sells, computer programs

12 that enable its ticket broker customers to access Ticketmaster's website, block

13 access to the best tickets, copy purchase pages, and quickly purchase large

14 quantities of tickets faster than human customers can, in violation of

15 www.ticketmaster.com's terms of use.    Communications between RMG and its

16 customers and others regarding the use of those devices goes to the very heart of the

17 case.    Such documents are clearly relevant.    To deprive Tickemaster of any

18 documents relating to the purchase, use, distribution and resale of tickets that were

19 initially purchased through Ticketmaster would result in actual and substantial

20 prejudice to Ticketmaster's ability to prosecute its claims.  For these reasons, the

21 Court should compel production of all documents responsive to Request No. 13.

22          b.    RMG's Contentions and Points and Authorities.

23     This request is irrelevant.  Ticketmaster seeks any and all documents relating

24 to *any* purchase, use, distribution, and resale of tickets that were initially purchased

25 through Ticketmaster—regardless of whether there is any connection to RMG, the

26 claims asserted by Ticketmaster, or the defenses asserted by RMG.  Accordingly,

27 RMG stands by its objections.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1                              47              JOINT STIPULATION RE
                                                        TICKETMASTER'S MOTION TO COMPEL

1

    c.  <u>Proposed Resolutions During the Conference of Counsel</u>

2

     (1) Ticketmaster's Proposed Resolution.

3

  At the mandatory conference of counsel, in response to RMG's contention

4

that the request is overly broad, counsel for Ticketmaster requested proposals from

5

RMG for re-wording the request in a manner that would allay its overbreadth

6

concerns.  (Knight Decl. ¶ 14.)  Counsel for RMG indicated that he would confer

7

with his client regarding the provision of a re-worded request that would be

8

acceptable in his view.  (*Id.*)  Given the approaching discovery cut-off in this

9

matter, counsel for Ticketmaster could only grant RMG until March 7, 2008, to

10

provide a supplemental response.  (*Id.*)  To date, RMG still has not provided a

11

supplemental response.  (*Id.*)

12

     (2) RMG's Proposed Resolution.

13

  RMG's counsel proposed that Ticketmaster propound further requests

14

limiting the scope of documents that it sought. Specifically, propound requests that

15

seek documents relating to RMG and its connection to Ticketmaster.  However,

16

Ticketmaster never made any suggestions to limit the scope of this request.

17

 **3.**  **Document Request No. 58.**

18

  <u>REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 58</u>

19

  All Communications You had with any Person relating to the
  RMG products.

20

  <u>RESPONSE TO REQUEST FOR PRODUCTION OF</u>

21

  <u>DOCUMENTS NO.: 58</u>

22

  Responding Party objects to this request as it seeks information
  beyond the scope of permissible discovery that is not relevant to

23

  the issues in the instant lawsuit, as it specifically requests
  information Unrelated to Ticketmaster.  Responding Party

24

  objects to this request as it is burdensome and oppressive.
  Responding Party objects to this request as it is propounded for

25

  no reason other than to harass and annoy.  Responding Party
  objects to this request as it is overbroad.

26

27

   a.  <u>Ticketmaster's Contentions and Points and Authorities.</u>

28

  The Federal Rules permit Ticketmaster to propound discovery that relates to

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1    48    JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

1  "any matter, not privileged, that is relevant to the claim or defense of that party."

2  *See* Fed.R.Civ.P. 26(b)(1).  RMG contends that this request is irrelevant.  However,

3  communications RMG had with its customers and others about its products are

4  highly relevant.   Ticketmaster alleges that RMG develops, markets and sells,

5  computer programs that enable its ticket broker customers to access Ticketmaster's

6  website, block access to the best tickets, copy purchase pages, and quickly purchase

7  large quantities of tickets faster than human customers can, in violation of

8  www.ticketmaster.com's terms of use.   Communications between RMG and its

9  customers and others regarding its products will by definition contain admissions

10  and information relevant to Ticketmaster's claims in this case.  Such documents are

11  clearly relevant and any communications RMG possesses relating to its products

12  should be produced.

13      To the extent that RMG is objecting that it possesses communications

14  relating to certain products that have nothing to do with the issues in this case,

15  RMG should have distinguished between relevant and irrelevant products and

16  produced communications relating to those products it contends are relevant.

17  Fed.R.Civ.P. 34(b).   However, to withhold all documents responsive to this

18  requests, which seeks highly relevant information, is grossly inappropriate.

19      Ticketmaster's prosecution of its claims against RMG would suffer actual

20  and substantial prejudice from RMG's withholding of its communications

21  regarding its products, as such documents are arguably the most relevant source of

22  information available in this case.  For these reasons, the Court should compel

23  production of all documents responsive to Request No. 58.

24          b.    RMG's Contentions and Points and Authorities.

