**DECLARATION**

Dockets.Justia.com

# DECLARATION OF RAAQIM KNIGHT

I, Raaqim Knight, declare as follows:

1. I am an attorney licensed to practice before all courts of the State of California and before this Court. I am an associate in the law firm of Manatt, Phelps & Phillips, LLP, counsel for Plaintiff Ticketmaster L.L.C. ("Ticketmaster") in this matter. I have personal knowledge of the facts set forth in this Declaration. If called as a witness, I can and will testify competently to all of these facts.

2. On or about October 15, 2007, Ticketmaster propounded on Defendant RMG Technologies, Inc.'s ("RMG") Ticketmaster L.L.C.'s First Set of Requests For Production of Documents to Defendant RMG Technologies, Inc. (the "Document Requests"). In accordance with the allegations of its Complaint, those requests sought, in general, documents concerning the identity of RMG's customers, communications with those customers regarding RMG's products and Ticketmaster's website, and the steps RMG took to develop and market products intended to be used by customers in conjunction with their purchase of tickets from the Ticketmaster website, including actual visits to the Ticketmaster website.

3. On or about November 14, 2007, RMG responded by asserting objections and refusing to produce any documents.

4. On or about November 21, 2007, Mark Lee and Alison White, of Manatt, Phelps & Phillips, LLP, met and conferred with David Tarlow, counsel for RMG, regarding RMG's responses to Ticketmaster's document requests. At that conference, RMG agreed to provide supplemental responses to the document requests and to provide additional documents, beginning with an initial production of documents to take place on January 7, 2008, which would be followed by a subsequent production of documents accompanying the supplemental responses due January 29, 2008.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES
41217183.1

1

DECLARATIONS IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

DECLARATION OF RAAQIM KNGIHT
77

5.  During the November 21, 2007 conference of counsel, Mr. Tarlow raised the issue that the definition of "Tickets" set forth in the Document Requests was limited to ticket purchased from www.ticketmaster.com by RMG or on its behalf. Counsel for Ticketmaster explained that the term "Tickets" as used in this request was not so limited. Counsel for Ticketmaster invited RMG to seek further clarification regarding any other seemingly inapplicable definitions, if necessary. However, RMG never sought any additional clarification for any of the other terms used.

6.  On or about January 29, 2008, RMG served its supplemental responses on Ticketmaster. On that same date, Chandra Richards McLaughlin of Coggan and Tarlow, counsel for RMG, sent an email to Mark Lee and Alison White, counsel for Ticketmaster, attaching RMG's supplemental responses, and stating that "[d]ocuments will be sent under separate cover." However, Ticketmaster never received such documents. Attached hereto as **Exhibit A** is a true and correct copy of Ms. McLaughlin's January 29, 2008 e-mail.

7.  In its supplemental response to Request No. 5, RMG stated that it "has developed software for the purchase of tickets." In its supplemental response to Request No. 8, which seeks documents relating to "Automated Devices" used to access Ticketmaster's website, RMG identified its "Ticket Broker Acquisition Tool" ("TBAT"). In addition, in response to Request No. 11, which seeks documents relating to how RMG obtained or developed Automated Devices, RMG did not deny possessing responsive documents, but merely objected that they contain "trade secrets." These responses clearly demonstrate that RMG is in the business of developing automated devices for profit, and it defies all reason for RMG to claim that it has not received any revenue therefrom.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217183.1

2

DECLARATIONS IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

DECLARATION OF RAAQIM KNGIHT

8. On January 25, 2008, Don Brown, of Manatt, Phelps & Phillips, sent via e-mail a draft stipulated protective order to David Tarlow, counsel for RMG, for his consideration. Mr. Tarlow did not respond to Mr. Brown's January 25, 2008 e-mail. Attached hereto as **Exhibit B** are true and correct copies of the January 25, 2008 e-mail and the accompanying draft stipulated protective order.

9. On February 4, 2008, Mr. Brown sent Mr. Tarlow another e-mail, superseding his January 28, 2008 e-mail, which attached a revised draft stipulated protective order. Mr. Tarlow did not respond to Mr. Brown's February 4, 2008 e-mail, or otherwise provide any comments regarding either of the draft protective orders that Mr. Brown forwarded. Attached hereto as **Exhibit C** are true and correct copies of the February 4, 2008 e-mail and the accompanying revised draft stipulated protective order.

10. On March 5, 2008, I met and conferred with Mr. Tarlow regarding RMG's supplemental responses to Ticketmaster's documents requests., pursuant to L.R. 37-1.

11. At the March 5, 2008 mandatory conference of counsel, I inquired into the whereabouts of the documents that RMG indicated it would produce along with the supplemental responses. Mr. Tarlow indicated that at the time Ms. McLaughlin of his office stated that responsive documents would be forthcoming, he was under the erroneous belief that RMG possessed additional responsive documents. I requested that Mr. Tarlow double-check with RMG regarding whether or not it possesses additional responsive documents. Mr. Tarlow indicated that he would double-check. Given the approaching discovery cut-off in this matter, I could only grant RMG until March 12, 2008, to provide a supplemental response. To date, RMG still has not provided any additional documents.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217183.1

3

DECLARATIONS IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

DECLARATION OF RAAQIM KNGIHT
79

12. With respect to RMG's confidentiality objections, I proposed that the parties enter into a mutually agreeable stipulated protective order, thus allaying RMG's confidentiality concerns. However, Mr. Tarlow stated that RMG's principals would not enter into any stipulated protective order with Ticketmaster.

