**DECLARATION**

Dockets.Justia.com

## DECLARATION OF CIPRIANO GARIBAY

CIPRIANO GARIBAY declares and states:

1. I am the President and a shareholder of Defendant RMG TECNOLOGIES, INC., a Delaware corporation (hereinafter "RMG").

2. I submit this declaration in opposition to Plaintiff TICKETMASTER, LLC, ("TM") a Virginia limited liability company's motion to compel ("motion"). I have been a software designer for over ten years.

3. I have read the declaration of Adam Lieb in support of Ticketmaster's motion to compel. Therein, he accuses RMG of withholding several categories of documents. Mr. Lieb is mistaken.

4. In Paragraph 6 of Mr. Lieb's declaration, he accuses RMG of withholding the executable that would have been provided to RMG's customers in order for them to run TBAT. This executable is not in the possession, custody or control of RMG. The executable to which Mr. Lieb refers is the Java program which is freely available on the internet at www.java.com. This executable is not provided by RMG, and is not in the possession, custody or control of RMG.

5. In Paragraph 7, Mr. Lieb accuses RMG of withholding a bug database or statements of product capabilities of TBAT. RMG is not withholding any such documents, because no such documents exist. Specifically, the bug files were in use approximately one and a half years ago, but became obsolete. Accordingly, it was deleted several months prior to RMG being served in this lawsuit. Further, no statements of product capabilities have ever existed. RMG is a very small and informal company. There is no marketing or quality assurance department. Thus, no statement of product capabilities have ever been prepared.

6. In Paragraph 8, Mr. Lieb accuses RMG of withholding information concerning multiple versions of TBAT. Again, RMG is a small company with no quality assurance department or research and development department. During this

time, TBAT has been updated and improved, but older versions evolved into the newer versions. RMG does not document differences between versions, it simply adds onto them. Thus, no date information as to when each version of TBAT was made available to customers exists.

7.  In Paragraph 10 of Mr. Lieb's declaration, he states that RMG failed to produce thirty-two (32) "open-source libraries" that are used in connection with TBAT, which he downloaded from publicly available sources. However, RMG does not have possession, custody or control of these "open source libraries" as these open source libraries are freely available on the internet, and are accessed by RMG over the internet as well. RMG has not taken possession of same.

8.  In Paragraphs 11 and 12, Mr. Lieb claims that jsp files and a "typing server" have not been provided to Ticketmaster. I have reviewed the information which was produced to Ticketmaster, and same were inadvertently not produced. RMG will produce same shortly.

9.  In Paragraph 13 of Mr. Lieb's declaration, he indicates that several of the materials identified in MPI Exh. 1 were withheld. However, he is incorrect. (1) Universal tix was an idea for a software program that RMG had, and which RMG discussed with several customers. However, RMG determined that there was no demand for this software, so the software creation was never commenced. It simply does not exist. (2) Triple Play was a software application which was never used on ticketmaster.com. It was only used on Major League Baseball ticket websites unrelated to Ticketmaster. Thus, Triple Play is not applicable to this lawsuit. (3) TBAT Plus, TBAT Pro, TBATTHREELIC and TBATSINGLIC are all simply marketing terms referring to TBAT. The documents concerning TBAT have been produced in this matter. (4) isl refers to one of the typing servers which RMG produced to Ticketmaster in response to the Order for Expedited Discovery. (5) Release was an application which dealt solely with FIFA World Cup websites. It

1  can not now, nor could it ever, be used on Ticketmaster's website. Thus, it is not
2  relevant to this case.
3      I declare under penalty of perjury of the laws of the United States that the
4  foregoing is true and correct.
5      EXECUTED this 19th day of March, 2008.

                                  CIPRIANO GARIBAY