**EXHIBIT A**

Dockets.Justia.com

## DNT

**From:**    Lee, Mark [mlee@manatt.com]

**Sent:**    Tuesday, October 23, 2007 11:05 AM

**To:**    DNT

**Subject:** Apparent Violations Of The Court's Order

Dear Mr. Tarlow:

   I write because we have obtained information that is of great concern. Your client RMG technologies, Inc. ("RMG") appears to be violating the terms of the preliminary injunction Judge Collins issued only last week. It is doing so in several different ways.

   First, RMG continues to promote its services on its website by maintaining its "Purchasemaster" web pages. See Ticketmaster's MPI Exhibit 1. Such actions violate the Court's order prohibiting "trafficking" in infringing products.

   Second, the Rocky Mountain News reports that RMG's " technical support employees were still staffing their phones" after the Court granted Ticketmaster's motion. See http://www.rockymountainnews.com/drmn/business/article/0,1299,DRMN_4_5726976,00.html. Such actions violate the prohibitions against "facilitating" infringing activities contained in the Court's order.

   Third, Ticketmaster has discovered a number of individuals, including but not limited to Messrs. Bonner and Prior, who are continuing to engage in significant, automated ticket request and ticket purchase activities using IP addresses that are actively managed by RMG after the Court entered its order. Such actions violate the very essence of the preliminary injunction. We believe all of these actions expose your client to liability for contempt of the Court's order.

   Without waiving any of its rights, Ticketmaster demands that RMG immediately cease and desist all of the above described activities, and provide Ticketmaster with a full accounting of all actions it has taken in violation of the Court's order since October 15, 2007 in these circumstances.

   We ask that you confirm by no later than the close of business on Friday, October 26, 2007 whether RMG will comply with these demands. Although Ticketmaster would prefer to resolve this matter informally, if there is not immediate, strict compliance with the Court's order it may be forced to move for a civil contempt order that will seek all available relief, including but not limited to appropriate coercive measures and Ticketmaster's costs and attorney's fees in bringing the motion.

   We urge your client to agree to the demands made in this letter and comply with the Court's order in these circumstances.

Sincerely,

Mark S. Lee
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Blvd.
Los Angeles, CA 90064
Phone: 310-312-4128
Fax: 310-312-4224

IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein. For information about this legend, go to http://www.manatt.com/uploadedFiles/Areas_of_Expertise/Tax_Employee_Benefits_and_Global_Compensation/Circular230.pdf

/ 0 )

# EXHIBIT "B"

**EXHIBIT  B**



FILED
CLERK, U.S. DISTRICT COURT

NOV - 9 2007

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
JS-2/JS-3 _____
Scan Only _____

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TICKETMASTER L.L.C., a Virginia limited liability company,<br><br>        Plaintiff,<br><br>vs.<br><br>RMG TECHNOLOGIES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. CV 07-2534-ABC (JCx)<br><br>Hon. Audrey B. Collins<br><br>**[PROPOSED] ORDER GRANTING LEAVE TO TAKE EXPEDITED DISCOVERY TO DETERMINE COMPLIANCE WITH PRELIMINARY INJUNCTION**<br><br>Complaint filed: April 17, 2007 |

102

1

2          Based upon the *Ex Parte* Application for Expedited Discovery to

3   Determine Compliance with Preliminary Injunction submitted by plaintiff

4   Ticketmaster L.L.C., the Memorandum of Points and Authorities and Declarations

5   in support the application, and the pleadings and papers on file with the Court, and

6   GOOD CAUSE HAVING BEEN SHOWN THEREFORE:

7          IT IS HEREBY ORDERED THAT RMG Technologies, Inc. produce and

8   make available the following electronic information and documentation without

9   objection within <u>five</u> days of the issuance of this order:

10         a.      HTML and all source code and binary/executable copies of code

11  for RMG's "TBAT," "Super Proxy," and other products and services used to

12  facilitate ticket purchases on ticketmaster.com;

13         b.      All "log" files from the "super proxies" resident on RMG's

14  computers from October 15, 2007 to the present;

15         c.      The "properties" files on RMG's computers;

16         d.      Access to RMG's "client" computers;

17         e.      A list of or documents identifying all internet service providers

18  and all IP addresses (foreign and domestic) allocated to the "TBAT" product that

19  RMG controls;

20         f.      A list of or documents identifying all the internet service

21  providers and all IP addresses (foreign and domestic) owned or controlled by RMG;

22         g.      All files and data related to Ticketmaster's CAPTCHA that

23  services RMG's Optical Character Recognition ("OCR") product, or other

24  mechanism for solving CAPTCHA, which would be stored either on RMG's

25  filesystem(s) or its databases;

26         h.      All files and applications related to answering or responding to

27  Ticketmaster's security measures, including but not limited to its "hashcash" or

28  "POW" programs;

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1

1        i.      All documents and applications used in developing RMG's

2    "TBAT," "Super Proxy" and OCR, including test environments; and

3        j.      All documents regarding RMG's "Super Proxy" and OCR

4    product performance capabilities.

5

6                    IT IS SO ORDERED.

7

8    Date: _Nov. 9, 2007_          _____
                                          Hon. Audrey B. Collins

9    SUBMITTED BY:

10   MANATT, PHELPS & PHILLIPS, LLP
     ROBERT H. PLATT (Bar No. CA 108533)
11   MARK S. LEE (Bar No. CA 94103)
     DONALD R. BROWN (Bar No. CA 156548)
12

13

14   Attorneys for *Plaintiff*

15

16

17

18

19

20

21

22

23   41172110.1

24

25

26

27

28

## PROOF OF SERVICE

I, Lorena Ramirez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On November 6, 2007, I served a copy of the within document(s): [PROPOSED] ORDER GRANTING LEAVE TO TAKE EXPEDITED DISCOVERY TO DETERMINE COMPLIANCE WITH PRELIMINARY INJUNCTION

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Golden State Overnight agent for delivery.

☒    by causing the document(s) listed above to be hand delivered to the person(s) at the address(es) set forth below by a certified messenger service.

☐    by sending an electronic message with attached PDF.

David N. Tarlow, Esq.
Law Offices of Coggan & Tarlow
1925 Century Park East, Suite 2320
Los Angeles, California 90067-2343
Tel. No. (310) 407-0922
Fax No. (310) 407-0923
Email: davidtarlow@verizon.net
Email: dnt@cogganlaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 6, 2007, at Los Angeles, California.

Lorena Ramirez

**EXHIBIT C**

1    JAY M. COGGAN, State Bar No. 86107
     DAVID N. TARLOW, State Bar No. 214050
2    JOSHUA G. BLUM, State Bar No. 249082
     COGGAN & TARLOW
3    1925 Century Park East, Suite 2320
     Los Angeles, California 90067
4    Tel:  (310) 407-0922
     Fax:  (310) 407-0923

5

6

7    Attorneys for Defendant/Cross-Complainant RMG TECHNOLOGIES, INC., a
     Delaware corporation

8

                  **UNITED STATES DISTRICT COURT**

9

         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11   **TICKETMASTER L.L.C., a** <br>      **Virginia limited liability company,** | **Case No.: CJ 07-2534** <br> **ABC(JWJx)** |
| 12 | |
| 13           Plaintiff, | |
| 14          v. | **DEFENDANT RMG** <br> **TECHNOLOGIES, INC.** <br> **RESPONSE TO REQUEST FOR** <br> **PRODUCTION OF** <br> **DOCUMENTS (SET ONE)** |
| 15   **RMG TECHNOLOGIES, INC., a** <br>      **Delaware corporation and DOES 1** <br> 16   **through 10, inclusive,** | |
| 17          Defendants. | |

18

19

20

21    PROPOUNDING PARTY:      TICKETMASTER L.L.C., a Virginia limited

22                                   liability company

23    RESPONDING PARTY:        RMG TECHNOLOGIES, INC., a Delaware

24                                   corporation

25    SET NO.:                              ONE

26

27

28

    Response to Document Request

1    It should be noted that this Responding Party has not fully completed the
2    investigation of the facts relating to this case, has not fully completed discovery in
3    this action and has not completed preparation for the trial. All of the responses
4    contained herein are based only upon such information and documents which are
5    presently available to and specifically known to this responding party and
6    disclose only those contentions which presently occur to such responding party.

7    It is anticipated that further discovery, independent investigation, legal
8    research and analysis will supply additional facts, add meaning to the known facts,
9    as well as establish entirely new factual conclusions and legal contentions, all of
10   which may lead to substantial additions to, changes in and variations from the
11   contentions herein set forth.

12   The following responses are given without prejudice to responding party's
13   rights to produce evidence of any subsequently discovered fact or facts which
14   these responding parties may later recall. Responding Party accordingly reserve
15   the right to change any and all responses herein as additional facts are ascertained,
16   analyses are made, legal research is completed and contentions are made.

17   The responses contained herein are made in a good faith effort to supply as
18   much factual information and as much specification of legal contentions as is
19   presently known, but should in no way be to the prejudice to this responding party
20   in relation to further discovery, research, or analysis.

21   **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**
22   **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 1**

23   All Documents relating to every purchase by You of Tickets.
24   **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 1**

25   After a diligent search and reasonable inquiry, Responding Party is unable
26   to comply with this request, as it is not in possession, custody or control of any
27   documents relating to its own purchase of tickets.
28   //

Response to Document Request                -2-

107

1  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 2**

2      All Documents relating to Your decision for which particular events to buy

3  Tickets.

4  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 2**

5      After a diligent search and reasonable inquiry, Responding Party is unable

6  to comply with this request, as it is not in possession, custody or control of any

7  documents relating to its own purchase of tickets.

8  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 3**

9      All Communications between You and any other Person relating to Your

10 decision for which particular events to buy Tickets.

11 **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 3**

12     After a diligent search and reasonable inquiry, Responding Party is unable

13 to comply with this request, as it is not in possession, custody or control of any

14 documents relating to its own purchase of tickets.

15 **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 3**

16     All Documents relating to all sources of funds You used to purchase

17 Tickets.

18 **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 3**

19     After a diligent search and reasonable inquiry, Responding Party is unable

20 to comply with this request, as it is not in possession, custody or control of any

21 documents relating to its own purchase of tickets, and accordingly, has no record

22 of the source of any such funds.

23 **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 4**

24     All Documents relating to every sale by You of Tickets.

25 **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 4**

26     After a diligent search and reasonable inquiry, Responding Party is unable

27 to comply with this request, as it is not in possession, custody or control of any

28 documents relating to its own sale of tickets, because Responding Party does not

Response to Document Request      - 3 -

108

1  sell tickets.

2  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 5**

3      All Documents relating to every product You have developed,

4  purchased, or otherwise acquired for the purpose of facilitating the sale of Tickets.

5  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 5**

6      Responding Party objects to this request as it is vague, ambiguous and

7  overbroad. Responding Party objects to this request as it seeks information

8  beyond the scope of permissible discovery that is not relevant to the issues in the

9  instant lawsuit. Responding Party objects to this request as it requests "trade

10 secrets" and "commercial information" which will not be produced without a court

11 ordered protective order or stipulated protective order. Notwithstanding the

12 foregoing objections, after a diligent search and reasonable inquiry, Responding

13 Party is unable to comply with this request. Responding Party has never

14 developed, purchased or acquired products for the purpose of it purchasing tickets

15 on its own behalf.

16 **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 5**

17      All Documents relating to the method(s) by which You transferred or

18 delivered Tickets to third parties.

19 **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 5**

20      Responding Party objects to this request as it is vague, ambiguous and

21 overbroad. Responding Party objects to this request as it seeks information

22 beyond the scope of permissible discovery that is not relevant to the issues in the

23 instant lawsuit. Notwithstanding the foregoing objections, after a diligent search

24 and reasonable inquiry, Responding Party is unable to comply with this request, as

25 Responding Party has never transferred or delivered Tickets to third parties.

26 **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 6**

27      All Communications relating to Your method(s) of transferring or

28 delivering Tickets to third parties.

Response to Document Request          - 4 -

109

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 6**

Responding Party objects to this request as it is vague, ambiguous and overbroad. Responding Party objects to this request as it seeks information beyond the scope of permissible discovery that is not relevant to the issues in the instant lawsuit. Notwithstanding the foregoing objections, after a diligent search and reasonable inquiry, Responding Party is unable to comply with this request, as Responding Party has never transferred or delivered Tickets to third parties.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 7**

All Documents relating to the actions You took with the monies You received for the sale of Tickets.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 7**

Responding Party objects to this request as it is vague, ambiguous and overbroad. Responding Party objects to this request as it seeks information beyond the scope of permissible discovery that is not relevant to the issues in the instant lawsuit. Notwithstanding said objections, Responding Party cannot comply with this request as it did not receive monies for the sale of Tickets.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 8**

All Documents relating to any Automated Devices used to access Ticketmaster's website and buy Tickets.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 8**

Responding Party objects to this request as it is overbroad with respect to the definition of "Automated Devices." Notwithstanding this objection, after a diligent search and reasonable inquiry, Responding Party is unable to comply with this request, as Responding Party does not have any records reflecting its purchase of any Tickets from Ticketmaster's website in its possession, custody or control.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 9**

All Documents relating to any web-based applications used to purchase Tickets.

Response to Document Request                     - 5 -

110

1  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 9**

2       Responding Party objects to this request as it is vague, ambiguous and

3  unintelligible as to the term "web-based applications used to purchase Tickets."

4  Responding party objects to this request as it is overbroad.  Notwithstanding the

5  foregoing objections, after a diligent search and reasonable inquiry, Responding

6  Party is unable to comply with this request as it does not have any records in its

7  possession, custody or control with respect to its purchase of Tickets, or the

8  purchase of Tickets on its behalf.

9  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 10**

10       All Documents relating to all methods You used to purchase Tickets.

11  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 10**

12       Responding Party objects to this request as it is beyond the scope of

13  permissible discovery, in that it is not relevant to Ticketmaster's claims.

14  Responding party objects to this request as it is overbroad.  Notwithstanding the

15  foregoing objections, after a diligent search and reasonable inquiry, Responding

16  Party is unable to comply with this request as it does not have any records in its

17  possession, custody or control with respect to its purchase of Tickets, or the

18  purchase of Tickets on its behalf.

19  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 11**

20       All Documents relating to how You obtained or developed Automated

21  Devices and software used to buy Tickets.

22  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 11**

23       Responding Party objects to this request as it is overbroad with respect to

24  the definition of "Automated Devices."  Responding Party objects to this request

25  as it is oppressive and burdensome.  Responding Party objects to this request as it

26  seeks information which constitutes "trade secrets" or other "confidential research,

27  development or commercial information" pursuant to Rule 26(c)(7), and would

28  only produce them pursuant to a protective order by the Court or a stipulated

111

1  protective order.  Notwithstanding the foregoing objections, after a diligent search

2  and reasonable inquiry, Responding Party is unable to comply with this request, as

3  it is not in possession, custody or control of any documents relating to its own

4  purchase of tickets.

5  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 12**

6      All Documents relating to whom You transferred Automated Devices and

7  software used to buy Tickets.

8  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 12**

9      Responding Party objects to this request as it is overbroad with respect to

10  the definition of "Automated Devices."  Responding Party objects to this request

11  as it seeks information which constitutes "trade secrets" or "commercial

12  information" pursuant to Rule 26(c)(7).  Notwithstanding these objections,

13  Responding Party is unable to comply with this request as it has not transferred

14  any automated devices and software to any person or entity to purchase Tickets.

15  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 13**

16      All Documents relating to the purchase, use, distribution and resale of

17  tickets that were initially purchased through Ticketmaster.

18  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 13**

19      Responding Party objects to this request as it is beyond the scope of

20  permissible discovery.  Responding Party objects to this request as it is overbroad.

21  Responding party objects to this request as it is irrelevant.  Responding Party

22  objects to this request as it seeks commercial information of third parties.

23  Responding Party further objects to this request as it is vague, ambiguous, and

24  unintelligible as to the meaning of the term "tickets." Notwithstanding Responding

25  Party's objections, Responding Party lacks the ability to comply with this request

26  because after a diligent search and reasonable inquiry, no documents concerning

27  the use, distribution and resale of tickets purchased through Ticketmaster are in

28  Responding Party's possession, custody or control.

Response to Document Request       - 7 -

112

1  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 14**

2      All Communications with any Person regarding Ticketmaster or Tickets

3  purchased through Ticketmaster.

4  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 14**

5      Responding Party objects to this request to the extent that it seeks all

6  communications regarding Ticketmaster as burdensome and oppressive.

7  Responding Party objects to this request as it is beyond the scope of permissible

8  discovery.  Responding Party objects to this request as it is overbroad. Responding

9  Party objects to this request as it is compound; and therefore, it is vague and

10  ambiguous. Notwithstanding Responding Party's objections, after a diligent search

11  and reasonable inquiry, Responding Party is unable to comply with this request to

12  the extent that it seeks information regarding Tickets purchased through

13  Ticketmaster, as responding party does not have any records reflecting the

14  purchase of any Tickets from Ticketmaster's website.

15  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 15**

16      All Documents regarding Ticketmaster or Tickets purchased through

17  Ticketmaster.

18  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 15**

19      Responding Party objects to this request to the extent that it seeks all

20  documents regarding Ticketmaster as burdensome and oppressive.  Responding

21  Party objects to this request as it is beyond the scope of permissible discovery.

22  Responding Party objects to this request as it is overbroad.  Responding Party

23  objects to this request as it is compound; and therefore, it is vague and ambiguous.

24   Notwithstanding Responding Party's objections, after a diligent search and

25  reasonable inquiry, Responding Party is unable to comply with this request to the

26  extent that it seeks information regarding Tickets purchased through Ticketmaster,

27  as Responding Party does not have any records reflecting the purchase of any

28  Tickets from Ticketmaster's website.

Response to Document Request            - 8 -

113

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 16**

All Communications to or from Ticketmaster.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 16**

Responding Party objects to this request as it is beyond the scope of permissible discovery. Responding Party objects to this request as it is overbroad. Responding Party objects to this request as the information sought would equally be in the possession, custody, or control of Propounding Party. Notwithstanding Responding Party's objections, after a diligent search and reasonable inquiry, Responding Party is unable to comply with this request as it does not have any documents reflecting any communications to or from Ticketmaster in its possession, custody or control.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 17**

All Documents relating to and sufficient to identify all Persons, including but not limited to ticket brokers or resellers, with whom you communicated about Tickets purchased through Ticketmaster.

