1   MANATT, PHELPS & PHILLIPS, LLP
    ROBERT H. PLATT (Bar No. CA 108533)
2   rplatt@manatt.com
    MARK S. LEE (Bar No. CA 094103)
3   mlee@manatt.com
    DONALD R. BROWN (Bar No. CA 156548)
4   dbrown@manatt.com
    11355 West Olympic Boulevard
5   Los Angeles, CA 90064-1614
    Telephone: (310) 312-4000
6   Facsimile: (310) 312-4224

7   Attorneys for *Plaintiff*
    TICKETMASTER L.L.C.
8

9                      UNITED STATES DISTRICT COURT

10                    CENTRAL DISTRICT OF CALIFORNIA

11

12  TICKETMASTER L.L.C., a Virginia          Case No. CJ 07-2534 ABC(JWJx)
    limited liability company,
13                                            Hon. Jeffrey W. Johnson
            Plaintiff,
14                                            **JOINT STATEMENT REGARDING
        vs.                                   PLAINTIFF'S MOTION FOR
15                                            PROTECTIVE ORDER;
    RMG TECHNOLOGIES, INC., a                 DECLARATIONS OF KEVIN
16  Delaware corporation, and DOES 1          MCLAIN, RAAQIM KNIGHT,
    through 10, inclusive,                    CIPRIANO GARIBAY, AND DAVID
17                                            TARLOW**
            Defendants.
18                                            Hearing Date:   April 17, 2008
                                              Hearing Time:   2:00 p.m.
19                                            Location:       Courtroom C, 8th Fl,
                                                              Spring St.
20
                                              Pre-Trial Conf.: September 15, 2008
21                                            Trial Date: October 1, 2008
                                              Discovery Cut-Off: May 23, 2008
22

23

24

25

26

27

28

MANATT, PHELPS &
  PHILLIPS, LLP          41217286.1              JOINT STATEMENT RE PLAINTIFF'S
 ATTORNEYS AT LAW                                MOTION FOR PROTECTIVE ORDER
  LOS ANGELES

1    **JOINT DISCOVERY STIPULATION**

2    This Joint Stipulation is submitted by the undersigned parties pursuant

3  to Local Rules 37-2 and 37-2.1 in connection with the motion by plaintiff

4  Ticketmaster L.L.C. for a protective order.  In accordance with Local Rule 37-1, the

5  parties have met and conferred to resolve this dispute but were unable to do so.

6  **I.    INTRODUCTORY STATEMENTS**

7    **A.    Plaintiff Ticketmaster's Introductory Statement.**

8    Plaintiff Ticketmaster L.L.C. ("Ticketmaster") seeks a protective order

9  to restrict the disclosure of information and documents containing trade secrets,

10  proprietary, confidential commercial or business information, or other confidential

11  or private information within the scope of Rule 26(c) of the Federal Rule of Civil

12  Procedure ("FRCP").  Defendant RMG Technologies Inc. ("RMG") has declined to

13  enter into any protective order on any terms, delaying production of needed

14  documents and requiring Ticketmaster to bring this motion.

15    **1.    Background.**

16    Ticketmaster distributes tickets for live entertainment events to the

17  public on behalf of venues, promoters, entertainers and sports franchises through,

18  among other means, its "www.ticketmaster.com" website.  Ticketmaster alleges

19  that RMG has marketed and sold an application that enables its customers to use

20  automated devices to navigate through and bypass Ticketmaster's website security

21  to procure large quantities of tickets in violation of the Ticketmaster website's

22  terms of use.  Ticketmaster has also alleged that RMG marketed and sold

23  applications that enable RMG's customers using automated devices to conceal such

24  use from Ticketmaster.

25    **2.    RMG's Discovery.**

26    RMG has propounded discovery requests that seek, among other

27  things, information and documents relating to Ticketmaster's security efforts to

28  prevent and restrict the unauthorized use of its site – including efforts to deter the

1  use of automated devices – confidential communications and agreements with

2  Ticketmaster's clients, confidential and sensitive financial information, and

3  proprietary information regarding Ticketmaster's various copyrights.

