**EXHIBIT 1**

Dockets.Justia.com

MANATT, PHELPS & PHILLIPS, LLP
ROBERT H. PLATT (Bar No. CA 108533)
rplatt@manatt.com
MARK S. LEE (Bar No. CA 94103)
mlee@manatt.com
CHAD S. HUMMEL (Bar No. CA 139055)
chummel@manatt.com
DONALD R. BROWN (Bar No. CA 156548)
dbrown@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for *Plaintiff*
TICKETMASTER L.L.C.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TICKETMASTER L.L.C., a Virginia limited liability company,<br><br>        Plaintiff,<br><br>   vs.<br><br>RMG TECHNOLOGIES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. CV 07-2534-ABC (JCx)<br><br>**[PROPOSED] PROTECTIVE ORDER** |
| RMG TECHNOLOGIES, INC., a Delaware corporation,<br><br>        Counterclaim-Plaintiff,<br><br>   vs.<br><br>TICKETMASTER L.L.C., a Virginia limited liability company, IAC/INTERACTIVE CORP., a Delaware corporation and ROES 1 through 10, inclusive,<br><br>        Counterclaim-Defendants. | |

41176504.4

**[PROPOSED] PROTECTIVE ORDER**

1     To expedite the flow of discovery material, facilitate the prompt

2     resolution of disputes over confidentiality, adequately protect material entitled to be

3     kept confidential, and ensure that protection is afforded only to material so entitled,

4     it is, pursuant to the Court's authority under F.R.C.P. 26(c)(7), hereby ORDERED:

5     1.    **Scope of Order.**  This Order is intended to facilitate the parties'

6     production of documents as part of voluntary disclosure and in response to

7     discovery requests.  Nothing in this order is to be construed to expand or limit the

8     parties' discovery obligations.  This Order covers the production and use of all

9     Discovery Materials in this action not previously ordered to be produced by the

10    Court that constitute, contain or disclose, in whole or in part, information which the

11    designating party deems to be "Confidential Information" or "Sensitive

12    Confidential Information."  All Documents, Pleadings, and testimony containing

13    Confidential Information or "Sensitive Confidential Information" shall be protected

14    in accordance with the terms of this Order.  Although Discovery Materials and

15    Pleadings that quote, summarize, or contain materials entitled to protection may be

16    accorded status as Confidential Information or Sensitive Confidential Information,

17    to the extent feasible these materials shall be prepared in such a manner that the

18    Confidential Information or Sensitive Confidential Information is bound separately

19    from that not entitled to protection.

20    2.    **General Definitions.**  For purposes of this Order, the following

21    terms have the following meanings:

22    a.    "Document" shall mean and include, without limitation,

23    all materials, electronic information and tangible things defined as broadly as

24    permitted under Federal Rule of Civil Procedure 34.

25    b.    "Discovery Materials" shall mean and include, without

26    limitation, Documents, responses to interrogatories, requests for admissions, or

27    other discovery requests, physical objects, samples, CD-ROMs, tapes, or other

28    items, deposition transcripts and exhibits thereto, and information provided by or

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

2

**[PROPOSED] PROTECTIVE ORDER**

21

on behalf of the Parties or any third party pursuant to subpoena or otherwise created or included in the course of discovery.

        c.     "Pleadings" shall mean and include, without limitation, all papers, motions, briefs, affidavits, declarations, exhibits, etc., filed with the Court.

        d.     "Party" or "Parties' shall mean and include the parties to this litigation and their respective current and former officers, employees, agents, affiliates and subsidiaries.

        e.     "Designating Party" shall mean the Party designating Discovery Material as "Confidential Information" or "Sensitive Confidential Information."

        3.    **Confidential Information Defined.** For purposes of this Order, "Confidential Information" shall mean and include any information (regardless of how it is generated, stored, or maintained), including Documents, Discovery Materials and Pleadings, that contains information within the scope of Federal Rule of Civil Procedure 26(c) or which is a trade secret, proprietary, confidential commercial or business information, or otherwise confidential or private. For certain limited types of "Confidential Information," the producing party may further designate such Confidential Information as "Sensitive Confidential Information," as discussed more fully in Section 4 below. "Confidential Information" shall not include Documents that have been ordered produced before entry of this protective order by a previous order of the Court. Disclosure of such Documents shall continue to be governed by the terms of any such previous order.

        4.    **Sensitive Confidential Information Defined.** "Sensitive Confidential Information" is information which, if known by the party to whom it is disclosed, would be inherently harmful to the Designating Party's business. "Sensitive Confidential Information" may include the Designating Party's proprietary financial information or reports, to the extent any such information or

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

3

**[PROPOSED] PROTECTIVE ORDER**

22

1    reports is not relevant to any claim for damages. "Sensitive Confidential

2    Information" may not include any information, testimony or Documents relevant to

3    any Designating Party's damages claims or calculations, or other information

4    ordered by the Court to be disclosed under particular conditions and to specified

5    parties. "Sensitive Confidential Information" shall not include Documents that

6    have been ordered produced before entry of this protective order by a previous

7    order of the Court. Disclosure of such Documents shall continue to be governed by

8    the terms of any such previous order.

