Jay M. Coggan (SBN 86107)
David N. Tarlow (SBN 214050)
**COGGAN & TARLOW**
1925 Century Park East, Suite 2320
Los Angeles, California 90067
Telephone (310) 407-0922
Facsimile (310) 407-0923

Attorneys for RMG TECHNOLOGIES, INC., a Delaware corporation

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TICKETMASTER, L.L.C., a Virginia limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RMG TECHNOLOGIES, INC., a Delaware corporation and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV 07-2534ABC(JC x)<br><br>**NOTICE OF MOTION AND MOTION FOR AN ORDER RELIEVING COGGAN & TARLOW AS ATTORNEY OF RECORD FOR RMG TECHNOLOGIES, INC.**<br><br>Complaint Filed: April 17, 2007<br><br>Date:  4/21/2008<br>Time:  10:00 a.m.<br>Place: Courtroom 680 |

PLEASE TAKE NOTICE that on April 21, 2008 at 10:00 a.m. or as soon thereafter as counsel may be heard, in Courtroom 680 of the United States District Court, 255 E. Temple Street, Los Angeles, California 90012, Coggan & Tarlow, counsel for Defendant RMG TECHNOLOGIES, INC., a Delaware corporation ("RMG"), will and hereby does move this Court for an order allowing it to withdraw as counsel for RMG pursuant to Stipulation.

---

1

**MOTION FOR ORDER RELIEVING COGGAN & TARLOW AS COUNSEL OF RECORD TO DEFENDANT, RMG TECHNOLOGIES, INC.**

| | | |
|---|---|---|
| DATED: | March 27, 2008 | COGGAN & TARLOW |

*[signature: David Tarlow]*

By:    David N. Tarlow
*Attorneys for RMG Technologies, Inc.,
a Delaware corporation*

**MOTION FOR ORDER RELIEVING COGGAN & TARLOW AS COUNSEL OF RECORD TO DEFENDANT, RMG TECHNOLOGIES, INC.**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Coggan & Tarlow respectfully requests that the Honorable Court grant its motion to withdraw as counsel pursuant to stipulation between the attorney and the client.

## II. STATEMENT OF FACTS

Coggan & Tarlow was retained by Defendant/Cross-Complainant RMG TECHNOLOGIES, INC. ("RMG") in April of 2007, to defend it against numerous claims made by Plaintiff TICKETMASTER, LLC ("Ticketmaster").

Since January of 2008, Coggan & Tarlow and RMG have experienced a breakdown in the attorney-client relationship and an inability to communicate effectively. Due to these problems, it has become unreasonably difficult of Coggan & Tarlow to carry out its employment in this matter effectively.

Moreover, since January of 2008, RMG has breached its retainer agreement with Coggan & Tarlow with respect to expenses and fees. As a result of this breach, it has become unreasonably difficult for Coggan & Tarlow to proceed in defending this action on behalf of RMG, including taking necessary discovery to prepare for trial.

On March 14, 2008, Coggan & Tarlow requested that RMG stipulate to allow Coggan & Tarlow to withdraw as counsel. On that day, Coggan & Tarlow advised RMG, in writing, that if Coggan & Tarlow were to be relieved as counsel, since RMG is a corporation, it cannot represent itself *pro se*, and that if it wished to continue to defend the instant lawsuit, it must retain another attorney. Coggan & Tarlow also advised RMG of the consequences of its failure to obtain new counsel- namely that its default may be taken in this matter, and judgment may be entered against it by Ticketmaster on such default.

On March 21, 2008, RMG executed a stipulation to allow Coggan & Tarlow to withdraw as counsel.

On Friday, March 21, 2008, Coggan & Tarlow advised Raaqim Knight, Esq. of Manatt, Phelps & Phillips that it would seek to withdraw as counsel, and asked for Ticketmaster's position. Mr. Knight stated that Ticketmaster would not know their position until they received the instant motion.

### III. THIS COURT HAS AUTHORITY TO RELIEVE COGGAN & TARLOW AS ATTORNEYS OF RECORD IN THIS MATTER

Pursuant to *LR 83-2.9.2.1*, an attorney may file an application to withdraw as counsel upon written notice given reasonably in advance to the client and to all other parties of have appeared in the action.

In this matter, Coggan & Tarlow has provided written notice of the instant motion to RMG and counsel for Ticketmaster.