25      First, Ticketmaster's claim that RMG should provide documents it deems

26  relevant and withhold documents it deems irrelevant, would, by the very definition,

27  violate RMG's counsel's attorney work product privilege. *See 2,022 Ranch, L.L.C.*

28  *v. Superior Court* 113 Cal.App.4th 1377, 1389-1390 (Attorney work product

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1                    49                    JOINT STIPULATION RE
                                              TICKETMASTER'S MOTION TO COMPEL

1  doctrine intended on protecting the mental processes and plan of strategy of the

2  attorney in the preparation of client's case).    Hence, said demand is simply

3  frivolous.    Second, RMG has other products, which Ticketmaster even concedes

4  have nothing to do with this case.    Accordingly, requiring RMG to produce

5  documents regarding products that have nothing to do with this case will not likely

6  lead to the discovery of admissible evidence, and therefore, does not need to be

7  produced. Accordingly, RMG's objection on relevancy grounds is meritorious, and

8  RMG stands by said objection.

9          c.    <u>Proposed Resolutions During the Conference of Counsel</u>

10                (1)    Ticketmaster's Proposed Resolution.

11  At the mandatory conference of counsel, counsel for RMG indicated that he

12  would confer with his client regarding production of responsive documents.

13  (Knight Decl. ¶ 25.)    Counsel for Ticketmaster reiterated that the request

14  encompasses all communications regarding RMG's products.    (*Id*.)    Given the

15  approaching discovery cut-off in this matter, counsel for Ticketmaster could only

16  grant RMG until March 7, 2008, to provide a supplemental response. (*Id*.)  To date,

17  RMG still has not provided a supplemental response. (*Id*.)

18                (2)    RMG's Proposed Resolution.

19  RMG proposed that Ticketmaster propound further requests that limit the

20  documents it seeks to documents that are relevant to the claims and defenses to this

21  action. RMG's counsel explained that as drafted, this request was seeking

22  documents unrelated to this action.

23      **4.    Document Request Nos. 34 and 57.**

24          <u>REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 34</u>

25          All Documents, including but not limited to financial records,
         relating to all revenue You have received relating to all products
26          and services mentioned in MPI Exh. 1.

27          <u>RESPONSE TO REQUEST FOR PRODUCTION OF
         DOCUMENTS NO.: 34</u>

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1                                    50                        JOINT STIPULATION RE
                                                                 TICKETMASTER'S MOTION TO COMPEL

1   Responding Party objects to this request as exceeding
2   permissible discovery, as it is irrelevant to the issues in the
    instant matter.  Responding Party objects to this request as it
3   seeks information which constitutes "trade secrets" or other
    "confidential research, development or commercial information"
4   pursuant to Rule 26(c)(7).  Responding Party objects to this
    request as it seeks confidential financial information of third
    parties.
5
6   REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 57

7   All Documents relating to all of Your revenues or profits from
    the sale or lease of Automated Devices and software used to
8   access any ticket selling website.

9   RESPONSE TO REQUEST FOR PRODUCTION OF
    DOCUMENTS NO.: 57

10  Responding Party objects to this request as it seeks information
11  beyond the scope of permissible discovery that is not relevant to
    the issues in the instant lawsuit, as it specifically requests
    information unrelated to Ticketmaster.  Responding Party
12  objects to this request as it is burdensome and oppressive.
    Responding Party objects to this request as it is propounded for
13  no reason other than to harass and annoy.

14          a.     Ticketmaster's Contentions and Points and Authorities.

15      The Federal Rules permit Ticketmaster to propound discovery that relates to

16  "any matter, not privileged, that is relevant to the claim or defense of that party."

17  Fed.R.Civ.P. 26(b)(1).  "It is a common principle that the rules of discovery are to

18  be broadly and liberally construed so as to permit the discovery of any information

19  which is relevant and is reasonably calculated to lead to the discovery of admissible

20  evidence."  *Willis,* 2007 WL 2455873, *2.  Both Document Request Nos. 34 and 57

21  are narrowly tailored and call for documents that are directly relevant to

22  Ticketmaster's claims and necessary for Ticketmaster to conduct its investigation of

23  RMG's defenses and claims.   In its Complaint, Ticketmaster has sought the

24  imposition of a constructive trust.  (Complaint p. 37:15-18.)  These requests seek

25  documents relating to the revenue obtained by RMG from its sale of devices and

26  software used to access Ticketmaster's website unlawfully.  Such information is

27  highly relevant to Ticketmaster's efforts to trace RMG's ill-gotten gains for the

28  imposition of a constructive trust.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1                          51              JOINT STIPULATION RE
                                                TICKETMASTER'S MOTION TO COMPEL

1    RMG contends that such discovery is improper because a constructive trust is

2    merely a remedy and has not been pled by Ticketmaster as a cause of action.

3    However, courts have held that discovery requests seeking to trace funds for the

4    purpose of imposing a constructive are appropriate. *Stanton v. Couturier* (E.D.Cal.

5    2007 WL 4570699, *3 (acknowledging that to impose a constructive a plaintiff,

6    generally, must engage in investigation and obtain information as part of the

7    discovery process in civil actions); *TMG II v. U.S.* (D.C. Cir. 1993) 1 F.3d 36, 44

8    (remanding case to allow full discovery to determine whether plaintiff can trace

9    proceeds necessary to impose constructive trust); *Carpenters Pension and Annuity*

10   *Fund of Philadelphia and Vicinity v. Banks* (E.D.Pa. 2003) 271 F.Supp.2d 639, 642

11   (recognizing need to conduct discovery to trace funds necessary to impose

12   constructive trust).