13. With respect to Request Nos. 8 and 30, Mr. Tarlow indicated that RMG possessed no documents responsive to these requests. However, Mr. Tarlow explained that RMG had interpreted the definition of "Tickets" to exclude tickets not purchased by RMG or on RMG's behalf. I indicated that the request was not intended to be limited in that fashion and offered to amend the request by removing the phrase "and buy Tickets." Mr. Tarlow indicated that RMG would search again for responsive documents in light Ticketmaster's broader interpretation. However, given the approaching discovery cut-off in this matter, I could only grant RMG until March 7, 2008, to provide a supplemental response. To date, RMG still has not provided a supplemental response.

14. With respect to Request No. 13, in response to RMG's contention that the request is overly broad, I requested proposals from RMG for re-wording the request in a manner that would allay its overbreadth concerns. Mr. Tarlow indicated that he would confer with his client regarding the provision of a re-worded request that would be acceptable in his view. Given the approaching discovery cut-off in this matter, I could only grant RMG until March 7, 2008, to provide a supplemental response. To date, RMG still has not provided a supplemental response.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217183.1

4

DECLARATIONS IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL

DECLARATION OF RAAQIM KNGIHT
80

15. With respect to Request No. 35, Mr. Tarlow indicated that, despite only expressly naming TBAT and Super Proxy, it had, in fact, produced all responsive documents in its possession relating to all of the items listed on MPI Exh. 1 (Exhibit 1 to Ticketmaster's Motion for Preliminary Injunction). Mr. Tarlow indicated that it would supplement its response to Request No. 35 to reflect such a comprehensive production. However, given the approaching discovery cut-off in this matter, I could only grant RMG until March 7, 2008, to provide a supplemental response. To date, RMG still has not provided a supplemental response.

16. With respect to document requests 50 and 54, Mr. Tarlow indicated that he was informed that these websites were not viewable and did not otherwise exist. I responded that he possessed information to the contrary. Mr. Tarlow stated that he would double-check with his client and if the website did at one time exist, RMG would produce an activity log or other responsive documents. Given the approaching discovery cut-off in this matter, I could only grant RMG until March 7, 2008, to provide a supplemental response. To date, RMG still has not provided a supplemental response.

17. With respect to Request Nos. 29 and 37, at the mandatory conference of counsel, Mr. Tarlow indicated that producing documents in response to these requests would amount to an admission of wrongdoing by RMG, and, thus, no responsive documents would be produced. Mr. Tarlow indicated that RMG maintains that they never took efforts to conceal the purchase of tickets, that this request is encompassed by others, and that Ticketmaster can get the information it seeks from RMG's ISPs. I proposed to replace the term "conceal" with a term that RMG would not view as constituting an admission of wrongdoing. Mr. Tarlow rejected that proposal, however, and stated his view that the request could not be cured.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217183.1

5

DECLARATIONS IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

DECLARATION OF RAAQIM KNGIHT
81

18.     With respect to Request No. 26, Mr. Tarlow stated that RMG's production of IP addresses discharged its obligation to respond to this request. He elaborated that a review of the IP addresses used by RMG would reveal the ISP's used by RMG. I responded that RMG should produce additional documents (other than IP addresses) that specifically identify ISP's used by RMG. Mr. Tarlow indicated that he would confer with his client regarding whether any such documents exist. Given the approaching discovery cut-off in this matter, I could only grant RMG until March 7, 2008, to provide a supplemental response. To date, RMG still has not provided a supplemental response.

19.     With respect to Request No. 56, Mr. Tarlow reiterated RMG's position that according to the definition of the term "Tickets," no responsive documents exist. Ticketmaster's counsel offered to amend the request by dropping the phrase "and buy Tickets." Mr. Tarlow stated that he would ask RMG if it possesses documents responsive to the modified request. Given the approaching discovery cut-off in this matter, I could only grant RMG until March 7, 2008, to provide a supplemental response. To date, RMG still has not provided a supplemental response.

20.     With respect to Request No. 39, At the mandatory conference of counsel, I suggested that RMG amend its response to remove the objection based on relevance and produce responsive documents in its possession. Mr. Tarlow stated that he would confer with his client regarding supplementing the response and whether RMG possessed any responsive documents. Given the approaching discovery cut-off in this matter, I could only grant RMG until March 7, 2008, to provide a supplemental response. To date, RMG still has not provided a supplemental response.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217183.1

6

DECLARATIONS IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL

DECLARATION OF RAAQIM KNGIHT
82

21. With respect to Request No. 9, Mr. Tarlow stated that he is informed that the typing server, source libraries, and 32 source codes referenced above are not "web based applications." He stated that he would double-check with RMG, but that if his understanding is confirmed, RMG's existing response would stand. Given the approaching discovery cut-off in this matter, I could only grant RMG until March 7, 2008, to provide a supplemental response. To date, RMG still has not provided a supplemental response.