**RESPONSE TO REQUEST FOR PRODUCTION NO.: 17**

Responding Party objects to this request as it is beyond the scope of permissible discovery. Responding Party objects to this request as it is overbroad. Notwithstanding Responding Party's objections, after a diligent search and reasonable inquiry, Responding Party is unable to comply with this request as it does not have any documents in its possession, custody or control regarding Tickets purchased through Ticketmaster.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 18**

All contracts between You and any ticket broker, reseller or any other Person regarding the sale or transfer of Tickets.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 18**

Responding Party objects to this request as it is beyond the scope of permissible discovery. Responding party objects to this request as it is overbroad.

114

1  Notwithstanding Responding Party's objections, after a diligent search and

2  reasonable inquiry, Responding Party is unable to comply with this request as no

3  such documents exist or ever has existed.

4  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 19**

5      All records, including but not limited to logs, schedules, spread sheets and

6  other records of any type, regarding the purchase of Tickets.

7  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 19**

8      After a diligent search and reasonable inquiry, Responding Party is unable

9  to comply with this request as no such documents exist.

10 **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 20**

11     All Documents relating to and sufficient to identify the name of every

12 Person who purchased Tickets using Your technology.

13 **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 20**

14     Responding Party objects to this request as it is oppressive and burdensome.

15 Responding Party objects to this request as it seeks information which constitutes

16 "trade secrets" or other "confidential research, development or commercial

17 information" pursuant to Rule 26(c)(7).  Notwithstanding the foregoing

18 objections, after a diligent search and reasonable inquiry, Responding Party is

19 unable to comply with this request as no such documents exist.

20 **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 21**

21     All Documents relating to every credit card used by You, on Your behalf, or

22 by Your clients to purchase Tickets.

23 **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 21**

24     Responding Party objects to this request as exceeding permissible

25 discovery, as it is irrelevant to the issues in the instant matter.  Responding Party

26 objects to this request as it seeks information which constitutes "trade secrets" or

27 other "confidential research, development or commercial information" pursuant to

28 Rule 26(c)(7).  Responding Party objects to this request as it seeks confidential

Response to Document Request            - 10 -

115

1   financial information of third parties. Notwithstanding the foregoing objections,

2   after a diligent search and reasonable inquiry, Responding Party is unable to

3   comply with this request as no such documents exist.

4   **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 22**

5   All Documents relating to and sufficient to identify every name used by

6   You, on Your behalf, or by Your clients to purchase Tickets.

7   **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 22**

8   Responding Party objects to this request as exceeding permissible

9   discovery, as it is irrelevant to the issues in the instant matter. Responding Party

10  objects to this request as it seeks information which constitutes "trade secrets" or

11  other "confidential research, development or commercial information" pursuant to

12  Rule 26(c)(7). Responding Party objects to this request as it seeks confidential

13  financial information of third parties. Notwithstanding the foregoing objections,

14  after a diligent search and reasonable inquiry, Responding Party is unable to

15  comply with this request as no such documents exist.

16  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 23**

17  All Documents relating to and sufficient to identify every physical address

18  used by You, on Your behalf, or by Your clients to purchase Tickets.

19  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 23**

20  Responding Party objects to this request as exceeding permissible

21  discovery, as it is irrelevant to the issues in the instant matter. Responding Party

22  objects to this request as it seeks information which constitutes "trade secrets" or

23  other "confidential research, development or commercial information" pursuant to

24  Rule 26(c)(7). Responding Party objects to this request as it seeks confidential

25  financial information of third parties. Notwithstanding the foregoing objections,

26  after a diligent search and reasonable inquiry, Responding Party is unable to

27  comply with this request as no such documents exist.

28  //

Response to Document Request          - 11 -

116

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 24**

All Documents relating to and sufficient to identify every email address used by You, on Your behalf, or by Your clients to purchase Tickets.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 24**

Responding Party objects to this request as exceeding permissible discovery, as it is irrelevant to the issues in the instant matter. Responding Party objects to this request as it seeks information which constitutes "trade secrets" or other "confidential research, development or commercial information" pursuant to Rule 26(c)(7). Responding Party objects to this request as it seeks confidential financial information of third parties. Notwithstanding the foregoing objections, after a diligent search and reasonable inquiry, Responding Party is unable to comply with this request as no such documents exist.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 25**

All Documents relating to all Internet Protocol ("IP") addresses used by You, on Your behalf, or by Your clients to purchase Tickets.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 25**

Responding Party objects to this request as exceeding permissible discovery, as it is irrelevant to the issues in the instant matter. Notwithstanding the foregoing objection, after a diligent search and reasonable inquiry, Responding Party is unable to comply with this request as no such documents exist.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 26**

All Documents relating to and sufficient to identify all Internet Service Provider ("ISP") services provided or used by You, on Your behalf, or by Your clients to purchase Tickets.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 26**

Responding Party objects to this request as exceeding permissible discovery, as it is irrelevant to the issues in the instant matter. Notwithstanding the foregoing objection, after a diligent search and reasonable inquiry, Responding

117

1  Party is unable to comply with this request as no such documents exist.

2  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 27**

3       All Communications between You and any ISP.

4  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 27**

5       Responding Party objects to this request as exceeding permissible

6  discovery, as it is irrelevant to the issues in the instant matter.  Responding Party

7  objects to this request as it is overbroad.  Responding Party objects to this request

8  as it is burdensome and oppressive.

9  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 28**

10      All Documents relating to the efforts You made to conceal from

11 Ticketmaster the fact that Tickets were being purchased from Ticketmaster for

12 Your benefit, on Your behalf, or by using Your technology.

13 **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 28**

14      Responding Party objects to this request as it is vague, ambiguous and

15 unintelligible as to the meaning of the word "efforts." Notwithstanding the

16 foregoing objection, after a diligent search and reasonable inquiry, Responding

17 Party is unable to comply with this request as no such documents exist.

18 **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 29**

19      All Communications relating to the efforts You made to conceal from

20 Ticketmaster the fact that Tickets were being purchased from Ticketmaster for

21 Your benefit, on Your behalf, or by using Your technology.

22 **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 29**

23      Responding Party objects to this request as it is vague, ambiguous and

24 unintelligible as to the meaning of the word "efforts." Notwithstanding the

25 foregoing objection, after a diligent search and reasonable inquiry, Responding

26 Party is unable to comply with this request as no such documents exist.

27 //

28 //

118

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 30**

All Communications between you and any Person relating to the sale or transfer of Tickets.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 30**

Responding Party objects to this request as it is vague, ambiguous and unintelligible as to the meaning of the word "you." Notwithstanding the foregoing objection, after a diligent search and reasonable inquiry, Responding Party is unable to comply with this request as no such documents exist.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 31**

All Communications between you and any Person relating to Ticketmaster.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 31**

Responding party objects to this request as exceeding permissible discovery, as it is irrelevant to the issues in the instant matter. Responding Party objects to this request as it is burdensome and oppressive. Responding Party objects to this request as it is overbroad. Responding Party objects to this request as it is vague, ambiguous and unintelligible as to the meaning of the word "you."

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 32**

All documents that identify all persons to whom You sold, leased, rented, licensed or otherwise provided any and all products or services mentioned in Exhibit 1 of Ticketmaster's *Motion for Preliminary Injunction* filed in this case ("MPI Exh. 1") (attached hereto).

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 32**

Responding Party objects to this request as exceeding permissible discovery, as it is irrelevant to the issues in the instant matter. Responding Party objects to this request as it seeks information which constitutes "trade secrets" or other "confidential research, development or commercial information" pursuant to Rule 26(c)(7). Responding Party objects to this request as it seeks confidential financial information of third parties. Notwithstanding the foregoing objections,

119

1  after a diligent search and reasonable inquiry, Responding Party is unable to

2  comply with this request as no such documents exist. All of the products listed in

3  MPI Exh. 1 are obsolete, have not been used for several years, and were not saved

4  by Responding Party.

5  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 33**

6       All Communications between You and any Person relating to the products

7  or services mentioned in MPI Exh. 1.

8  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 33**

9       Responding Party objects to this request as exceeding permissible

10  discovery, as it is irrelevant to the issues in the instant matter. Responding Party

11  objects to this request as it seeks information which constitutes "trade secrets" or

12  other "confidential research, development or commercial information" pursuant to

13  Rule 26(c)(7). Responding Party objects to this request as it seeks confidential

14  financial information of third parties. Notwithstanding the foregoing objections,

15  after a diligent search and reasonable inquiry, Responding Party is unable to

16  comply with this request as no such documents exist. All of the products listed in

17  MPI Exh. 1 related to Ticketmaster are obsolete, have not been used for several

18  years, and were not saved by Responding Party. Triple play is unrelated to

19  Ticketmaster, and Responding Party objects to producing any information relative

20  to same.

21  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 34**

22       All Documents, including but not limited to financial records, relating to all

23  revenue You have received relating to all products and services mentioned in MPI

24  Exh. 1.

25  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 34**

26       Responding Party objects to this request as exceeding permissible

27  discovery, as it is irrelevant to the issues in the instant matter. Responding Party

28  objects to this request as it seeks information which constitutes "trade secrets" or

Response to Document Request                - 15 -

120

1  other "confidential research, development or commercial information" pursuant to

2  Rule 26(c)(7). Responding Party objects to this request as it seeks confidential

3  financial information of third parties. Notwithstanding the foregoing objections,

4  after a diligent search and reasonable inquiry, Responding Party is unable to

5  comply with this request as no such documents exist. All of the products listed in

6  MPI Exh. 1 related to Ticketmaster are obsolete, have not been used for several

7  years, and were not saved by Responding Party. Triple play is unrelated to

8  Ticketmaster, and Responding Party objects to producing any information relative

9  to same.

10  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 35**

11       All Documents relating to the source code, object code, HTML and other

12  computer code for all computer programs identified in MPI Exh. 1.

13  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 35**

14       Responding Party objects to this request as exceeding permissible

15  discovery, as it is irrelevant to the issues in the instant matter. Responding Party

16  objects to this request as it seeks information which constitutes "trade secrets" or

17  other "confidential research, development or commercial information" pursuant to

18  Rule 26(c)(7). Responding Party objects to this request as it seeks confidential

19  financial information of third parties. Notwithstanding the foregoing objections,

20  Responding Party will produce documents concerning the HTML and source code

21  for RMG's "TBAT," "Super Proxy" and other products and services used to

22  facilitate purchases on ticketmaster.com.

23  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 36**

24       All Documents relating to all agreements You entered into with any Person

25  to whom You sold, leased, rented, licensed, or otherwise provided an Automated

26  Device(s).

27  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 36**

28       Responding Party objects to this request as exceeding permissible

Response to Document Request          - 16 -

121

1  discovery, as it is irrelevant to the issues in the instant matter. Responding Party

2  objects to this request as it seeks information which constitutes "trade secrets" or

3  other "confidential research, development or commercial information" pursuant to

4  Rule 26(c)(7). Responding Party objects to this request as it seeks confidential

5  financial information of third parties.

6  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 37**

7  　　　　All Documents relating to <u>all</u> methods of avoiding detection of Your

8  activities or Your clients' activities by Ticketmaster.

9  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 37**

10  　　　　Responding Party objects to this request as it is vague, ambiguous and

11  unintelligible as to the term "activities." Notwithstanding the foregoing objection,

12  Responding Party is unable to comply with this request as no such documents

13  exist.

14  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 38**

15  　　　　All Documents relating to all Persons who created or helped create any

16  computer programs identified in MPI Exh. 1.

17  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 38**

18  　　　　Responding Party does not have any of the requested information in its

19  possession, custody or control, as same is obsolete.

20  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 39**

21  　　　　All Communications You have had with any Person to whom You sold,

22  leased, rented, or licensed or otherwise made available any products or services

23  mentioned in MPI Exh. I.

24  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 39**

25  　　　　Responding Party objects to this request as exceeding permissible

26  discovery, as it is irrelevant to the issues in the instant matter. Responding party

27  objects to this request as it seeks information regarding Triple Play, which is

28  unrelated to Ticketmaster. Notwithstanding the foregoing objections, Responding

Response to Document Request　　　　　- 17 -

122

1  Party does not have any of the requested information in its possession, custody or
2  control, as same is obsolete.

3  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 40**

4      All Documents relating to and sufficient to identify all Persons who are or
5  have been employed by You from January 1, 2001 to present.

6  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.:**
7  **40**

8      Responding Party will comply with this request.

9  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 41**

10      All Documents relating to all visits You made to Ticketmaster's website
11  (www.ticketmaster.com) from January 1, 2001 to present.

12  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.:**
13  **41**

14      Responding Party objects to this request as it is beyond the scope of
15  permissible discovery.  Responding Party objects to this request as being
16  burdensome and oppressive.  Responding Party objects to this request as it seeks
17  information which is already in the possession, custody or control of Propounding
18  Party.

19  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 42**

20      All Documents relating to the function, ownership, and maintenance of
21  corporate existence of RMG, including articles of incorporation, minutes,
22  resolutions, etc.

23  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.:**
24  **42**

25      Responding Party will comply with this request.

26  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 43**

27      All Documents relating to the function, ownership, and maintenance of
28  corporate existence of Ticket Broker Tools, Inc., including articles of

Response to Document Request        - 18 -

1    incorporation, minutes, resolutions, etc.

2    **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.:**

3    **43**

4      Responding Party will comply with this request.

5    **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 44**

6      All Documents relating to and sufficient to identify all of Your officers and

7    directors.

8    **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.:**

9    **44**

10      Responding Party will comply with this request.

11    **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 45**

12      All Documents relating to and sufficient to identify all of Your

13    shareholders.

14    **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.:**

15    **45**

16      Responding Party will comply with this request.

17    **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 46**

18      All Documents relating to all Internet Protocol ("IP") addresses You have

19    registered in the name of RMG, Ticket Broker Tools, Inc., or in the name of any of

20    Your prior or affiliated businesses, employees' names, or in the name of any other

21    Person(s) acting for Your benefit or on Your behalf.

22    **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.:**

23    **46**

24      Responding Party will comply with this request.

25    **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 47**

26      All Documents relating to all IP addresses registered by You for the use of

27    Your clients.

28    //

Response to Document Request      - 19 -

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.:**
**47**

Responding Party will comply with this request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 48**

All Documents relating to all websites You have registered in the name of RMG, Ticket Broker Tools, Inc., or in any of Your prior business names, employees' names, or in the name of any other Person(s) acting for Your benefit or on Your behalf.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 48**

Responding Party will comply with this request.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 49**

All Documents relating to all web pages viewable on www.ticketbrokertools.com.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 49**

Responding Party objects to this request as it seeks documents, which by their very nature, are accessible to Propounding Party. Responding Party objects to this request as it is propounded for no other reason than to harass and annoy.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 50**

All Documents relating to all web pages viewable on http://tbat.ticketbrokertools.com.

**RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 50**

Responding Party objects to this request as it seeks documents, which by their very nature, are accessible to Propounding Party. Responding Party objects to this request as it is propounded for no other reason than to harass and annoy. Responding Party objects to this request as it seeks information which it has already represented to the Court that it has accessed prior to bringing the *ex parte* application. Notwithstanding the foregoing objections, Responding Party does not have any documents in its possession, custody or control responsive to this request

125

1  because http://tbat.ticketbrokertools.com is not viewable; it is a software program.

2  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 51**

3  All Documents relating to all html and other computer code needed to create

4  www.ticketbrokertools.com, or which is accessible from that website.

5  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 51**

6  Responding Party will comply with this request.

7  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 52**

8  All Documents relating to all html and other computer code needed to create

9  http://tbat.ticketbrokertools.com, or which, is accessible from that website.

10  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 52**

11  Responding Party will comply with this request.

12  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 53**

13  All Documents relating to every visitor to www.ticketbrokertools.com from

14  January 1, 2001 to present.

15  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 53**

16  Responding Party objects to this request as burdensome and oppressive.

17  Responding party objects to this request as it is beyond the scope of permissible

18  discovery. Responding Party objects to this request as it is overbroad since it

19  seeks information which is unrelated to Ticketmaster. Responding Party objects to

20  this request as it seeks "trade secrets" and "confidential information" and

21  "commercial information" of Responding Party.

22  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 54**

23  All Documents relating to every visitor to www.tbat.ticketbrokertools.com

24  from January 1, 2001 to present.

25  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 54**

26  Responding Party objects to this request as burdensome and oppressive.

27  Responding party objects to this request as it is beyond the scope of permissible

28  discovery. Responding Party objects to this request as it is overbroad since it

Response to Document Request                    - 21 -

*124*

1  seeks information which is unrelated to Ticketmaster. Responding Party objects to

2  this request as it seeks "trade secrets" and "confidential information" and

3  "commercial information" of Responding Party. Notwithstanding the foregoing

4  objections, Responding Party does not have any documents responsive to this

5  request in its possession, custody or control because

6  www.tbat.ticketbrokertools.com does not exist.

7  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 55**

8       All Documents relating to all advertising, promotion, or marketing of all

9  products or services described in MPI Exh. 1, in any form, context or medium

10  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 55**

11       Responding Party does not have any of the requested information in its

12  possession, custody or control, as same is obsolete.

13  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 56**

14       All Documents relating to all of Your revenues or profits from the sale or

15  lease of Automated Devices and software used to access Ticketmaster's website

16  and buy Tickets.