4  ### 3.    Ticketmaster's Proposed Protective Order.

5  In an effort to facilitate discovery, Ticketmaster proposed a joint

6  stipulated protective order that would restrict the disclosure and use of confidential

7  documents and information.  (Declaration of Raaqim Knight ("Knight Decl."), Ex.

8  2.)  The proposed protective order contains two levels of protection: "Confidential"

9  and "Sensitive Confidential," the primary difference being that the latter category

10  would allow opposing counsel, but not the opposing party itself, to view designated

11  documents and information.  A two-level protective order that includes a category

12  with heightened confidentiality protections is appropriate because, not only is some

13  of the material at issue, such as website code, highly sensitive and clearly within the

14  definition of a trade secret, but the whole reason for this lawsuit is that RMG has

15  illegally infiltrated Ticketmaster's website.    Thus, Ticketmaster is justifiably

16  concerned about restricting access by RMG to certain information that could be

17  misused by RMG.

18  ### 4.    RMG's Refusal To Agree To Any Protective Order.

19  RMG has categorically refused to stipulate to any protective order.

20  RMG's intransigence on this point is particularly puzzling, considering that RMG

21  itself has objected to discovery requests from Ticketmaster on the grounds that the

22  information and documents requested are allegedly confidential.  Thus, RMG as

23  well as Ticketmaster would benefit from entry of a protective order.

24  Entry of a protective order in this case is appropriate under

25  FRCP 26(c)(1).    Not only is the material for which Ticketmaster is seeking

26  protection confidential under California law, but the disclosure of this material

27  without a protective order in place would be harmful to Ticketmaster.  Moreover,

28  RMG has no legitimate need for Ticketmaster's confidential material other than for

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217286.1

2

JOINT STATEMENT RE PLAINTIFF'S
MOTION  FOR PROTECTIVE ORDER

1  the purpose of this litigation; thus restricting the use and disclosure of confidential

2  information in this lawsuit would  not prejudice RMG in any way.

3       Therefore, Ticketmaster moves for entry of a protective order, and to

4  that end has submitted a proposed protective order concurrently with this motion.

5  This Court has already entered a stipulated protective order in a related action—

6  *Ticketmaster L.L.C. v. Designer Tickets & Tours, Inc.*, No. CV 07-1092 ABC

7  (JCx)—that is almost identical to the protective order proposed here by

8  Ticketmaster.

9       **B.    Defendant RMG's Introductory Statement**

10      RMG is a small company of five (5) employees based out of

11 Pittsburgh, Pennsylvania.  RMG has created, marketed, sold and provided technical

12 support a product called a Ticket Broker Acquisition Tool ("TBAT").  All other

13 products sold by RMG are simply support for TBAT.

14      The TBAT browser was created to purchase tickets on a variety of

15 websites, including, but not limited to tickets.com, evenue.net, ticketmaster.com,

16 FIFA soccer ticket websites and websites run by specific venues which do not sell

17 tickets through Ticketmaster.  RMG denies the allegations in this case that TBAT is

18 capable of operating faster than a human.  Moreover, RMG denies that TBAT is an

19 automated device that solves the CAPTCHA screen on ticketmaster.com.  TBAT

20 requires human typists working in India and Nepal to solve the CAPTCHA screen.

21      On October 15, 2007, a preliminary injunction was issued against

22 RMG.  Shortly thereafter, Ticketmaster brought an ex parte application against

23 RMG, requesting RMG's most confidential of information, including, but not

24 limited to the source code for TBAT.  RMG, specifically stated that RMG would be

25 amenable to turning this information over to the attorneys for Ticketmaster, so long

26 as a protective order was stipulated to or ordered, preventing Ticketmaster's own

27 employees from having access to RMG's confidential information, because RMG

28 feared that said information would be disseminated to the public.  RMG also feared

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217286.1                     3         JOINT STATEMENT RE PLAINTIFF'S
                                         MOTION  FOR PROTECTIVE ORDER

that Ticketmaster was attempting to purchase businesses that operate in the secondary market, and would use TBAT's source code for its own purposes.  In January, RMG's fear was realized when Ticketmaster acquired TicketsNow.com, and became the second largest player in the secondary market.