9         5. **Designating Protected Material.** All designations shall be

10   made in good faith by the Designating Party and made at the time of disclosure,

11   production, or tender, provided that the inadvertent failure to so designate does not

12   constitute a waiver of such claim, and a producing party may so designate the

13   information after such information has been produced, with the effect that such

14   information is thereafter subject to the protections of this Order. The designation of

15   Discovery Materials in the form of Documents and Discovery Materials other than

16   depositions or other pretrial testimony as Confidential Information or Sensitive

17   Confidential Information shall be made by the Designating Party in the following

18   manner:

19         a. Documents designated "Confidential" shall be so marked

20   by affixing the legend "CONFIDENTIAL" or similar confidential designation on

21   each page containing any Confidential Information (or in the case of computer

22   medium on the medium and its label and/or cover) to which the designation applies.

23         b. Documents designated "Sensitive Confidential" shall be

24   so marked by conspicuously affixing the legend "SENSITIVE CONFIDENTIAL"

25   on each page (or in the case of computer medium on the its label and/or cover) to

26   which the designation applies. Designations of "Sensitive Confidential" shall

27   constitute a representation that such Discovery Material has been reviewed by an

28   attorney for the Designating Party and that there is a valid basis for such

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

4

**[PROPOSED] PROTECTIVE ORDER**

33

1  designation because the relevant Discovery Material is highly confidential, the
2  disclosure of which is likely to be commercially damaging to the Designating Party.
3  Such information should not be disclosed to any employees of the Party receiving
4  such information, absent Court order, even though employees are bound by this
5  Order and Agreement.

6       c.    If a Document has more than one designation, the more
7  restrictive or higher confidential designation applies.

8       d.    Documents that have been ordered produced before entry
9  of this Order by a previous order of the Court shall not be designated
10 "Confidential" or "Sensitive Confidential." Disclosure of such Documents shall
11 continue to be governed by the terms of any such previous order.

12     6.  **Designation of Deposition Testimony.** All depositions taken
13 in this case and the transcripts thereof shall automatically be treated as Sensitive
14 Confidential Information for 20 days after receipt of the transcript. This 20-day
15 period will begin running the day after the transcript is received by counsel for the
16 party defending the deposition and will conclude at the end of the 20th consecutive
17 day (including weekends and holidays). Any confidentiality designation must be
18 sent to opposing counsel by the end of the 20th day. During the deposition or
19 during this 20-day time period, any Party may designate the deposition or any
20 portion thereof as Confidential Information or Sensitive Confidential Information.
21 Upon delivery of such designation to the other Party, the entire deposition transcript
22 or the designated portion thereof shall be treated as Confidential Information or
23 Sensitive Confidential Information subject to this Stipulation. If any deposition
24 transcript or portion thereof has not been designated as Confidential Information or
25 Sensitive Confidential Information by the expiration of the 20-day period after
26 receipt of the transcript, that deposition or portion will no longer be Confidential
27 Information or Sensitive Confidential Information.

28

7. **Basic Disclosure Principles.**  Neither the Parties nor their counsel shall permit disclosure of Confidential Information or Sensitive Confidential Information to anyone except as provided by this Order, and only after the conditions stated in this Order have been met.

8. **Disclosure of Confidential Information.**  Confidential Information may not be disclosed to any person except:

a. Any Party to this action, including their Information Technology staff;

b. Counsel for the Parties in this action, including their paralegals and clerical staff, experts, consultants and in-house counsel;

c. Experts (whether consulting or testimonial) in this action to whom disclosure is reasonably necessary to the conduct this action , or to maintain the security of the ticketmaster.com website, provided that experts shall not have access to Confidential Information or Sensitive Confidential Information without having first read, acknowledged, and agreed to be bound by this Order by executing the Declaration attached as Exhibit A;

d. The Court and its personnel;

e. Court reporters engaged for depositions, hearings or trial;

f. Witnesses in this action to the extent necessary for the conduct of this litigation and who have first signed the Agreement to be Bound by Protective Order attached as Exhibit A;

g. The author(s) or any recipient of the document or the original source of the information in any document; and

h. Professional vendors that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, etc.) and their employees who have first signed the Agreement to be Bound by Protective Order attached as Exhibit A.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

**[PROPOSED] PROTECTIVE ORDER**

6

9.    **Disclosure of Sensitive Confidential Information.**  Sensitive Confidential Information shall be subject to the same restrictions as Confidential Information but Sensitive Confidential Information may only be disclosed to the parties identified in Sections 8(b)-(e) and (g)-(h), above, and 8(f) above to the extent the witness currently has or would be expected to have knowledge of the contents of the document, and to no one else.

10.    **Use of Discovery Material.**  Confidential Information and Sensitive Confidential Information produced in this litigation shall be used for purposes of this action and to maintain the security of ticketmaster.com.  The persons or entities identified in Sections 8-9, above, to whom Confidential Information or Sensitive Confidential Information is disclosed pursuant to this Order shall not make any copies of or use such Confidential Information or Sensitive Confidential Information for any purpose, whatsoever, except those related to this action or to maintain the security of ticketmaster.com.  Nothing in this Order shall prohibit any person or entity owning rights in or to Confidential Information or Sensitive Confidential Information from using such information in any manner consistent with such ownership rights, including, for example, the use of Confidential Information maintained by the Parties in the ordinary course of the Parties' business, though any prohibition or restriction on any such use of such Confidential Information or Sensitive Confidential Information in any previous order of the Court shall continue to govern use of such information.  This Order shall not limit the right of any Party to assert any claim in this or any other action.