Pursuant to *LR* 83-2.9.2.3 "An attorney requesting leave to withdraw from representation of a corporation or unincorporated association shall give notice to the corporation or unincorporated association of the consequences of its inability to appear *pro se.*"

On March 14, 2008, Coggan & Tarlow sent written correspondence to RMG whereby it explained the consequences of the inability of RMG to appear *pro se.*

Pursuant to *L.R.* 83-2.9.2.4 "[u]nless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in the prosecution of the case to completion."

The trial in this matter is scheduled for October 21, 2008, more than six and one half months (6 ½) months subsequent to the filing of the instant motion. Coggan & Tarlow can see no reason why the prosecution of this case to completion would be delayed by virtue of its withdrawal.

Pursuant to the *California Rules of Professional Conduct* § 3-700(C)(1) a member may not request permission to withdraw in matters pending before a tribunal **unless** such request or such withdrawal is because:

"(1) the client:...(d) by other conduct renders it unreasonably difficult for the member to carry out the employment effectively; or...(e)

---

breaches an agreement or obligation to the member as to expenses or fees;" or

"(2) The client knowingly and freely assents to the termination of employment."

Pursuant to the *California Rules of Professional Conduct* § 3-700(A)(2) "[a] member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for the employment of other counsel, complying with rule 3-700(D) and complying with applicable laws and rules."

Here, in an effort to take reasonable steps to avoid reasonably foreseeable prejudice to RMG's rights, in the instant motion, Coggan & Tarlow has not disclosed any communications which are protected by the attorney-client privilege, and has not disclosed any specific facts which may be used against RMG by Ticketmaster in its litigation. If this Honorable Court would like more specific reasons for Coggan & Tarlow's request to withdraw, it would be happy to discuss the matter, *in camera,* and outside the presence of Ticketmaster's attorneys.

Further, Coggan & Tarlow initially notified RMG of its desire to withdraw in this matter on March 3, 2008. It thereafter made requests that RMG stipulate to allow it to withdraw. RMG was gracious enough to stipulate thereto. Moreover, Coggan & Tarlow held off filing this motion for 28 days to allow RMG to locate substitute counsel.

Since March 3, 2008, Coggan & Tarlow has continued to zealously provide legal services to RMG, including, but not limited to devoting the services of two of its attorneys over the course of multiple days to oppose and file a motion to compel on its behalf and propounding further discovery. It is anticipated that much more work on said motion will be forthcoming over the next few days and weeks. Coggan & Tarlow is committed to providing legal services to RMG until this Honorable Court permits it to withdraw.

Based upon the foregoing, it is respectfully submitted that Coggan & Tarlow has sufficient grounds to withdraw as counsel, especially considering the fact that RMG has stipulated to its withdrawal.

IV. **CONCLUSION**

It is respectfully requested that this Honorable Court relieve Coggan & Tarlow as attorneys of record.

Dated: March 27, 2008

COGGAN & TARLOW

By: David N. Tarlow
Attorneys of record for Defendant
*RMG TECHNOLOGIES, INC.,*
*A Delaware corporation*

# DECLARATION OF DAVID N. TARLOW

1. I am a member of the law firm COGGAN & TARLOW, counsel of record for Defendant, RMG Technologies, Inc. (hereinafter "RMG"), and I am admitted to practice law before all of the Courts of the State of California and this Court.

2. I submit this Declaration in support of Coggan & Tarlow's application to be relieved as counsel of record in this matter.

3. Coggan & Tarlow was retained by RMG in April of 2007, to defend it against numerous claims made by Plaintiff TICKETMASTER, LLC ("Ticketmaster").

4. Since January of 2008, Coggan & Tarlow and RMG have experienced a breakdown in the attorney-client relationship and an inability of my firm to communicate effectively with members of RMG. Due to these problems, it has become unreasonably difficult for my firm to carry out its employment in this matter effectively.

5. Moreover, since January of 2008, RMG has breached its retainer agreement with Coggan & Tarlow with respect to expenses and fees. This breach has not been cured. As a result of this breach, it has become unreasonably difficult for Coggan & Tarlow to proceed in defending this action on behalf of RMG, and to provide legal services to RMG, such as conducting depositions and other discovery which needs to be conducted.

6. On March 3, 2008, my partner, via email, notified RMG of my firm's desire to withdraw in this matter. Between March 3, 2008 and March 14, 2008, I repeated this request to RMG.

7. On March 14, 2008, I requested that RMG stipulate to allow Coggan & Tarlow to withdraw as counsel. On that day, I advised RMG, in writing, that in the event of Coggan & Tarlow's withdrawal as counsel, since RMG is a corporation, it cannot represent itself *pro se*. I notified RMG that if it wished to continue to defend the instant lawsuit, it must retain another attorney. I also advised RMG of the

consequences of its failure to obtain new counsel- namely that its default may be taken in this matter, and that judgment may be entered against it by Ticketmaster on the default.