13   Ticketmaster's prosecution of its claims against RMG would suffer actual

14   and substantial prejudice from RMG's withholding of the documents sought by this

15   request, as the requested documents are highly relevant to Ticketmaster's efforts to

16   establish a constructive trust over RMG's ill-gotten gains.  If Ticketmaster is unable

17   to trace the funds originating from RMG's unlawful activity, RMG might assert

18   that inability as a defense to the imposition of a constructive trust.  For these

19   reasons, the Court should compel production of all documents responsive to

20   Request Nos. 34 and 57.

21   **b.    RMG's Contentions and Points and Authorities.**

22   Ticketmaster misapprehends the purpose of a constructive trust.

23   A " 'Constructive trust' is involuntary equitable trust created by operation of

24   law as remedy to compel transfer of property from person wrongfully holding it to

25   its rightful owner." *Campbell v. Superior Court*, (2005) 132 Cal.App.4th 904, 920.

26   "[A] constructive trust may only be imposed where the following three conditions

27   are satisfied: (1) the existence of a *res* (property or some interest in property); (2)

28   the *right* of a complaining party to that res; and (3) some *wrongful* acquisition or

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1                52              JOINT STIPULATION RE
                                   TICKETMASTER'S MOTION TO COMPEL

1    detention of the res by another party who is not entitled to it." *Communist Party v.*

2    *522 Valencia, Inc.* (1995)  35 Cal.App.4th 980, 990.

3        Here, Ticketmaster has failed to set forth any basis that would entitle it to

4    obtain a constructive trust. Specifically, Ticketmaster claims that it is not a

5    competitor of RMG. *See* Footnote 2 Supra. Accordingly, Ticketmaster is not the

6    rightful owner of any property currently in the possession of RMG. Thus,

7    Ticketmaster has no right to "trace RMG's ill-gotten gains for the imposition of a

8    constructive trust."  Accordingly, this request is irrelevant, and is therefore unlikely

9    to lead to the discovery of admissible evidence.

10        c.    Proposed Resolutions During the Conference of Counsel.

11            (1)    Ticketmaster's Proposed Resolution.

12        At the mandatory conference of counsel, counsel for Ticketmaster suggested

13    that RMG produce additional documents.  (Knight Decl. ¶ 26.)  Refusing to agree

14    to produce responsive documents, counsel for RMG stated that all of RMG's

15    revenue and profits are irrelevant because Ticketmaster has not sought the equitable

16    remedy of disgorgement, nor is it available in his view.  (*Id.*)  Counsel for

17    Ticketmaster responded that the information may, however, be relevant to

18    Ticketmaster's efforts to impose a constructive trust and to prove damages.  (*Id.*)

19            (2)    RMG's Proposed Resolution.

20        RMG's counsel explained that a constructive trust is an improper remedy in

21    this case. Therefore, counsel explained that RMG does not believe that these

22    requests are relevant.

23    **5.    Document Request No. 3.**

24        REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 3

25        All Documents relating to all sources of funds You used to
     purchase Tickets.

26

27        RESPONSE TO REQUEST FOR PRODUCTION OF
     DOCUMENTS NO.: 3

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1                    53                JOINT STIPULATION RE
                                    TICKETMASTER'S MOTION TO COMPEL

1
2
Responding Party objects to this request as it is seeks information that is not relevant to the claims of Ticketmaster, or defenses of Responding Party.

3
### a.    Ticketmaster's Contentions and Points and Authorities.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
The Federal Rules permit Ticketmaster to propound discovery that relates to "any matter, not privileged, that is relevant to the claim or defense of that party." Fed.R.Civ.P. 26(b)(1).  "It is a common principle that the rules of discovery are to be broadly and liberally construed so as to permit the discovery of any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence."  *Willis,* 2007 WL 2455873, *2.  This request is narrowly tailored and calls for documents that are directly relevant to Ticketmaster's claims and necessary for Ticketmaster to conduct its investigation of RMG's defenses and claims.  The request seeks the sources of funds RMG used to purchase tickets. RMG contends that this request is irrelevant because the time to add additional defendants has passed in this matter.  However, documents relating to the source of funds used by RMG to fund its unlawful operation will likely be a source of witnesses, information and admissions relating to RMG's products and business. Such documents would, thus, be highly relevant and should be produced.

18
### b.    RMG's Contentions and Points and Authorities.

19
20
21
22
23
24
25
26
27
28
First, during the mandatory conference, Ticketmaster's counsel claimed his only basis for seeking this request was for the purpose of adding additional defendants to this action.  When RMG's counsel informed Ticketmaster's counsel that the time had lapsed to add additional defendants, Ticketmaster's counsel then claimed that the information it sought was needed so that Ticketmaster could file entirely new claims against said individuals or entities.   RMG's counsel then explained that by that very definition, the documents it therefore was seeking were irrelevant to this action.  Ticketmaster's counsel failed to provide any other basis for requesting these documents.  Thus, he conceded that this was the only basis for seeking said documents

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1

54

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

Second, RMG stands by its relevancy objection as the sources of revenue used to buy tickets are not relevant to any of the claims or defenses to this action.