22. With respect to Request No. 38, I suggested that RMG internally undertake efforts to identify which of its employees where involved in the development of the items listed on MPI Ex. 1, and then produce all communications to or from those employees relating to the development of the items listed on MPI Ex. 1. Mr. Tarlow stated that RMG provided all software development documentation as indicated in a letter dated December 6, 2008. Mr. Tarlow stated that he does not believe any additional documents relating to the development of the software at issue exist, given ad hoc nature of software development and RMG's general operations. However, he stated that he would confer with his client to ensure that it possess no additional responsive documents. Given the approaching discovery cut-off in this matter, I could only grant RMG until March 7, 2008, to provide a supplemental response. To date, RMG still has not provided a supplemental response.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217183.1

7

DECLARATIONS IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

DECLARATION OF RAAQIM KNGIHT
83

23. With respect to Request No. 41, in response to RMG's claim that the request was overbroad and that it had already produced documents relating to visits to www.ticketmaster.com during which a purchase had been made, I offered to limit the request to documents relating to visits to site relating to RMG's development of its ticket-purchasing software. Mr. Tarlow stated that he would confer with his client to ascertain whether it possesses additional responsive documents, but that the requested information is equally available to Ticketmaster by way of the IP addresses that RMG has produced. He also requested that Ticketmaster undertake to determine whether or not it already possesses the requested information, which, in his view, would alleviate RMG's need to search for the responsive documents. Given the approaching discovery cut-off in this matter, I could only grant RMG until March 7, 2008, to provide a supplemental response. To date, RMG still has not provided a supplemental response.

24. With respect to Request No. 48, I proposed amending the request by replacing the term "registered" with the phrase "owned and/or operated." Mr. Tarlow stated that he would confer with his client, but would likely not agree to the proposed amendment unless RMG is afforded a new 30-day deadline within which to comply, because, in his view, the proposed amendment would constitute an entirely new request. Because very little time remains before the discovery cutoff, I could not agree to provide an additional 30 days for RMG to respond.

25. With respect to Request No. 58, Mr. Tarlow indicated that he would confer with his client regarding production of responsive documents. I reiterated that the request encompasses all communications regarding RMG's products. Given the approaching discovery cut-off in this matter, I could only grant RMG until March 7, 2008, to provide a supplemental response. To date, RMG still has not provided a supplemental response.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217183.1

8

DECLARATIONS IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

DECLARATION OF RAAQIM KNGIHT
84

26. With respect to Request Nos. 34 and 57, I suggested that RMG produce additional documents. Refusing to agree to produce responsive documents, Mr. Tarlow stated that all of RMG's revenue and profits are irrelevant because Ticketmaster has not sought the equitable remedy of disgorgement, nor is it available in his view. I responded that the information may, however, be relevant to Ticketmaster's efforts to impose a constructive trust and to prove damages.

27. With respect to Request No. 3, I suggested that RMG produce responsive documents. In response, Mr. Tarlow reiterated RMG's position that this request is irrelevant, as its only relevance, in his view, would be to identify additional defendants, but the time to add additional defendants in this case has lapsed. Mr. Tarlow stated further that it has already produced the records for the 125 instances in which RMG purchased tickets on www.ticketmaster.com and RMG will not produce the source of the funds used to make those purchases.

28. With respect to Request No. 27, Mr. Tarlow indicated that the request is overly broad because "communications" with an ISP might include every single time one of its computers accessed any webpage utilizing the service of an ISP. In response, I offered to narrow this request to communications with the proprietors of ISPs, thereby distinguishing the electronic communications between machines and communications between the human representative of RMG and human representatives of ISPs. Mr. Tarlow indicated that he would confer with his client regarding providing documents responsive to the narrowed request. Given the approaching discovery cut-off in this matter, I could only grant RMG until March 7, 2008, to provide a supplemental response. To date, RMG still has not provided a supplemental response.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217183.1

9

DECLARATIONS IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

DECLARATION OF RAAQIM KNGIHT
85

29. With respect to Request No. 14, I offered to modify the request to eliminate the use of the defined term "Tickets." I also reiterated its contention that Request Nos. 60 and 61 are not limited to communications involving attorneys and their support staff, and, thus, to the extent RMG possesses responsive communications with others, those documents should be produced. Mr. Tarlow indicated that he would confer with his client regarding the production of responsive documents consistent with the modified and clarified requests. Given the approaching discovery cut-off in this matter, I could only grant RMG until March 7, 2008, to provide a supplemental response. To date, RMG still has not provided a supplemental response.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed by me on March 12, 2008, in Los Angeles, California.

Raaqim A. S. Knight

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217183.1

10

DECLARATIONS IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL

DECLARATION OF RAAQIM KNGIHT
86