17  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 56**

18       Responding Party objects to this request as it is vague, ambiguous and

19  overbroad. Responding Party objects to this request as it seeks information

20  beyond the scope of permissible discovery that is not relevant to the issues in the

21  instant lawsuit. Notwithstanding said objections, Responding Party cannot

22  comply with this request as it did not receive any revenues or profits from the sale

23  or lease of Automated Devices and software used to access Ticketmaster's website

24  and buy Tickets.

25  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 57**

26       All Documents relating to all of Your revenues or profits from the sale or

27  lease of Automated Devices and software used to access any ticket selling website.

28  //

Response to Document Request     - 22 -

127

1  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 57**

2      Responding Party objects to this request as it seeks information beyond the

3  scope of permissible discovery that is not relevant to the issues in the instant

4  lawsuit, as it specifically requests information unrelated to Ticketmaster.

5  Responding Party objects to this request as it is burdensome and oppressive.

6  Responding Party objects to this request as it is propounded for no reason other

7  than to harass and annoy.

8  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 58**

9      All Communications You had with any Person relating to the RMG

10  products.

11  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 58**

12      Responding Party objects to this request as it seeks information beyond the

13  scope of permissible discovery that is not relevant to the issues in the instant

14  lawsuit, as it specifically requests information unrelated to Ticketmaster.

15  Responding Party objects to this request as it is burdensome and oppressive.

16  Responding Party objects to this request as it is propounded for no reason other

17  than to harass and annoy.  Responding Party objects to this request as it is

18  overbroad.

19  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 59**

20      All Documents relating to every Internet Protocol ("IP") address used by

21  You, Your customers, or on Your behalf to purchase Tickets.

22  **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 59**

23      Responding Party cannot comply with this request it does not have any

24  documents in its possession, custody or control which reflect IP addresses for the

25  Tickets, since RMG has no records concerning its purchase of same.

26  **REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 60**

27      All Communications between You and any other Person regarding this

28  lawsuit.

Response to Document Request      - 23 -

128

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 60

Responding Party objects to this request as it seeks information beyond the scope of permissible discovery that is not relevant to the issues in the instant lawsuit. Responding Party objects to this request as it is propounded for no reason other than to harass and annoy. Responding Party objects to this request to the extent that it seeks information protected by the attorney-client privilege. Privilege log will be provided.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 61

All Communications between You and any other Person regarding any lawsuit brought by Ticketmaster in the U.S. District Court, Central District of California.

## RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS NO.: 61

Responding Party objects to this request as it seeks information beyond the scope of permissible discovery that is not relevant to the issues in the instant lawsuit. Responding Party objects to this request as it is propounded for no reason other than to harass and annoy. Responding Party objects to this request to the extent that it seeks information protected by the attorney-client privilege. Privilege log will be provided.

Dated:        November 14, 2007        COGGAN & TARLOW

By:    Joshua G. Blum
Attorneys for RMG Technologies, Inc.

Response to Document Request                – 24 –

129

# PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             ) ss:
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: **1925 Century Park East, #2320, Los Angeles, California 90067.**

On November 14, 2007, I served the foregoing document described as **RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS** on all interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, and addressed as follows:

> Robert H. Platt, Esq.
> Donald Brown Esq.
> Manatt, Phelps & Phillips, LLP
> 11355 West Olympic Blvd.
> Los Angeles, CA 90064-1614

**(X)      BY MAIL.** I caused such envelopes to be deposited in the mail. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon, fully prepaid, at Los Angeles, California in the ordinary course of business.

I declare under penalty of penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

1

1   Executed on this **14**[th] day of **November, 2007,** at Los Angeles, California.

2

3

4   **Monet Heslup**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

.

## DNT

**From:** DNT
**Sent:** Wednesday, November 21, 2007 10:26 AM
**To:** Lee, Mark
**Subject:** RE: Order Granting Expedited Discovery

The discs got caught up in transit. I don't have them yet. I am informed that the information on the discs can be accessed at the link below. I will call you now with the password. I am informed that the information on this link below satisfies categories (a), (e), (f), (g) and (h) of the Court's Order. I am informed that I will be receiving an email within the next hour or so with information that satisfies categories (c) and (i). I am informed that categories (b) and (j) do not exist, therefore, RMG does not have the ability to comply. I am informed that RMG cannot comply with category (d) as it does not have access to, possession, custody or control over any of its clients computers, nor does any RMG "client" computer exist.

http://www.ticketbrokertools.com/document_production.zip

**From:** Lee, Mark [mailto:mlee@manatt.com]
**Sent:** Wednesday, November 21, 2007 10:17 AM
**To:** Lee, Mark; DNT
**Subject:** RE: Order Granting Expedited Discovery

Dear David:
    My team is ready to start reviewing the materials. Any idea when the discs will arrive?
Sincerely,
Mark S. Lee
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Blvd.
Los Angeles, CA 90064
Phone: 310-312-4128
Fax: 310-312-4224

**From:** Lee, Mark
**Sent:** Tuesday, November 20, 2007 1:34 PM
**To:** 'DNT'
**Subject:** RE: Order Granting Expedited Discovery

Dear David:
    Thank you for your clarifying email. We will look for the discs and emails tomorrow morning. Rest assured that we will treat the materials as specified in the court's order.
Sincerely,
Mark S. Lee
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Blvd.
Los Angeles, CA 90064
Phone: 310-312-4128
Fax: 310-312-4224

131

## DNT

| | |
|---|---|
| **From:** | DNT |
| **Sent:** | Wednesday, November 21, 2007 10:49 AM |
| **To:** | Lee, Mark |
| **Subject:** | RE: Order Granting Expedited Discovery |
| **Attachments:** | Payment_status_and_Invoice_value_RMG.xls |

More documents.

**From:** Lee, Mark [mailto:mlee@manatt.com]
**Sent:** Wednesday, November 21, 2007 10:40 AM
**To:** DNT
**Subject:** RE: Order Granting Expedited Discovery

   My people are looking at this now, but had a couple of questions.  Is everything that is on the discs accessible though this password protected link?  Also, can Ticketmaster's IT personnel access this link from a Ticketmaster IP address?
   Clarification would be appreciated.
Thanks,
Mark S. Lee
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Blvd.
Los Angeles, CA  90064
Phone: 310-312-4128
Fax: 310-312-4224

**From:** DNT [mailto:dnt@cogganlaw.com]
**Sent:** Wednesday, November 21, 2007 10:26 AM
**To:** Lee, Mark
**Subject:** RE: Order Granting Expedited Discovery

The discs got caught up in transit.  I don't have them yet.  I am informed that the information on the discs can be accessed at the link below.  I will call you now with the password.  I am informed that the information on this link below satisfies categories (a), (e), (f), (g) and (h) of the Court's Order.  I am informed that I will be receiving an email within the next hour or so with information that satisfies categories (c) and (i).  I am informed that categories (b) and (j) do not exist, therefore, RMG does not have the ability to comply.  I am informed that RMG cannot comply with category (d) as it does not have access to, possession, custody or control over any of its clients computers, nor does any RMG "client" computer exist.

http://www.ticketbrokertools.com/document_production.zip

**From:** Lee, Mark [mailto:mlee@manatt.com]
**Sent:** Wednesday, November 21, 2007 10:17 AM
**To:** Lee, Mark; DNT
**Subject:** RE: Order Granting Expedited Discovery

Dear David:

132

## DNT

| | |
|---|---|
| **From:** | DNT |
| **Sent:** | Wednesday, November 21, 2007 10:51 AM |
| **To:** | Lee, Mark |
| **Subject:** | Document Production |
| **Attachments:** | CJDUEINVOICES.zip; past ivoicesCJ.zip; Past_Invoices.zip; Payment_status_and_Invoice_value_RMG.xls |

More documents.

*133*

## DNT

**From:**          DNT
**Sent:**          Wednesday, November 21, 2007 1:15 PM
**To:**            Lee, Mark
**Subject:**       FW: Property Files

**Attachments:**       beacon.properties; proxy.properties; proxy.properties2; typing.properties



beacon.properties    proxy.properties    proxy.properties2    typing.properties
(369 B)              (901 B)             (1 KB)               (271 B)

More documents.

134

**DNT**

| | |
|---|---|
| **From:** | DNT |
| **Sent:** | Monday, November 26, 2007 1:29 PM |
| **To:** | Lee, Mark |
| **Subject:** | FW: properties files |

**Attachments:**  typing.properties; beacon.properties; proxy.properties; proxy.properties2; ATT32899.txt

typing.properties   beacon.properties   proxy.properties   proxy.properties2   ATT32899.txt (264
(307 B)          (405 B)          (937 B)          (1 KB)          B)

Further properties files which
I received over the weekend.

## DNT

| | |
|---|---|
| **From:** | DNT |
| **Sent:** | Monday, November 26, 2007 1:52 PM |
| **To:** | Lee, Mark |
| **Subject:** | FW: properties files |

**Attachments:**     properties_files.zip; ATT39647.txt

properties_files.zip   ATT39647.txt (835
(3 KB)          B)

Further files.  I am informed that these are identical to those
already forwarded to you.

136

1   JAY M. COGGAN, State Bar No. 86107
    DAVID N. TARLOW, State Bar No. 214050
2   JOSHUA G. BLUM, State Bar No. 249082
    COGGAN & TARLOW
3   1925 Century Park East, Suite 2320
    Los Angeles, California 90067
4   Tel:  (310) 407-0922
    Fax:  (310) 407-0923
5

6
    Attorneys for Defendant/Cross-Complainant RMG TECHNOLOGIES, INC., a
7   Delaware corporation

8                 UNITED STATES DISTRICT COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  TICKETMASTER L.L.C., a                )    Case No.: CJ 07-2534
    Virginia limited liability company,   )    ABC(JWJx)
12                                        )
          Plaintiff,                      )
13                                        )    DEFENDANT RMG
          v.                              )    TECHNOLOGIES, INC.
14                                        )    RESPONSE TO REQUEST FOR
                                          )    PRODUCTION OF
15  RMG TECHNOLOGIES, INC., a             )    DOCUMENTS (SET ONE)
    Delaware corporation and DOES 1       )
16  through 10, inclusive,                )
                                          )
17        Defendants.                     )
    _____       )
18

19

20

21  PROPOUNDING PARTY:      RMG TECHNOLOGIES, INC., a Delaware

22                          corporation

23  RESPONDING PARTY:       TICKETMASTER L.L.C., a Virginia limited

24                          liability company

25  SET NO.:                ONE

26      TO PLAINTIFF/COUNTERCLAIM-DEFENDANT TICKETMASTER

27  L.L.C., a Virginia limited liability company AND ITS ATTORNEYS OF

28  RECORD:

    Request for Production of Documents

                            137

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant and counter-claimant RMG TECHNOLOGIES, INC. ("RMG") hereby requests that plaintiff and counter-defendant TICKETMASTER L.L.C., a Virginia limited liability company ("Ticketmaster") respond in writing to the following requests for documents and things and produce and permit the inspection and photocopying of the documents and tangible things hereinafter designated at the offices of COGGAN & TARLOW, 1925 Century Park East, Suite 2320, Los Angeles, California within 30 days of service of these demands. Alternatively, the production may be accomplished by your delivery of copies of the requested documents and tangible things to Coggan & Tarlow at the above address provided that Ticketmaster or its authorized representative will make the originals of such documents and tangible things available for inspection and photocopying at a later date and upon reasonable notice by RMG or its authorized representative.

In responding to these requests, Ticketmaster is required by the Federal Rules of Civil Procedure to produce all responsive and non-privileged documents and tangible things in its possession, custody, or control, including those in the possession, custody, or control of its attorneys, agents, or other representatives.

Request for Production of Documents        - 2 -

138

## DEFINITIONS AND INSTRUCTIONS

1. "YOU," "YOUR" or "TICKETMASTER" shall mean Plaintiff/Counterclaim-Defendant Ticketmaster LLC, a Virginia LLC, and any other person or entities acting on its behalf, including, but not limited to any parents, subsidiaries, agents or representatives, as well as IAC/Interactive Corp., a Delaware corporation, Ticketmaster, a Delaware corporation or Tickemaster-Indiana, an Indiana joint venture.

2. The term "PERSON" or "PERSONS" shall include a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or entity of any sort.

3. The term "CLIENT" or "CLIENTS" shall mean the are venues, promoters, entertainers, sports franchises and other PERSONS who hire Ticketmaster to sell tickets to live events.

4. The term "CUSTOMER" or "CUSTOMERS" shall mean the ticket purchasing public.

5. The term "DOCUMENT" or "DOCUMENTS" shall mean any recorded communication, representation or writing as defined by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, including originals and duplicates, whether in draft or otherwise, and copies and non-identical

139

copies (whether different from the originals because of notes or marks made on or attached to said copies, or otherwise). It specifically includes all written, typewritten, printed or graphic materials of whatever kind or nature, including, but not limited to, any and all purchase orders, inventories, invoices, receipts, drawings, memoranda, letters, notes, telegrams, publications, contracts, records, papers, books, recordings on tape, magnetic discs, wire or drums, checks, computer files, **electronic mail,** drafts, money orders, worksheets, working papers, notebooks, diaries, calendars, graphs, charts, screenplays, treatments, business records of all kinds, and similar writings, whether or not in YOUR possession or under YOUR control, no matter how prepared, or by whom, which relate to or pertain in any manner to the subject matter of the request, and all drafts or copies (including non-identical copies) prepared in connections with such documents, whether used or not.

6. "COMMUNICATION" or "COMMUNICATIONS" shall mean any transmission of information of any sort whatsoever by one or more PERSONS to one or more PERSONS and/or between one or more PERSONS, by any means whatsoever, including but not limited to telephone conversations, letters, documents, telegrams, teletypes, telecopies, written memoranda, e-mail messages and face-to-face conversations.

140

7. The words "or" and "including," and similar words of guidance, are merely such, and should not be construed as words of limitation; the word "or," for example, shall include the word "and," as appropriate, and the word "including" shall not be used to limit any general category description that precedes it.

8. Pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, if YOU withhold information otherwise discoverable by claiming that it is privileged or subject to protection as trial preparation material, YOU shall make the claim expressly in a privilege log and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection. In the event that any information has been redacted from any document produced in response to these requests, YOU must identify that information and the basis or bases upon which such information was redacted in a privilege log to be produced concurrently with YOUR written response thereto.

9. Unless otherwise specified, the time period covered by these requests is January 1, 2002 to the present.

7. YOUR responses to these requests are to be supplemented in

Request for Production of Documents        - 5 -

|4|

accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NUMBER ONE

Any and all DOCUMENTS which refer, reflect or relate to YOUR method of determining convenience charges for tickets sold on ticketmaster.com.

### REQUEST FOR PRODUCTION NUMBER TWO

Any and all DOCUMENTS which refer, reflect or relate to all factors considered by YOU in determining convenience charges for tickets purchased on ticketmaster.com.

### REQUEST FOR PRODUCTION NUMBER THREE

Any and all DOCUMENTS which refer, reflect or relate to the identity of all PERSONS involved in the decision making process of determining convenience charges for tickets purchased on ticketmaster.com.

### REQUEST FOR PRODUCTION NUMBER FOUR

Any and all DOCUMENTS which refer, reflect or relate to whether internet security costs are factored into YOUR convenience charges.

### REQUEST FOR PRODUCTION NUMBER FIVE

Any and all DOCUMENTS which refer, reflect or relate to whether the costs associated with paying YOUR information technology staff are factored into

Request for Production of Documents          - 6 -

142

YOUR convenience charges.

## REQUEST FOR PRODUCTION NUMBER SIX

Any and all DOCUMENTS which refer, reflect or relate to any research which YOU conducted in determining convenience charges for tickets sold on ticketmaster.com.

## REQUEST FOR PRODUCTION NUMBER SEVEN

Any and all DOCUMENTS which refer, reflect or relate to any interviews YOU gave to the media regarding the "Hannah Montana/Miley Cyrus Best of Both Worlds" tour in the year 2007.

## REQUEST FOR PRODUCTION NUMBER EIGHT

Any and all DOCUMENTS which refer, reflect or relate to any communications that YOU have had with the Attorney General of Arkansas, Dustin McDaniel.

## REQUEST FOR PRODUCTION NUMBER NINE

Any and all DOCUMENTS which refer, reflect or relate to any communications that YOU have had with the Attorney General of Missouri, Jay Nixon.

## REQUEST FOR PRODUCTION NUMBER TEN

Any and all DOCUMENTS which refer, reflect or relate to the purpose of

Request for Production of Documents          - 7 -

143

the CAPTCHA page on the ticketmaster.com website, including, but not limited to emails, internal memoranda, meeting notes, manuals, handbooks and training materials.

**REQUEST FOR PRODUCTION NUMBER ELEVEN**

Any and all DOCUMENTS which refer, reflect or relate to any copyrights which YOU own in the ticketmaster.com website.

**REQUEST FOR PRODUCTION NUMBER TWELVE**

Any and all DOCUMENTS which refer, reflect or relate to any claim that YOU have made for loss of goodwill from January 1, 2002 to present, including, but not limited to corporate tax returns, financial statements and profit and loss statements.

**REQUEST FOR PRODUCTION NUMBER THIRTEEN**

Any and all DOCUMENTS which refer, reflect or relate to any investigation that YOU have performed regarding the use of "spiders" on the ticketmaster.com website.

**REQUEST FOR PRODUCTION NUMBER FOURTEEN**

Any and all DOCUMENTS which refer, reflect or relate to any investigation that YOU have performed regarding the use of "robots" on the ticketmaster.com website.

Request for Production of Documents         - 8 -

144

## REQUEST FOR PRODUCTION NUMBER FIFTEEN

Any and all DOCUMENTS which refer, reflect or relate to any investigation that YOU have performed regarding the use of "bots" on the ticketmaster.com website.

## REQUEST FOR PRODUCTION NUMBER SIXTEEN

Any and all DOCUMENTS which refer, reflect or relate to any investigation that YOU have performed regarding the use of "automatic devices" on the ticketmaster.com website.

## REQUEST FOR PRODUCTION NUMBER SEVENTEEN

Any and all DOCUMENTS which refer, reflect or relate to any investigation that YOU have performed regarding the use of "automated processes" on the ticketmaster.com website.