Ticketmaster refused to enter into a protective order.  They claimed that if RMG's confidential information was only reviewed by independent parties, it would take weeks to determine what the information meant, while its employees would be able to analyze the information much quicker.

On November 9, 2007, the court granted the ex parte application, and did not grant a protective order.  It merely required that RMG's materials may be disclosed only to Ticketmaster's information technology and legal personnel, and outside legal staff, experts and consultants for litigation purposes and to maintain the security of Ticketmaster's website.  RMG turned over the court ordered documents to Ticketmaster, and Ticketmaster has access to RMG's most confidential and proprietary of information, including the source code for TBAT.

Now Ticketmaster would like to enter into a stipulated protective order whereby, they propose to designate information as sensitive confidential information, which means that said designated information would not be permitted to be viewed by the opposing party.  Ticketmaster's proposed protective order will not protect RMG's confidential information because Ticketmaster has already been given unfettered access to RMG's source code.  Under Ticketmaster's proposed protective order, RMG's employees would not have access to critical information needed to defend RMG.  RMG is a small company that can not afford to hire a third party expert to review Ticketmaster's technical information, because Ticketmaster is such a large company, hosting a very popular website, where the source code and technical data is likely to be very extensive and voluminous.  Thus, the only way RMG can feasibly defend itself is by having access to all of Ticketmaster's allegedly confidential data for full review, which it believes would be much more

1 efficient than any outside expert or consultant.

2      Further it is inherently unfair that Ticketmaster now seeks greater

3 protection for its own technical information than it was willing to allow for RMG.

4 This is justified by Ticketmaster by claiming that RMG would be able to use said

5 information to further infringe upon Ticketmaster -- a claim that has not been

6 proven.

7      Since, a small company like RMG can not afford to pay an outside

8 expert for all of the man hours it would take to analyze Ticketmaster's allegedly

9 "sensitive confidential" information for the purpose of properly defending itself and

10 disproving Ticketmaster's allegations against it, RMG does not agree to

11 Ticketmaster's proposed protective order.

12      RMG however, is willing to enter into a protective order on the same

13 terms as that of the court's November 9, 2007 order.  Thus all documents marked as

14 "confidential" by either party may be disclosed only to the opposing party's

15 information technology personnel, outside legal counsel, staff, experts and

16 consultants, and will be solely used for litigation purposes.

17 **II.    STATEMENTS OF RELEVANT FACTS AND LAW**

18     **A.    <u>Plaintiff Ticketmaster's Statement of Relevant Facts and Law</u>**

19      The gravamen of Ticketmaster's First Amended Complaint is that

20 RMG has designed, manufactured and distributed automated devices and related

21 applications that enable RMG's customers to bypass security measures on

22 Ticketmaster's website and purchase large quantities of tickets, in violation of the

23 Ticketmaster website's terms of use, and to the detriment of legitimate consumers

24 who are deprived, due to the use of these devices, of the opportunity to procure

25 such tickets through Ticketmaster.  Ticketmaster asserts claims against RMG under

26 the Digital Millennium Copyright Act (17 U.S.C. § 1201), the Computer Fraud and

27 Abuse Act (18 U.S.C. § 1030), and California Penal Code section 502.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217286.1

5

JOINT STATEMENT RE PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER

Ticketmaster also asserts claims for intentional interference with contractual relations, inducing breach of contract, civil RICO conspiracy, copyright infringement and fraud.