11.    **Offering Materials into Evidence.**  If in connection with any motion or other proceeding in this action, any Party intends to offer into evidence, reference, or attach as exhibits to any Pleading any Documents or other materials that would reveal or tend to reveal Confidential Information or Sensitive Confidential Information, such evidence shall be redacted to remove all Confidential Information or Sensitive Confidential Information that is not

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

7

**[PROPOSED] PROTECTIVE ORDER**

1 | reasonably necessary for the Court to understand the purpose of the Document as

2 | described in the Pleading and to effect the reasonable purpose of the offering party

3 | in submitting the document.

4 | 12. **Filing of Materials Containing Confidential Information.**

5 | When a Party intends to file with the Court, or otherwise introduce into evidence,

6 | any Documents, testimony, or any other material containing Confidential

7 | Information or Sensitive Confidential Information that cannot be redacted pursuant

8 | to Section 11, above, counsel for the filing or offering party shall notify counsel for

9 | the Designating Party of such intent. Such notifications shall be made within a

10 | reasonable time not less than two business days before filing, such that the

11 | Designating Party has an opportunity to object to the necessity of the disclosure of

12 | the Document as presented and to work out an acceptable alternative to the

13 | proposed disclosure. The parties shall endeavor to reach agreement on any

14 | redactions or other methods which may be available to permit the filing or

15 | introduction of the Confidential Information or Sensitive Confidential Information

16 | with the Court such that the evidentiary objectives of the offering party can be met

17 | without disclosure of Confidential Information or Sensitive Confidential

18 | Information.

19 | 13. **Filing Under Seal.** Any Confidential Information or Sensitive

20 | Confidential Information filed with the Court shall be filed in a sealed envelope

21 | bearing the designation "Confidential: Subject to Protective Order."

22 | 14. **Right To Redact.** Notwithstanding the right to designate

23 | information as Confidential or Sensitive Confidential, the Parties may redact from

24 | Discovery Material information that would qualify as Sensitive Confidential

25 | Information under this Order, but which is irrelevant or otherwise not responsive to

26 | the discovery request giving rise to production of the Discovery Material.

27 | 15. **Duration.** This Order shall continue to be binding throughout

28 | and after the conclusion of this action, including any appeal thereof. This Order, as

1  an Agreement, shall remain in effect until all Confidential Information or Sensitive

2  Confidential Information is returned to the Designating Party or destroyed, as

3  provided below.   Within thirty (30) days after termination of this action by

4  dismissal, final non-appealable judgment or otherwise, each Party shall return to

5  counsel for the Designating Party all information designated Confidential

6  Information or Sensitive Confidential Information under this Order, including all

7  copies, prints, excerpts, and other reproductions of said information, however

8  generated or maintained.   In the alternative, counsel receiving Confidential

9  Information or Sensitive Confidential Information may supervise the destruction of

10  all Confidential Information or Sensitive Confidential Information, including all

11  copies, prints, excerpts, and other reproductions of said information, however

12  generated or maintained.  Counsel shall then advise all parties' counsel in writing

13  that all Confidential Information or Sensitive Confidential Information, including

14  all copies, prints, excerpts, and other reproductions of said information, however

15  generated or maintained, have been destroyed or returned.

16      16.   **Limiting Disclosure.**  All reasonable efforts shall be made by

17  counsel of record to limit disclosure of Confidential Information or Sensitive

18  Confidential Information to the minimum number of persons necessary to conduct

19  this action or to maintain the security of the ticketmaster.com website.

20      17.   **Access to Additional Person(s).**  To the extent a Party decides

21  that in order to understand or evaluate any Confidential Information the assistance

22  of person(s) not otherwise entitled to access to Confidential Information is

23  necessary, that party may request permission of the Designating Party to show such

24  information to the specifically identified additional person(s).  The Party receiving

25  the request shall respond promptly and shall not unreasonably withhold consent.  If

26  permission is granted, the Confidential Information may be shown to the additional

27  person(s), subject to the requirement that such person(s) agree to be bound by the

28  terms of this Order and Agreement.  Any disclosure of Confidential Information

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

9

[PROPOSED] PROTECTIVE ORDER

1  under this paragraph shall not result in a waiver or termination of any of the rights
2  and obligations to any other Party or person under this Order. If permission is
3  denied, the requesting Party may file an application *in camera* and under seal with
4  the Court referencing the Confidential Information to be disclosed and, where
5  appropriate, stating with particularity the reason or reasons assistance is needed,
6  and naming the person to whom the Confidential Information is to be disclosed to
7  obtain assistance.

8      18.   **Challenges to Confidential Designation or to Redactions in**
9  **Discovery Materials.**   In the event the recipient party disagrees with any
10  designation of confidentiality or with the redaction of any information in Discovery
11  Material, the Parties shall attempt to resolve such dispute on an informal basis. If
12  the dispute is not resolved informally, the recipient party, by motion, may contest
13  the confidential designation or redaction. Pending resolution of the motion, the
14  disputed material will continue to be treated as designated (*i.e.*, either Confidential
15  or Sensitive Confidential). If the Court determines that any materials are not
16  entitled to confidential treatment, confidentiality will nonetheless be maintained for
17  fifteen (15) days subsequent to the Court's decision unless the Court, upon motion
18  and for good reason shown, shall reduce or lengthen the time. If the Court
19  determines that any materials are not entitled to redaction, the producing party shall
20  disclose the redacted information within fifteen (15) days subsequent to the Court's
21  decision unless the Court, upon motion and for good reason shown, shall reduce or
22  lengthen the time.