8. On March 21, 2008, RMG executed a stipulation to allow Coggan & Tarlow to withdraw as counsel. A true and correct copy of same is attached hereto as Exhibit "A."

9. Coggan & Tarlow continues to zealously represent RMG and will continue to do so until permitted to withdraw.

10. I do not wish to divulge any other facts in these motion papers, as I believe it is reasonably foreseeable that if I divulge same, those facts may prejudice RMG in its litigation with Ticketmaster. If the Court would like to further discuss facts which are the basis of this application, I would be happy to discuss same, *in camera*, and outside the presence of Ticketmaster or its attorneys.

11. On Friday, March 21, 2008, I advised Raaqim Knight of Manatt, Phelps & Phillips that Coggan & Tarlow would seek to withdraw as counsel, and I asked for Ticketmaster's position. Mr. Knight stated that Ticketmaster would not know their position until they received the instant motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: March 27, 2008

David N. Tarlow

**EXHIBIT "A"**

JAY M. COGGAN (BAR NO. 86107)
DAVID N. TARLOW (BAR NO. 214050)
JOSHUA G. BLUM (BAR NO. 249082)
COGGAN & TARLOW
1925 Century Park East, Suite 2320
Los Angeles, CA 90067

Attorneys for *Defendant* RMG Technologies, Inc.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TICKETMASTER L.L.C. a Virginia limited liability Company, <br><br>Plaintiff, <br><br>vs. <br><br>RMG TECHNOLOGIES, INC. a Delaware corporation, and DOES 1 through 10 inclusive, <br><br>Defendants. | Case No.: Case No.: CV 07-2534 ABC(JWJx) <br><br>**STIPULATION TO WITHDRAW AS COUNSEL.** |

**STIPULATION**

It is hereby stipulated by and between RMG TECHNOLOGIES, INC., a Delaware Corporation and Coggan & Tarlow, that Coggan & Tarlow may withdraw as counsel.

Dated: March 21, 2008        COGGAN & TARLOW

                            By: _____
                                David N. Tarlow

Dated: March 21, 2008        RMG TECHNOLOGIES, INC.

                            By: _____
                                Cipriano Garibay

1

STIPULATION

# PROOF OF SERVICE

STATE OF CALIFORNIA            )
                               ) ss:
COUNTY OF LOS ANGELES          )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1925 Century Park East, #2320, Los Angeles, California 90067.

On March 27, 2008, I served the foregoing document described as **NOTICE OF MOTION AND MOTION FOR AND ORDER RELIEVING COGGAN & TARLOW AS ATTORNEY OF RECORD FOR RMG TECHNOLOGIES, INC.; DECLARATION OF DAVID N. TARLOW IN SUPPORT OF MOTION** on all interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, and addressed as follows:

> Cipriano Garibay
> RMG Technologies, Inc.
> 301 Grand Street
> Pittsburgh, PA 15219

(X)   BY MAIL. I caused such envelopes to be deposited in the mail. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon, fully prepaid, at Los Angeles, California in the ordinary course of business.

(X)   BY ELECTRONIC MAIL. I emailed a copy of the aforementioned document to RMG Technologies, Inc.

1     I declare under penalty of penalty of perjury under the laws of the State of California and the United States that the above is true and correct. I am a member of the bar of this court.

Executed on this **27TH** day of **March, 2008,** at Los Angeles, California.

_David N. Tarlow_
David N. Tarlow

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss:
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: **1925 Century Park East, #2320, Los Angeles, California   90067**

On **March 31, 2008,** I served the foregoing document described as **NOTICE OF MOTION AND MOTION FOR AN ORDER RELIEVING COGGAN & TARLOW AS ATTORNEY OF RECORD FOR RMG TECHNOLOGIES, INC.** on all interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, and addressed as follows:

> Robert H. Platt
> Donald R. Brown
> Manatt, Phelps & Phillips, LLP
> 11355 W. Olympic Blvd.
> Los Angeles, CA 90064

**(X) BY PERSONAL SERVICE,** I caused such envelope to be delivered by hand to the above-named addressee(s).

I declare under penalty of perjury that I am an employee of a member of the bar of this court at whose direction that the service herein was made.

Executed on this **31ST** day of **March, 2008,** at Los Angeles, California.

_____
DAVID N. TARLOW