### c.    Proposed Resolutions During the Conference of Counsel

#### (1)    Ticketmaster's Proposed Resolution.

At the mandatory conference of counsel, counsel for Ticketmaster suggested that RMG produce responsive documents.  (Knight Decl. at ¶ 27.)  In response, counsel for RMG reiterated RMG's position that this request is irrelevant, as its only relevance, in his view, would be to identify additional defendants, but the time to add additional defendants in this case has lapsed.  (*Id*.)  Counsel for RMG stated further that it has already produced the records for the 125 instances in which RMG purchased tickets on www.ticketmaster.com and RMG will not produce the source of the funds used to make those purchases.  (*Id*.)

#### (2)    RMG's Proposed Resolution.

Counsel for Ticketmaster only asserted a single basis for requesting this information. Accordingly, RMG's counsel maintained his objection and Ticketmaster failed to provide any other basis for seeking this request.

### 6.    Document Request No. 27.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 27

All Communications between You and any ISP.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 27

Responding Party objects to this request as exceeding permissible discovery, as it is irrelevant to the issues in the instant matter.  Responding Party objects to this request as it is overbroad.  Responding Party objects to this request as it is burdensome and oppressive.

### a.    Ticketmaster's Contentions and Points and Authorities.

The Federal Rules permit Ticketmaster to propound discovery that relates to "any matter, not privileged, that is relevant to the claim or defense of that party." Fed.R.Civ.P. 26(b)(1).  "It is a common principle that the rules of discovery are to

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1

55

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

1  be broadly and liberally construed so as to permit the discovery of any information

2  which is relevant and is reasonably calculated to lead to the discovery of admissible

3  evidence." *Willis,* 2007 WL 2455873, *2. This request seeks communications

4  between RMG and any ISP. RMG contends that the request seeks irrelevant

5  information. However, communications between RMG and ISPs likely contain

6  admissions and other information regarding RMG's business and products – in

7  particular, RMG's statements regarding its actual or intended use of Internet service

8  to access ticketmaster.com. In any event, the requested documents are reasonably

9  calculated to lead to the discovery of admissible evidence and should be produced.

10        b.    RMG's Contentions and Points and Authorities.

11  After meeting and conferring, RMG will supplement this response and

12  provide further documents.

13        c.    Proposed Resolutions During the Conference of Counsel

14              (1)    Ticketmaster's Proposed Resolution.

15  At the mandatory conference of counsel, counsel for RMG indicated that the

16  request is overly broad because "communications" with an ISP might include every

17  single time one of its computers accessed any webpage utilizing the service of an

18  ISP. (Knight Decl. ¶ 28.) In response, counsel for Ticketmaster offered to narrow

19  this request to communications with the proprietors of ISPs, thereby distinguishing

20  the electronic communications between machines and communications between the

21  human representative of RMG and human representatives of ISPs. (*Id.*) Counsel

22  for RMG indicated that he would confer with his client regarding providing

23  documents responsive to the narrowed request. (*Id.*) Given the approaching

24  discovery cut-off in this matter, counsel for Ticketmaster could only grant RMG

25  until March 7, 2008, to provide a supplemental response. (*Id.*) To date, RMG still

26  has not provided a supplemental response. (*Id.*)

27              (2)    RMG's Proposed Resolution.

28  RMG's counsel proposed to confer with RMG regarding providing a further

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

1  response.  RMG will provide a further response.

2  **E.    RMG's Objections Based on Overbreadth (Document Request Nos. 14, 60 and 61).**

3

4             REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 14

5  All Communications with any Person regarding Ticketmaster or Tickets purchased through Ticketmaster.

6  RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 14

7

8  Responding Party objects to this request to the extent that it seeks all communications regarding Ticketmaster as burdensome, oppressive and overbroad and is beyond the scope of permissible discovery.  Notwithstanding Responding Party's objections, Responding Party will comply with this request to the extent that it seek communications regarding Tickets purchased.

9

10

11

12             REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 60

13  All Communications between You and any other Person regarding this lawsuit.

14  RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 60

15

16  Responding Party objects to this request as it sis overbroad, irrelevant and beyond the scope of permissible discovery. Responding Party objects to this request as it seeks information beyond the scope of permissible discovery that is not relevant to the issues in the instant lawsuit.  Responding Party objects to this request as it is propounded for no reason other than to harass and annoy.  Responding Party objects to this request to the extent that it seeks information protected by the attorney-client privilege.  Privilege log will be provided.

17

18

19

20

21             REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 61

22  All Communications between You and any other Person regarding any lawsuit brought by Ticketmaster in the U.S. District Court, Central District of California.

23  RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 61

24

25  Responding Party objects to this request as it seeks information beyond the scope of permissible discovery that is not relevant to the issues in the instant lawsuit.  Responding Party objects to this request as it is propounded for no reason other than to harass and annoy.  Responding Party objects to this request as it seeks information which is not relevant to this action. Responding Party objects to this request to the extent that it

26

27

28

seeks information protected by the attorney-client privilege. Privilege log will be provided.

## 1. Ticketmaster's Contentions and Points and Authorities.

RMG's objections that these requests are overly broad are not well-taken, as the requests are narrowly drafted. A party's e-mail communications relating to claims or defenses are a proper subject for a Rule 34 request. *Rowe Entertainment*, 205 F.R.D. at 428. Even if the requests were overly broad, RMG was required to respond to the non-objectionable portion of each such request and to identify the sources of responsive documents not reasonably accessible. *See* Fed.R.Civ.P. 34(b).