## REQUEST FOR PRODUCTION NUMBER EIGHTEEN

Any and all DOCUMENTS which refer, reflect or relate to any investigation that YOU have performed with respect to RMG Technologies, Inc., a Delaware corporation.

## REQUEST FOR PRODUCTION NUMBER NINETEEN

Any and all DOCUMENTS which refer, reflect or relate to RMG Technologies, Inc., a Delaware corporation.

Request for Production of Documents          - 9 -

145

## REQUEST FOR PRODUCTION NUMBER TWENTY

Any and all DOCUMENTS which refer, reflect or relate to any communications between YOU and Chris Kovach.

## REQUEST FOR PRODUCTION NUMBER TWENTY-ONE

Any and all DOCUMENTS which refer, reflect or relate to the settlement agreement between YOU and Chris Kovach, as referenced in YOUR motion for preliminary injunction in this matter.

## REQUEST FOR PRODUCTION TWENTY-TWO

Any and all DOCUMENTS which refer, reflect or relate to any purchase of tickets that Chris Kovach or anyone on his behalf made on ticketmaster.com prior to May of 2007.

## REQUEST FOR PRODUCTION NUMBER TWENTY-THREE

Any and all DOCUMENTS which refer, reflect or relate to any purchase of tickets that Chris Kovach or anyone on his behalf made on ticketmaster.com subsequent to May of 2007.

## REQUEST FOR PRODUCTION NUMBER TWENTY-FOUR

Any and all DOCUMENTS which refer, reflect or relate to the first time YOU learned that RMG's devices were allegedly being used on ticketmaster.com.

//

Request for Production of Documents        - 10 -

146

**REQUEST FOR PRODUCTION NUMBER TWENTY-FIVE**

Any and all DOCUMENTS which refer, reflect or relate to any

technological measure that YOU have taken to stop the use of "spiders" on the

ticketmaster.com website.

**REQUEST FOR PRODUCTION NUMBER TWENTY-SIX**

Any and all DOCUMENTS which refer, reflect or relate to any

technological measure that YOU have taken to stop the use of "robots" on the

ticketmaster.com website.

**REQUEST FOR PRODUCTION NUMBER TWENTY-SEVEN**

Any and all DOCUMENTS which refer, reflect or relate to any

technological measure that YOU have taken to stop the use of "bots" on the

ticketmaster.com website.

**REQUEST FOR PRODUCTION NUMBER TWENTY-EIGHT**

Any and all DOCUMENTS which refer, reflect or relate to any

technological measure that YOU have taken to stop the use of "automatic devices"

on the ticketmaster.com website.

**REQUEST FOR PRODUCTION NUMBER TWENTY-NINE**

Any and all DOCUMENTS which refer, reflect or relate to any

technological measure that YOU have taken to stop the use of "automated

147

processes" on the ticketmaster.com website.

## REQUEST FOR PRODUCTION NUMBER THIRTY

Any and all DOCUMENTS which refer, reflect or relate to any measures YOU took to calculate the actual damages that YOU would incur in the event that a user of ticketmaster.com accessed more than 1,000 pages of the ticketmaster.com website in any twenty four (24) hour period.

## REQUEST FOR PRODUCTION NUMBER THIRTY-ONE

Any and all DOCUMENTS which refer, reflect or relate to the identity of any PERSON who performed any calculation on YOUR behalf as to the actual damages that YOU would incur in the event that a user of ticketmaster.com accessed more than 1,000 pages of the ticketmaster.com website in any twenty four (24) hour period.

## REQUEST FOR PRODUCTION NUMBER THIRTY-TWO

Any and all DOCUMENTS which refer, reflect or relate to any monies that YOU have spent on technological measures that YOU have taken to stop the use of spiders, robots, bots, automatic devices or automated processes on the ticketmaster.com website.

## REQUEST FOR PRODUCTION NUMBER THIRTY-THREE

Any and all DOCUMENTS which refer, reflect or relate to any PERSON

Request for Production of Documents          - 12 -

who YOU have employed, either as an employee or an independent contractor, in an attempt to stop the use of spiders, robots, bots, automated devices or automated processes on the ticketmaster.com website.

## REQUEST FOR PRODUCTION NUMBER THIRTY-FOUR

Any and all DOCUMENTS which refer, reflect or relate to any money that you have paid to any PERSON who YOU have employed, either as an employee or an independent contractor, in an attempt to stop the use of spiders, robots, bots, automated devices or automated processes on the ticketmaster.com website.

## REQUEST FOR PRODUCTION NUMBER THIRTY-FIVE

Any and all DOCUMENTS which refer, reflect or relate to any complaints that any of YOUR CLIENTS have made to YOU regarding the use of spiders, robots, bots, automated devices or automated processes on the ticketmaster.com website.

## REQUEST FOR PRODUCTION NUMBER THIRTY-SIX

Any and all DOCUMENTS which refer, reflect or relate to any complaints that any of YOUR CLIENTS have made to YOU regarding YOUR inability to distribute tickets in a fair and equitable manner.

## REQUEST FOR PRODUCTION NUMBER THIRTY-SEVEN

Any and all DOCUMENTS which refer, reflect or relate to any complaints

Request for Production of Documents          - 13 -

149

that any of YOUR CUSTOMERS have made to YOU regarding YOUR inability to distribute tickets in a fair and equitable manner.

**REQUEST FOR PRODUCTION NUMBER THIRTY-EIGHT**

Any and all DOCUMENTS which refer, reflect or relate to the number of tickets available for retail sale for each concert on the "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour" from January 1, 2007 through February 2008.

**REQUEST FOR PRODUCTION NUMBER THIRTY-NINE**

Any and all DOCUMENTS which refer, reflect or relate to the number of tickets available for retail sale to fan club members for each concert on the "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour" from January 1, 2007 through February 2008.

**REQUEST FOR PRODUCTION NUMBER FORTY**

Any and all DOCUMENTS which refer, reflect or relate to the number of tickets available for retail sale to the general public for each concert on the "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour" from January 1, 2007 through February 2008.

**REQUEST FOR PRODUCTION NUMBER FORTY-ONE**

Any and all DOCUMENTS which refer, reflect or relate to the number of tickets retained by Miley Cyrus for each concert on the "Hannah Montana &

150

Miley Cyrus: Best of Both Worlds Tour" from January 1, 2007 through February 2008.

**REQUEST FOR PRODUCTION NUMBER FORTY-TWO**

Any and all DOCUMENTS which refer, reflect or relate to the number of tickets retained by the promoters of the "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour" for all concerts of the tour from January 1, 2007 through February 2008.

**REQUEST FOR PRODUCTION NUMBER FORTY-THREE**

Any and all DOCUMENTS which refer, reflect or relate to the number of tickets retained by the venues where the "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour" occurred for all concerts of the tour from January 1, 2007 through February 2008.

**REQUEST FOR PRODUCTION NUMBER FORTY-FOUR**

Any and all DOCUMENTS which refer, reflect or relate to all tickets to the "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour" which YOU sold on the auction portion of the ticketmaster.com website from January 1, 2007 to present.

**REQUEST FOR PRODUCTION NUMBER FORTY-FIVE**

Any and all DOCUMENTS which refer, reflect or relate to the price of each

151

ticket to the "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour" which

YOU sold on the auction portion of the ticketmaster.com website from January 1,

2007 to present.

**REQUEST FOR PRODUCTION NUMBER FORTY-SIX**

Any and all DOCUMENTS which refer, reflect or relate to all tickets to the

"Hannah Montana & Miley Cyrus: Best of Both Worlds Tour" which were sold on

TicketExchange portion of the ticketmaster.com website from January 1, 2007 to

present.

**REQUEST FOR PRODUCTION NUMBER FORTY-SEVEN**

Any and all DOCUMENTS which refer, reflect or relate to all convenience

charges YOU were paid as a result of sales on the TicketExchange portion of the

ticketmaster.com website for the "Hannah Montana & Miley Cyrus: Best of Both

Worlds Tour" from January 1, 2007 to present.

**REQUEST FOR PRODUCTION NUMBER FORTY-EIGHT**

Any and all DOCUMENTS which refer, reflect or relate to any agreements

you had with any PERSON to sell tickets to the "Hannah Montana & Miley Cyrus:

Best of Both Worlds Tour."

**REQUEST FOR PRODUCTION NUMBER FORTY-NINE**

Any and all DOCUMENTS which refer, reflect or relate to any tickets

152

purchased by or on behalf of Thomas J. Prior on the ticketmaster.com website from February 1, 2007 to present.

**REQUEST FOR PRODUCTION NUMBER FIFTY**

Any and all DOCUMENTS which refer, reflect or relate to any tickets purchased by or on behalf of Gary Charles Bonner on the ticketmaster.com website from February 1, 2007 to present.

**REQUEST FOR PRODUCTION NUMBER FIFTY-ONE**

Any and all DOCUMENTS which refer, reflect or relate to any tickets purchased by or on behalf of Designer Tickets on the ticketmaster.com website from February 1, 2007 to present.

**REQUEST FOR PRODUCTION NUMBER FIFTY-TWO**

Any and all DOCUMENTS which refer, reflect or relate to any communications that YOU have had with Barry's Tickets, located in Los Angeles, California, regarding the possible sale of the Barry's Tickets business to YOU.

**REQUEST FOR PRODUCTION NUMBER FIFTY-THREE**

Any and all DOCUMENTS which refer, reflect or relate to any communications that YOU have had with Sea Coast Ticket Agency, Inc. located in Portsmouth, New Hampshire, regarding the possible sale of the Sea Coast Ticket Agency business to YOU.

153

**REQUEST FOR PRODUCTION NUMBER FIFTY-FOUR**

Any and all DOCUMENTS which refer, reflect or relate to any

communications that YOU have had with Total Travel and Tickets in Florida

regarding the possible sale of the Total Travel and Tickets business to YOU.

**REQUEST FOR PRODUCTION NUMBER FIFTY-FIVE**

Any and all DOCUMENTS which refer, reflect or relate to any

communications that YOU have had with Admit One, located in New York, new

York regarding the possible sale of the Admit One business to YOU.

**REQUEST FOR PRODUCTION NUMBER FIFTY-SIX**

Any and all DOCUMENTS which refer, reflect or relate to any

communications that YOU have had with As Off Music regarding the possible

sale of the As Off Music business to YOU.

**REQUEST FOR PRODUCTION NUMBER FIFTY-SEVEN**

Any and all DOCUMENTS which refer, reflect or relate to any tickets that

YOU have sold to Barry's Tickets in Los Angeles, California from January 1,

2007 to present.

**REQUEST FOR PRODUCTION NUMBER FIFTY-EIGHT**

Any and all DOCUMENTS which refer, reflect or relate to any

complementary tickets that YOU have given to Barry's Tickets in Los Angeles,

Request for Production of Documents        - 18 -

154

California from January 1, 2007 to present.

**REQUEST FOR PRODUCTION NUMBER NINE**

Any and all DOCUMENTS which refer, reflect or relate to any tickets that YOU have sold to Sea Coast Ticket Agency, located in Portsmouth, New Hampshire from January 1, 2007 to present.

**REQUEST FOR PRODUCTION NUMBER SIXTY**

Any and all DOCUMENTS which refer, reflect or relate to any complementary tickets that YOU have given to Sea Coast Ticket Agency, located in Portsmouth, New Hampshire from January 1, 2007 to present.

**REQUEST FOR PRODUCTION NUMBER SIXTY-ONE**

Any and all DOCUMENTS which refer, reflect or relate to any tickets that YOU have sold to Total Travel and Tickets, located in Florida, from January 1, 2007 to present.

**REQUEST FOR PRODUCTION NUMBER SIXTY-TWO**

Any and all DOCUMENTS which refer, reflect or relate to any complementary tickets that YOU have given to Total Travel and Tickets, located in Florida from January 1, 2007 to present.

**REQUEST FOR PRODUCTION NUMBER SIXTY-THREE**

Any and all DOCUMENTS which refer, reflect or relate to any tickets that

155

YOU have sold to Admit One, located in New York, from January 1, 2007 to present.

## REQUEST FOR PRODUCTION NUMBER SIXTY-FOUR

Any and all DOCUMENTS which refer, reflect or relate to any complementary tickets that YOU have given to Admit One, located in New York, from January 1, 2007 to present.

## REQUEST FOR PRODUCTION NUMBER SIXTY-FIVE

Any and all DOCUMENTS which refer, reflect or relate to any tickets that YOU have sold to As Off Music from January 1, 2007 to present.

## REQUEST FOR PRODUCTION NUMBER SIXTY-SIX

Any and all DOCUMENTS which refer, reflect or relate to any complementary tickets that YOU have given to As Off Music from January 1, 2007 to present.

Dated:        December 7, 2007        COGGAN & TARLOW

By:    David N. Tarlow
Attorneys for RMG Technologies, Inc.

Request for Production of Documents        - 20 -

156

**EXHIBIT F**

**DNT**

| | |
|---|---|
| **From:** | DNT |
| **Sent:** | Monday, January 07, 2008 3:22 PM |
| **To:** | 'White, Alison Sultan' |
| **Subject:** | Ticketmaster v. RMG |

**Attachments:**      doc-20080107152741.pdf



doc-200801071527
41.pdf (3 MB)

                    Alison-

Here is the first batch of docs.  More to come.  Supplemental response to request for docs
in process of being prepared.

David Tarlow

**EXHIBIT  G**

1  MANATT, PHELPS & PHILLIPS, LLP
   ROBERT H. PLATT (Bar No. CA 108533)
2  rplatt@manatt.com
   MARK S. LEE (Bar No. CA 094103)
3  mlee@manatt.com
   DONALD R. BROWN (Bar No. CA 156548)
4  dbrown@manatt.com
   11355 West Olympic Boulevard
5  Los Angeles, CA 90064-1614
   Telephone: (310) 312-4000
6  Facsimile: (310) 312-4224

7  Attorneys for *Plaintiff*
   TICKETMASTER L.L.C.

8

9              UNITED STATES DISTRICT COURT

10       FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12  TICKETMASTER L.L.C., a Virginia          No. CV 07-2534 ABC (JWJx)
    limited liability company,
13                                           **PLAINTIFF TICKETMASTER**
            Plaintiff,                       **L.L.C.'S RESPONSES TO RMG**
14                                           **TECHNOLOGIES, INC.'S**
         vs.                                 **REQUESTS FOR PRODUCTION**
15                                           **OF DOCUMENTS (SET ONE)**
    RMG TECHNOLOGIES, INC., a
16  Delaware corporation, and DOES 1
    through 10, inclusive,
17
            Defendants.
18

19  PROPOUNDING PARTY:     RMG TECHNOLOGIES, INC., a Delaware

20                         corporation

21  RESPONDING PARTY:      TICKETMASTER L.L.C., a Virginia limited

22                         liability company

23  SET NO.:               ONE (1)

24

25           **GENERAL OBJECTIONS AND STATEMENT**

26          Ticketmaster L.L.C. ("Plaintiff" or "Ticketmaster") makes the

27  following objections to the entire First Set of Requests For Production of

28  Documents propounded by Defendant RMG Technologies, Inc.'s ("Defendant"):

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                          TICKETMASTER L.L.C.'S RESPONSES TO
                                    REQUESTS FOR PRODUCTION (SET ONE)

1.    This Response is subject to all objections ordinarily available if such statements or documents were offered in court. All such objections are hereby expressly reserved and may be interposed at the time of trial or at any other time. By providing this Response, Ticketmaster is not making any incidental or implied admissions regarding the content of any document requested. No response or objection to any Request herein should be taken as an admission that Ticketmaster admits the existence of any fact set forth in or assumed by the Request, or that such response or objection constitutes admissible evidence. No response to any Request is intended to be, nor shall any response be construed as, a waiver by Ticketmaster of all or any part of any objection to any request.

2.    Ticketmaster's research, discovery, and preparation for trial in this matter is ongoing and is not yet complete. This Response is based upon the current state of Ticketmaster's pre-trial preparation and the investigation that it has conducted to date. Ticketmaster anticipates that its continuing discovery and investigation may reveal information and documents not presently known to it, upon which Ticketmaster may rely during trial. Accordingly, this Response is made without prejudice to Ticketmaster's rights to produce documents at a later date and to introduce them at the time of trial.

3.    Ticketmaster objects to the "Definitions" and "Instructions" in the Requests to the extent that they are inconsistent with and/or seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure.

4.    Ticketmaster objects to the "Definitions" and "Instructions" in the Requests to the extent that they are vague, ambiguous, and unintelligible.

5.    Ticketmaster objects to each Request to the extent it seeks documents or information protected from discovery by the attorney-client privilege or the attorney work product doctrine.

6.    Ticketmaster objects to each Request to the extent it seeks to discover trade secrets and/or any other private, sensitive, confidential, proprietary,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

2

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

169

1  and/or commercial information, the disclosure of which could be damaging to the

2  business or property of Ticketmaster, Ticketmaster' customers or contractors, or

3  other related business entities.

4          7.      Ticketmaster objects to each Request to the extent that it

5  violates the right of privacy of Plaintiff or any third party under the United States

6  Constitution, the California Constitution, and applicable statutes.

7          8.      Ticketmaster objects to each Request to the extent it seeks the

8  disclosure or production of personal records regarding consumers without proper

9  notification to the consumer.

10          9.      Ticketmaster objects to all the Requests to the extent that they

11  are vague, ambiguous, and unintelligible in that the manner in which specific

12  requests are phrased creates confusion given the issues involved in the litigation.

13          10.     Ticketmaster objects to all the Requests to the extent they are

14  unduly burdensome and/or oppressive.

15          11.     Ticketmaster objects to all the Requests to the extent they are

16  overbroad as to time or scope.

17          Each of the general responses and objections asserted above (the

18  "General Responses and Objections") applies to each Request where appropriate

19  and are incorporated into each of Ticketmaster's responses below as though set

20  forth in full.