Each party has propounded discovery requests, and each party has objected to discovery requests based on confidentiality concerns. Therefore, Ticketmaster drafted and sent to RMG a proposed stipulated protective order. (Knight Decl. ¶¶ 3 & 4.) Ticketmaster sent an initial draft of the proposed order on January 25, 2008, and then, on February 4, 2008, sent a superseding draft that contained minor revisions. (*Id*., Exs. 2 & 3.)

The proposed protective order contemplates two levels of protection: Confidential Information and Sensitive Confidential Information. (*Id*., Ex. 1.) The stricter of the two, Sensitive Confidential Information, is reserved for information, which if disclosed, would be "inherently harmful to the Designating Party's business." Under the proposed protective order, Sensitive Confidential Information could be disclosed to the opposing party's counsel, experts, the Court and its personnel, professional vendors in the litigation and witnesses under certain circumstances, but not to opposing party itself. Confidential Information, by contrast, could be disclosed to parties as well as to the other persons described above. (*Id*., Ex. 1.)

Despite more than a month to review and comment on the proposed protective order, RMG provided no response at all. Then, during the mandatory meeting of counsel on March 5, 2008, RMG categorically rejected the notion of a protective order, explaining simply that the principals of RMG do not wish to cooperate with Ticketmaster. (Knight Decl. ¶ 5.) During this meeting, Ticketmaster explained why a protective order was necessary, but the parties were still unable to reach a compromise. (*Id*.)

1.      **A Protective Order is Warranted Under FRCP 26(c)(1).**

The FRCP allows a party to move for a protective order to prevent disclosure of trade secrets or to impose restrictions on such disclosure. FRCP 26(c)(1) provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order ***:
>
> (E) designating the persons who may be present while the discovery is conducted;
>
> (F) requiring that a deposition be sealed and opened only on court order; and
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[1]

To obtain protection under FRCP 26(c)(1)(G), Ticketmaster must show that the information for which it seeks protection is confidential under California law, and that unrestricted disclosure of such information may harm Ticketmaster. *American Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 740 (Fed. Cir. 1987). If Ticketmaster meets this initial burden, RMG must then establish that disclosure (or the manner of disclosure) of Ticketmaster's confidential information is both relevant *and* necessary to its case. *American Standard*, 828 F.2d at 741; *Hartley Pen Co. v. United States Dist. Court for the S. Dist. of California*, 287 F.2d 324, 331 (9th Cir. 1961). For example, a party seeking discovery of confidential

---

[1] While subsection G of FRCP 26(c)(1) is the primary basis for seeking a protective order, Ticketmaster also seeks protection under subsection E ("designating the persons who may be present while the discovery is conducted") and F ("requiring that a deposition be sealed and opened only on court order").

1  sales information must establish that the information is reasonably necessary for a

2  fair opportunity to develop and prepare the case for trial. *American Standard*, 828

3  F.2d at 743.

4      If RMG meets its burden of establishing relevance and need for the

5  discovery, the Court must then weigh the injury that disclosure might cause to the

6  disclosing party against the other party's need for the information. *In re Remington*

7  *Arms Co.*, 952 F.2d 1029, 1032 (8th Cir. 1991); *Brown Bag Software v. Symantec*

8  *Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992) (protective order entered to preclude the

9  defendant's in-house counsel from viewing the defendant's computer source codes,

10  development plans, and beta test information because of in-house counsel's non-

11  legal responsibilities as an employee of the plaintiff).

**2.  Ticketmaster's Confidential Material Constitutes a Trade Secret Under California Law.**

14  A "trade secret" is defined in California as:

15      [I]nformation, including a formula, pattern, compilation,

16      program, device, method, technique, or process that:

17          (1)  Derives independent economic value, actual

18              or potential from not being generally known

19              to the public or to other persons who can

20              obtain economic value from its disclosure or

21              use; and

22          (2)  Is the subject of efforts that are reasonable

23              under the circumstances to maintain its

24              secrecy.