23      19.   **Declassification.**   The restrictions on disclosure and use of
24  Confidential Information or Sensitive Confidential Information set forth herein
25  shall not continue to apply to information, which, at the time of disclosure, or
26  thereafter, becomes a part of the public domain by publication or otherwise, other
27  than a result of a wrongful act or failure to act on the part of the Party claiming this
28  exclusion. However, the restrictions shall continue to apply if such publication or

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

10

[PROPOSED] PROTECTIVE ORDER

1    other disclosure results from criminal, tortious or otherwise unlawful acts or

2    omissions.    A Party seeking to declassify material designated as Confidential

3    Information may move the Court for a ruling that the material is not entitled to such

4    status and protection.

5            20.    **Right to Assert Other Objections.**    This Order shall not be

6    construed as requiring any Party to produce information or documents which are

7    privileged or otherwise protected from discovery by the Federal Rules of Civil

8    Procedure.  Nothing herein shall be construed or applied to affect the rights of any

9    Party to discovery or to assert any privilege or objection, or to prohibit any Party

10   from seeking such further provisions or relief as it deems necessary or desirable

11   regarding this Order or the matter of confidentiality.

12           21.    **Use During Trial.**    This Order is intended to govern the

13   exchange and use of materials, information and Documents during discovery, trial

14   preparation, and post-trial proceedings.  Questions regarding the use of Confidential

15   Information or Sensitive Confidential Information during the trial of this action, if

16   any, will be addressed by the Court at a later time prior to or during trial.

17           22.    **Subpoena or Order.**    If a Party is served with a subpoena or an

18   order issued in other litigation that would compel disclosure of any information or

19   items designated in this action as Confidential or Sensitive Confidential, counsel for

20   the receiving party must so notify counsel for the Designating Party in writing

21   immediately, and in no event more than three court days after receiving the

22   subpoena or order.  Counsel for the receiving party also must inform in writing the

23   party who caused the subpoena or order to issue in the other litigation that some or

24   all the material covered by the subpoena or order is the subject of this Order.

25           The purpose of imposing these duties is to alert the interested parties to

26   the existence of this Order and to afford the Designating Party in this case an

27   opportunity to try to protect its confidentiality interests in the court from which the

28   subpoena or order issued.  Nothing in these provisions should be construed as

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

11

**[PROPOSED] PROTECTIVE ORDER**

1  authorizing or encouraging a receiving party in this action to disobey a lawful
2  directive from another court.

3        23.  **Inadvertent Production.**  If a Party through inadvertence
4  produces or provides discovery that it believes is subject to a claim of attorney-
5  client privilege, common interest privilege, or work product immunity, the
6  producing party may give written notice to the receiving party that the Document is
7  subject to a claim of attorney-client privilege, common interest privilege, or work
8  product immunity and request that the Document be returned to the producing
9  party.  The receiving party shall immediately return to the producing party all
10 copies of such Document and shall return or destroy all excerpts and summaries
11 thereof.  Return of the document by the receiving party shall not constitute an
12 admission or concession, or permit any inference, that the returned Document is, in
13 fact, properly subject to a claim of attorney-client privilege, common interest
14 privilege or work product immunity, nor shall it foreclose the receiving party from
15 moving for an order that such Document has been improperly designated as subject
16 to a claim of attorney-client privilege, common interest privilege, or work product
17 immunity or should be produced for reasons other than a waiver caused merely by
18 the inadvertent production. The inadvertent disclosure of any privileged documents
19 shall not be deemed a waiver of that privilege as to any other Documents, testimony
20 or evidence.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

12

**[PROPOSED] PROTECTIVE ORDER**

1        24.    **Enforcement.**  This Order and Agreement may be enforced by

2    an order of specific performance, as well as any claim for damages.  Nothing in this

3    Order abridges the right of any person to seek its modification by the Court in the

4    future.

5    SO ORDERED:

6        DATED this _____ day of _____, 2008.

7

8

9    _____

10                        DISTRICT COURT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

**[PROPOSED] PROTECTIVE ORDER**

13

1

## EXHIBIT A

2

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

3

4      I, _____[print or type full name], of

5    _____[print or type full address],

6    declare under penalty of perjury that I have read and understand the Protective

7    Order that was entered by the United States District Court for the Central District of

8    California in the case of *Ticketmaster, L.L.C. v. RMG Technologies, Inc.,* Case No.

9    CV-07-2534 ABC (JCx). I agree to comply with and to be bound by all the terms

10   of this Stipulated Protective Order and I understand and acknowledge that failure to

11   comply could expose me to sanctions and punishment in the nature of contempt. I

12   solemnly promise that I will not disclose in any manner any information or item

13   that is subject to this Protective Order to any person or entity except in strict

14   compliance with the provisions of this Order. I further agree to submit to the

15   jurisdiction of the United States District Court for the Central District of California

16   for the purpose of enforcing the terms of this Protective Order, even if such

17   enforcement proceedings occur after termination of this action.