Even when undue burden or cost is demonstrated, if the requesting party shows "good cause" (i.e., that the need for discovery outweighs the burdens and costs of producing it), the court may order electronically-stored information produced on specified terms and conditions. Schwarzer, Tashima & Wagstaffe, ch. 11(IV)-C, ¶ 11:1857, at 11-222.5; Fed.R.Civ.P. 26(b)(2)(B). Here, the need for the information requested far outweighs RMG's burden and costs of producing it. Ticketmaster's prosecution of its claims against RMG would suffer actual and substantial prejudice from RMG's withholding of the documents sought by these request, as the requested communications are highly relevant to Ticketmaster's claims and likely contain highly relevant information and admissions.

Moreover, RMG is not excused from producing relevant non-privileged documents simply because it possesses an extremely large number of communications regarding Ticketmaster or tickets purchased through Ticketmaster, for example. RMG should be compelled to produce those responsive documents that were capable of being produced without undue burden. In addition, Ticketmaster is willing to cooperate with RMG and the Court to minimize the physical burden of producing large numbers of documents.

With respect to Request No. 14, RMG responded that it "will comply with

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1

58

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

this request to the extent that it seek communications regarding Tickets purchased."
However, this request is not limited to communications regarding tickets purchased
and RMG should be compelled to produce those communications regarding
Ticketmaster in general, which can be produced without undue burden.  It is simply
not plausible that there are no such documents that could be produced without
undue burden.

With respect to Request Nos. 60 and 61, RMG asserted the attorney-client
privilege.  However, any communications between RMG and persons other than its
attorneys and their staff regarding this lawsuit or other lawsuits brought by
Ticketmaster in the U.S. District Court, Central District of California should be
produced.

### 2.    RMG's Contentions and Points and Authorities.

First, notwithstanding Ticketmaster's conclusory, self-serving statement that
the above requests are not overbroad, the plain language of each request
demonstrates otherwise.

Specifically, request No. 14 asks for *all* communications with *any* person
regarding Ticketmaster or Tickets purchased through Ticketmaster.  This request is
so overbroad that should the court grant this request, it would effectively eliminate
a need to respond to nearly every other request propounded by Ticketmaster.
Moreover, this request, as drafted, seeks documents that have absolutely nothing to
do with the claims or defenses in this matter. Further, RMG also objected to this
request on the grounds that as drafted it was burdensome and oppressive to produce
said documents. Moreover, should Ticketmaster have sought documents relating to
this case it should have specified only documents that are related to the claims and
defenses in this matter; however it failed to do so. Accordingly this request is
overbroad, unduly burdensome and oppressive.

First, request No. 60, which seeks all documents that reflect communications
between RMG and any person regarding this lawsuit, is clearly overbroad.  It

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1                                    59                    JOINT STIPULATION RE
                                                                    TICKETMASTER'S MOTION TO COMPEL

1    specifically, does not request communications regarding claims or defenses to this
2    action. Rather Ticketmaster is requesting any communications, that could have
3    absolutely nothing to do with the subject matter of this action. Thus, this request is
4    overbroad.

5    Second, Request No. 61 also request all communications between RMG and
6    any Person regarding *any* lawsuit filed by Ticketmaster in the U.S. District Court,
7    Central District of California. Notwithstanding the utter lack of relevancy to the
8    claims and defenses to this action, it is also, as drafted, entirely overbroad.
9    Specifically, RMG would be required to produce documents from any person who
10   it may have communicated with regardless of whether it has anything to do with
11   this case.  There is simply no rule under the Federal Rules of Civil Procedure that
12   entitles a party to seek such an overbroad request.

13          **3.      Proposed Resolutions During the Conference of Counsel.**

14                 a.      Ticketmaster's Proposed Resolution.

15   At the mandatory conference of counsel, counsel for Ticketmaster offered to
16   modify Request No. 14 to eliminate the use of the defined term "Tickets."  (Knight
17   Decl. ¶ 29.)  Counsel for Ticketmaster also reiterated its contention that Request
18   Nos. 60 and 61 are not limited to communications involving attorneys and their
19   support staff, and, thus, to the extent RMG possesses responsive communications
20   with others, those documents should be produced.  (*Id.*)  Counsel for RMG
21   indicated that he would confer with his client regarding the production of
22   responsive documents consistent with the modified and clarified requests.  (*Id.*)
23   Given the approaching discovery cut-off in this matter, counsel for Ticketmaster
24   could only grant RMG until March 7, 2008, to provide a supplemental response.
25   (*Id.*)  To date, RMG still has not provided a supplemental response.  (*Id.*)

26                 b.      RMG's Proposed Resolution.

27   RMG's counsel offered to consult with his client with respect to amending
28   request No. 14. With respect to request Nos. 60 and 61 RMG and Ticketmaster's

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1                    60                    JOINT STIPULATION RE
                                                    TICKETMASTER'S MOTION TO COMPEL

counsel could not reach an agreement.