21

22  **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

23  **REQUEST FOR PRODUCTION NO. 1:**

24          Any and all DOCUMENTS which refer, reflect or relate to YOUR method of

25  determining convenience charges for tickets sold on ticketmaster.com.

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                      3                TICKETMASTER L.L.C.'S RESPONSES TO
                                                 REQUESTS FOR PRODUCTION (SET ONE)

160

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

2    Plaintiff incorporates by reference each and every one of the General

3    Responses and Objections as though fully set forth herein. Plaintiff further objects

4    to this request because it seeks information neither relevant to the subject matter of

5    this litigation nor reasonably calculated to lead to the discovery of admissible

6    evidence. Plaintiff further objects to this request on the ground that it is vague and

7    ambiguous, including but not limited to the term "method". Plaintiff further objects

8    to this request to the extent it lacks foundation. Plaintiff further objects to this

9    request on the ground that it is compound, overbroad, unduly burdensome and

10   oppressive. Plaintiff further objects to this request on the ground that it seeks the

11   production of documents containing confidential, sensitive, proprietary,

12   commercial, business and financial information. Plaintiff further objects to this

13   request to the extent that it seeks documents protected by attorney-client privilege

14   or the work-product doctrine.

15

16   **REQUEST FOR PRODUCTION NO. 2:**

17   Any and all DOCUMENTS which refer, reflect or relate to all factors

18   considered by YOU in determining convenience charges for tickets purchased on

19   ticketmaster.com.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

21   Plaintiff incorporates by reference each and every one of the General

22   Responses and Objections as though fully set forth herein. Plaintiff further objects

23   to this request because it seeks information neither relevant to the subject matter of

24   this litigation nor reasonably calculated to lead to the discovery of admissible

25   evidence. Plaintiff further objects to this request on the ground that it is vague and

26   ambiguous, including but not limited to the term "considered". Plaintiff further

27   objects to this request to the extent it lacks foundation. Plaintiff further objects to

28   this request on the ground that it is compound, overbroad, unduly burdensome and

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                4                TICKETMASTER L.L.C.'S RESPONSES TO
                                           REQUESTS FOR PRODUCTION (SET ONE)

161

1  oppressive. Plaintiff further objects to this request on the ground that it seeks the

2  production of documents containing confidential, sensitive, proprietary,

3  commercial, business and financial information. Plaintiff further objects to this

4  request to the extent that it seeks documents protected by attorney-client privilege

5  or the work-product doctrine.

6

7  **REQUEST FOR PRODUCTION NO. 3:**

8      Any and all DOCUMENTS which refer, reflect or relate to the identity of all

9  PERSONS involved in the decision making process of determining convenience

10  charges for tickets purchased on ticketmaster.com.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

12      Plaintiff incorporates by reference each and every one of the General

13  Responses and Objections as though fully set forth herein. Plaintiff further objects

14  to this request because it seeks information neither relevant to the subject matter of

15  this litigation nor reasonably calculated to lead to the discovery of admissible

16  evidence. Plaintiff further objects to this request on the ground that it is vague and

17  ambiguous, including but not limited to the phrase "decision making process".

18  Plaintiff further objects to this request to the extent it lacks foundation. Plaintiff

19  further objects to this request on the ground that it is compound, overbroad, unduly

20  burdensome and oppressive. Plaintiff further objects to this request on the ground

21  that it seeks the production of documents containing confidential, sensitive,

22  proprietary, commercial, business and financial information. Plaintiff further

23  objects to this request to the extent that it seeks documents protected by attorney-

24  client privilege or the work-product doctrine.

25

26  **REQUEST FOR PRODUCTION NO. 4:**

27      Any and all DOCUMENTS which refer, reflect or relate to whether internet

28  security costs are factored into YOUR convenience charges.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

5

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

2      Plaintiff incorporates by reference each and every one of the General

3  Responses and Objections as though fully set forth herein. Plaintiff further objects

4  to this request because it seeks information neither relevant to the subject matter of

5  this litigation nor reasonably calculated to lead to the discovery of admissible

6  evidence. Plaintiff further objects to this request on the ground that it is vague and

7  ambiguous, including but not limited to the phrases "internet security costs" and

8  "factored". Plaintiff further objects to this request to the extent it lacks foundation.

9  Plaintiff further objects to this request on the ground that it is compound,

10 overbroad, unduly burdensome and oppressive. Plaintiff further objects to this

11 request on the ground that it seeks the production of documents containing

12 confidential, sensitive, proprietary, commercial, business and financial information.

13 Plaintiff further objects to this request to the extent that it seeks documents

14 protected by attorney-client privilege or the work-product doctrine.

15      Subject to and without waiving the foregoing objections, Plaintiff responds

16 as follows: Convenience charges are based, among other things, on Plaintiff's cost

17 of doing business, which is in turn affected by the cost of, among other things,

18 Plaintiff's attempt to maintain a secure website. Plaintiff has conducted a diligent

19 search and reasonable inquiry during its effort to comply with this Request and has

20 no documents currently within its possession, custody or control that identify the

21 cost of attempting to maintain a secure website as a specific factor in determining

22 convenience charges.

23

24 **REQUEST FOR PRODUCTION NO. 5:**

25      Any and all DOCUMENTS which refer, reflect or relate to whether the costs

26 associated with paying YOUR information technology staff are factored into

27 YOUR convenience charges.

28

41184987.5                          6              TICKETMASTER L.L.C.'S RESPONSES TO
                                                   REQUESTS FOR PRODUCTION (SET ONE)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

2      Plaintiff incorporates by reference each and every one of the General

3  Responses and Objections as though fully set forth herein. Plaintiff further objects

4  to this request because it seeks information neither relevant to the subject matter of

5  this litigation nor reasonably calculated to lead to the discovery of admissible

6  evidence. Plaintiff further objects to this request on the ground that it is vague and

7  ambiguous, including but not limited to the term "factored". Plaintiff further

8  objects to this request to the extent it lacks foundation. Plaintiff further objects to

9  this request on the ground that it is compound, overbroad, unduly burdensome and

10  oppressive. Plaintiff further objects to this request on the ground that it seeks the

11  production of documents containing confidential, sensitive, proprietary,

12  commercial, business and financial information. Plaintiff further objects to this

13  request to the extent that it seeks documents protected by attorney-client privilege

14  or the work-product doctrine.

15      Subject to and without waiving the foregoing objections, Plaintiff responds

16  as follows: Convenience charges are based, among other things, on Plaintiff's cost

17  of doing business, which is in turn affected by the cost of, among other things,

18  paying Plaintiff's information technology staff. Plaintiff has conducted a diligent

19  search and reasonable inquiry during its effort to comply with this Request and has

20  no documents currently within its possession, custody or control that identify the

21  cost of paying its information technology staff as a specific factor in determining

22  convenience charges.

23

24  **REQUEST FOR PRODUCTION NO. 6:**

25      Any and all DOCUMENTS which refer, reflect or relate to any research

26  which YOU conducted in determining convenience charges for tickets sold on

27  ticketmaster.com.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

7

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

164

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

2       Plaintiff incorporates by reference each and every one of the General

3  Responses and Objections as though fully set forth herein. Plaintiff further objects

4  to this request because it seeks information neither relevant to the subject matter of

5  this litigation nor reasonably calculated to lead to the discovery of admissible

6  evidence. Plaintiff further objects to this request on the ground that it is vague and

7  ambiguous, including but not limited to the term "research". Plaintiff further

8  objects to this request to the extent it lacks foundation. Plaintiff further objects to

9  this request on the ground that it is compound, overbroad, unduly burdensome and

10  oppressive. Plaintiff further objects to this request on the ground that it seeks the

11  production of documents containing confidential, sensitive, proprietary,

12  commercial, business and financial information. Plaintiff further objects to this

13  request to the extent that it seeks documents protected by attorney-client privilege

14  or the work-product doctrine.

15

16  **REQUEST FOR PRODUCTION NO. 7:**

17       Any and all DOCUMENTS which refer, reflect or relate to any interviews

18  YOU gave to the media regarding the "Hannah Montana/Miley Cyrus Best of Both

19  Worlds" tour in the year 2007.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

21       Plaintiff incorporates by reference each and every one of the General

22  Responses and Objections as though fully set forth herein. Plaintiff further objects

23  to this request because it seeks information neither relevant to the subject matter of

24  this litigation nor reasonably calculated to lead to the discovery of admissible

25  evidence. Plaintiff further objects to this request on the ground that it is vague and

26  ambiguous, including but not limited to the term "research". Plaintiff further

27  objects to this request on the ground that it is overbroad, unduly burdensome and

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

8

*165*

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

1  oppressive.   Plaintiff further objects to this request to the extent that it seeks
2  documents protected by attorney-client privilege or the work-product doctrine.

3       Subject to and without waiving the foregoing objections, Plaintiff responds
4  as follows: Plaintiff will make all relevant, unprivileged responsive documents
5  available for inspection.

6

7  **REQUEST FOR PRODUCTION NO. 8:**

8       Any and all DOCUMENTS which refer, reflect or relate to any
9  communications that YOU have had with the Attorney General of Arkansas, Dustin
10 McDaniel.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

12      Plaintiff incorporates by reference each and every one of the General
13 Responses and Objections as though fully set forth herein.  Plaintiff further objects
14 to this request because it seeks information neither relevant to the subject matter of
15 this litigation nor reasonably calculated to lead to the discovery of admissible
16 evidence.  Plaintiff further objects to this request on the ground that it is overbroad,
17 unduly burdensome and oppressive.  Plaintiff further objects to this request to the
18 extent that it seeks documents protected by attorney-client privilege or the work-
19 product doctrine.

20      Subject to and without waiving the foregoing objections, Plaintiff responds
21 as follows: Plaintiff will make all relevant, unprivileged responsive documents
22 available for inspection.

23

24 **REQUEST FOR PRODUCTION NO. 9:**

25      Any and all DOCUMENTS which refer, reflect or relate to any
26 communications that YOU have had with the Attorney General of Missouri, Jay
27 Nixon.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                         9              TICKETMASTER L.L.C.'S RESPONSES TO
                                                  REQUESTS FOR PRODUCTION (SET ONE)

166

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

2     Plaintiff incorporates by reference each and every one of the General

3 Responses and Objections as though fully set forth herein. Plaintiff further objects

4 to this request because it seeks information neither relevant to the subject matter of

5 this litigation nor reasonably calculated to lead to the discovery of admissible

6 evidence. Plaintiff further objects to this request on the ground that it is overbroad,

7 unduly burdensome and oppressive. Plaintiff further objects to this request to the

8 extent that it seeks documents protected by attorney-client privilege or the work-

9 product doctrine.

10     Subject to and without waiving the foregoing objections, Plaintiff responds

11 as follows: Plaintiff will make all relevant, unprivileged responsive documents

12 available for inspection.

13

14 **REQUEST FOR PRODUCTION NO. 10:**

15     Any and all DOCUMENTS which refer, reflect or relate to the purpose of the

16 CAPTCHA page on the ticketmaster.com website, including, but not limited to

17 emails, internal memoranda, meeting notes, manuals, handbooks and training

18 materials.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

20     Plaintiff incorporates by reference each and every one of the General

21 Responses and Objections as though fully set forth herein. Plaintiff further objects

22 to this request on the ground that it is overbroad, unduly burdensome and

23 oppressive. Plaintiff further objects to this request on the ground that it seeks the

24 production of documents containing confidential, sensitive, proprietary,

25 commercial, business and financial information. Plaintiff further objects to this

26 request to the extent that it seeks documents protected by attorney-client privilege

27 or the work-product doctrine.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

10

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

167

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make all relevant, non-privileged responsive documents available for inspection under mutually agreeable terms, following entry of a mutually agreeable protective order.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all DOCUMENTS which refer, reflect or relate to any copyrights which YOU own in the ticketmaster.com website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request to the extent it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make all relevant, non-privileged responsive documents pertaining to the copyrights alleged in the operative complaint available for inspection under mutually agreeable terms, following entry of a mutually agreeable protective order.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all DOCUMENTS which refer, reflect or relate to any claim that YOU have made for loss of goodwill from January 1, 2002 to present, including,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                          11        TICKETMASTER L.L.C.'S RESPONSES TO
                                              REQUESTS FOR PRODUCTION (SET ONE)

168

1 | but not limited to corporate tax returns, financial statements and profit and loss

2 | statements.

3 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

4 | Plaintiff incorporates by reference each and every one of the General

5 | Responses and Objections as though fully set forth herein. Plaintiff further objects

6 | to this request because it is vague, ambiguous and unintelligible, including but not

7 | limited to the phrase "any claim that YOU have made for loss of goodwill."

8 | Plaintiff further objects to this request to the extent it seeks information neither

9 | relevant to the subject matter of this litigation nor reasonably calculated to lead to

10 | the discovery of admissible evidence. Plaintiff further objects to this request on the

11 | ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further

12 | objects to this request on the ground that it seeks the production of documents

13 | containing confidential, sensitive, proprietary, commercial, business and financial

14 | information. Plaintiff further objects to this request to the extent that it seeks

15 | documents protected by attorney-client privilege or the work-product doctrine.

16 |

17 | **REQUEST FOR PRODUCTION NO. 13:**

18 | Any and all DOCUMENTS which refer, reflect or relate to any investigation

19 | that YOU have performed regarding the use of "spiders" on the ticketmaster.com

20 | website.

21 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

22 | Plaintiff incorporates by reference each and every one of the General

23 | Responses and Objections as though fully set forth herein. Plaintiff further objects

24 | to this request because it seeks information neither relevant to the subject matter of

25 | this litigation nor reasonably calculated to lead to the discovery of admissible

26 | evidence. Plaintiff further objects to this request because it is vague and

27 | ambiguous. Plaintiff further objects to this request on the ground that it is

28 | overbroad, unduly burdensome and oppressive. Plaintiff further objects to this

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

12

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

169

1    request on the ground that it seeks the production of documents containing

2    confidential, sensitive, proprietary, commercial, business and financial information.

3    Plaintiff further objects to this request to the extent that it seeks documents

4    protected by attorney-client privilege or the work-product doctrine.

5         Subject to and without waiving the foregoing objections, Plaintiff responds

6    as follows:  Plaintiff will make all relevant, non-privileged responsive documents

7    available for inspection under mutually agreeable terms, following entry of a

8    mutually agreeable protective order.

9

10   **REQUEST FOR PRODUCTION NO. 14:**

11         Any and all DOCUMENTS which refer, reflect or relate to any investigation

12    that YOU have performed regarding the use of "robots" on the ticketmaster.com

13    website.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

15         Plaintiff incorporates by reference each and every one of the General

16    Responses and Objections as though fully set forth herein.  Plaintiff further objects

17    to this request because it seeks information neither relevant to the subject matter of

18    this litigation nor reasonably calculated to lead to the discovery of admissible

19    evidence.  Plaintiff further objects to this request because it is vague and

20    ambiguous.  Plaintiff further objects to this request on the ground that it is

21    overbroad, unduly burdensome and oppressive.  Plaintiff further objects to this

22    request on the ground that it seeks the production of documents containing

23    confidential, sensitive, proprietary, commercial, business and financial information.

24    Plaintiff further objects to this request to the extent that it seeks documents

25    protected by attorney-client privilege or the work-product doctrine.

26         Subject to and without waiving the foregoing objections, Plaintiff responds

27    as follows:  Plaintiff will make all relevant, non-privileged responsive documents

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5       13       TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

170

1   available for inspection under mutually agreeable terms, following entry of a

2   mutually agreeable protective order.

3

4   **REQUEST FOR PRODUCTION NO. 15:**

5        Any and all DOCUMENTS which refer, reflect or relate to any investigation

6   that YOU have performed regarding the use of "bots" on the ticketmaster.com web

7   site.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

9        Plaintiff incorporates by reference each and every one of the General

10  Responses and Objections as though fully set forth herein.  Plaintiff further objects

11  to this request because it seeks information neither relevant to the subject matter of

12  this litigation nor reasonably calculated to lead to the discovery of admissible

13  evidence.   Plaintiff further objects to this request because it is vague and

14  ambiguous.   Plaintiff further objects to this request on the ground that it is

15  overbroad, unduly burdensome and oppressive.  Plaintiff further objects to this

16  request on the ground that it seeks the production of documents containing

17  confidential, sensitive, proprietary, commercial, business and financial information.

18  Plaintiff further objects to this request to the extent that it seeks documents

19  protected by attorney-client privilege or the work-product doctrine.

20       Subject to and without waiving the foregoing objections, Plaintiff responds

21  as follows:  Plaintiff will make all relevant, non-privileged responsive documents

22  available for inspection under mutually agreeable terms, following entry of a

23  mutually agreeable protective order.

24

25  **REQUEST FOR PRODUCTION NO. 16:**

26       Any and all DOCUMENTS which refer, reflect or relate to any investigation

27  that YOU have performed regarding the use of "automatic devices" on the

28  ticketmaster.com website.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5             14       TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

/7/

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

2  Plaintiff incorporates by reference each and every one of the General

3  Responses and Objections as though fully set forth herein. Plaintiff further objects

4  to this request because it seeks information neither relevant to the subject matter of

5  this litigation nor reasonably calculated to lead to the discovery of admissible

6  evidence. Plaintiff further objects to this request because it is vague and

7  ambiguous. Plaintiff further objects to this request on the ground that it is

8  overbroad, unduly burdensome and oppressive. Plaintiff further objects to this

9  request on the ground that it seeks the production of documents containing

10  confidential, sensitive, proprietary, commercial, business and financial information.

11  Plaintiff further objects to this request to the extent that it seeks documents

12  protected by attorney-client privilege or the work-product doctrine.

13  Subject to and without waiving the foregoing objections, Plaintiff responds

14  as follows: Plaintiff will make all relevant, non-privileged responsive documents

15  available for inspection under mutually agreeable terms, following entry of a

16  mutually agreeable protective order.