25  Cal. Civ. Code § 3426.1(d).

26      RMG seeks information that includes, among other things,

27  Ticketmaster's website security technologies, copyrighted website material,

28  confidential business correspondence and agreements with clients, proprietary

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217286.1

8

JOINT STATEMENT RE PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER

1    information regarding Ticketmaster's rate setting and internal business decisions,

2    and financial records.  "Confidential business information has long been recognized

3    as property."  *Remington*, 952 F.2d at 1032 (quoting *Carpenter v. United States,*

4    484 U.S. 19, 26 (1987)).  These materials fall meet the definition of "trade secret"

5    under California law, because the information is not generally known, is subject to

6    reasonable efforts to maintain its secrecy, and RMG would obtain economic value

7    from the disclosure and use of such information.  Indeed, the whole reason for this

8    lawsuit is that RMG has developed a product that illegally infiltrates Ticketmaster's

9    website.

10           Reasonable efforts to keep trade secrets and other confidential

11   information secret include limiting access to the information on a "need to know

12   basis," requiring those having access to such materials to sign confidentiality

13   agreements, and keeping secret documents under lock.  *Religions Technology*

14   *Center*, 923 F. Supp. at 1253-54; *Lee Shuknecht & Sons, Inc. v. P. Vigneri & Sons,*

15   *Inc.*, 927 F. Supp. 610, 611 (W.D.N.Y. 1996) (steps to preserve confidentiality of

16   onion harvester containing trade secrets included maintaining the harvester in a

17   locked building with the windows boarded over to prevent observation).  The mere

18   signing of a confidentiality agreement and agreeing not to use the material for

19   anyone else, with nothing more, is sufficient to prove that the material is the subject

20   of efforts to maintain its secrecy.  *See Am. Standard*, 828 F. Supp. at 740.

21           Ticketmaster maintains its confidential material under "lock and key"

22   or on securely password protected computers.  (Declaration of Kevin McLain

23   ("McLain Decl.") ¶ 3.)    Access to this material is restricted to employees and

24   outside counsel on a need to know basis, subject to strict confidentiality

25   agreements. (*Id.* ¶ 4.)  All  employees must sign an agreement stating that, upon

26   termination of their employment, the employee shall maintain all of Ticketmaster's

27   proprietary information and documents in confidence and not to use or disclose

28   such information outside the scope of the employment with Ticketmaster.  (*Id.*)

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217286.1

9

JOINT STATEMENT RE PLAINTIFF'S
MOTION  FOR PROTECTIVE ORDER

1  Further, many of Ticketmaster's contracts with clients and other third parties

2  require Ticketmaster to maintain the contract and related information confidential.

3  (*Id.* ¶ 5.)   In short, Ticketmaster has taken all steps necessary to maintain the

4  material in question as confidential, such that the material qualifies as a trade secret

5  under California law.  *Religions Technology Center*, 923 F. Supp. at 1253-54.

6       Ticketmaster's confidential material also has economic value, meaning

7  that it has sufficient value in Ticketmaster's operation that it provides actual or

8  potential advantage over others who do not possess the information.  *See Religions*

9  *Technology Center*, 923 F. Supp. at 1253.   This material includes financial

10  information, website security technologies, copyrighted website material and

11  confidential business correspondence and agreements with clients and customers.

12  This type of information would have economic value to Ticketmaster's competitors,

13  as well as any software developers who, like RMG, seeks to develop applications

14  that are designed to infiltrate Ticketmasters' website, and to any ticket broker who

15  may seek to exploit such technology to improperly procure large quantities of

16  tickets.

17       In sum, Ticketmaster's confidential material has substantial economic

18  value and is maintained in complete secrecy, thus constituting a trade secret within

19  the scope of FRCP 26(c)(1)(G).

20       In any event, Further, FRCP 26(c)(1)(G) "does not limit its reach to

21  'trade secrets,' but also allows for protection of 'confidential [] information.'"  *See*

22  *Nutratech, Inc. v. Syntech (SSPF) Intern., Inc.*, 242 F.R.D. 552, 555 (C.D. Cal.