18

19   Date: _____

20

21   City and State where sworn and signed: _____

22

23   Printed name: _____

24

25   Signature: _____

26

27   41220680.1

28

MANATI, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4                                    **[PROPOSED] PROTECTIVE ORDER**

MANATT, PHELPS & PHILLIPS, LLP
ROBERT H. PLATT (Bar No. CA 108533)
rplatt@manatt.com
MARK S. LEE (Bar No. CA 94103)
mlee@manatt.com
CHAD S. HUMMEL (Bar No. CA 139055)
chummel@manatt.com
DONALD R. BROWN (Bar No. CA 156548)
dbrown@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for *Plaintiff*
TICKETMASTER L.L.C.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TICKETMASTER L.L.C., a Virginia limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>RMG TECHNOLOGIES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 07-2534-ABC (JCx)<br><br>**[PROPOSED] PROTECTIVE ORDER** |
| RMG TECHNOLOGIES, INC., a Delaware corporation,<br><br>Counterclaim-Plaintiff,<br><br>vs.<br><br>TICKETMASTER L.L.C., a Virginia limited liability company, IAC/INTERACTIVE CORP., a Delaware corporation and ROES 1 through 10, inclusive,<br><br>Counterclaim-Defendants. | |

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under F.R.C.P. 26(c)(7), hereby ORDERED:

1.     **Scope of Order.**  This Order is intended to facilitate the parties' production of documents as part of voluntary disclosure and in response to discovery requests.  Nothing in this order is to be construed to expand or limit the parties' discovery obligations.  This Order covers the production and use of all Discovery Materials in this action not previously ordered to be produced by the Court that constitute, contain or disclose, in whole or in part, information which the designating party deems to be "Confidential Information" or "Sensitive Confidential Information."  All Documents, Pleadings, and testimony containing Confidential Information or "Sensitive Confidential Information" shall be protected in accordance with the terms of this Order.  Although Discovery Materials and Pleadings that quote, summarize, or contain materials entitled to protection may be accorded status as Confidential Information or Sensitive Confidential Information, to the extent feasible these materials shall be prepared in such a manner that the Confidential Information or Sensitive Confidential Information is bound separately from that not entitled to protection.

2.     **General Definitions.**  For purposes of this Order, the following terms have the following meanings:

a.     "Document" shall mean and include, without limitation, all materials, electronic information and tangible things defined as broadly as permitted under Federal Rule of Civil Procedure 34.

b.     "Discovery Materials" shall mean and include, without limitation, Documents, responses to interrogatories, requests for admissions, or other discovery requests, physical objects, samples, CD-ROMs, tapes, or other items, deposition transcripts and exhibits thereto, and information provided by or

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

2

[PROPOSED] PROTECTIVE ORDER

1    on behalf of the Parties or any third party pursuant to subpoena or otherwise created

2    or included in the course of discovery.

3            c.    "Pleadings" shall mean and include, without limitation,

4    all papers, motions, briefs, affidavits, declarations, exhibits, etc., filed with the

5    Court.

6            d.    "Party" or "Parties' shall mean and include the parties to

7    this litigation and their respective current and former officers, employees, agents,

8    affiliates and subsidiaries.

9            e.    "Designating Party" shall mean the Party designating

10   Discovery Material as "Confidential Information" or "Sensitive Confidential

11   Information."

12           3.    **Confidential Information Defined.** For purposes of this Order,

13   "Confidential Information" shall mean and include any information (regardless of

14   how it is generated, stored, or maintained), including Documents, Discovery

15   Materials and Pleadings, that contains information within the scope of Federal Rule

16   of Civil Procedure 26(c) or which is a trade secret, proprietary, confidential

17   commercial or business information, or otherwise confidential or private.    For

18   certain limited types of "Confidential Information," the producing party may further

19   designate such Confidential Information as "Sensitive Confidential Information," as

20   discussed more fully in Section 4 below. "Confidential Information" shall not

21   include Documents that have been ordered produced before entry of this protective

22   order by a previous order of the Court.    Disclosure of such Documents shall

23   continue to be governed by the terms of any such previous order.

24           4.    **Sensitive Confidential Information Defined.**    "Sensitive

25   Confidential Information" is information which, if known by the party to whom it is

26   disclosed, would be inherently harmful to the Designating Party's business.

27   "Sensitive Confidential Information" may include the Designating Party's

28   proprietary financial information or reports, to the extent any such information or

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

3

**[PROPOSED] PROTECTIVE ORDER**

1   reports is not relevant to any claim for damages. "Sensitive Confidential
2   Information" may not include any information, testimony or Documents relevant to
3   any Designating Party's damages claims or calculations, or other information
4   ordered by the Court to be disclosed under particular conditions and to specified
5   parties. "Sensitive Confidential Information" shall not include Documents that
6   have been ordered produced before entry of this protective order by a previous
7   order of the Court. Disclosure of such Documents shall continue to be governed by
8   the terms of any such previous order.

9        5.   **Designating Protected Material.** All designations shall be
10   made in good faith by the Designating Party and made at the time of disclosure,
11   production, or tender, provided that the inadvertent failure to so designate does not
12   constitute a waiver of such claim, and a producing party may so designate the
13   information after such information has been produced, with the effect that such
14   information is thereafter subject to the protections of this Order. The designation of
15   Discovery Materials in the form of Documents and Discovery Materials other than
16   depositions or other pretrial testimony as Confidential Information or Sensitive
17   Confidential Information shall be made by the Designating Party in the following
18   manner:

19        a.   Documents designated "Confidential" shall be so marked
20   by affixing the legend "CONFIDENTIAL" or similar confidential designation on
21   each page containing any Confidential Information (or in the case of computer
22   medium on the medium and its label and/or cover) to which the designation applies.