**F.    RMG's Failure to Produce Documents It Indicated It Would Produce In Its Supplemental Responses (Document Request Nos. 1, 2, 10, 15, 16, 17, 20, 21, 22, 23, 24, 40, 42, 43, 44, 45, 46, 47, 49, 51, 52, 53, 55, and 59).**

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 1

All Documents relating to every purchase by You of tickets.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 1

Responding party objects to this request as being overbroad, burdensome and oppressive. Responding party objects to this Request to the extent that it seeks information already in the possession, custody and control of Asking party, which would be any credit card statement reflecting the purchase of tickets, or invoice or receipt for said sale, as Ticketmaster already has said credit card information in its system due to the fact that tickets were purchased from ticketmaster.com, and same can be retrieved via matching of the order numbers set forth on the records provided by Responding Party. Notwithstanding these objections, Responding Party will comply with this request and produce all other records in its possession, custody and control which reflect its purchase of tickets.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 2

All Documents relating to Your decision for which particular events to buy Tickets.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 2

Responding party does not have any records which reflect its decisions in purchasing tickets, other than the records of the actual purchase of tickets. Responding party objects to this request as being overbroad, burdensome and oppressive. Responding party objects to this Request to the extent that it seeks information already in the possession, custody and control of Asking party, which would be any credit card statement reflecting the purchase of tickets, or invoice or receipt for said sale, as Ticketmaster already has said credit card information in its system due to the fact that tickets were purchased from ticketmaster.com, and same can be retrieved via matching of the order numbers set forth on the records provided by Responding Party. Notwithstanding these objections, Responding Party will comply with this request and produce all other records in its, possession, custody and control which reflect its purchase of tickets.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 10

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1

61

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

All Documents relating to all methods You used to purchase Tickets.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENT NO.: 10

Responding Party objects to this request as to the term "methods" as it is vague and ambiguous.  [However, the only method utilized by Responding Party were the purchasing Tickets through the Ticketmaster website.]  Responding Party will produce all documents in its possession, custody and control which reflect purchases it made through the Ticketmaster website.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 15

All Documents regarding Ticketmaster or Tickets purchased through Ticketmaster.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 15

Responding Party objects to this request to the extent that it seeks all documents regarding Ticketmaster as burdensome, oppressive and overbroad and is beyond the scope of permissible discovery.  Responding party objects to this Request to the extent that it seeks information already in the possession, custody and control of Asking party, which would include, but not be limited to any credit card statement reflecting the purchase of tickets, or invoice or receipt for said sale, as Ticketmaster already has said credit card information in its system due to the fact that tickets were purchased from ticketmaster.com, and same can be retrieved via matching of the order numbers set forth on the records provided by Responding Party.  Notwithstanding these objections, Responding Party will comply with this request and produce all other records in its possession, custody and control that are responsive to this request.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 16

All Communications to or from Ticketmaster.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 16

Responding Party objects to this request as it is vague, ambiguous and overbroad.  Responding Party objects to this request as the information sought would equally be in the possession, custody, or control of Asking Party.  Responding party objects to this Request to the extent that it seeks information already in the possession, custody and control of Asking party, which would be any credit card statement reflecting the purchase of tickets, or invoice or receipt for said sale, as Ticketmaster already has said credit card information in

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1

62

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

its system due to the fact that tickets were purchased from ticketmaster.com, and same can be retrieved via matching of the order numbers set forth on the records provided by Responding Party. Notwithstanding these objections, and subject thereto, Responding Party will comply with this request.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 17

All Documents relating to and sufficient to identify all Persons, including but not limited to ticket brokers or resellers, with whom you communicated about Tickets purchased through Ticketmaster.

## RESPONSE TO REQUEST FOR PRODUCTION NO.: 17

Responding Party objects to this request as it is beyond the scope of permissible discovery. Responding Party objects to this request as it is overbroad. Notwithstanding Responding Party's objections, all documents responsive hereto will be produced.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 20

All Documents relating to and sufficient to identify the name of every Person who purchased Tickets using Your technology.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 20

Responding Party objects to this request as vague and ambiguous as to the term "Your technology." Responding party objects to this Request to the extent that it seeks information already in the possession, custody and control of Asking party, which would be any credit card statement reflecting the purchase of tickets, or invoice or receipt for said sale, as Ticketmaster already has said credit card information in its system due to the fact that Tickets were purchased from ticketmaster.com, and same can be retrieved via matching of the order numbers set forth on the records provided by Responding Party. Notwithstanding the foregoing objection, Responding Party will produce all documents which are responsive to this request.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 21

All Documents relating to every credit card used by You, on Your behalf, or by Your clients to purchase Tickets.