17

18  **REQUEST FOR PRODUCTION NO. 17:**

19  Any and all DOCUMENTS which refer, reflect or relate to any investigation

20  that YOU have performed regarding the use of "automated processes" on the

21  ticketmaster.com website.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

23  Plaintiff incorporates by reference each and every one of the General

24  Responses and Objections as though fully set forth herein. Plaintiff further objects

25  to this request because it seeks information neither relevant to the subject matter of

26  this litigation nor reasonably calculated to lead to the discovery of admissible

27  evidence. Plaintiff further objects to this request because it is vague and

28  ambiguous. Plaintiff further objects to this request on the ground that it is

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    15            TICKETMASTER L.L.C.'S RESPONSES TO
                                            REQUESTS FOR PRODUCTION (SET ONE)

172

1  overbroad, unduly burdensome and oppressive. Plaintiff further objects to this
2  request on the ground that it seeks the production of documents containing
3  confidential, sensitive, proprietary, commercial, business and financial information.
4  Plaintiff further objects to this request to the extent that it seeks documents
5  protected by attorney-client privilege or the work-product doctrine.

6      Subject to and without waiving the foregoing objections, Plaintiff responds
7  as follows: Plaintiff will make all relevant, non-privileged responsive documents
8  available for inspection under mutually agreeable terms, following entry of a
9  mutually agreeable protective order.

10

11  **REQUEST FOR PRODUCTION NO. 18:**

12      Any and all DOCUMENTS which refer, reflect or relate to any investigation
13  that YOU have performed with respect to RMG Technologies, Inc., a Delaware
14  corporation.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

16      Plaintiff incorporates by reference each and every one of the General
17  Responses and Objections as though fully set forth herein. Plaintiff further objects
18  to this request to the extent it seeks information neither relevant to the subject
19  matter of this litigation nor reasonably calculated to lead to the discovery of
20  admissible evidence. Plaintiff further objects to this request on the ground that it is
21  vague and ambiguous. Plaintiff further objects to this request on the ground that it
22  is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this
23  request on the ground that it seeks the production of documents containing
24  confidential, sensitive, proprietary, commercial, business and financial information.
25  Plaintiff further objects to this request to the extent that it seeks documents
26  protected by attorney-client privilege or the work-product doctrine.

27      Subject to and without waiving the foregoing objections, Plaintiff responds
28  as follows: Plaintiff will make all relevant, non-privileged responsive documents

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    16            TICKETMASTER L.L.C.'S RESPONSES TO
                                            REQUESTS FOR PRODUCTION (SET ONE)

173

1    available for inspection under mutually agreeable terms, following entry of a
2    mutually agreeable protective order.

3

4    **REQUEST FOR PRODUCTION NO. 19:**

5        Any and all DOCUMENTS which refer, reflect or relate to RMG
6    Technologies, Inc., a Delaware corporation.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

8        Plaintiff incorporates by reference each and every one of the General
9    Responses and Objections as though fully set forth herein. Plaintiff further objects
10   to this request to the extent that it seeks information neither relevant to the subject
11   matter of this litigation nor reasonably calculated to lead to the discovery of
12   admissible evidence. Plaintiff further objects to this request on the ground that it is
13   vague and ambiguous. Plaintiff further objects to this request on the ground that it
14   is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this
15   request on the ground that it seeks the production of documents containing
16   confidential, sensitive, proprietary, commercial, business and financial information.
17   Plaintiff further objects to this request to the extent that it seeks documents
18   protected by attorney-client privilege or the work-product doctrine.

19       Subject to and without waiving the foregoing objections, Plaintiff responds
20   as follows: Plaintiff will make all relevant, non-privileged responsive documents
21   available for inspection under mutually agreeable terms, following entry of a
22   mutually agreeable protective order.

23

24   **REQUEST FOR PRODUCTION NO. 20:**

25       Any and all DOCUMENTS which refer, reflect or relate to any
26   communications between YOU and Chris Kovach.

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41184987.5

17

*174*

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make all relevant, non-privileged responsive documents available for inspection under mutually agreeable terms, following entry of a mutually agreeable protective order.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all DOCUMENTS which refer, reflect or relate to the settlement agreement between YOU and Chris Kovach, as referenced in YOUR motion for preliminary injunction in this matter.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request to the extent it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

18

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

1    further objects to this request to the extent that it seeks documents protected by

2    attorney-client privilege or the work-product doctrine.

3         Subject to and without waiving the foregoing objections, Plaintiff responds

4    as follows:  Plaintiff will make all relevant, non-privileged responsive documents

5    available for inspection under mutually agreeable terms, following entry of a

6    mutually agreeable protective order.

7

8    **REQUEST FOR PRODUCTION NO. 22:**

9         Any and all DOCUMENTS which refer, reflect or relate to any purchase of

10   tickets that Chris Kovach or anyone on his behalf made on ticketmaster.com prior

11   to May of 2007.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

13        Plaintiff incorporates by reference each and every one of the General

14   Responses and Objections as though fully set forth herein.  Plaintiff further objects

15   to this request to the extent that it seeks information neither relevant to the subject

16   matter of this litigation nor reasonably calculated to lead to the discovery of

17   admissible evidence.  Plaintiff further objects to this request on the ground that it is

18   overbroad, unduly burdensome and oppressive.  Plaintiff further objects to this

19   request on the ground that it seeks the production of documents containing

20   confidential, sensitive, proprietary, commercial, business and financial information.

21   Plaintiff further objects to this request on the ground that it violates the right to

22   privacy of a third party.  Plaintiff further objects to this request to the extent that it

23   seeks documents protected by attorney-client privilege or the work-product

24   doctrine.

25        Subject to and without waiving the foregoing objections, Plaintiff responds

26   as follows:  Plaintiff will make all relevant, non-privileged responsive documents

27   available for inspection under mutually agreeable terms, following entry of a

28   mutually agreeable protective order.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41184987.5

19

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

1

2    **REQUEST FOR PRODUCTION NO. 23:**

3        Any and all DOCUMENTS which refer, reflect or relate to any purchase of

4    tickets that Chris Kovach or anyone on his behalf made on ticketmaster.com

5    subsequent to May of 2007.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

7        Plaintiff incorporates by reference each and every one of the General

8    Responses and Objections as though fully set forth herein. Plaintiff further objects

9    to this request because it seeks information neither relevant to the subject matter of

10    this litigation nor reasonably calculated to lead to the discovery of admissible

11    evidence. Plaintiff further objects to this request on the ground that it seeks the

12    production of documents containing confidential, sensitive, proprietary,

13    commercial, business and financial information. Plaintiff further objects to this

14    request on the ground that it violates the right to privacy of a third party. Plaintiff

15    further objects to this request to the extent that it seeks documents protected by

16    attorney-client privilege or the work-product doctrine.

17

18    **REQUEST FOR PRODUCTION NO. 24:**

19        Any and all DOCUMENTS which refer, reflect or relate to the first time

20    YOU learned that RMG's devices were allegedly being used on ticketmaster.com.

21    **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

22        Plaintiff incorporates by reference each and every one of the General

23    Responses and Objections as though fully set forth herein. Plaintiff further objects

24    to this request to the extent that it seeks information neither relevant to the subject

25    matter of this litigation nor reasonably calculated to lead to the discovery of

26    admissible evidence. Plaintiff further objects to this request on the ground that it is

27    vague and ambiguous, including but not limited to the phrase "RMG's devices."

28    Plaintiff further objects to this request on the ground that it seeks the production of

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                                    20                TICKETMASTER L.L.C.'S RESPONSES TO
                                                                REQUESTS FOR PRODUCTION (SET ONE)

172

1  documents containing confidential, sensitive, proprietary, commercial, business and

2  financial information. Plaintiff further objects to this request to the extent that it

3  seeks documents protected by attorney-client privilege or the work-product

4  doctrine.

5  Subject to and without waiving the foregoing objections, Plaintiff responds

6  as follows: Plaintiff will make all relevant, non-privileged responsive documents

7  available for inspection under mutually agreeable terms, following entry of a

8  mutually agreeable protective order.

9

10  **REQUEST FOR PRODUCTION NO. 25:**

11  Any and all DOCUMENTS which refer, reflect or relate to any technological

12  measure that YOU have taken to stop the use of "spiders" on the ticketmaster.com

13  website.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

15  Plaintiff incorporates by reference each and every one of the General

16  Responses and Objections as though fully set forth herein. Plaintiff further objects

17  to this request because it seeks information neither relevant to the subject matter of

18  this litigation nor reasonably calculated to lead to the discovery of admissible

19  evidence. Plaintiff further objects to this request on the ground that it is overbroad,

20  unduly burdensome and oppressive. Plaintiff further objects to this request on the

21  ground that it seeks the production of documents containing confidential, sensitive,

22  proprietary, commercial, business and financial information. Plaintiff further

23  objects to this request to the extent that it seeks documents protected by attorney-

24  client privilege or the work-product doctrine.

25  Subject to and without waiving the foregoing objections, Plaintiff responds

26  as follows: Plaintiff will make all relevant, non-privileged responsive documents

27  available for inspection under mutually agreeable terms, following entry of a

28  mutually agreeable protective order.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

21

*1 78*

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

1

2 **REQUEST FOR PRODUCTION NO. 26:**

3    Any and all DOCUMENTS which refer, reflect or relate to any technological

4 measure that YOU have taken to stop the use of "robots" on the ticketmaster.com

5 website.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

7    Plaintiff incorporates by reference each and every one of the General

8 Responses and Objections as though fully set forth herein.  Plaintiff further objects

9 to this request because it seeks information neither relevant to the subject matter of

10 this litigation nor reasonably calculated to lead to the discovery of admissible

11 evidence.  Plaintiff further objects to this request on the ground that it is overbroad,

12 unduly burdensome and oppressive.  Plaintiff further objects to this request on the

13 ground that it seeks the production of documents containing confidential, sensitive,

14 proprietary, commercial, business and financial information.   Plaintiff further

15 objects to this request to the extent that it seeks documents protected by attorney-

16 client privilege or the work-product doctrine.

17    Subject to and without waiving the foregoing objections, Plaintiff responds

18 as follows:  Plaintiff will make all relevant, non-privileged responsive documents

19 available for inspection under mutually agreeable terms, following entry of a

20 mutually agreeable protective order.

21

22 **REQUEST FOR PRODUCTION NO. 27:**

23    Any and all DOCUMENTS which refer, reflect or relate to any technological

24 measure that YOU have taken to stop the use of "bots" on the ticketmaster.com

25 website.

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    22           TICKETMASTER L.L.C.'S RESPONSES TO
                                           REQUESTS FOR PRODUCTION (SET ONE)

179

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

2   Plaintiff incorporates by reference each and every one of the General
3   Responses and Objections as though fully set forth herein. Plaintiff further objects
4   to this request because it seeks information neither relevant to the subject matter of
5   this litigation nor reasonably calculated to lead to the discovery of admissible
6   evidence. Plaintiff further objects to this request on the ground that it is overbroad,
7   unduly burdensome and oppressive. Plaintiff further objects to this request on the
8   ground that it seeks the production of documents containing confidential, sensitive,
9   proprietary, commercial, business and financial information. Plaintiff further
10  objects to this request to the extent that it seeks documents protected by attorney-
11  client privilege or the work-product doctrine.

12  Subject to and without waiving the foregoing objections, Plaintiff responds
13  as follows: Plaintiff will make all relevant, non-privileged responsive documents
14  available for inspection under mutually agreeable terms, following entry of a
15  mutually agreeable protective order.

16

17  **REQUEST FOR PRODUCTION NO. 28:**

18  Any and all DOCUMENTS which refer, reflect or relate to any technological
19  measure that YOU have taken to stop the use of "automatic devices" on the
20  ticketmaster.com website.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

22  Plaintiff incorporates by reference each and every one of the General
23  Responses and Objections as though fully set forth herein. Plaintiff further objects
24  to this request because it seeks information neither relevant to the subject matter of
25  this litigation nor reasonably calculated to lead to the discovery of admissible
26  evidence. Plaintiff further objects to this request on the ground that it is overbroad,
27  unduly burdensome and oppressive. Plaintiff further objects to this request on the
28  ground that it seeks the production of documents containing confidential, sensitive,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                          23          TICKETMASTER L.L.C.'S RESPONSES TO
                                                REQUESTS FOR PRODUCTION (SET ONE)

180

1   proprietary, commercial, business and financial information.    Plaintiff further

2   objects to this request to the extent that it seeks documents protected by attorney-

3   client privilege or the work-product doctrine.

4         Subject to and without waiving the foregoing objections, Plaintiff responds

5   as follows:  Plaintiff will make all relevant, non-privileged responsive documents

6   available for inspection under mutually agreeable terms, following entry of a

7   mutually agreeable protective order.

8

9   **REQUEST FOR PRODUCTION NO. 29:**

10        Any and all DOCUMENTS which refer, reflect or relate to any technological

11  measure that YOU have taken to stop the use of "automated processes" on the

12  ticketmaster.com website.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

14        Plaintiff incorporates by reference each and every one of the General

15  Responses and Objections as though fully set forth herein.  Plaintiff further objects

16  to this request because it seeks information neither relevant to the subject matter of

17  this litigation nor reasonably calculated to lead to the discovery of admissible

18  evidence.  Plaintiff further objects to this request on the ground that it is overbroad,

19  unduly burdensome and oppressive.  Plaintiff further objects to this request on the

20  ground that it seeks the production of documents containing confidential, sensitive,

21  proprietary, commercial, business and financial information.    Plaintiff further

22  objects to this request to the extent that it seeks documents protected by attorney-

23  client privilege or the work-product doctrine.

24        Subject to and without waiving the foregoing objections, Plaintiff responds

25  as follows:  Plaintiff will make all relevant, non-privileged responsive documents

26  available for inspection under mutually agreeable terms, following entry of a

27  mutually agreeable protective order.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                                24                TICKETMASTER L.L.C.'S RESPONSES TO
                                                           REQUESTS FOR PRODUCTION (SET ONE)

181

1    **REQUEST FOR PRODUCTION NO. 30:**

2        Any and all DOCUMENTS which refer, reflect or relate to any measures

3    YOU took to calculate the actual damages that YOU would incur in the event that a

4    user of ticketmaster.com accessed more than 1,000 pages of the ticketmaster.com

5    website in any twenty four (24) hour period.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

7        Plaintiff incorporates by reference each and every one of the General

8    Responses and Objections as though fully set forth herein. Plaintiff further objects

9    to this request on the ground that it is compound, overbroad, unduly burdensome

10   and oppressive. Plaintiff further objects to this request on the ground that it is

11   vague and ambiguous, including but not limited to the phrase "any measures YOU

12   took". Plaintiff further objects to this request on the ground that it seeks the

13   production of documents containing confidential, sensitive, proprietary,

14   commercial, business and financial information. Plaintiff further objects to this

15   request to the extent that it seeks documents protected by attorney-client privilege

16   or the work-product doctrine.

17       Subject to and without waiving the foregoing objections, Plaintiff responds

18   as follows: Plaintiff has conducted a diligent search and reasonable inquiry during

19   its effort to comply with this Request and has no non-privileged documents

20   currently within its possession, custody or control that are responsive to this

21   Request.

22

23   **REQUEST FOR PRODUCTION NO. 31:**

24       Any and all DOCUMENTS which refer, reflect or relate to the identity of

25   any PERSON who performed any calculation on YOUR behalf as to the actual

26   damages that YOU would incur in the event that a user of ticketmaster.com

27   accessed more than 1,000 pages of the ticketmaster.com website in any twenty four

28   (24) hour period.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

25

182

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request on the ground that it is compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not limited to the phrase "reflect or relate to the identity of". Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff has conducted a diligent search and reasonable inquiry during its effort to comply with this Request and has no non-privileged documents currently within its possession, custody or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all DOCUMENTS which refer, reflect or relate to any monies that YOU have spent on technological measures that YOU have taken to stop the use of spiders, robots, bots, automatic devices or automated processes on the ticketmaster.com website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                                   26                    TICKETMASTER L.L.C.'S RESPONSES TO
                                                                   REQUESTS FOR PRODUCTION (SET ONE)

183

1   vague and ambiguous, including but not limited to the phrase "refer, reflect or relate

2   to any monies".  Plaintiff further objects to this request on the ground that it is

3   compound, overbroad, unduly burdensome and oppressive.  Plaintiff further objects

4   to this request on the ground that it seeks the production of documents containing

5   confidential, sensitive, proprietary, commercial, business and financial information.

6   Plaintiff further objects to this request to the extent that it seeks documents

7   protected by attorney-client privilege or the work-product doctrine.

8   　　　Subject to and without waiving the foregoing objections, Plaintiff responds

9   as follows:  Plaintiff will make all relevant, non-privileged responsive documents

10  available for inspection under mutually agreeable terms, following entry of a

11  mutually agreeable protective order.

12

13  **REQUEST FOR PRODUCTION NO. 33:**

14  　　　Any and all DOCUMENTS which refer, reflect or relate to any PERSON

15  who YOU have employed, either as an employee or an independent contractor, in

16  an attempt to stop the use of spiders, robots, bots, automated devices or automated

17  processes on the ticketmaster.com website.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

19  　　　Plaintiff incorporates by reference each and every one of the General

20  Responses and Objections as though fully set forth herein.  Plaintiff further objects

21  to this request on the ground that it is vague and ambiguous, including but not

22  limited to the phrase "employed . . . in an attempt".    Plaintiff further objects to

23  this request to the extent that it lacks foundation.  Plaintiff further objects to this

24  request on the ground that it is overbroad, unduly burdensome and oppressive.

25  Plaintiff further objects to this request on the ground that it seeks the production of

26  documents containing confidential, sensitive, proprietary, commercial, business and

27  financial information.  Plaintiff further objects to this request on the ground that it

28  violates the right to privacy of a third party.  Plaintiff further objects to this request

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

27

184

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

1  to the extent that it seeks documents protected by attorney-client privilege or the
2  work-product doctrine.