23  2007).  Thus, to the extent, if any, that Ticketmaster's confidential material does not

24  qualify as a trade secret, this material would still be entitled to protection as

25  "confidential research, development, or commercial information" within FRCP

26  26(c)(1)(G).

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217286.1

10

### 3. Heightened Protection for Sensitive Confidential Information Is Appropriate.

It is well-established that, under certain circumstances, information can be entitled to a heightened level of protection (often referred to as an attorneys-eyes-only level of protection).  William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, *California Practice Guide, Federal Civil Procedure Before Trial*, ch. 11(III)-C, ¶ 11:1115, at 11-119 (2007) (citing *Safe Flight Instrument Corp. v. Sundstrand Data Control Inc*. (D.Del. 1988) 682 F.Supp. 20, 22.)

Such heightened protection is appropriate here.  Ticketmaster's website is one of the most-visited sites on the web; thus, code and other information regarding the operation of the website is extremely valuable.  (McLain Decl. ¶ 6.) Indeed, the genesis of this lawsuit is that RMG developed and marketed a product that enables its customers to bypass the steps that legitimate consumers must go through to purchase tickets through the website.

Among the materials requested by RMG in discovery is sensitive computer code and other technology secrets that RMG might be tempted to use, to the detriment of Ticketmaster.  Information and documents relating to Ticketmaster's security efforts to prevent and restrict the unauthorized use of its site are similarly subject to a high risk of misuse by RMG.  The proprietary information regarding Ticketmaster's various copyrights that would be encompassed by RMG's requests is another example of information for which heightened protection is necessary.  Indeed, considering the past conduct of RMG that is at issue in this lawsuit, there is a good reason to believe that RMG would misuse such information if allowed access to the information.

Therefore, there is good cause for entry of a two-tiered protective order that would enable Ticketmaster to designate certain information as Sensitive Confidential, and thus restrict RMG itself from access to the information.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217286.1

11

JOINT STATEMENT RE PLAINTIFF'S
MOTION  FOR PROTECTIVE ORDER

1
2

**4.    Disclosure of Ticketmaster's Confidential Material Outside the Scope of the Proposed Protective Order Would Harm Ticketmaster.**

3    Ticketmaster would be harmed if its confidential material were

4  disclosed to persons and under circumstances outside the scope of the proposed

5  protective order.  For example, Ticketmaster takes extraordinary measures in an

6  attempt to prevent misuse of its website through, among other means, illegal

7  automated devices.  (McLain Decl. ¶ 7.)  Abuse of the website causes loss of

8  goodwill and jeopardizes Ticketmaster's longstanding business contracts with

9  various venues, artists and clients.  (*Id.*)

10    If Ticketmaster's confidential information were disclosed outside the

11  scope of the proposed protective order, other software developers, brokers and/or

12  RMG itself might use such material in an effort to illegally circumvent

13  Ticketmaster's security measures and abuse the website.  (*Id.* ¶ 8.)  This not only

14  harms Ticketmaster, but it also harms legitimate consumers who are deprived of the

15  opportunity to compete on a level playing field for the purchase of tickets.    In

16  addition, disclosure of sensitive financial and business information, such as

17  confidential communications and agreements with clients, could cause competitive

18  harm to Ticketmaster.  Further, unrestricted disclosure of proprietary information

19  relating to Ticketmaster's website-related copyrights could harm Ticketmaster.

20  Software developers, ticket brokers or RMG itself could use this information to

21  devise new and improved methods to improperly access Ticketmaster's website and

22  enhance their operations at Ticketmaster's expense.  (*Id.*)

23    **5.    The Balance of Hardships Tips in Ticketmaster's Favor.**

24    RMG has no need to disclose or use Ticketmaster's confidential

25  material outside the context of this litigation. Nevertheless, RMG still refuses to

26  stipulate to a protective order.