23        b.   Documents designated "Sensitive Confidential" shall be
24   so marked by conspicuously affixing the legend "SENSITIVE CONFIDENTIAL"
25   on each page (or in the case of computer medium on the its label and/or cover) to
26   which the designation applies. Designations of "Sensitive Confidential" shall
27   constitute a representation that such Discovery Material has been reviewed by an
28   attorney for the Designating Party and that there is a valid basis for such

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

4

**[PROPOSED] PROTECTIVE ORDER**

designation because the relevant Discovery Material is highly confidential, the disclosure of which is likely to be commercially damaging to the Designating Party. Such information should not be disclosed to any employees of the Party receiving such information, absent Court order, even though employees are bound by this Order and Agreement.

        c.    If a Document has more than one designation, the more restrictive or higher confidential designation applies.

        d.    Documents that have been ordered produced before entry of this Order by a previous order of the Court shall not be designated "Confidential" or "Sensitive Confidential." Disclosure of such Documents shall continue to be governed by the terms of any such previous order.

        6.    **Designation of Deposition Testimony.** All depositions taken in this case and the transcripts thereof shall automatically be treated as Sensitive Confidential Information for 20 days after receipt of the transcript. This 20-day period will begin running the day after the transcript is received by counsel for the party defending the deposition and will conclude at the end of the 20th consecutive day (including weekends and holidays). Any confidentiality designation must be sent to opposing counsel by the end of the 20th day. During the deposition or during this 20-day time period, any Party may designate the deposition or any portion thereof as Confidential Information or Sensitive Confidential Information. Upon delivery of such designation to the other Party, the entire deposition transcript or the designated portion thereof shall be treated as Confidential Information or Sensitive Confidential Information subject to this Stipulation. If any deposition transcript or portion thereof has not been designated as Confidential Information or Sensitive Confidential Information by the expiration of the 20-day period after receipt of the transcript, that deposition or portion will no longer be Confidential Information or Sensitive Confidential Information.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

5

**[PROPOSED] PROTECTIVE ORDER**

7. **Basic Disclosure Principles.** Neither the Parties nor their counsel shall permit disclosure of Confidential Information or Sensitive Confidential Information to anyone except as provided by this Order, and only after the conditions stated in this Order have been met.

8. **Disclosure of Confidential Information.** Confidential Information may not be disclosed to any person except:

a. Any Party to this action, including their Information Technology staff;

b. Counsel for the Parties in this action, including their paralegals and clerical staff, experts, consultants and in-house counsel;

c. Experts (whether consulting or testimonial) in this action to whom disclosure is reasonably necessary to the conduct this action , or to maintain the security of the ticketmaster.com website, provided that experts shall not have access to Confidential Information or Sensitive Confidential Information without having first read, acknowledged, and agreed to be bound by this Order by executing the Declaration attached as Exhibit A;

d. The Court and its personnel;

e. Court reporters engaged for depositions, hearings or trial;

f. Witnesses in this action to the extent necessary for the conduct of this litigation and who have first signed the Agreement to be Bound by Protective Order attached as Exhibit A;

g. The author(s) or any recipient of the document or the original source of the information in any document; and

h. Professional vendors that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, etc.) and their employees who have first signed the Agreement to be Bound by Protective Order attached as Exhibit A.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

6

**[PROPOSED] PROTECTIVE ORDER**

39

9.  **Disclosure of Sensitive Confidential Information.**  Sensitive Confidential Information shall be subject to the same restrictions as Confidential Information but Sensitive Confidential Information may only be disclosed to the parties identified in Sections 8(b)-(e) and (g)-(h), above, and 8(f) above to the extent the witness currently has or would be expected to have knowledge of the contents of the document, and to no one else.

10.  **Use of Discovery Material.**  Confidential Information and Sensitive Confidential Information produced in this litigation shall be used for purposes of this action and to maintain the security of ticketmaster.com.  The persons or entities identified in Sections 8-9, above, to whom Confidential Information or Sensitive Confidential Information is disclosed pursuant to this Order shall not make any copies of or use such Confidential Information or Sensitive Confidential Information for any purpose, whatsoever, except those related to this action or to maintain the security of ticketmaster.com.  Nothing in this Order shall prohibit any person or entity owning rights in or to Confidential Information or Sensitive Confidential Information from using such information in any manner consistent with such ownership rights, including, for example, the use of Confidential Information maintained by the Parties in the ordinary course of the Parties' business, though any prohibition or restriction on any such use of such Confidential Information or Sensitive Confidential Information in any previous order of the Court shall continue to govern use of such information.  This Order shall not limit the right of any Party to assert any claim in this or any other action.

11.  **Offering Materials into Evidence.**  If in connection with any motion or other proceeding in this action, any Party intends to offer into evidence, reference, or attach as exhibits to any Pleading any Documents or other materials that would reveal or tend to reveal Confidential Information or Sensitive Confidential Information, such evidence shall be redacted to remove all Confidential Information or Sensitive Confidential Information that is not

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

7

**[PROPOSED] PROTECTIVE ORDER**

40

1   reasonably necessary for the Court to understand the purpose of the Document as

2   described in the Pleading and to effect the reasonable purpose of the offering party

3   in submitting the document.

4       12.   **Filing of Materials Containing Confidential Information**.

5   When a Party intends to file with the Court, or otherwise introduce into evidence,

6   any Documents, testimony, or any other material containing Confidential

7   Information or Sensitive Confidential Information that cannot be redacted pursuant

8   to Section 11, above, counsel for the filing or offering party shall notify counsel for

9   the Designating Party of such intent. Such notifications shall be made within a

10  reasonable time not less than two business days before filing, such that the

11  Designating Party has an opportunity to object to the necessity of the disclosure of

12  the Document as presented and to work out an acceptable alternative to the

13  proposed disclosure. The parties shall endeavor to reach agreement on any

14  redactions or other methods which may be available to permit the filing or

15  introduction of the Confidential Information or Sensitive Confidential Information

16  with the Court such that the evidentiary objectives of the offering party can be met

17  without disclosure of Confidential Information or Sensitive Confidential

18  Information.

19      13.   **Filing Under Seal.** Any Confidential Information or Sensitive

20  Confidential Information filed with the Court shall be filed in a sealed envelope

21  bearing the designation "Confidential: Subject to Protective Order."