## RESPONSE TO Request FOR PRODUCTION OF DOCUMENTS NO.: 21

Responding Party objects to this request as exceeding permissible discovery, as it is irrelevant to the issues in the instant matter. Responding Party objects to this Request to the extent that it seeks information already in the possession,

custody and control of Asking Party, which would be any credit card statement reflecting the purchase of tickets, or invoice or receipt for said sale, as Ticketmaster already has said credit card information in its system due to the fact that Tickets were purchased from ticketmaster.com, and same can be retrieved via matching of the order numbers set forth on the records provided by Responding Party.  Notwithstanding the foregoing objection, Responding Party will produce all other documents which are responsive to this request.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 22

All Documents relating to and sufficient to identify every name used by You, on Your behalf, or by Your clients to purchase Tickets.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 22

Responding Party objects to this request as exceeding permissible discovery, as it is irrelevant to the issues in the instant matter.  Responding Party objects to this Request to the extent that it seeks information already in the possession, custody and control of Asking Party, which would be any credit card statement reflecting the purchase of tickets, or invoice or receipt for said sale, as Ticketmaster already has said credit card information in its system due to the fact that Tickets were purchased from ticketmaster.com, and same can be retrieved via matching of the order numbers set forth on the records provided by Responding Party.  Notwithstanding the foregoing objection, Responding Party will produce all other documents which are responsive to this request.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 23

All Documents relating to and sufficient to identify every physical address used by You, on Your behalf, or by Your clients to purchase Tickets.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 23

Responding Party objects to this request as exceeding permissible discovery, as it is irrelevant to the issues in the instant matter.  Responding Party objects to this Request to the extent that it seeks information already in the possession, custody and control of Asking Party, which would be any credit card statement reflecting the purchase of Tickets, or invoice or receipt for said sale, as Ticketmaster already has said credit card information in its system due to the fact that Tickets were purchased from ticketmaster.com, and same can be retrieved via matching of the order numbers set forth on the records provided by Responding Party.  Notwithstanding the foregoing objection, Responding Party will produce all other documents which are responsive to this request.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1     64     JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

1    REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 24

2    All Documents relating to and sufficient to identify every email
     address used by You, on Your behalf, or by Your clients to
3    purchase Tickets.

4    RESPONSE TO REQUEST FOR PRODUCTION OF
     DOCUMENTS NO.: 24
5
     Responding Party objects to this request as exceeding
6    permissible discovery, as it is irrelevant to the issues in the
     instant matter.  Responding Party objects to this Request to the
7    extent that it seeks information already in the possession,
     custody and control of Asking Party, which would be any credit
8    card statement reflecting the purchase of tickets, or invoice or
     receipt for said sale, as Ticketmaster already has said credit card
9    information in its system due to the fact that Tickets were
     purchased from ticketmaster.com, and same can be retrieved via
10   matching of the order numbers set forth on the records provided
     by Responding Party.  Notwithstanding the foregoing objection,
11   Responding Party will produce all other documents which are
     responsive to this request.
12
     REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 40
13
     All Documents relating to and sufficient to identify all Persons
14   who are or have been employed by You from January 1, 2001 to
     present.
15
     RESPONSE TO REQUEST FOR PRODUCTION OF
16   DOCUMENTS NO.:  40

17   Responding Party will comply with this request.

18   REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 42

19   All Documents relating to the function, ownership, and
     maintenance of  corporate existence of RMG, including articles
20   of incorporation, minutes, resolutions, etc.

21   RESPONSE TO REQUEST FOR PRODUCTION OF
     DOCUMENTS NO.: 42
22
     Responding Party will comply with this request.
23
     REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 43
24
     All Documents relating to the function, ownership, and
25   maintenance of corporate existence of Ticket Broker Tools, Inc.,
     including articles of incorporation, minutes, resolutions, etc.
26
     RESPONSE TO REQUEST FOR PRODUCTION OF
27   DOCUMENTS NO.: 43

28   Responding Party will comply with this request.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1                    65              JOINT STIPULATION RE
                                              TICKETMASTER'S MOTION TO COMPEL

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 44

All Documents relating to and sufficient to identify all of Your officers and directors.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 44

Responding Party will comply with this request.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 45

All Documents relating to and sufficient to identify all of Your shareholders.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 45

Responding Party will comply with this request.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 46

All Documents relating to all Internet Protocol ("IP") addresses You have registered in the name of RMG, Ticket Broker Tools, Inc., or in the name of any of Your prior or affiliated businesses, employees' names, or in the name of any other Person(s) acting for Your benefit or on Your behalf.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 46

Responding Party will comply with this request.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 47

All Documents relating to all IP addresses registered by You for the use of Your clients.

RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 47

Responding Party will comply with this request.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 49

All Documents relating to all web pages viewable on www.ticketbrokertools.com.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 49

Responding Party will comply with this request.

REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 51

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217279.1

66

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

1   All Documents relating to all html and other computer code
2   needed to create www.ticketbrokertools.com, or which is
    accessible from that website.

3   RESPONSE TO REQUEST FOR PRODUCTION OF
    DOCUMENTS NO.: 51
4
5   Responding Party will comply with this request.

6   REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 52

7   All Documents relating to all html and other computer code
    needed to create http://tbat.ticketbrokertools.com, or which, is
8   accessible from that website.

9   RESPONSE TO REQUEST FOR PRODUCTION OF
    DOCUMENTS NO.: 52

10  Responding Party will comply with this request.

11  REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 53

12  All Documents relating to every visitor to
    www.ticketbrokertools.com from January 1, 2001 to present.
13
    RESPONSE TO REQUEST FOR PRODUCTION OF
14  DOCUMENTS NO.: 53

15  Responding Party objects to this request as being vague,
    ambiguous and overbroad.  Subject to the foregoing objection,
16  Responding Party will comply with this request by producing
    the access logs to www.ticketbrokertools.com.
17
    REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 55
18
19  All Documents relating to all advertising, promotion, or
    marketing of all products or services described in MPI Exh. 1, in
    any form, context or medium.
20
    RESPONSE TO REQUEST FOR PRODUCTION OF
21  DOCUMENTS NO.: 55

22  Responding Party will comply with this request.

23  REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 59

24  All Documents relating to every Internet Protocol ("IP") address
    used by You, Your customers, or on Your behalf to purchase
25  Tickets.