3

4  **REQUEST FOR PRODUCTION NO. 34:**

5  Any and all DOCUMENTS which refer, reflect or relate to any money that
6  you have paid to any PERSON who YOU have employed, either as an employee or
7  an independent contractor, in an attempt to stop the use of spiders, robots, bots,
8  automated devices or automated processes on the ticketmaster.com website.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

10  Plaintiff incorporates by reference each and every one of the General
11  Responses and Objections as though fully set forth herein. Plaintiff further objects
12  to this request on the ground that it is vague and ambiguous, including but not
13  limited to the phrases "refer, reflect or relate to any money" and "employed . . . in
14  an attempt". Plaintiff further objects to this request to the extent that it lacks
15  foundation. Plaintiff further objects to this request on the ground that it is
16  compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects
17  to this request on the ground that it seeks the production of documents containing
18  confidential, sensitive, proprietary, commercial, business and financial information.
19  Plaintiff further objects to this request on the ground that it violates the right to
20  privacy of a third party. Plaintiff further objects to this request to the extent that it
21  seeks documents protected by attorney-client privilege or the work-product
22  doctrine.

23  Subject to and without waiving the foregoing objections, Plaintiff responds
24  as follows: Plaintiff will make all relevant, non-privileged responsive documents
25  available for inspection under mutually agreeable terms, following entry of a
26  mutually agreeable protective order.

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

**REQUEST FOR PRODUCTION NO. 35:**

Any and all DOCUMENTS which refer, reflect or relate to any complaints that any of YOUR CLIENTS have made to YOU regarding the use of spiders, robots, bots, automated devices or automated processes on the ticketmaster.com website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not limited to the term "complaints". Plaintiff further objects to this request on the ground that it is compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make all relevant, non-privileged responsive documents available for inspection under mutually agreeable terms, following entry of a mutually agreeable protective order.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all DOCUMENTS which refer, reflect or relate to any complaints that any of YOUR CLIENTS have made to YOU regarding YOUR inability to distribute tickets in a fair and equitable manner.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41184987.5

29

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

186

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not limited to the term "complaints". Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request to the extent that it lacks foundation. Plaintiff further objects to this request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make all relevant, non-privileged responsive documents available for inspection under mutually agreeable terms, following entry of a mutually agreeable protective order.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all DOCUMENTS which refer, reflect or relate to any complaints that any of YOUR CUSTOMERS have made to YOU regarding YOUR inability to distribute tickets in a fair and equitable manner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

30

189

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

1  limited to the term "complaints". Plaintiff further objects to this request to the

2  extent that it lacks foundation. Plaintiff further objects to this request to the extent

3  that it seeks information neither relevant to the subject matter of this litigation nor

4  reasonably calculated to lead to the discovery of admissible evidence. Plaintiff

5  further objects to this request on the ground that it is overbroad, unduly burdensome

6  and oppressive. Plaintiff further objects to this request on the ground that it seeks

7  the production of documents containing confidential, sensitive, proprietary,

8  commercial, business and financial information. Plaintiff further objects to this

9  request on the ground that it violates the right to privacy of a third party. Plaintiff

10 further objects to this request to the extent that it seeks documents protected by

11 attorney-client privilege or the work-product doctrine.

12      Subject to and without waiving the foregoing objections, Plaintiff responds

13 as follows:  Plaintiff will make all relevant, non-privileged responsive documents

14 available for inspection under mutually agreeable terms, following entry of a

15 mutually agreeable protective order.

16

17 **REQUEST FOR PRODUCTION NO. 38:**

18      Any and all DOCUMENTS which refer, reflect or relate to the number of

19 tickets available for retail sale for each concert on the "Hannah Montana & Miley

20 Cyrus: Best of Both Worlds Tour" from January 1, 2007 through February 2008.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

22      Plaintiff incorporates by reference each and every one of the General

23 Responses and Objections as though fully set forth herein. Plaintiff further objects

24 to this request because it seeks information neither relevant to the subject matter of

25 this litigation nor reasonably calculated to lead to the discovery of admissible

26 evidence. Plaintiff further objects to this request on the ground that it is vague and

27 ambiguous, including but not limited to the phrase "number of tickets available for

28 retail sale".  Plaintiff further objects to this request on the ground that it is

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    31                TICKETMASTER L.L.C.'S RESPONSES TO
                                                REQUESTS FOR PRODUCTION (SET ONE)

188

1    compound, overbroad, unduly burdensome and oppressive.  Plaintiff further objects

2    to this request on the ground that it seeks the production of documents containing

3    confidential, sensitive, proprietary, commercial, business and financial information.

4    Plaintiff further objects to this request to the extent that it seeks documents

5    protected by attorney-client privilege or the work-product doctrine.

6            Subject to and without waiving the foregoing objections, Plaintiff responds

7    as follows:  Plaintiff will make all relevant, non-privileged responsive documents

8    available for inspection under mutually agreeable terms, following entry of a

9    mutually agreeable protective order.

10

11   **REQUEST FOR PRODUCTION NO. 39:**

12           Any and all DOCUMENTS which refer, reflect or relate to the number of

13   tickets available for retail sale to fan club members for each concert on the "Hannah

14   Montana & Miley Cyrus: Best of Both Worlds Tour" from January 1, 2007 through

15   February 2008.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

17           Plaintiff incorporates by reference each and every one of the General

18   Responses and Objections as though fully set forth herein.  Plaintiff further objects

19   to this request because it seeks information neither relevant to the subject matter of

20   this litigation nor reasonably calculated to lead to the discovery of admissible

21   evidence.  Plaintiff further objects to this request on the ground that it is vague and

22   ambiguous, including but not limited to the phrase "number of tickets available for

23   retail sale".   Plaintiff further objects to this request on the ground that it is

24   compound, overbroad, unduly burdensome and oppressive.  Plaintiff further objects

25   to this request on the ground that it seeks the production of documents containing

26   confidential, sensitive, proprietary, commercial, business and financial information.

27   Plaintiff further objects to this request to the extent that it seeks documents

28   protected by attorney-client privilege or the work-product doctrine.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                              32              TICKETMASTER L.L.C.'S RESPONSES TO
                                                        REQUESTS FOR PRODUCTION (SET ONE)

189

1    Subject to and without waiving the foregoing objections, Plaintiff responds

2    as follows:  Plaintiff will make all relevant, non-privileged responsive documents

3    available for inspection under mutually agreeable terms, following entry of a

4    mutually agreeable protective order.

5

6    **REQUEST FOR PRODUCTION NO. 40:**

7    Any and all DOCUMENTS which refer, reflect or relate to the number of

8    tickets available for retail sale to the general public for each concert on the "Hannah

9    Montana & Miley Cyrus: Best of Both Worlds Tour" from January 1, 2007 through

10   February 2008.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

12   Plaintiff incorporates by reference each and every one of the General

13   Responses and Objections as though fully set forth herein.  Plaintiff further objects

14   to this request because it seeks information neither relevant to the subject matter of

15   this litigation nor reasonably calculated to lead to the discovery of admissible

16   evidence.  Plaintiff further objects to this request on the ground that it is vague and

17   ambiguous, including but not limited to the phrases "number of tickets available for

18   retail sale" and "general public".  Plaintiff further objects to this request on the

19   ground that it is compound, overbroad, unduly burdensome and oppressive.

20   Plaintiff further objects to this request on the ground that it seeks the production of

21   documents containing confidential, sensitive, proprietary, commercial, business and

22   financial information.  Plaintiff further objects to this request to the extent that it

23   seeks documents protected by attorney-client privilege or the work-product

24   doctrine.

25   Subject to and without waiving the foregoing objections, Plaintiff responds

26   as follows:  Plaintiff will make all relevant, non-privileged responsive documents

27   available for inspection under mutually agreeable terms, following entry of a

28   mutually agreeable protective order.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                          33          TICKETMASTER L.L.C.'S RESPONSES TO
                                                REQUESTS FOR PRODUCTION (SET ONE)

190

1

2 **REQUEST FOR PRODUCTION NO. 41:**

3      Any and all DOCUMENTS which refer, reflect or relate to the number of

4 tickets retained by Miley Cyrus for each concert on the "Hannah Montana & Miley

5 Cyrus: Best of Both Worlds Tour" from January 1, 2007 through February 2008.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

7      Plaintiff incorporates by reference each and every one of the General

8 Responses and Objections as though fully set forth herein. Plaintiff further objects

9 to this request because it seeks information neither relevant to the subject matter of

10 this litigation nor reasonably calculated to lead to the discovery of admissible

11 evidence. Plaintiff further objects to this request on the ground that it is vague and

12 ambiguous, including but not limited to the term "retained". Plaintiff further

13 objects to this request on the ground that it is compound, overbroad, unduly

14 burdensome and oppressive. Plaintiff further objects to this request on the ground

15 that it seeks the production of documents containing confidential, sensitive,

16 proprietary, commercial, business and financial information.   Plaintiff further

17 objects to this request to the extent that it seeks documents protected by attorney-

18 client privilege or the work-product doctrine.

19      Subject to and without waiving the foregoing objections, Plaintiff responds

20 as follows: Plaintiff has conducted a diligent search and reasonable inquiry during

21 its effort to comply with this Request and has no documents currently within its

22 possession, custody or control that are responsive to this Request.

23

24 **REQUEST FOR PRODUCTION NO. 42:**

25      Any and all DOCUMENTS which refer, reflect or relate to the number of

26 tickets retained by the promoters of the "Hannah Montana & Miley Cyrus: Best of

27 Both Worlds Tour" for all concerts of the tour from January 1, 2007 through

28 February 2008.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41184987.5

34

191

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

2         Plaintiff incorporates by reference each and every one of the General

3    Responses and Objections as though fully set forth herein. Plaintiff further objects

4    to this request because it seeks information neither relevant to the subject matter of

5    this litigation nor reasonably calculated to lead to the discovery of admissible

6    evidence. Plaintiff further objects to this request on the ground that it is vague and

7    ambiguous, including but not limited to the term "retained". Plaintiff further

8    objects to this request on the ground that it is compound, overbroad, unduly

9    burdensome and oppressive. Plaintiff further objects to this request on the ground

10   that it seeks the production of documents containing confidential, sensitive,

11   proprietary, commercial, business and financial information. Plaintiff further

12   objects to this request to the extent that it seeks documents protected by attorney-

13   client privilege or the work-product doctrine.

14        Subject to and without waiving the foregoing objections, Plaintiff responds

15   as follows: Plaintiff has conducted a diligent search and reasonable inquiry during

16   its effort to comply with this Request and has no documents currently within its

17   possession, custody or control that are responsive to this Request.

18

19   **REQUEST FOR PRODUCTION NO. 43:**

20        Any and all DOCUMENTS which refer, reflect or relate to the number of

21   tickets retained by the venues where the "Hannah Montana & Miley Cyrus: Best of

22   Both Worlds Tour" occurred for all concerts of the tour from January 1, 2007

23   through February 2008.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

25        Plaintiff incorporates by reference each and every one of the General

26   Responses and Objections as though fully set forth herein. Plaintiff further objects

27   to this request because it seeks information neither relevant to the subject matter of

28   this litigation nor reasonably calculated to lead to the discovery of admissible

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

35

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

192

1    evidence.  Plaintiff further objects to this request on the ground that it is vague and
2    ambiguous, including but not limited to the term "retained".  Plaintiff further
3    objects to this request on the ground that it is compound, overbroad, unduly
4    burdensome and oppressive.  Plaintiff further objects to this request on the ground
5    that it seeks the production of documents containing confidential, sensitive,
6    proprietary, commercial, business and financial information.  Plaintiff further
7    objects to this request to the extent that it seeks documents protected by attorney-
8    client privilege or the work-product doctrine.

9        Subject to and without waiving the foregoing objections, Plaintiff responds
10   as follows:  Plaintiff has conducted a diligent search and reasonable inquiry during
11   its effort to comply with this Request and has no documents currently within its
12   possession, custody or control that are responsive to this Request.

13

14   **REQUEST FOR PRODUCTION NO. 44:**

15       Any and all DOCUMENTS which refer, reflect or relate to all tickets to the
16   "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour" which YOU sold on
17   the auction portion of the ticketmaster.com website from January 1, 2007 to
18   present.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

20       Plaintiff incorporates by reference each and every one of the General
21   Responses and Objections as though fully set forth herein.  Plaintiff further objects
22   to this request because it seeks information neither relevant to the subject matter of
23   this litigation nor reasonably calculated to lead to the discovery of admissible
24   evidence.  Plaintiff further objects to this request on the ground that it is overbroad,
25   unduly burdensome and oppressive.  Plaintiff further objects to this request on the
26   ground that it seeks the production of documents containing confidential, sensitive,
27   proprietary, commercial, business and financial information.  Plaintiff further
28   objects to this request to the extent that it seeks documents protected by attorney-

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41184987.5                    36                TICKETMASTER L.L.C.'S RESPONSES TO
                                                REQUESTS FOR PRODUCTION (SET ONE)

193

1   client privilege or the work-product doctrine. Plaintiff further objects to this

2   request on the grounds that it is premature at this time, given Plaintiff's pending

3   motion to dismiss Defendant's counter-claim.

4       Subject to and without waiving the foregoing objections, Plaintiff responds

5   as follows: Plaintiff will make all relevant, non-privileged responsive documents

6   available for inspection under mutually agreeable terms, following entry of a

7   mutually agreeable protective order.

8

9   **REQUEST FOR PRODUCTION NO. 45:**

10      Any and all DOCUMENTS which refer, reflect or relate to the price of each

11  ticket to the "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour" which

12  YOU sold on the auction portion of the ticketmaster.com website from January 1,

13  2007 to present.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

15      Plaintiff incorporates by reference each and every one of the General

16  Responses and Objections as though fully set forth herein. Plaintiff further objects

17  to this request because it seeks information neither relevant to the subject matter of

18  this litigation nor reasonably calculated to lead to the discovery of admissible

19  evidence. Plaintiff further objects to this request on the ground that it is overbroad,

20  unduly burdensome and oppressive. Plaintiff further objects to this request on the

21  ground that it seeks the production of documents containing confidential, sensitive,

22  proprietary, commercial, business and financial information. Plaintiff further

23  objects to this request to the extent that it seeks documents protected by attorney-

24  client privilege or the work-product doctrine.

25      Subject to and without waiving the foregoing objections, Plaintiff responds

26  as follows: Plaintiff will make all relevant, non-privileged responsive documents

27  available for inspection under mutually agreeable terms, following entry of a

28  mutually agreeable protective order.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                               37          TICKETMASTER L.L.C.'S RESPONSES TO
                                                      REQUESTS FOR PRODUCTION (SET ONE)

194

1

2 **REQUEST FOR PRODUCTION NO. 46:**

3      Any and all DOCUMENTS which refer, reflect or relate to all tickets to the

4 "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour" which were sold on

5 TicketExchange portion of the ticketmaster.com website from January 1, 2007 to

6 present.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

8      Plaintiff incorporates by reference each and every one of the General

9 Responses and Objections as though fully set forth herein. Plaintiff further objects

10 to this request because it seeks information neither relevant to the subject matter of

11 this litigation nor reasonably calculated to lead to the discovery of admissible

12 evidence. Plaintiff further objects to this request on the ground that it is overbroad,

13 unduly burdensome and oppressive. Plaintiff further objects to this request on the

14 ground that it seeks the production of documents containing confidential, sensitive,

15 proprietary, commercial, business and financial information. Plaintiff further

16 objects to this request to the extent that it seeks documents protected by attorney-

17 client privilege or the work-product doctrine. Plaintiff further objects to this

18 request on the grounds that it is premature, given Plaintiff's pending motion to

19 dismiss Defendant's counterclaim.

20

21 **REQUEST FOR PRODUCTION NO. 47:**

22      Any and all DOCUMENTS which refer, reflect or relate to all convenience

23 charges YOU were paid as a result of sales on the TicketExchange portion of the

24 ticketmaster.com website for the "Hannah Montana & Miley Cyrus: Best of Both

25 Worlds Tour" from January 1, 2007 to present.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

27      Plaintiff incorporates by reference each and every one of the General

28 Responses and Objections as though fully set forth herein. Plaintiff further objects

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    38                TICKETMASTER L.L.C.'S RESPONSES TO
                                                REQUESTS FOR PRODUCTION (SET ONE)

1   to this request because it seeks information neither relevant to the subject matter of

2   this litigation nor reasonably calculated to lead to the discovery of admissible

3   evidence.  Plaintiff further objects to this request on the ground that it is overbroad,

4   unduly burdensome and oppressive.  Plaintiff further objects to this request on the

5   ground that it seeks the production of documents containing confidential, sensitive,

6   proprietary, commercial, business and financial information.   Plaintiff further

7   objects to this request to the extent that it seeks documents protected by attorney-

8   client privilege or the work-product doctrine.   Plaintiff further objects to this

9   request on the grounds that it is premature, given Plaintiff's pending motion to

10  dismiss Defendant's counterclaim.

11

12  **REQUEST FOR PRODUCTION NO. 48:**

13        Any and all DOCUMENTS which refer, reflect or relate to any agreements

14  you had with any PERSON to sell tickets to the "Hannah Montana & Miley Cyrus:

15  Best of Both Worlds Tour."

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

17        Plaintiff incorporates by reference each and every one of the General

18  Responses and Objections as though fully set forth herein.  Plaintiff further objects

19  to this request because it seeks information neither relevant to the subject matter of

20  this litigation nor reasonably calculated to lead to the discovery of admissible

21  evidence.  Plaintiff further objects to this request on the ground that it is overbroad,

22  unduly burdensome and oppressive.  Plaintiff further objects to this request on the

23  ground that it seeks the production of documents containing confidential, sensitive,

24  proprietary, commercial, business and financial information.   Plaintiff further

25  objects to this request on the ground that it violates the right to privacy of a third

26  party.  Plaintiff further objects to this request to the extent that it seeks documents

27  protected by attorney-client privilege or the work-product doctrine.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    39        TICKETMASTER L.L.C.'S RESPONSES TO
                                        REQUESTS FOR PRODUCTION (SET ONE)

194

1   **REQUEST FOR PRODUCTION NO. 49:**

2      Any and all DOCUMENTS which refer, reflect or relate to any tickets

3   purchased by or on behalf of Thomas J. Prior on the ticketmaster.com website from

4   February 1, 2007 to present.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

6      Plaintiff incorporates by reference each and every one of the General

7   Responses and Objections as though fully set forth herein.  Plaintiff further objects

8   to this request to the extent that it seeks information neither relevant to the subject

9   matter of this litigation nor reasonably calculated to lead to the discovery of

10  admissible evidence.  Plaintiff further objects to this request on the ground that it is

11  overbroad, unduly burdensome and oppressive.  Plaintiff further objects to this

12  request on the ground that it seeks the production of documents containing

13  confidential, sensitive, proprietary, commercial, business and financial information.