27    Ticketmaster would be hurt, both financially and competitively, if its

28  confidential information were disclosed outside the context of this litigation, or if

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217286.1

12

JOINT STATEMENT RE PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

1   its highly confidential information were disclosed to RMG itself.  RMG might use

2   such material in an effort to illegally circumvent Ticketmaster's security measures

3   and abuse the website or to devise new and improved methods to improperly access

4   Ticketmaster's website and enhance their operations at Ticketmaster's expense.

5         Thus,  Ticketmaster's  disclosure  of  Confidential  Materials  to

6   Defendant  should  be  protected  in  the  manner  contemplated  in  Ticketmaster's

7   version of the protective order.

8         **B.      Defendant RMG's Statement of Facts and Law**

9         "The law of the case doctrine is a judicial invention designed to aid in

10  the efficient operation of court affairs.   Under the doctrine, a court is generally

11  precluded from reconsidering an issue previously decided by the same court, or a

12  higher court in the identical case." *U.S. v. Lummi Indian Tribe*, (2000) 235 F.3d

13  443.

14        In this matter, the Court has already refused to issue a protective order

15  to protect a RMG's "confidential" information, instead ordering that any

16  information which is turned over and deemed "confidential" can only be used by

17  Ticketmaster for litigation purposes, and may only be disclosed to the

18  Ticketmaster's information technology and legal personnel and outside legal

19  counsel, staff, experts, and consultants for litigation purposes.

20        It is respectfully submitted that the order of the court should be

21  deemed law of the case.  RMG is amenable to a protective order in this matter

22  which allows information which is turned over and marked "confidential" only be

23  used by the opposing party for litigation purposes, and may only be disclosed to the

24  opposing party's information technology and legal personnel and outside legal

25  counsel, staff, experts, and consultants for litigation purposes.

26        Moreover, if Ticketmaster obtains the two-tiered protective order that

27  it wishes, then RMG will be put in a position whereby it cannot defend itself

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217286.1

13

JOINT STATEMENT RE PLAINTIFF'S
MOTION  FOR PROTECTIVE ORDER

against Ticketmaster's claims because it does not have the resources to hire an outside expert to analyze the large amount of data that will most likely be provided.

## III.    CONCLUSIONS

### A.    Plaintiff Ticketmaster's Conclusion

A two-tier protective order proposed by Ticketmaster is warranted because of the highly confidential nature of information that has been requested by RMG.  Ticketmaster respectfully asks this Court to adopt Ticketmaster's proposed protective order which allows for the good faith designation of confidential material as "Confidential Information" or "Sensitive Confidential Material."  The disclosure of "Confidential Information" should be limited to parties, counsel, witnesses, experts, Court personnel, and professional vendors to this litigation.    The designation of "Sensitive Confidential Information" should additionally restrict parties' and witnesses' access, under certain circumstances, to this information.  A proposed protective order is attached to the Knight Decl. as Exhibit 1.

### B.    Defendant RMG's Conclusion

RMG is amenable to a protective order in this matter which allows information which is turned over and marked "confidential" only be used by the opposing party for litigation purposes, and may only be disclosed to the party's information technology and legal personnel and outside legal counsel, staff, experts, and consultants for litigation purposes.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217286.1

14

JOINT STATEMENT RE PLAINTIFF'S
MOTION  FOR PROTECTIVE ORDER

1 | Dated:   March 24, 2008       Manatt, Phelps & Phillips, LLP

2 |                              By: _____

3 |                                  Donald R. Brown
   |                                  *Attorneys for Plaintiff*
4 |                                  TICKETMASTER L.L.C.

5 |

6 | Dated:   March 20, 2008       Coggan & Tarlow

7 |                              By: _____

8 |                                  David N. Tarlow
   |                                  *Attorneys for Defendant*
9 |                                  RMG TECHNOLOGIES, INC.

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

41217286.1                              15       JOINT STATEMENT RE PLAINTIFF'S
                                                  MOTION FOR PROTECTIVE ORDER