22      14.   **Right To Redact.** Notwithstanding the right to designate

23  information as Confidential or Sensitive Confidential, the Parties may redact from

24  Discovery Material information that would qualify as Sensitive Confidential

25  Information under this Order, but which is irrelevant or otherwise not responsive to

26  the discovery request giving rise to production of the Discovery Material.

27      15.   **Duration.** This Order shall continue to be binding throughout

28  and after the conclusion of this action, including any appeal thereof. This Order, as

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

8

**[PROPOSED] PROTECTIVE ORDER**

4 1

1    an Agreement, shall remain in effect until all Confidential Information or Sensitive

2    Confidential Information is returned to the Designating Party or destroyed, as

3    provided below.   Within thirty (30) days after termination of this action by

4    dismissal, final non-appealable judgment or otherwise, each Party shall return to

5    counsel for the Designating Party all information designated Confidential

6    Information or Sensitive Confidential Information under this Order, including all

7    copies, prints, excerpts, and other reproductions of said information, however

8    generated or maintained.    In the alternative, counsel receiving Confidential

9    Information or Sensitive Confidential Information may supervise the destruction of

10    all Confidential Information or Sensitive Confidential Information, including all

11    copies, prints, excerpts, and other reproductions of said information, however

12    generated or maintained.  Counsel shall then advise all parties' counsel in writing

13    that all Confidential Information or Sensitive Confidential Information, including

14    all copies, prints, excerpts, and other reproductions of said information, however

15    generated or maintained, have been destroyed or returned.

16          16.   **Limiting Disclosure.**  All reasonable efforts shall be made by

17    counsel of record to limit disclosure of Confidential Information or Sensitive

18    Confidential Information to the minimum number of persons necessary to conduct

19    this action or to maintain the security of the ticketmaster.com website.

20          17.   **Access to Additional Person(s).**  To the extent a Party decides

21    that in order to understand or evaluate any Confidential Information the assistance

22    of person(s) not otherwise entitled to access to Confidential Information is

23    necessary, that party may request permission of the Designating Party to show such

24    information to the specifically identified additional person(s). The Party receiving

25    the request shall respond promptly and shall not unreasonably withhold consent. If

26    permission is granted, the Confidential Information may be shown to the additional

27    person(s), subject to the requirement that such person(s) agree to be bound by the

28    terms of this Order and Agreement.  Any disclosure of Confidential Information

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

9

42

**[PROPOSED] PROTECTIVE ORDER**

1  under this paragraph shall not result in a waiver or termination of any of the rights

2  and obligations to any other Party or person under this Order.  If permission is

3  denied, the requesting Party may file an application *in camera* and under seal with

4  the Court referencing the Confidential Information to be disclosed and, where

5  appropriate, stating with particularity the reason or reasons assistance is needed,

6  and naming the person to whom the Confidential Information is to be disclosed to

7  obtain assistance.

8        18.    **Challenges to Confidential Designation or to Redactions in**

9  **Discovery Materials.**   In the event the recipient party disagrees with any

10  designation of confidentiality or with the redaction of any information in Discovery

11  Material, the Parties shall attempt to resolve such dispute on an informal basis.  If

12  the dispute is not resolved informally, the recipient party, by motion, may contest

13  the confidential designation or redaction.  Pending resolution of the motion, the

14  disputed material will continue to be treated as designated (*i.e.*, either Confidential

15  or Sensitive Confidential).  If the Court determines that any materials are not

16  entitled to confidential treatment, confidentiality will nonetheless be maintained for

17  fifteen (15) days subsequent to the Court's decision unless the Court, upon motion

18  and for good reason shown, shall reduce or lengthen the time.  If the Court

19  determines that any materials are not entitled to redaction, the producing party shall

20  disclose the redacted information within fifteen (15) days subsequent to the Court's

21  decision unless the Court, upon motion and for good reason shown, shall reduce or

22  lengthen the time.

23        19.    **Declassification.**   The restrictions on disclosure and use of

24  Confidential Information or Sensitive Confidential Information set forth herein

25  shall not continue to apply to information, which, at the time of disclosure, or

26  thereafter, becomes a part of the public domain by publication or otherwise, other

27  than a result of a wrongful act or failure to act on the part of the Party claiming this

28  exclusion.  However, the restrictions shall continue to apply if such publication or

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

10

**[PROPOSED] PROTECTIVE ORDER**

43

1  other disclosure results from criminal, tortious or otherwise unlawful acts or

2  omissions.   A Party seeking to declassify material designated as Confidential

3  Information may move the Court for a ruling that the material is not entitled to such

4  status and protection.

5        20.   **Right to Assert Other Objections.**   This Order shall not be

6  construed as requiring any Party to produce information or documents which are

7  privileged or otherwise protected from discovery by the Federal Rules of Civil

8  Procedure.  Nothing herein shall be construed or applied to affect the rights of any

9  Party to discovery or to assert any privilege or objection, or to prohibit any Party

10  from seeking such further provisions or relief as it deems necessary or desirable

11  regarding this Order or the matter of confidentiality.