26  RESPONSE TO REQUEST FOR PRODUCTION OF
    DOCUMENTS NO.: 59
27
28  Responding Party will comply with this request.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1                          67              JOINT STIPULATION RE
                                        TICKETMASTER'S MOTION TO COMPEL

1    **1.    Ticketmaster's Contentions and Points and Authorities.**

2    In its supplemental responses to Request Nos. 1, 2, 10, 15, 16, 17, 20, 21, 22,

3    23, 24, 40, 42, 43, 44, 45, 46, 47, 49, 51, 52, 53, 55, and 59, RMG indicated that it

4    would comply with the requests and produce responsive documents.    These

5    supplemental responses are in contrast to RMG's supplemental responses to

6    numerous other requests for which RMG stated it would not comply, or for which

7    RMG stated that no additional document existed.    On January 29, 2008, Chandra

8    Richards McLaughlin of Coggan and Tarlow, counsel for RMG, sent an email to

9    Mark Lee and Alison White, counsel for Ticketmaster, attaching RMG's

10    supplemental responses, and stating that "[d]ocuments will be sent under separate

11    cover." (*Id.*, Ex. A.)  However, Ticketmaster never received such documents.  (*Id.*)

12    It was not until the March 5, 2008 mandatory meeting of counsel, over a

13    month later, that despite its numerous responses that it would produce additional

14    documents, and despite Ms. McLaughlin's January 29 email sent on RMG's behalf,

15    RMG claimed that no additional documents existed.    (*Id.*, ¶ 11.)    It is highly

16    unlikely that RMG's counsel incorrectly believed that additional documents existed

17    and would be forthcoming with respect to two dozen document requests (after-all,

18    RMG clearly knows how to communicate to its counsel that no documents exist in

19    response to a given request).    Instead, it is more likely that RMG's refusal to

20    cooperate with Ticketmaster has resulted in the withholding or destruction of

21    responsive documents that it initially intended to produce.

22    Parties to an action have a general duty not to destroy documents relevant to

23    pending litigation.  In this instance, however, the Court went so far as to issue an

24    evidence preservation order to prevent the destruction or deletion of relevant

25    electronically stored information.  Thus, it would be especially egregious to learn

26    that RMG has destroyed relevant documents that it initially indicated it would

27    produce.

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

**2.   RMG's Contentions and Points and Authorities.**

RMG vehemently disputes Ticketmaster's implication that it has either withheld or destroyed documents. Ticketmaster's counsel is asserting such accusations without any facts to support this claim.

At the time that RMG stated it would provide further documents, it made a good faith response that it believed it had additional responsive documents. However, after a diligent search, RMG concluded that all responsive documents had already been produced pursuant to the Court's expedited discovery order and RMG's response to Ticketmaster's request for documents.

At the meeting of counsel on March 5, 2008, RMG's counsel represented that that RMG had done a diligent search and that no other documents would be produced. There was simply nothing untoward in RMG's response.

Finally, after reviewing this stipulation, it is apparent that RMG inadvertently failed to produce documents responsive to Request No. 49. Accordingly, with respect to No. 49, said documents will be produced immediately.

**3.   Proposed Resolutions During the Conference of Counsel.**

a.   Ticketmaster's Proposed Resolution.

At the mandatory conference of counsel, counsel for Ticketmaster inquired into the whereabouts of the documents that RMG indicated it would produce. (Knight Decl. ¶ 11.) Counsel for RMG indicated that at the time his office stated that responsive documents would be forthcoming, he was under the erroneous belief that RMG possessed additional responsive documents. (*Id.*) Counsel for Ticketmaster requested that counsel for RMG double-check with RMG regarding whether or not it possess additional responsive documents. (*Id.*) Counsel for RMG indicated that he would double-check. (*Id.*) Given the approaching discovery cut-off in this matter, counsel for Ticketmaster could only grant RMG until March 12, 2008, to provide a supplemental response. (*Id.*) To date, RMG still has not provided any additional documents. (*Id.*)

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

41217279.1

69

JOINT STIPULATION RE
TICKETMASTER'S MOTION TO COMPEL

1              b.     RMG's Proposed Resolution.

2           RMG's counsel offered to confer with his client and if appropriate, provide a

3    supplemental response.

4                       24

    Dated:    March 2̶0̶, 2008    Manatt, Phelps & Phillips, LLP

5

6                                By: _____

7                                   Donald R. Brown
                               *Attorneys for Plaintiff*

8                                   TICKETMASTER L.L.C.

9

10       Dated:    March 20, 2008    Coggan & Tarlow

11                               By: _____

12                                    David N. Tarlow
                               *Attorneys for Defendant*

13                                  RMG TECHNOLOGIES, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys at Law
Los Angeles

41217279.1                       70                    JOINT STIPULATION RE
                                                    TICKETMASTER'S MOTION TO COMPEL