14  Plaintiff further objects to this request on the ground that it violates the right to

15  privacy of a third party.  Plaintiff further objects to this request to the extent that it

16  seeks documents protected by attorney-client privilege or the work-product

17  doctrine.

18      Subject to and without waiving the foregoing objections, Plaintiff responds

19  as follows:  Plaintiff will make all relevant, non-privileged responsive documents

20  available for inspection under mutually agreeable terms, following entry of a

21  mutually agreeable protective order.

22

23  **REQUEST FOR PRODUCTION NO. 50:**

24      Any and all DOCUMENTS which refer, reflect or relate to any tickets

25  purchased by or on behalf of Gary Charles Bonner on the ticketmaster.com website

26  from February 1, 2007 to present.

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

2       Plaintiff incorporates by reference each and every one of the General

3   Responses and Objections as though fully set forth herein. Plaintiff further objects

4   to this request to the extent that it seeks information neither relevant to the subject

5   matter of this litigation nor reasonably calculated to lead to the discovery of

6   admissible evidence. Plaintiff further objects to this request on the ground that it is

7   overbroad, unduly burdensome and oppressive. Plaintiff further objects to this

8   request on the ground that it seeks the production of documents containing

9   confidential, sensitive, proprietary, commercial, business and financial information.

10  Plaintiff further objects to this request on the ground that it violates the right to

11  privacy of a third party. Plaintiff further objects to this request to the extent that it

12  seeks documents protected by attorney-client privilege or the work-product

13  doctrine.

14      Subject to and without waiving the foregoing objections, Plaintiff responds

15  as follows: Plaintiff will make all relevant, non-privileged responsive documents

16  available for inspection under mutually agreeable terms, following entry of a

17  mutually agreeable protective order.

18

19  **REQUEST FOR PRODUCTION NO. 51:**

20      Any and all DOCUMENTS which refer, reflect or relate to any tickets

21  purchased by or on behalf of Designer Tickets on the ticketmaster.com website

22  from February 1, 2007 to present.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

24      Plaintiff incorporates by reference each and every one of the General

25  Responses and Objections as though fully set forth herein. Plaintiff further objects

26  to this request to the extent that it seeks information neither relevant to the subject

27  matter of this litigation nor reasonably calculated to lead to the discovery of

28  admissible evidence. Plaintiff further objects to this request on the ground that it is

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

41

198

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

1    overbroad, unduly burdensome and oppressive. Plaintiff further objects to this
2    request on the ground that it seeks the production of documents containing
3    confidential, sensitive, proprietary, commercial, business and financial information.
4    Plaintiff further objects to this request on the ground that it violates the right to
5    privacy of a third party. Plaintiff further objects to this request to the extent that it
6    seeks documents protected by attorney-client privilege or the work-product
7    doctrine.

8

9    **REQUEST FOR PRODUCTION NO. 52:**

10        Any and all DOCUMENTS which refer, reflect or relate to any
11    communications that YOU have had with Barry's Tickets, located in Los Angeles,
12    California, regarding the possible sale of the Barry's Tickets business to YOU.

13    **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

14        Plaintiff incorporates by reference each and every one of the General
15    Responses and Objections as though fully set forth herein. Plaintiff further objects
16    to this request because it seeks information neither relevant to the subject matter of
17    this litigation nor reasonably calculated to lead to the discovery of admissible
18    evidence. Plaintiff further objects to this request on the ground that it lacks
19    foundation. Plaintiff further objects to this request on the ground that it violates the
20    right to privacy of a third party. Plaintiff further objects to this request on the
21    grounds that it is premature, given Plaintiff's pending motion to dismiss
22    Defendant's counterclaim.

23

24    **REQUEST FOR PRODUCTION NO. 53:**

25        Any and all DOCUMENTS which refer, reflect or relate to any
26    communications that YOU have had with Sea Coast Ticket Agency, Inc. located in
27    Portsmouth, New Hampshire, regarding the possible sale of the Sea Coast Ticket
28    Agency business to YOU.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                          42              TICKETMASTER L.L.C.'S RESPONSES TO
                                                    REQUESTS FOR PRODUCTION (SET ONE)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

2       Plaintiff incorporates by reference each and every one of the General

3  Responses and Objections as though fully set forth herein. Plaintiff further objects

4  to this request because it seeks information neither relevant to the subject matter of

5  this litigation nor reasonably calculated to lead to the discovery of admissible

6  evidence. Plaintiff further objects to this request on the ground that it lacks

7  foundation. Plaintiff further objects to this request on the ground that it violates the

8  right to privacy of a third party. Plaintiff further objects to this request on the

9  grounds that it is premature, given Plaintiff's pending motion to dismiss

10  Defendant's counterclaim.

11

12  **REQUEST FOR PRODUCTION NO. 54:**

13       Any and all DOCUMENTS which refer, reflect or relate to any

14  communications that YOU have had with Total Travel and Tickets in Florida

15  regarding the possible sale of the Total Travel and Tickets business to YOU.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

17       Plaintiff incorporates by reference each and every one of the General

18  Responses and Objections as though fully set forth herein. Plaintiff further objects

19  to this request because it seeks information neither relevant to the subject matter of

20  this litigation nor reasonably calculated to lead to the discovery of admissible

21  evidence. Plaintiff further objects to this request on the ground that it lacks

22  foundation. Plaintiff further objects to this request on the ground that it violates the

23  right to privacy of a third party. Plaintiff further objects to this request on the

24  grounds that it is premature, given Plaintiff's pending motion to dismiss

25  Defendant's counterclaim.

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

43

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

1   **REQUEST FOR PRODUCTION NO. 55:**

2       Any and all DOCUMENTS which refer, reflect or relate to any

3   communications that YOU have had with Admit One, located in New York, new

4   York regarding the possible sale of the Admit One business to YOU.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

6       Plaintiff incorporates by reference each and every one of the General

7   Responses and Objections as though fully set forth herein. Plaintiff further objects

8   to this request because it seeks information neither relevant to the subject matter of

9   this litigation nor reasonably calculated to lead to the discovery of admissible

10  evidence. Plaintiff further objects to this request on the ground that it lacks

11  foundation. Plaintiff further objects to this request on the ground that it violates the

12  right to privacy of a third party. Plaintiff further objects to this request on the

13  grounds that it is premature, given Plaintiff's pending motion to dismiss

14  Defendant's counterclaim.

15

16  **REQUEST FOR PRODUCTION NO. 56:**

17      Any and all DOCUMENTS which refer, reflect or relate to any

18  communications that YOU have had with As Off Music regarding the possible sale

19  of the As Off Music business to YOU.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

21      Plaintiff incorporates by reference each and every one of the General

22  Responses and Objections as though fully set forth herein. Plaintiff further objects

23  to this request because it seeks information neither relevant to the subject matter of

24  this litigation nor reasonably calculated to lead to the discovery of admissible

25  evidence. Plaintiff further objects to this request on the ground that it lacks

26  foundation. Plaintiff further objects to this request on the ground that it violates the

27  right to privacy of a third party. Plaintiff further objects to this request on the

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

44

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

201

1    grounds that it is premature, given Plaintiff's pending motion to dismiss

2    Defendant's counterclaim.

3

4    **REQUEST FOR PRODUCTION NO. 57:**

5         Any and all DOCUMENTS which refer, reflect or relate to any tickets that

6    YOU have sold to Barry's Tickets in Los Angeles, California from January 1, 2007

7    to present.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

9         Plaintiff incorporates by reference each and every one of the General

10   Responses and Objections as though fully set forth herein. Plaintiff further objects

11   to this request because it seeks information neither relevant to the subject matter of

12   this litigation nor reasonably calculated to lead to the discovery of admissible

13   evidence.    Plaintiff further objects to this request to the extent that it lacks

14   foundation. Plaintiff further objects to this request on the ground that it violates the

15   right to privacy of a third party. Plaintiff further objects to this request on the

16   grounds that it is premature, given Plaintiff's pending motion to dismiss

17   Defendant's counterclaim.

18

19   **REQUEST FOR PRODUCTION NO. 58:**

20        Any and all DOCUMENTS which refer, reflect or relate to any

21   complementary tickets that YOU have given to Barry's Tickets in Los Angeles,

22   California from January 1, 2007 to present.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

24        Plaintiff incorporates by reference each and every one of the General

25   Responses and Objections as though fully set forth herein. Plaintiff further objects

26   to this request because it seeks information neither relevant to the subject matter of

27   this litigation nor reasonably calculated to lead to the discovery of admissible

28   evidence.    Plaintiff further objects to this request to the extent that it lacks

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    45        TICKETMASTER L.L.C.'S RESPONSES TO
                                        REQUESTS FOR PRODUCTION (SET ONE)

202

1  foundation.  Plaintiff further objects to this request on the ground that it violates the
2  right to privacy of a third party.  Plaintiff further objects to this request on the
3  grounds that it is premature, given Plaintiff's pending motion to dismiss
4  Defendant's counterclaim.

5

6  **REQUEST FOR PRODUCTION NO. 59:**

7  Any and all DOCUMENTS which refer, reflect or relate to any tickets that
8  YOU have sold to Sea Coast Ticket Agency, located in Portsmouth, New
9  Hampshire from January 1, 2007 to present.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

11  Plaintiff incorporates by reference each and every one of the General
12  Responses and Objections as though fully set forth herein.  Plaintiff further objects
13  to this request because it seeks information neither relevant to the subject matter of
14  this litigation nor reasonably calculated to lead to the discovery of admissible
15  evidence.  Plaintiff further objects to this request to the extent that it lacks
16  foundation.  Plaintiff further objects to this request on the ground that it violates the
17  right to privacy of a third party.  Plaintiff further objects to this request on the
18  grounds that it is premature, given Plaintiff's pending motion to dismiss
19  Defendant's counterclaim.

20

21  **REQUEST FOR PRODUCTION NO. 60:**

22  Any and all DOCUMENTS which refer, reflect or relate to any
23  complementary tickets that YOU have given to Sea Coast Ticket Agency, located in
24  Portsmouth, New Hampshire from January 1, 2007 to present.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

26  Plaintiff incorporates by reference each and every one of the General
27  Responses and Objections as though fully set forth herein.  Plaintiff further objects
28  to this request because it seeks information neither relevant to the subject matter of

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                46                TICKETMASTER L.L.C.'S RESPONSES TO
                                           REQUESTS FOR PRODUCTION (SET ONE)

203

1    this litigation nor reasonably calculated to lead to the discovery of admissible
2    evidence.    Plaintiff further objects to this request to the extent that it lacks
3    foundation. Plaintiff further objects to this request on the ground that it violates the
4    right to privacy of a third party.  Plaintiff further objects to this request on the
5    grounds that it is premature, given Plaintiff's pending motion to dismiss
6    Defendant's counterclaim.

7

8    **REQUEST FOR PRODUCTION NO. 61:**

9         Any and all DOCUMENTS which refer, reflect or relate to any tickets that
10   YOU have sold to Total Travel and Tickets, located in Florida, from January 1,
11   2007 to present.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

13        Plaintiff incorporates by reference each and every one of the General
14   Responses and Objections as though fully set forth herein. Plaintiff further objects
15   to this request because it seeks information neither relevant to the subject matter of
16   this litigation nor reasonably calculated to lead to the discovery of admissible
17   evidence.    Plaintiff further objects to this request to the extent that it lacks
18   foundation. Plaintiff further objects to this request on the ground that it violates the
19   right to privacy of a third party.  Plaintiff further objects to this request on the
20   grounds that it is premature, given Plaintiff's pending motion to dismiss
21   Defendant's counterclaim.

22

23   **REQUEST FOR PRODUCTION NO. 62:**

24        Any and all DOCUMENTS which refer, reflect or relate to any
25   complementary tickets that YOU have given to Total Travel and Tickets, located in
26   Florida from January 1, 2007 to present.

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

47

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

2 of

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

2        Plaintiff incorporates by reference each and every one of the General

3    Responses and Objections as though fully set forth herein. Plaintiff further objects

4    to this request because it seeks information neither relevant to the subject matter of

5    this litigation nor reasonably calculated to lead to the discovery of admissible

6    evidence. Plaintiff further objects to this request to the extent that it lacks

7    foundation. Plaintiff further objects to this request on the ground that it violates the

8    right to privacy of a third party. Plaintiff further objects to this request on the

9    grounds that it is premature, given Plaintiff's pending motion to dismiss

10   Defendant's counterclaim.

11

12   **REQUEST FOR PRODUCTION NO. 63:**

13       Any and all DOCUMENTS which refer, reflect or relate to any tickets that

14   YOU have sold to Admit One, located in New York, from January 1, 2007 to

15   present.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

17       Plaintiff incorporates by reference each and every one of the General

18   Responses and Objections as though fully set forth herein. Plaintiff further objects

19   to this request because it seeks information neither relevant to the subject matter of

20   this litigation nor reasonably calculated to lead to the discovery of admissible

21   evidence. Plaintiff further objects to this request to the extent that it lacks

22   foundation. Plaintiff further objects to this request on the ground that it violates the

23   right to privacy of a third party. Plaintiff further objects to this request on the

24   grounds that it is premature, given Plaintiff's pending motion to dismiss

25   Defendant's counterclaim.

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    48              TICKETMASTER L.L.C.'S RESPONSES TO
                                              REQUESTS FOR PRODUCTION (SET ONE)

215

1    **REQUEST FOR PRODUCTION NO. 64:**

2        Any and all DOCUMENTS which refer, reflect or relate to any

3    complementary tickets that YOU have given to Admit One, located in New York,

4    from January 1, 2007 to present.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

6        Plaintiff incorporates by reference each and every one of the General

7    Responses and Objections as though fully set forth herein. Plaintiff further objects

8    to this request because it seeks information neither relevant to the subject matter of

9    this litigation nor reasonably calculated to lead to the discovery of admissible

10   evidence. Plaintiff further objects to this request to the extent that it lacks

11   foundation. Plaintiff further objects to this request on the ground that it violates the

12   right to privacy of a third party. Plaintiff further objects to this request on the

13   grounds that it is premature, given Plaintiff's pending motion to dismiss

14   Defendant's counterclaim.

15

16   **REQUEST FOR PRODUCTION NO. 65:**

17       Any and all DOCUMENTS which refer, reflect or relate to any tickets that

18   YOU have sold to As Off Music from January 1, 2007 to present.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

20       Plaintiff incorporates by reference each and every one of the General

21   Responses and Objections as though fully set forth herein. Plaintiff further objects

22   to this request because it seeks information neither relevant to the subject matter of

23   this litigation nor reasonably calculated to lead to the discovery of admissible

24   evidence. Plaintiff further objects to this request to the extent that it lacks

25   foundation. Plaintiff further objects to this request on the ground that it violates the

26   right to privacy of a third party. Plaintiff further objects to this request on the

27   grounds that it is premature, given Plaintiff's pending motion to dismiss

28   Defendant's counterclaim.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41184987.5                    49                    TICKETMASTER L.L.C.'S RESPONSES TO
                                                    REQUESTS FOR PRODUCTION (SET ONE)

206

1

2  **REQUEST FOR PRODUCTION NO. 66:**

3       Any and all DOCUMENTS which refer, reflect or relate to any

4  complementary tickets that YOU have given to As Off Music from January 1, 2007

5  to present.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

7       Plaintiff incorporates by reference each and every one of the General

8  Responses and Objections as though fully set forth herein.  Plaintiff further objects

9  to this request because it seeks information neither relevant to the subject matter of

10  this litigation nor reasonably calculated to lead to the discovery of admissible

11  evidence.    Plaintiff further objects to this request to the extent that it lacks

12  foundation. Plaintiff further objects to this request on the ground that it violates the

13  right to privacy of a third party.  Plaintiff further objects to this request on the

14  grounds that it is premature, given Plaintiff's pending motion to dismiss

15  Defendant's counterclaim.

16

17  Dated:  January 29, 2008            MANATT, PHELPS & PHILLIPS, LLP
                                        ROBERT H. PLATT
18                                      MARK S. LEE
                                        DONALD R. BROWN
19

20

21  By:  _____
                                        Donald R. Brown
22                                      Attorneys for *Plaintiff*
                                        TICKETMASTER L.L.C.
23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                        50          TICKETMASTER L.L.C.'S RESPONSES TO
                                              REQUESTS FOR PRODUCTION (SET ONE)

207

1

## PROOF OF SERVICE

2

I, Karen K. Pickering, declare:

3

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On January 29, 2008, I served a copy of the within document(s):

4

5

6       **PLAINTIFF TICKETMASTER L.L.C.'S RESPONSES TO RMG TECHNOLOGIES, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE).**

7

8       ☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

9

10      ☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

11

12      ☐   by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Golden State Overnight agent for delivery.

13

14      ☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

15

16      ☐   by sending an electronic message with attached PDF.

17      David N. Tarlow, Esq.
        Law Offices of Coggan & Tarlow
18      1925 Century Park East, Suite 2320
        Los Angeles, California 90067-2343
19      Tel. No. (310) 407-0922
        Fax No. (310) 407-0923
20      Email: dnt@cogganlaw.com

21      I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

22

23

24      I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

25      Executed on January 29, 2008, at Los Angeles, California.

26

27

28                                          Karen K. Pickering

41113534.1

*208*