12        21.   **Use During Trial.**   This Order is intended to govern the

13  exchange and use of materials, information and Documents during discovery, trial

14  preparation, and post-trial proceedings.  Questions regarding the use of Confidential

15  Information or Sensitive Confidential Information during the trial of this action, if

16  any, will be addressed by the Court at a later time prior to or during trial.

17        22.   **Subpoena or Order.**   If a Party is served with a subpoena or an

18  order issued in other litigation that would compel disclosure of any information or

19  items designated in this action as Confidential or Sensitive Confidential, counsel for

20  the receiving party must so notify counsel for the Designating Party in writing

21  immediately, and in no event more than three court days after receiving the

22  subpoena or order.  Counsel for the receiving party also must inform in writing the

23  party who caused the subpoena or order to issue in the other litigation that some or

24  all the material covered by the subpoena or order is the subject of this Order.

25        The purpose of imposing these duties is to alert the interested parties to

26  the existence of this Order and to afford the Designating Party in this case an

27  opportunity to try to protect its confidentiality interests in the court from which the

28  subpoena or order issued.  Nothing in these provisions should be construed as

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

11

**[PROPOSED] PROTECTIVE ORDER**

44

1    authorizing or encouraging a receiving party in this action to disobey a lawful

2    directive from another court.

3        23.    **Inadvertent Production.**    If a Party through inadvertence

4    produces or provides discovery that it believes is subject to a claim of attorney-

5    client privilege, common interest privilege, or work product immunity, the

6    producing party may give written notice to the receiving party that the Document is

7    subject to a claim of attorney-client privilege, common interest privilege, or work

8    product immunity and request that the Document be returned to the producing

9    party.    The receiving party shall immediately return to the producing party all

10   copies of such Document and shall return or destroy all excerpts and summaries

11   thereof.    Return of the document by the receiving party shall not constitute an

12   admission or concession, or permit any inference, that the returned Document is, in

13   fact, properly subject to a claim of attorney-client privilege, common interest

14   privilege or work product immunity, nor shall it foreclose the receiving party from

15   moving for an order that such Document has been improperly designated as subject

16   to a claim of attorney-client privilege, common interest privilege, or work product

17   immunity or should be produced for reasons other than a waiver caused merely by

18   the inadvertent production. The inadvertent disclosure of any privileged documents

19   shall not be deemed a waiver of that privilege as to any other Documents, testimony

20   or evidence.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

12

[PROPOSED] PROTECTIVE ORDER

45

1         24.    **Enforcement.**  This Order and Agreement may be enforced by

2    an order of specific performance, as well as any claim for damages.  Nothing in this

3    Order abridges the right of any person to seek its modification by the Court in the

4    future.

5    SO ORDERED:

6         DATED this _____ day of _____, 2008.

7

8

9

10                                DISTRICT COURT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4

13

**[PROPOSED] PROTECTIVE ORDER**

1

# EXHIBIT A

2

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

3

4     I, _____[print or type full name], of

5     _____[print or type full address],

6 declare under penalty of perjury that I have read and understand the Protective

7 Order that was entered by the United States District Court for the Central District of

8 California in the case of *Ticketmaster, L.L.C. v. RMG Technologies, Inc.,* Case No.

9 CV-07-2534 ABC (JCx). I agree to comply with and to be bound by all the terms

10 of this Stipulated Protective Order and I understand and acknowledge that failure to

11 comply could expose me to sanctions and punishment in the nature of contempt. I

12 solemnly promise that I will not disclose in any manner any information or item

13 that is subject to this Protective Order to any person or entity except in strict

14 compliance with the provisions of this Order. I further agree to submit to the

15 jurisdiction of the United States District Court for the Central District of California

16 for the purpose of enforcing the terms of this Protective Order, even if such

17 enforcement proceedings occur after termination of this action.

18

19 Date: _____

20

21 City and State where sworn and signed: _____

22

23 Printed name: _____

24

25 Signature: _____

26

27 41220680.1

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41176504.4                                              **[PROPOSED] PROTECTIVE ORDER**

**EXHIBIT  2**



**From:** Brown, Donald
**Sent:** Friday, January 25, 2008 10:39 AM
**To:** 'dnt@cogganlaw.com'
**Cc:** Platt, Robert; Lee, Mark
**Subject:** proposed protective order in Ticketmaster/RMG case

David:

Attached for your review is a proposed protective order regarding confidential documents and information in the Ticketmaster/RMG case.

Regards,

Donald R. Brown
Manatt, Phelps & Phillips, LLP
11355 West Olympic Blvd.
Los Angeles, CA  90064
310-312-4318 (phone)
310-914-5817 (fax)

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at dbrown@manatt.com or by telephone at (310) 312-4318, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

48

**EXHIBIT  3**

**From:** Brown, Donald
**Sent:** Monday, February 04, 2008 3:39 PM
**To:** 'dnt@cogganlaw.com'
**Cc:** Platt, Robert; Lee, Mark
**Subject:** proposed protective order in TM v. RMG

David:

Upon further review of the proposed Stipulated Protective Order we sent you some time ago, we would like to make a few revisions, both to correct some typos and inconsistencies and to revisit how the order would relate to other actions. Attached is a revised, redlined draft, showing the changes to the prior version. Please contact us regarding the proposed order at your convenience.

Regards,

Donald R. Brown
Manatt, Phelps & Phillips, LLP
11355 West Olympic Blvd.
Los Angeles, CA 90064
310-312-4318 (phone)
310-914-5817 (fax)

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at dbrown@manatt.com or by telephone at (310) 312-4318, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.