ORIGINAL

1   Jay M. Coggan (SBN 86107)
    jmc@cogganlaw.com
2   David N. Tarlow (SBN 214050)
    dnt@cogganlaw.com
3   Joshua G. Blum (SBN 249082)
    jgb@cogganlaw.com
4   **COGGAN & TARLOW**
    1925 Century Park East, Suite 2320
5   Los Angeles, California 90067
    Telephone  (310) 407-0922
6   Facsimile  (310) 407-0923

7   Attorneys for RMG TECHNOLOGIES, INC., a Delaware corporation

8

9                 **UNITED STATES DISTRICT COURT**

10          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11

12   TICKETMASTER, L.L.C., a                 Case No. CJ 07-2534 ABC(JCx)
     Virginia limited liability company,
13                                           **DISCOVERY MOTION**
                     Plaintiff,
14                                           **JOINT STIPULATION**
                                             **REGARDING DEFENDANT'S**
15           v.                              **MOTION TO COMPEL**
                                             **PRODUCTION OF DOCUMENTS**
16   RMG TECHNOLOGIES, INC., a
     Delaware corporation and DOES 1         Judge:       Jacqueline Chooljian
17   through 10, inclusive,                   Hearing Date: April _22, 2008
                                             Hearing Time: 1:30 p.m.
18              Defendants.                   Location:    Courtroom 20,
                                                          312 N. Spring St.,
19                                                     Los Angeles, CA 90012

20                                           Pre-trial Conference: 9/15/08
                                             Trial:              10/2/08
21                                           Discovery cutoff:    5/23/08

22

23

24                  **RMG'S INTRODUCTORY STATEMENT**

25       Ticketmaster, LLC (hereinafter "Ticketmaster"), the Plaintiff in this matter,

26   delivered   a   Joint   Stipulation   Regarding   Motion   to   Compel   on   RMG

27   TECHNOLOGIES, INC. ("RMG"), after regular office hours on March 12, 2008.

28       On March 20, 2000 at 12:00 a.m., RMG delivered its portion for the joint

COGGAN & TARLOW
LOS ANGELES
NEW YORK

Dockets.Justia.com

1   stipulation on motion to compel.   LR 37-2.1 states in relevant part, "[t]he

2   stipulation shall contain *all issues in dispute* and, with respect to each such issue,

3   the contentions and points and authorities of each party."   Accordingly, RMG

4   included in its portion of the stipulation the fact that Ticketmaster has not produced

5   a single document in this matter, that it has made frivolous objections, and it set

6   forth all of the issues which it had pursuant to each request which Ticketmaster

7   either failed to properly respond or which Ticketmaster failed to produce

8   documents.

9         After receiving RMG's portion, Ticketmaster deleted the RMG's portion

10  which dealt with Ticketmaster's failure to comply with discovery requests, claiming

11  that while the motion is based on a joint stipulation, it is not a "joint motion."

12  RMG's counsel stated that the Local Rules specifically require the joint stipulation

13  cover all discovery issues in dispute between the parties and that Ticketmaster did

14  not have permission to delete any of RMG's portions of the joint stipulation.

15  Moreover, RMG's counsel stated that for the sake of judicial economy, and to save

16  the Court and the parties from having to handle two different motions on two

17  different days one week apart, that the discovery motion should be deemed a joint

18  motion to compel.  Ticketmaster's attorney stated that Ticketmaster did not want to

19  do a joint motion.

20        Clearly, Ticketmaster would rather the Court resolve its discovery issues

21  without having to confront the fact that it failed to produce a single document in

22  this matter being before the Court.  In order to simply move the case forward, RMG

23  has signed the joint stipulation of Ticketmaster, even though it has deleted much of

24  RMG's portion, and RMG will ask the honorable court to simply consolidate all of

25  the parties' issues in one hearing.

26        Ticketmaster has asserted frivolous objections and employed dilatory tactics

27  all to deprive RMG of its right to defend itself in this action.  Pointedly, pursuant to

28  Ticketmaster's Request for Production of Documents dated October 15, 2007 and

COGGAN & TARLOW
LOS ANGELES
NEW YORK

1  the expedited discovery order of the court dated November 9, 2007 RMG has

2  provided to Ticketmaster significant and proprietary documents related to its

3  software products, including, the source code that drives its software product.

4      Nevertheless, Plaintiff has refused to provide any documents whatsoever to

5  RMG notwithstanding the fact that RMG propounded its Request for Production on

6  December 7, 2007. What makes Ticketmaster's actions even more egregious, is

7  that it specifically requested an extension of time with which to respond to RMG's

8  discovery request, only to fail to produce documents. As of the date of RMG's

9  preparation of this stipulation, RMG still had not received one single piece of paper

10  which was responsive to any of its document requests.

11      Documents which have been withheld by Ticketmaster are highly relevant to

12  RMG's defenses in this matter. Specifically, Ticketmaster has claimed that it

13  sustained damages in the form of increased costs of internet security. In response to

14  this allegation, RMG requested documents concerning Ticketmaster's convenience

15  charges. RMG contends that these documents would show whether Ticketmaster

16  has actually passed off the costs of internet security to its customers, thereby,

17  negating any such damages. Notwithstanding the obvious relevance, and clear need

18  for this information, Ticketmaster refuses to produce any such documents under

19  any condition. At the joint meet and confer of counsel on March 5, 2008 regarding

20  both parties' issues concerning discovery, Ticketmaster's attorneys told RMG's

21  counsel that RMG would need to make a motion to compel in order to obtain this

22  information. When RMG's counsel asked Ticketmaster's counsel why it was

23  refusing to produce documents which clearly are relevant to the matter,

24  Ticketmaster's attorney claimed that he did not have authority to commit to

25  producing the information.

26      Ticketmaster has failed to produce any documents which support its loss of

27  goodwill claim, even though same have been requested. When RMG's counsel

28  confronted Ticketmaster's counsel with the fact that said documents are relevant to

1   disproving Ticketmaster's claims, Ticketmaster's counsel agreed that they were
2   relevant, yet refused to produce them.

3   On March 5, 2008, when counsel for Ticketmaster and RMG met and
4   conferred regarding *both parties* in discovery responses, Ticketmaster's counsel
5   requested that RMG provide further discovery responses by March 7, 2008. Upon
6   RMG's counsel's inquiry as to when Ticketmaster would provide supplemental
7   responses, Ticketmaster's counsel stated that Ticketmaster would be unable to
8   provide a further response for at least 2 to 3 weeks, maybe longer; he refused to
9   confirm any date for further responses or document production. RMG's counsel
10  stated they would not be able to provide responses by March 7, 2008, as RMG's
11  counsel had an appellate brief due in another matter on March 14, 2008, and a jury
12  trial scheduled to begin on March 17, 2008. RMG's counsel suggested that the
13  parties decide on another due date for both of their further responses.
14  Ticketmaster's counsel refused to commit to a date for his client to provide further
15  responses. Accordingly, the parties left the issue open.    On March 12, 2008,
16  without ever communicating with RMG's counsel about any further responses
17  which it had pursuant to the meet and confer, Ticketmaster delievered its portion of
18  a joint stipulation to RMG's counsel.

19  Based upon the foregoing, it is respectfully submitted that it is Ticketmaster
20  who must be compelled to provide another response to RMG's document requests,
21  and to immediately produce documents.

22  ## TICKETMASTER'S INTRODUCTORY STATEMENT

23  Ticketmaster has always been prepared to provide many of the documents at
24  issue in this motion upon entry of a protective order. Indeed, Ticketmaster asked
25  RMG to stipulate to a protective order that is virtually identical to the protective
26  order that was entered in a related case – *Ticketmaster L.L.C. v. Designer Tickets*
27  *and Tours, Inc., et al.*, C.D.Cal., Case No. CV 07-1092 ABC (JCx). RMG refused
28  to stipulate, as a result of which Ticketmaster has filed a motion for entry of a

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

1  protective order, which will be heard concurrently herewith. Thus, a substantial
2  portion of this motion is unnecessary and could have been avoided.

3      As to the rest, many of the items in dispute relate only to RMG's antitrust
4  counterclaims, which were recently dismissed. Although RMG was granted leave
5  to amend its counterclaims, the Court was skeptical RMG could plead a viable
6  antitrust counterclaim. Thus, Ticketmaster believes it would be premature to be
7  subjected to extensive discovery regarding claims that are likely to be dismissed (if,
8  indeed, RMG even bothers to file amended counterclaims at all). As to those
9  requests in dispute that do not relate solely to the antitrust counterclaims, the
10  defects are specific to the particular requests and are thus addressed where
11  appropriate below.

12      Finally, Ticketmaster will not belabor the Court with a response to RMG's
13  irrelevant discussion of whether its motion to compel should have been shoe-
14  horned into Ticketmaster's separate motion to compel, other than to note that
15  RMG's attempt to do so was improper.

16  **A.    Ticketmaster's Claims.**

17      Ticketmaster ("Ticketmaster") distributes tickets for live entertainment
18  events to the public through its "www.ticketmaster.com" website. (First Amended
19  Complaint ("FAC"), ¶ 3.) The ability for customers to conveniently obtain tickets
20  is integral to Ticketmaster's business. (*See* Declaration of Kevin McLain, filed in
21  support of Plaintiff's Motion For Preliminary Injunction ("McLain Decl."), at ¶¶ 2,
22  6, 36, attached to the Declaration of Raaqim Knight ("Knight Decl."), filed
23  concurrently herewith, as Exhibit ("Exh.") A.) Accordingly, Ticketmaster makes
24  significant efforts to ensure that the largest possible number of consumers have
25  access to tickets. (McLain Decl., ¶ 7.)

26      Because demand often exceeds the supply of tickets available through the
27  website, Ticketmaster has developed and employs various means to regulate and
28  ensure consumers' fair access to tickets. (*Id.*, ¶¶ 6, 7, 8, 22.) These measures limit

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

1    the way consumers may use the website and are necessary to maintain
2    Ticketmaster's reputation of being the most reliable source of event tickets. (*Id.*)

3    Ticketmaster alleges that RMG developed and sold automated devices whose
4    sole purpose was to enable its customers to circumvent Ticketmaster's security
5    measures and unfairly procure large quantities of tickets at a speed legitimate
6    consumers could not match, in violation of the website's Terms of Use. (FAC, ¶ 4.)
7    These automated devices also circumvented TM's access control and copy
8    protection systems. (McLain Decl., ¶ 18.)

9    Ticketmaster alleges claims against RMG for copyright infringement,
10   violations of the Digital Millennium Copyright Act (17 U.S.C. § 1201), the
11   Computer Fraud and Abuse Act (18 U.S.C. § 1030), California Penal Code § 502 *et*
12   *seq.* and RICO statutes, breach of contract, intentional interference with contractual
13   relations, inducing breach of contract, and fraud. Ticketmaster seeks, among other
14   relief, damages and a permanent injunction.

15   Earlier in this case, Ticketmaster moved for a preliminary injunction, which
16   was granted on October 16, 2007. The injunction enjoins RMG from creating,
17   selling, facilitating the use of, or using "computer programs or other automatic
18   devices to circumvent the technological copy protection systems in Ticketmaster's
19   website," or otherwise violating ticketmaster.com's terms of use. (Order Granting
20   Plaintiff's Motion for Preliminary Injunction ("Injunction"), attached to the Knight
21   Decl. as Exh. C.)

22   **B.    RMG's Counterclaims.**
23   RMG reflexively asserted counterclaims against Ticketmaster for antitrust
24   violation, misuse of copyright, and violations of the Computer Fraud and Abuse
25   Act and California Penal Code Section 502. The Court granted Ticketmaster's
26   motion to dismiss the antitrust and copyright counterclaims. (*See* Order Granting
27   Motion to Dismiss ("12(b)(6) Order"), attached to the Knight Decl. as Exh. B.)

28

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

**C.     RMG's Discovery Requests and Ticketmaster's Responses.**

On December 7, 2007, RMG served its First Set of Document Requests, which contained 66 requests.   Many of the requests seek highly sensitive technological information and financial information.   Many requests also seek irrelevant information and appear to be intended only to harass Ticketmaster, increase the costs of litigation, and/or permit a fishing expedition into various aspects of Ticketmaster's business operations.   Moreover, many of the requests are directed solely to RMG's now-dismissed counterclaims.

Ticketmaster agreed to produce documents in response to those requests that were proper, upon entry of a protective order.   RMG refused to stipulate to Ticketmaster's proposed order, even though a virtually identical order had been entered in a related case – *Ticketmaster L.L.C. v. Designer Tickets and Tours, Inc., et al.*,   C.D.Cal., Case No. CV 07-1092 ABC (JCx) – as a result of which Ticketmaster has had to move for entry of a protective order.

## II.
## JOINT SPECIFICATION OF ISSUES IN DISPUTE

**A.     TICKETMASTER'S UNFOUNDED OBJECTIONS AND FAILURE TO PRODUCE DOCUMENTS CONCERNING ITS CONVENIENCE CHARGES.**

**1.     Request for Production Nos. 1 through 3**

**REQUEST FOR PRODUCTION NO. 1:**
Any and all DOCUMENTS which refer, reflect or relate to YOUR method of determining convenience charges for tickets sold on ticketmaster.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**
Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not limited to the term "method". Plaintiff further objects to this request to the extent it lacks foundation. Plaintiff further objects to this request on the ground that it is compound,

1
2
3
4

overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

5
6
7

## REQUEST FOR PRODUCTION NO.2:

Any and all DOCUMENTS which refer, reflect or relate to all factors considered by YOU in determining convenience charges for tickets purchased on ticketmaster.com.

8
9
10
11
12
13
14
15
16

## RESPONSE TO REQUEST FOR PRODUCTION NO.2:

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not limited to the term "considered". Plaintiff further objects to this request to the extent it lacks foundation. Plaintiff further objects to this request on the ground that it is compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

17
18
19
20

## REQUEST FOR PRODUCTION NO.3:

Any and all DOCUMENTS which refer, reflect or relate to the identity of all PERSONS involved in the decision making process of determining convenience charges for tickets purchased on ticketmaster.com.

21
22
23
24
25
26
27
28

## RESPONSE TO REQUEST FOR PRODUCTION NO.3:

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not limited to the phrase "decision making process". Plaintiff further objects to this request to the extent it lacks foundation. Plaintiff further objects to this request on the ground that it is compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney- client privilege or the work-product doctrine.

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

**REQUEST FOR PRODUCTION NO. 6:**

Any and all DOCUMENTS which refer, reflect or relate to any research which YOU conducted in determining convenience charges for tickets sold on ticketmaster.com

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not limited to the term "research". Plaintiff further objects to this request to the extent it lacks foundation. Plaintiff further objects to this request on the ground that it is compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

### a.    RMG's Contentions and Points and Authorities

Pursuant to FRCP 34(a)-(b), a party is obliged to produce all specified relevant and non-privileged documents or other things in it possession, custody or control on the date and time specified in the Request for Production of Documents. On December 31, 2007, RMG personally served its request for Production of Documents upon Ticketmaster's counsel. RMG requested that Ticketmaster "produce and permit the inspection and photocopying of documents and tangible things at the office of Coggan & Tarlow, 1925 Century Park East, Suite 2320, Los Angeles, California within 30 days of the service of the Request for Production of Documents. To date, Ticketmaster has not produced a single document responsive to any of RMG's document requests.

Ticketmaster has sued RMG for Violation of the Computer Fraud and Abuse Act, Violation of California Penal Code § 502, Fraud, Aiding and Abetting Fraud, Breach of Contract, Inducing Breach of Contract, Intentional Interference with Contract, and Violation of Civil RICO. All of these claims require Ticketmaster to prove the element of damages. *See Lim v. The.TV International* (2002) 99 Cal.

App.4th 684, 694.  *See also Fisher v. Paul Revere insurance Group*, (C.A.9 Cal.))55 Fed. Appx., 414).  (Damages are an element of fraud)  *See Computer Fraud and Abuse Act* 18 U.S.C. 1030.  (Requires $5,000.00 in damage to a computer in order to sue civilly.)  *See Careau & Co. v. Security Pacific Credit, Inc.,* (1990) 222 Cal. App.3d 1371, 1388.  (Plaintiff must plead and prove damages in order to prevail on a cause of action for breach of contract).  *See also Pacific Gas & Electric v. Bear Stearns & Company* (1990) 50 Cal. 3d 1118, 1126.  *See Contemporary Investments, Inc. v. Safeco Title Insurance Co.,* (1983) 145 Cal. App. 3d 999, 1002.  (Plaintiff must plead and prove the element of damages to prevail on causes of action for inducing breach of contract or intentional interference with contract.)

In ¶ 45 of Ticketmaster's First Amended Complaint—which is incorporated into the damages' paragraphs in nine of Ticketmaster's eleven claims—Ticketmaster asserts that it has been damaged by the "increased costs of data storage, troubleshooting and system maintenance."

In light of Ticketmaster's claim that it is damaged by paying costs associated with data storage, troubleshooting, and system maintenance, RMG propounded Request Nos. 1-3 and 6, to determine whether Ticketmaster has actually passed those costs on to its customers.  Pointedly, if Ticketmaster did, it cannot claim that those costs as damages, because Ticketmaster would be whole.  Further, if Ticketmaster has claimed damages for amounts that it has factored into its convenience charges, then Ticketmaster could not seek those costs for damages, because the convenience charges made it whole.

Moreover, Ticketmaster admitted in its response to RMG's Request for Production of Documents that "Convenience charges are based, among other things, on Plaintiff's cost of doing business, which is in turn affected by the cost of, among other things, Plaintiff's attempt to maintain a secure website."  Thus, the documents requested in Requests 1-3 and 6, are relevant to the issue of how much

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

1    Ticketmaster has spent to maintain a secure Web site, which in this matter appears

2    to be an element of their damages claim.

3         Based upon the foregoing, these requests are relevant to the matters set forth

4    in this case, and Ticketmaster should produce them forthwith.

5              **b.    TM's Contentions and Points and Authorities.**

6         The documents sought by Request Nos. 1, 2, 3 and 6 are irrelevant, and thus

7    not discoverable under Rule 26(b)(1).  RMG appears to be arguing that

8    Ticketmaster cannot have been damaged if Ticketmaster could somehow manage to

9    pass on to its own customers the incremental operating costs caused by RMG's

10   misconduct.  RMG cites no authority for this novel "offset" theory, nor could it.

11   Every dollar Ticketmaster spends in efforts to prevent—or deal with the fall-out

12   of—RMG's misconduct is a dollar that was not spent on some other product or

13   service, and the harm to Ticketmaster is the same whether or not it could increase,

14   or did increase, its convenience charges.[1]

15        Moreover, the convenience charges charged by Ticketmaster are governed by

16   contracts between Ticketmaster and its clients.  Determining the amount of those

17   charges involves business negotiations and a host of other factors that have nothing

18   whatsoever to do the with the claims in this case.

19             **c.    Proposed Resolutions During the Conference of Counsel.**

20                 **(1)    RMG's Proposed Resolution.**

21        RMG's counsel asked Ticketmaster if the documents responsive to Request

22   Nos. 1-3 and 6 were being withheld based upon privilege, and whether

23   Ticketmaster intended on producing them upon the execution of a protective order.

24   Ticketmaster's counsel stated that Ticketmaster did not intend on producing said

25   documents at any time, even though he acknowledged that they were probably

26

27   [1]    RMG's argument is tantamount to a shoplifter arguing that he is not liable to
     the store for ensuing security enhancements if the store paid for those
28   enhancements by raising its prices.

COGGAN & TARLOW
LOS ANGELES
NEW YORK

1    relevant to RMG's defenses in this matter.  RMG's counsel proposed that since

2    these requested documents are clearly relevant, that they be produced, forthwith,

3    without objection.  Ticketmaster's counsel told RMG's counsel that these were

4    magistrate issues that would need to be resolved on a motion to compel.

5              **(2)    Ticketmaster's Proposed Resolution.**

6              RMG's counsel did not ask during the mandatory conference of counsel

7    whether Ticketmaster intended to produce any document upon the execution of a

8    protective order.  (Knight Decl., ¶ 9.)  Instead, counsel for RMG stated that RMG's

9    principals were angered by the adverse rulings in this case and would not agree to

10   enter into any protective order.  (*Id.*)  Nor did counsel for Ticketmaster ever suggest

11   that the documents in question were relevant, because they are not.  (*Id.*)  Instead,

12   as RMG acknowledged in its portion of the Joint Stipulation Regarding Plaintiff's

13   Motion to Compel, counsel for Ticketmaster stated that these documents were not

14   relevant and would not be produced.  (*Id.*, Ex. F.)

15   **B.    TICKETMASTER'S UNFOUNDED OBJECTIONS AND FAILURE
16          TO PRODUCE DOCUMENTS CONCERNING LOST GOODWILL,
            NO. 12.**

17   **REQUEST FOR PRODUCTION NO. 12**
18   Any and all DOCUMENTS which refer, reflect or relate to any claim
     that YOU have made for loss of goodwill from January 1, 2002 to
19   present, including, but not limited to corporate tax returns, financial
     statements and profit and loss statements.

20
21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**
     Plaintiff incorporates by reference each and every one of the General
22   Responses and Objections as though fully set forth herein. Plaintiff
     further objects to this request because it is vague, ambiguous and
23   unintelligible, including but not limited to the phrase "any claim that
     YOU have made for loss of goodwill." Plaintiff further objects to this
24   request to the extent it seeks information neither relevant to the subject
     matter of this litigation nor reasonably calculated to lead to the
25   discovery of admissible evidence. Plaintiff further objects to this
     request on the ground that it is overbroad, unduly burdensome and
26   oppressive. Plaintiff further objects to this request on the ground that it
     seeks the production of documents containing confidential, sensitive,
27   proprietary, commercial, business and financial information. Plaintiff
     further objects to this request to the extent that it seeks documents
28   protected by attorney-client privilege or the work-product doctrine.

COGGAN & TARLOW
LOS ANGELES
NEW YORK

12                                              JOINT STIPULATION

1

### a.   RMG's Contentions and Points and Authorities.

Pursuant to FRCP 34(a)-(b), a party is obliged to produce all specified relevant and non-privileged documents or other things in is possession, custody and control on the date and time specified in a Request for Production of Documents.

Ticketmaster has claimed in both its First Amended Complaint and the Motion for Preliminary Injunction, that it has sustained loss of goodwill based upon the alleged acts of RMG.  RMG therefore, has requested all records reflecting any claims of loss of goodwill, as the records are relevant to Ticketmaster's loss of goodwill damages claim.   Ticketmaster has refused to produce any records referring, reflecting, or relating to any loss of goodwill claims.   None of its objections have any merit.  Pointedly, the phrase "any claim that YOU have made for loss of goodwill" is very direct and simple English.  Secondly, Ticketmaster's objection that this request is overbroad, unduly burdensome and oppressive is also without merit, as said requests are narrowly drawn.   Nevertheless, and assuming, *arguendo*, that the request are overly broad, Ticketmaster was required to respond to the non-objectionable portion of each such request and to identify the sources of responsive documents not reasonably accessible.  See Fed.R.Civ.P. 34(b). Finally, assuming Ticketmaster's objection—that this request is unduly burdensome and oppressive— is meritorious, then the only logical inference that can be drawn is that Ticketmaster has not produced these documents to determine its own claim for a loss of goodwill.  Thus, Ticketmaster is conceding that it filed its claim for a loss of goodwill without any documents to support this claim.

### b.   Ticketmaster's Contentions and Points and Authorities.

What Request No. 12 seeks is all documents relating to any claim for loss of goodwill, regardless of whether the claim relates to RMG or the issues in this case. The Request is overbroad and seeks irrelevant material, because the only loss of goodwill relevant here is any loss caused by RMG's unlawful conduct, which only came to light last year.

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

1    Nor is the notion of lost goodwill limited to any technical use of that term as

2    it might appear in financial documents. The harm to goodwill from RMG's

3    misconduct includes negative stories about Ticketmaster in the media, dissatisfied

4    customers and dissatisfied clients. That harm, which is both tangible and

5    intangible, is not necessarily encapsulated by any entry for goodwill in a balance

6    sheet.

7    In any event, and contrary to RMG's suggestion, Ticketmaster's objection to

8    this request is certainly not an admission that it lacks documents to support its loss

9    of goodwill. Rather, the request as phrased is defective, and appears to be primarily

10   an attempt to obtain sensitive financial data, including tax returns—the production

11   of which is disfavored (*see* 26 U.S.C. § 6103)—as a fishing expedition.

12         c.    **Proposed Resolutions During the Conference of Counsel.**

13              **(1)    RMG's Proposed Resolution.**

14   During the meet and confer, RMG's counsel explained that Tickemaster is

15   claiming it lost goodwill, and used that as a basis to obtain a preliminary injunction.

16   Therefore, RMG sought documents such as tax records, financial statements, etc

17   reflecting a loss of goodwill. RMG is entitled to those documents in order to

18   evaluate what Ticketmaster believes its goodwill was worth. If Ticketmaster did

19   not claim any loss of goodwill, then RMG is entitled to use that information to

20   show that the claim is unmeritorious. Ticketmaster's counsel stated "I see your

21   point" and offered to go to his client and see if his client was willing to supplement

22   the response. Further, Ticketmaster's counsel stated that he would contact RMG's

23   counsel soon thereafter and tell him whether Ticketmaster agreed to supplement the

24   response. However, Ticketmaster served this stipulation prior to notifying RMG's

25   counsel as to whether it would supplement this response.

26              **(2)    Ticketmaster's Proposed Resolution.**

27   During the mandatory conference of counsel, Ticketmaster's counsel

28   explained that the requested documents were irrelevant and highly sensitive.

COGGAN & TARLOW
LOS ANGELES
NEW YORK

(Knight Decl., ¶ 10.) RMG's counsel stated that not claiming a loss of goodwill on its tax returns would constitute an admission by Ticketmaster that it had not lost any goodwill. (*Id.*) While indicating that he understood RMG's logic, Ticketmaster's counsel reiterated that the documents in question do not appear to be relevant, that they are highly confidential, and that he was skeptical whether a corporation's tax returns would indicate lost goodwill in any event. (*Id.*)

In an attempt to compromise, Ticketmaster's counsel informed RMG's counsel that he would research the issue further, and that Ticketmaster would supplement its response if the law so required. Having done so, Ticketmaster continues to believe that its objections are valid. (*Id.*)

### III.
### TICKETMASTER'S UNFOUNDED OBJECTIONS AND FAILURE TO PRODUCE DOCUMENTS CONCERNING ITS CONVENIENCE CHARGES.

### REQUEST FOR PRODUCTION NO. 33:
Any and all DOCUMENTS which refer, reflect or relate to any PERSON who YOU have employed, either as an employee or an independent contractor, in an attempt to stop the use of spiders, robots, bots, automated devices or automated processes on the ticketmaster.com website.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 33:
Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not limited to the phrase "employed . . . in an attempt". Plaintiff further objects to this request to the extent that it lacks foundation. Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

### A.    RMG's Contentions and Points and Authorities

In this request, RMG simply asks for all documents which reflect the witnesses who have knowledge of Ticketmaster's attempt to stop the use of spiders,

1  robots, bots, automated devices or automated processes on its Web site.
2  Ticketmaster's objection that this request is vague, ambiguous or overbroad, unduly
3  burdensome or oppressive, or that it calls for any confidential information is simply
4  baseless, as this request would lead to the identity of witnesses. In fact, these are
5  precisely the types of documents which should have been provided with initial
6  disclosures. Pointedly, Rule 26(1)(A) specifically requires Ticketmaster to identify
7  the name, address and telephone number of each individual likely to have
8  discoverable information that Ticketmaster may use to support its claims and
9  defenses. For Ticketmaster to withhold documents which simply refer, reflect or
10  relate to these witnesses is improper and in bad faith.

**B.    Ticketmaster's Contentions and Points and Authorities**

Ticketmaster has provided the following supplemental response to this request: "Following entry of a protective order, Plaintiff will make available for inspection all relevant, non-privileged documents relating to attempts by Ticketmaster's employees or independent contractors working on its behalf to stop the use of spiders, robots, bots, automated devices or automated processes on the ticketmaster.com website."

**C.    PROPOSED RESOLUTIONS DURING THE CONFERENCE OF COUNSEL.**

**1.    RMG's Proposed Resolution.**

During the mandatory meeting of counsel, Ticketmaster's counsel stated that Ticketmaster would produce the documents requested in number 33. However, to date, no such document has been produced.

**2.    Ticketmaster's Proposed Resolution.**

During the mandatory meeting of counsel, Ticketmaster's counsel informed counsel for RMG that Ticketmaster would produce responsive documents subject to a protective order because they are confidential. (Knight Decl., ¶ 11.) RMG

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

1  refused to stipulate to a protective order, as a result of which Ticketmaster has

2  moved for entry of a protective order. (*Id.*, ¶¶ 5, 6, 8.)

3  **D.    TICKETMASTER'S REFUSAL TO PRODUCE DOCUMENTS
          RESPONSIVE TO REQUEST NUMBERS 46-48**

4  **REQUEST FOR PRODUCTION NO. 46:**

5  Any and all DOCUMENTS which refer, reflect or relate to all tickets
   to the "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour"
6  which were sold on TicketExchange portion of the ticketmaster.com
   website from January 1, 2007 to present.

7

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

9  Plaintiff incorporates by reference each and every one of the General
   Responses and Objections as though fully set forth herein. Plaintiff
10 further objects to this request because it seeks information neither
   relevant to the subject matter of this litigation nor reasonably
11 calculated to lead to the discovery of admissible evidence. Plaintiff
   further objects to this request on the ground that it is overbroad, unduly
12 burdensome and oppressive. Plaintiff further objects to this request on
   the ground that it seeks the production of documents containing
13 confidential, sensitive, proprietary, commercial, business and financial
   information. Plaintiff further objects to this request to the extent that it
14 seeks documents protected by attorney- client privilege or the work-
   product doctrine. Plaintiff further objects to this request on the grounds
15 that it is premature, given Plaintiff's pending motion to dismiss
   Defendant's counterclaim.

16

17 **REQUEST FOR PRODUCTION NO. 47:**

18 Any and all DOCUMENTS which refer, reflect or relate to all
   convenience charges YOU were paid as a result of sales on the
   TicketExchange portion of the ticketmaster.com website for the
19 "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour" from
   January 1, 2007 to present.

20

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

22 Plaintiff incorporates by reference each and every one of the General
   Responses and Objections as though fully set forth herein. Plaintiff
   further objects to this request because it seeks information neither
23 relevant to the subject matter of this litigation nor reasonably
   calculated to lead to the discovery of admissible evidence. Plaintiff
24 further objects to this request on the ground that it is overbroad, unduly
   burdensome and oppressive. Plaintiff further objects to this request on
25 the ground that it seeks the production of documents containing
   confidential, sensitive, proprietary, commercial, business and financial
26 information. Plaintiff further objects to this request to the extent that it
   seeks documents protected by attorney- client privilege or the work-
27 product doctrine. Plaintiff further objects to this request on the grounds
   that it is premature, given Plaintiff's pending motion to dismiss
28 Defendant's counterclaim.

COGGAN & TARLOW
LOS ANGELES
NEW YORK

**REQUEST FOR PRODUCTION NO. 48:**

Any and all DOCUMENTS which refer, reflect or relate to any agreements you had with any PERSON to sell tickets to the "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

**1.    RMG's Contentions and Points and Authorities.**

Pursuant to FRCP 34(a)-(b), a party is obliged to produce all specified relevant and non-privileged documents or other things in is possession, custody and control on the date and time specified in a Request for Production of Documents.

In the MPI, Ticketmaster, through the declaration of its employee Kevin McLain, argued that Ticketmaster was losing goodwill due to the inability of children and their parents to obtain tickets to "Hannah Montana" events because of RMG's software programs.   Mr. McLain stated that "[m]oney alone cannot compensate Ticketmaster for the harm caused by children who have been disappointed and parents who are angry with Ticketmaster when tickets are not available.  Such people may never be Ticketmaster customers, and may develop negative impressions about Ticketmaster that last for years."  In the declaration of its attorney Mark S. Lee, he attaches several articles regarding the unavailability of Hannah Montana tickets.

By submitting this evidence to the Court, Ticketmaster opened the door to discovery of information regarding Hannah Montana.   Pointedly, Ticketmaster opened the door to whether or not RMG's software programs were actually the

1    cause of the lack of tickets to this show. Specifically, RMG has the right to

2    determine whether other factors caused the alleged loss of goodwill, including, but

3    not limited to, the amount of tickets that were available to each show, agreements

4    between Ticketmaster and the artist, her promoters, or venues regarding the amount

5    of tickets Ticketmaster was allowed to hold back in order to sell them at a premium,

6    above the "face price," on the auction portion or TicketExchange portions of

7    Ticketmaster's Web site, or whether Ticketmaster encouraged its Web site users to

8    purchase tickets for the show so it can sell them on the TicketExchange portion of

9    its Web site.

10       Moreover, if a contributing factor to Ticketmaster's alleged lost goodwill

11   was due to Ticketmaster withholding tickets, or selling tickets at a significant

12   markup on its auction portion, or TicketExchange portion of its Web site, RMG

13   would be entitled to a set off. Specifically, RMG would be entitled to a set-off from

14   the amount of any lost goodwill damages it may be liable to pay, from the amounts

15   that Ticketmaster was paid in the form of convenience charges or ticket markups.

16   Thus, this requested information is highly relevant to RMG's damages defense.

17       **2.    Ticketmaster's Contentions and Points and Authorities.**

18       Ticketmaster is willing to produce, and in fact has produced, documents

19   relating to the Hannah Montana incident.  However, these requests go far beyond

20   what conceivably could be relevant.

21       Request Nos. 46 and 47 relate solely to Ticketmaster's TicketExchange

22   feature, which enables ticketholders to resell tickets on ticketmaster.com and has no

23   relevance to Ticketmaster's claim that RMG's automated devices are disrupting the

24   initial sale of tickets on ticketmaster.com.  RMG's speculation that Ticketmaster

25   held back tickets for Hannah Montana so that they could be sold on

26   TicketExchange provides no basis for discovery.  With limited exceptions, tickets

27   are sold on TicketExchange after they have already been purchased in the initial

28   sale, and it is only the initial sale that is at issue here.  Indeed, the Court explained

COGGAN & TARLOW
LOS ANGELES
NEW YORK

1    this distinction in its order granting Ticketmaster's motion to dismiss RMG's

2    antitrust counterclaims.  (12(b)(6) Order, pp. 6:19-12:11.)

3        RMG's argument that the requests seek documents relating to other factors

4    that may have caused Ticketmaster to lose goodwill is equally specious.  The issue

5    here is that RMG's automated devices deprived legitimate consumers of the

6    opportunity to pay the face price for a ticket, which harmed Ticketmaster's relations

7    with its customers and clients.    Whether anyone other than RMG caused

8    Ticketmaster harm or loss of goodwill does not affect RMG's liability for the harm

9    that it has caused.

10       Finally, the documents requested in Request No. 48 are irrelevant.  It is

11   uncontested that tickets for the Hannah Montana concert were made available for

12   sale through Ticketmaster.  Plaintiff has provided no reason for needing to see the

13   highly confidential contracts between Ticketmaster and its many clients across the

14   country where the Hannah Montana concerts occurred.

15   **3.    Proposed Resolution During Conference of Counsel**

16   **a.    RMG's Proposed Resolution.**

17       RMG's counsel asked Ticketmaster if the documents responsive to Request

18   Nos. 46-48 were being withheld based upon privilege, and whether Ticketmaster

19   intended on producing them upon the execution of a protective order.

20   Ticketmaster's counsel stated that Ticketmaster did not intend on producing said

21   documents at any time.  RMG's counsel proposed that since these requested

22   documents are clearly relevant, that they be produced, forthwith, without objection.

23   Ticketmaster's counsel told RMG's counsel "this is a magistrate issue" to be dealt

24   with on a motion to compel.

25   **b.    TM's Proposed Resolution.**

26       During the mandatory meeting of counsel, counsel for RMG admitted that

27   these requests related to RMG's antitrust counterclaims.  (Knight Decl., ¶ 12.)

28   Ticketmaster's counsel stated that these requests were premature because the Court

1  had not yet ruled on Ticketmaster's motion to dismiss RMG's counterclaims (it has

2  since been granted).    (*Id.*)    Counsel for RMG countered that even if its

3  counterclaims were ultimately dismissed, RMG still asserted antitrust violations as

4  an affirmative defense. (*Id.*) Ticketmaster's counsel responded that any affirmative

5  defense predicated on antitrust violations would suffer the same infirmities as

6  RMG's counterclaims, and thus the same basis for Ticketmaster's objections would

7  apply. (*Id.*)

8  **E.**    **TICKETMASTER'S REFUSAL TO PRODUCE DOCUMENTS**
   **PURSUANT TO RMG REQUEST NUMBERS 51-66.**

9

10  **REQUEST FOR PRODUCTION NO. 49:**
    Any and all DOCUMENTS which refer, reflect or relate to any tickets
11  purchased by or on behalf of Thomas J. Prior on the ticketmaster.com
    website from February 1, 2007 to present.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**
    Plaintiff incorporates by reference each and every one of the General
14  Responses and Objections as though fully set forth herein. Plaintiff
    further objects to this request to the extent that it seeks information
15  neither relevant to the subject matter of this litigation nor reasonably
    calculated to lead to the discovery of admissible evidence. Plaintiff
16  further objects to this request on the ground that it is overbroad, unduly
    burdensome and oppressive. Plaintiff further objects to this request on
17  the ground that it seeks the production of documents containing
    confidential, sensitive, proprietary, commercial, business and financial
18  information. Plaintiff further objects to this request on the ground that
    it violates the right to privacy of a third party. Plaintiff further objects
19  to this request to the extent that it seeks documents protected by
    attorney-client privilege or the work-product doctrine. Subject to and
20  without waiving the foregoing objections, Plaintiff responds as
    follows: Plaintiff will make all relevant, non-privileged responsive
21  documents available for inspection under mutually agreeable terms,
    following entry of a mutually agreeable protective order.

22

23  **REQUEST FOR PRODUCTION NO. 50:**
    Any and all DOCUMENTS which refer, reflect or relate to any tickets
24  purchased by or on behalf of Gary Charles Bonner on the
    ticketmaster.com website from February 1, 2007 to present.

25

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**
    Plaintiff incorporates by reference each and every one of the General
27  Responses and Objections as though fully set forth herein. Plaintiff
    further objects to this request to the extent that it seeks information
28  neither relevant to the subject matter of this litigation nor reasonably
    calculated to lead to the discovery of admissible evidence. Plaintiff

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

1  further objects to this request on the ground that it is overbroad, unduly
2  burdensome and oppressive. Plaintiff further objects to this request on
   the ground that it seeks the production of documents containing
3  confidential, sensitive, proprietary, commercial, business and financial
   information. Plaintiff further objects to this request on the ground that
4  it violates the right to privacy of a third party. Plaintiff further objects
   to this request to the extent that it seeks documents protected by
5  attorney-client privilege or the work-product doctrine. Subject to and
   without waiving the foregoing objections, Plaintiff responds as
6  follows: Plaintiff will make all relevant, non-privileged responsive
   documents available for inspection under mutually agreeable terms,
7  following entry of a mutually agreeable protective order.

8  **REQUEST FOR PRODUCTION NO. 51:**
9  Any and all DOCUMENTS which refer, reflect or relate to any tickets
   purchased by or on behalf of Designer Tickets on the ticketmaster.com
10 website from February 1, 2007 to present.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**
12 Plaintiff incorporates by reference each and every one of the General
   Responses and Objections as though fully set forth herein. Plaintiff
13 further objects to this request to the extent that it seeks information
   neither relevant to the subject matter of this litigation nor reasonably
14 calculated to lead to the discovery of admissible evidence. Plaintiff
   further objects to this request on the ground that it is overbroad, unduly
15 burdensome and oppressive. Plaintiff further objects to this request on
   the ground that it seeks the production of documents containing
16 confidential, sensitive, proprietary, commercial, business and financial
   information. Plaintiff further objects to this request on the ground that
17 it violates the right to privacy of a third party. Plaintiff further objects
   to this request to the extent that it seeks documents protected by
18 attorney-client privilege or the work-product doctrine.

19 **REQUEST FOR PRODUCTION NO. 52:**
20 Any and all DOCUMENTS which refer, reflect or relate to any
   communications that YOU have had with Barry's Tickets, located in
21 Los Angeles, California, regarding the possible sale of the Barry's
   Tickets business to YOU.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**
23 Plaintiff incorporates by reference each and every one of the General
   Responses and Objections as though fully set forth herein. Plaintiff
24 further objects to this request because it seeks information neither
   relevant to the subject matter of this litigation nor reasonably
25 calculated to lead to the discovery of admissible evidence. Plaintiff
   further objects to this request on the ground that it lacks foundation.
26 Plaintiff further objects to this request on the ground that it violates the
   right to privacy of a third party. Plaintiff further objects to this request
27 on the grounds that it is premature, given Plaintiff's pending motion to
   dismiss Defendant's counterclaim
28

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REQUEST FOR PRODUCTION NO. 53:**

Any and all DOCUMENTS which refer, reflect or relate to any communications that YOU have had with Sea Coast Ticket Agency, Inc. located in Portsmouth, New Hampshire, regarding the possible sale of the Sea Coast Ticket Agency business to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it lacks foundation. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request on the grounds that it is premature, given Plaintiff's pending motion to dismiss Defendant's counterclaim.

**REQUEST FOR PRODUCTION NO. 54:**

Any and all DOCUMENTS which refer, reflect or relate to any communications that YOU have had with Total Travel and Tickets in Florida regarding the possible sale of the Total Travel and Tickets business to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it lacks foundation. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request on the grounds that it is premature, given Plaintiff's pending motion to dismiss Defendant's counterclaim.

**REQUEST FOR PRODUCTION NO. 55:**

Any and all DOCUMENTS which refer, reflect or relate to any communications that YOU have had with Admit One, located in New York, new York regarding the possible sale of the Admit One business to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it lacks foundation. Plaintiff further objects to this request on the ground that it violates the

1   right to privacy of a third party. Plaintiff further objects to this request
2   on the grounds that it is premature, given Plaintiff's pending motion to
    dismiss Defendant's counterclaim.

3

## REQUEST FOR PRODUCTION NO. 56:

4   Any and all DOCUMENTS which refer, reflect or relate to any
5   communications that YOU have had with As Off Music regarding the
    possible sale of the As Off Music business to YOU.

6

## RESPONSE TO REQUEST FOR PRODUCTION NO. 56:

7   Plaintiff incorporates by reference each and every one of the General
    Responses and Objections as though fully set forth herein. Plaintiff
8   further objects to this request because it seeks information neither
    relevant to the subject matter of this litigation nor reasonably
9   calculated to lead to the discovery of admissible evidence. Plaintiff
    further objects to this request on the ground that it lacks foundation.
10  Plaintiff further objects to this request on the ground that it violates the
    right to privacy of a third party. Plaintiff further objects to this request
11  on the grounds that it is premature, given Plaintiff's pending motion to
    dismiss Defendant's counterclaim.

12

13  ## REQUEST FOR PRODUCTION NO. 57:

14  Any and all DOCUMENTS which refer, reflect or relate to any tickets
    that YOU have sold to Barry's Tickets in Los Angeles, California from
15  January 1, 2007 to present.

16  ## RESPONSE TO REQUEST FOR PRODUCTION NO. 57:

17  Plaintiff incorporates by reference each and every one of the General
    Responses and Objections as though fully set forth herein. Plaintiff
18  further objects to this request because it seeks information neither
    relevant to the subject matter of this litigation nor reasonably
19  calculated to lead to the discovery of admissible evidence. Plaintiff
    further objects to this request to the extent that it lacks foundation.
20  Plaintiff further objects to this request on the ground that it violates the
    right to privacy of a third party. Plaintiff further objects to this request
21  on the grounds that it is premature, given Plaintiff's pending motion to
    dismiss Defendant's counterclaim..

22

23  ## REQUEST FOR PRODUCTION NO. 58:

    Any and all DOCUMENTS which refer, reflect or relate to any
24  complementary tickets that YOU have given to Barry's Tickets in Los
    Angeles, California from January 1, 2007 to present.

25

26  ## RESPONSE TO REQUEST FOR PRODUCTION NO. 58:

    Plaintiff incorporates by reference each and every one of the General
27  Responses and Objections as though fully set forth herein. Plaintiff
    further objects to this request because it seeks information neither
28  relevant to the subject matter of this litigation nor reasonably
    calculated to lead to the discovery of admissible evidence. Plaintiff

1    further objects to this request to the extent that it lacks foundation.
     Plaintiff further objects to this request on the ground that it violates the
2    right to privacy of a third party. Plaintiff further objects to this request
     on the grounds that it is premature, given Plaintiff's pending motion to
3    dismiss Defendant's counterclaim.

4    **REQUEST FOR PRODUCTION NO. 59:**
5    Any and all DOCUMENTS which refer, reflect or relate to any tickets
     that YOU have sold to Sea Coast Ticket Agency, located in
6    Portsmouth, New Hampshire from January 1, 2007 to present.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**
8    Plaintiff incorporates by reference each and every one of the General
     Responses and Objections as though fully set forth herein. Plaintiff
9    further objects to this request because it seeks information neither
     relevant to the subject matter of this litigation nor reasonably
10   calculated to lead to the discovery of admissible evidence. Plaintiff
     further objects to this request to the extent that it lacks foundation.
11   Plaintiff further objects to this request on the ground that it violates the
     right to privacy of a third party. Plaintiff further objects to this request
12   on the grounds that it is premature, given Plaintiff's pending motion to
     dismiss Defendant's counterclaim
13

14   **REQUEST FOR PRODUCTION NO. 60:**
15   Any and all DOCUMENTS which refer, reflect or relate to any
     complementary tickets that YOU have given to Sea Coast Ticket
16   Agency, located in Portsmouth, New Hampshire from January 1, 2007
     to present.
17

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**
     Plaintiff incorporates by reference each and every one of the General
19   Responses and Objections as though fully set forth herein. Plaintiff
     further objects to this request because it seeks information neither
20   relevant to the subject matter of  this litigation nor reasonably
     calculated to lead to the discovery of admissible evidence. Plaintiff
21   further objects to this request to the extent that it lacks foundation.
     Plaintiff further objects to this request on the ground that it violates the
22   right to privacy of a third party. Plaintiff further objects to this request
     on the grounds that it is premature, given Plaintiff's pending motion to
23   dismiss Defendant's counterclaim.

24   **REQUEST FOR PRODUCTION NO. 61:**
25   Any and all DOCUMENTS which refer, reflect or relate to any tickets
     that YOU have sold to Total Travel and Tickets, located in Florida,
26   from January 1, 2007 to present.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**
28   Plaintiff incorporates by reference each and every one of the General
     Responses and Objections as though fully set forth herein. Plaintiff

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

1  further objects to this request because it seeks information neither
relevant to the subject matter of this litigation nor reasonably
2  calculated to lead to the discovery of admissible evidence. Plaintiff
further objects to this request to the extent that it lacks foundation.
3  Plaintiff further objects to this request on the ground that it violates the
right to privacy of a third party. Plaintiff further objects to this request
4  on the grounds that it is premature, given Plaintiff's pending motion to
dismiss Defendant's counterclaim.

5

6  **REQUEST FOR PRODUCTION NO. 62:**
Any and all DOCUMENTS which refer, reflect or relate to any
7  complementary tickets that YOU have given to Total Travel and
Tickets, located in Florida from January 1, 2007 to present.
8

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**
Plaintiff incorporates by reference each and every one of the General
10  Responses and Objections as though fully set forth herein. Plaintiff
further objects to this request because it seeks information neither
11  relevant to the subject matter of this litigation nor reasonably
calculated to lead to the discovery of admissible evidence. Plaintiff
12  further objects to this request to the extent that it lacks foundation.
Plaintiff further objects to this request on the ground that it violates the
13  right to privacy of a third party. Plaintiff further objects to this request
on the grounds that it is premature, given Plaintiff's pending motion to
14  dismiss Defendant's counterclaim.

15

16  **REQUEST FOR PRODUCTION NO. 63:**
Any and all DOCUMENTS which refer, reflect or relate to any tickets
17  that YOU have sold to Admit One, located in New York, from
January 1, 2007 to present.
18

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**
Plaintiff incorporates by reference each and every one of the General
20  Responses and Objections as though fully set forth herein. Plaintiff
further objects to this request because it seeks information neither
21  relevant to the subject matter of this litigation nor reasonably
calculated to lead to the discovery of admissible evidence. Plaintiff
22  further objects to this request to the extent that it lacks foundation.
Plaintiff further objects to this request on the ground that it violates the
23  right to privacy of a third party. Plaintiff further objects to this request
on the grounds that it is premature, given Plaintiff's pending motion to
24  dismiss Defendant's counterclaim.

25  **REQUEST FOR PRODUCTION NO. 64:**
Any and all DOCUMENTS which refer, reflect or relate to any
26  complementary tickets that YOU have given to Admit One, located in
New York, from January 1, 2007 to present.
27

28

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it lacks foundation. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request on the grounds that it is premature, given Plaintiff's pending motion to dismiss Defendant's counterclaim.

**REQUEST FOR PRODUCTION NO. 65:**

Any and all DOCUMENTS which refer, reflect or relate to any tickets that YOU have sold to As Off Music from January 1, 2007 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it lacks foundation. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request on the grounds that it is premature, given Plaintiff's pending motion to dismiss Defendant's counterclaim.

**REQUEST FOR PRODUCTION NO. 66:**

Any and all DOCUMENTS which refer, reflect or relate to any complementary tickets that YOU have given to As Off Music from January 1, 2007 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent that it lacks foundation. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request on the grounds that it is premature, given Plaintiff's pending motion to dismiss Defendant's counterclaim.

## 1.    RMG's Contentions and Points and Authorities.

Pursuant to FRCP 34(a)-(b), a party is obliged to produce all specified relevant and non-privileged documents or other things in is possession, custody and

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

1    control on the date and time specified in a Request for Production of Documents.

2    Ticketmaster claims in this lawsuit, that its "terms of use" prohibit
3    commercial use of its Web site. (First Amended Complaint ¶ 22). However, it has
4    come to RMG's attention that Ticketmaster is, or has been in negotiations to
5    purchase the ticket agencies set forth in Requests 51 through 66, and has brought
6    this lawsuit in order to monopolize the secondary market for ticket sales. In fact,
7    RMG's 10th Affirmative defense is "Plaintiff's FAC, and each of its purported
8    claims fail, as this is a frivolous action as same has been brought solely to control
9    competition and violate antitrust laws." Further, RMG's 13th Affirmative Defense
10   is "the FAC, and each and every cause of action therein, is barred by the doctrine of
11   unclean hands." Moreover, RMG's Third Affirmative Defense is "Plaintiff's FAC,
12   and each of its purported claims, is barred by the Doctrine of Waiver."

13   **First,** if Ticketmaster is knowingly allowing the ticket agencies set forth in
14   Requests 51 to 66 to purchase tickets from its Web site, any documents showing
15   this would prove that it has consistently waived the terms of use provision
16   prohibiting users from using the Web site for commercial use.

17   **Second,** if Ticketmaster has tried to acquire these ticket agencies, that would
18   be evidence of its attempt to obtain a monopoly in the secondary market, which
19   would support RMG's 10th and 13th Affirmative defenses.

20   **Third,** if Ticketmaster is providing "hard to come by" tickets to ticket
21   agencies, and not selling the same to the public, that fact alone would show that
22   Ticketmaster is injuring its own goodwill by expressly depriving the ticket buying
23   public of tickets, in order to placate companies which it intends on inquiring.

24   **2.    TM's Contentions and Points and Authorities.**

25   These requests clearly relate to RMG's dismissed counterclaims. RMG has
26   not filed amended counterclaims, and even if it does, the Court has already
27   expressed skepticism that those counterclaims would survive another motion to
28   dismiss.    (*See* 12(b)(6) Order, p. 9:15-19 (RMG's counterclaim "facially

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

1    unsustainable").) Thus, Ticketmaster should not be subjected to discovery that only

2    relates to claims that are unlikely to survive.    Insofar as RMG has asserted

3    affirmative defenses that are based on the same legal theories that have failed as

4    affirmative claims, those defenses provide no basis for the discovery requests

5    either.[2]

6          Equally without merit is RMG's half-baked speculation that these documents

7    might show that Ticketmaster is either harming itself or waiving its own terms of

8    use if Ticketmaster is selling tickets to certain ticket agencies.    The issue in this

9    case is whether RMG is assisting its customers to improperly access and navigate

10   Ticketmaster's website through the use of automated devices.    Whether

11   Ticketmaster sold tickets to certain ticket agencies has no relevance whatsoever to

12   that issue.    Moreover, there would be no "waiver" of Ticketmaster's terms of use

13   even if, in RMG's hypothetical, ticket agencies bought tickets through

14   Ticketmaster's website, unless, at a minimum, Ticketmaster was aware that those

15   agencies were violating the terms of use, Ticketmaster had the power to stop it, and

16   Ticketmaster instead voluntarily relinquished any right to challenge it. There is no

17   evidence whatsoever that that is occurring or has ever occurred.

18        **3.    Proposed Resolution During Conference Of Counsel.**

19             **a.    RMG'S Proposed Resolution.**

20        At conference of counsel, RMG proposed that Ticketmaster produce all

21   documents responsive to request numbers 51 to 66, as all of same are relevant to its

22   affirmative defenses.    Counsel for RMG explained that said requests are not

23   premature, as they are relevant to RMG's affirmative defenses, numbers 10 and 13,

24   for frivolous action in an attempt to violate anti-trust laws and unclean hands,

---

[2]    Some of these affirmative defenses are also patently meritless. For example,
RMG contends that one of its affirmative defense alleges that "this is a frivolous
action." To the contrary, the Court, in issuing an injunction against RMG,
acknowledged that Ticketmaster is "highly likely to succeed" on its claims against
RMG. (Injunction, p. 12:6-10, 18:2-8, 18:11-12, 20:2-7, 21:3-4, 23:4-5, 23:24-26,
25:8-10.)

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

1  which Ticketmaster has never moved to strike.  Counsel for Ticketmaster did not

2  state any position regarding these requests, other than to state that he had no

3  authority to say anything other than Ticketmaster would not provide a supplemental

4  response to these requests, and that this was an issue which needed to be resolved

5  by the magistrate judge on a motion to compel.

### b.    Ticketmaster's Proposed Resolution.

7  At the mandatory conference of counsel, Ticketmaster's counsel stated that

8  these requests were premature because the Court had not yet ruled on

9  Ticketmaster's motion to dismiss RMG's counterclaims(it has since been granted).

10  (Knight Decl., ¶ 13.)  Counsel for RMG countered that even if its counterclaims

11  were ultimately dismissed, RMG still asserted antitrust violations as an affirmative

12  defense.  (*Id.*)  Ticketmaster's counsel responded that any affirmative defense

13  predicated on antitrust violations would suffer the same infirmities as RMG's

14  counterclaims, and thus the same basis for refusing to produce the requested

15  documents would apply. (*Id.*)

**F.    TICKETMASTER'S REFUSAL TO PRODUCE ANY DOCUMENTS PURSUANT TO REQUEST NUMBERS 18-24, 32, 34-40, 44-45, 49-50.**

**REQUEST FOR PRODUCTION NO. 18:**
Any and all DOCUMENTS which refer, reflect or relate to any investigation that YOU have performed with respect to RMG Technologies, Inc., a Delaware corporation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**
Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request to the extent it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is vague and ambiguous. Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make all relevant, non-privileged responsive documents available for inspection under mutually agreeable terms, following entry of a mutually agreeable protective order.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all DOCUMENTS which refer, reflect or relate to RMG Technologies, Inc., a Delaware corporation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is vague and ambiguous. Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make all relevant, non-privileged responsive documents available for inspection under mutually agreeable terms, following entry of a mutually agreeable protective order.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all DOCUMENTS which refer, reflect or relate to any communications between YOU and Chris Kovach.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make all relevant, non-privileged responsive documents available for inspection under mutually agreeable terms, following entry of a mutually agreeable protective order.

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

1

2

3

**REQUEST FOR PRODUCTION NO. 21:**
Any and all DOCUMENTS which refer, reflect or relate to the settlement agreement between YOU and Chris Kovach, as referenced in YOUR motion for preliminary injunction in this matter.

4

5

6

7

8

9

10

11

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**
Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request to the extent it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make all relevant, non-privileged responsive documents available for inspection under mutually agreeable terms, following entry of a mutually agreeable protective order.

12

13

14

**REQUEST FOR PRODUCTION NO. 22:**
Any and all DOCUMENTS which refer, reflect or relate to any purchase of tickets that Chris Kovach or anyone on his behalf made on ticketmaster.com prior to May of 2007.

15

16

17

18

19

20

21

22

23

24

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**
Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make all relevant, non-privileged responsive documents available for inspection under mutually agreeable terms, following entry of a mutually agreeable protective order.

25

26

27

28

**REQUEST FOR PRODUCTION NO. 23:**
Any and all DOCUMENTS which refer, reflect or relate to any purchase of tickets that Chris Kovach or anyone on his behalf made on ticketmaster.com subsequent to May of 2007.

1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

2

Plaintiff incorporates by reference each and every one of the General
Responses and Objections as though fully set forth herein. Plaintiff

3

further objects to this request because it seeks information neither
relevant to the subject matter of this litigation nor reasonably

4

calculated to lead to the discovery of admissible evidence. Plaintiff
further objects to this request on the ground that it seeks the production

5

of documents containing confidential, sensitive, proprietary,
commercial, business and financial information. Plaintiff further

6

objects to this request on the ground that it violates the right to privacy
of a third party. Plaintiff further objects to this request to the extent

7

that it seeks documents protected by attorney-client privilege or the
work-product doctrine.

8

9

**REQUEST FOR PRODUCTION NO. 24:**

10

Any and all DOCUMENTS which refer, reflect or relate to the first
time YOU learned that RMG's devices were allegedly being used on
ticketmaster.com.

11

12

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

13

Plaintiff incorporates by reference each and every one of the General
Responses and Objections as though fully set forth herein. Plaintiff

14

further objects to this request to the extent that it seeks information
neither relevant to the subject matter of this litigation nor reasonably

15

calculated to lead to the discovery of admissible evidence. Plaintiff
further objects to this request on the ground that it is vague and

16

ambiguous, including, but not limited to the phrase "RMG's devices."
Plaintiff further objects to this request on the ground that it seeks

17

production of documents containing confidential, sensitive,
proprietary, commercial, business and financial information. Plaintiff

18

further objects to this request to the extent that it seeks documents
protected by attorney-client privilege or the work-product doctrine.

19

Subject to and without waiving the foregoing objections, Plaintiff
responds as follows: Plaintiff will make all relevant, non-privileged

20

responsive documents available for inspection under mutually
agreeable terms, following entry of a mutually agreeable protective
order.

21

22

**REQUEST FOR PRODUCTION NO. 32:**

23

Any and all DOCUMENTS which refer, reflect or relate to any monies
that YOU have spent on technological measures that YOU have taken

24

to stop the use of spiders, robots, bots, automatic devices or automated
processes on the ticketmaster.com website.

25

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

26

Plaintiff incorporates by reference each and every one of the General
Responses and Objections as though fully set forth herein. Plaintiff

27

further objects to this request to the extent that it seeks information
neither relevant to the subject matter of this litigation nor reasonably

28

calculated to lead to the discovery of admissible evidence. Plaintiff
further objects to this request on the ground that it is vague and

ambiguous, including but not limited to the phrase "refer, reflect or relate to any monies". Plaintiff further objects to this request on the ground that it is compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine. Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make all relevant, non-privileged responsive documents available for inspection under mutually agreeable terms, following entry of a mutually agreeable protective order.

## REQUEST FOR PRODUCTION NO. 34:

Any and all DOCUMENTS which refer, reflect or relate to any money that you have paid to any PERSON who YOU have employed, either as an employee or an independent contractor, in an attempt to stop the use of spiders, robots, bots, automated devices or automated processes on the ticketmaster.com website.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not limited to the phrases "refer, reflect or relate to any money" and "employed . . . in an attempt". Plaintiff further objects to this request to the extent that it lacks foundation. Plaintiff further objects to this request on the ground that it is compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.
Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make all relevant, non-privileged responsive documents available for inspection under mutually agreeable terms, following entry of a mutually agreeable protective order.

## REQUEST FOR PRODUCTION NUMBER THIRTY-FIVE

Any and all DOCUMENTS which refer, reflect or relate to any complaints that any of YOUR CLIENTS have made to YOU regarding the use of spiders, robots, bots, automated devices or automated processes on the ticketmaster.com website.

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not limited to the term "complaints". Plaintiff further objects to this request on the ground that it is compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make all relevant, non-privileged responsive documents available for inspection under mutually agreeable term, following entry of a mutually agreeable protective order.

**REQUEST FOR PRODUCTION NUMBER THIRTY-SIX**

Any and all DOCUMENTS which refer, reflect or relate to any complaints that any of YOUR CLIENTS have made to YOU regarding YOUR inability to distribute tickets in a fair and equitable manner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not limited to the term "complaints". Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request to the extent that it lacks foundation. Plaintiff further objects to this request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make all relevant, non-privileged responsive documents available for inspection under mutually agreeable terms, following entry of a mutually agreeable protective order.

**REQUEST FOR PRODUCTION NUMBER THIRTY-SEVEN**

Any and all DOCUMENTS which refer, reflect or relate to any complaints that any of YOUR CUSTOMERS have made to YOU

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

1  regarding YOUR inability to distribute tickets in a fair and equitable

2  manner.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiff incorporates by reference each and every one of the General

4  Responses and Objections as though fully set forth herein. Plaintiff

further objects to this request on the ground that it is vague and

5  ambiguous, including but not limited to the term "complaints".

Plaintiff further objects to this request to the extent that it lacks

6  foundation. Plaintiff further objects to this request to the extent that it

seeks information neither relevant to the subject matter of this

7  litigation nor reasonably calculated to lead to the discovery of

admissible evidence. Plaintiff further objects to this request on the

8  ground that it is overbroad, unduly burdensome and oppressive.

Plaintiff further objects to this request on the ground that it seeks the

9  production of documents containing confidential, sensitive,

proprietary, commercial, business and financial information. Plaintiff

10  further objects to this request on the ground that it violates the right to

privacy of a third party. Plaintiff further objects to this request to the

11  extent that it seeks documents protected by attorney-client privilege or

the work-product doctrine.

12  Subject to and without waiving the foregoing objections, Plaintiff

responds as follows: Plaintiff will make all relevant, non-privileged

13  responsive documents available for inspection under mutually

agreeable terms, following entry of a mutually agreeable protective

14  order.

15  **REQUEST FOR PRODUCTION NO. THIRTY EIGHT**

16  Any and all DOCUMENTS which refer, reflect or relate to the number

of tickets available for retail sale for each concert on the "Hannah

17  Montana & Miley Cyrus: Best of Both Worlds Tour" from January 1,

2007 through February 2008.

18

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Plaintiff incorporates by reference each and every one of the General

20  Responses and Objections as though fully set forth herein. Plaintiff

further objects to this request because it seeks information neither

21  relevant to the subject matter of this litigation nor reasonably

calculated to lead to the discovery of admissible evidence. Plaintiff

22  further objects to this request on the ground that it is vague and

ambiguous, including but not limited to the phrase "number of tickets

23  available for retail sale". Plaintiff further objects to this request on the

ground that it is compound, overbroad, unduly burdensome and

24  oppressive. Plaintiff further objects to this request on the ground that it

seeks the production of documents containing confidential, sensitive,

25  proprietary, commercial, business and financial information. Plaintiff

further objects to this request to the extent that it seeks documents

26  protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff

27  responds as follows: Plaintiff will make all relevant, non-privileged

responsive documents available for inspection under mutually

28

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

1    agreeable terms, following entry of a mutually agreeable protective
2    order.

3    **REQUEST FOR PRODUCTION NUMBER THIRTY-NINE**
     Any and all DOCUMENTS which refer, reflect or relate to the number
4    of tickets available for retail sale to fan club members for each concert
     on the "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour"
5    from January 1, 2007 through February 2008.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**
7    Plaintiff incorporates by reference each and every one of the General
     Responses and Objections as though fully set forth herein. Plaintiff
8    further objects to this request because it seeks information neither
     relevant to the subject matter of this litigation nor reasonably
9    calculated to lead to the discovery of admissible evidence. Plaintiff
     further objects to this request on the ground that it is vague and
10   ambiguous, including but not limited to the phrase "number of tickets
     available for retail sale". Plaintiff further objects to this request on the
11   ground that it is compound, overbroad, unduly burdensome and
     oppressive. Plaintiff further objects to this request on the ground that it
12   seeks the production of documents containing confidential, sensitive,
     proprietary, commercial, business and financial information. Plaintiff
13   further objects to this request to the extent that it seeks documents
     protected by attorney-client privilege or the work-product doctrine.
14   Subject to and without waiving the foregoing objections, Plaintiff
     responds as follows: Plaintiff will make all relevant, non-privileged
15   responsive documents available for inspection under mutually
     agreeable terms, following entry of a mutually agreeable protective
16   order.

17
18   **REQUEST FOR PRODUCTION NUMBER FORTY**
     Any and all DOCUMENTS which refer, reflect or relate to the number
19   of tickets available for retail sale to the general public for each concert
     on the "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour"
20   from January 1, 2007 through February 2008.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**
22   Plaintiff incorporates by reference each and every one of the General
     Responses and Objections as though fully set forth herein. Plaintiff
23   further objects to this request because it seeks information neither
     relevant to the subject matter of this litigation nor reasonably
24   calculated to lead to the discovery of admissible evidence. Plaintiff
     further objects to this request on the ground that it is vague and
25   ambiguous, including but not limited to the phrases "number of tickets
     available for retail sale" and "general public". Plaintiff further objects
26   to this request on the ground that it is compound, overbroad, unduly
     burdensome and oppressive. Plaintiff further objects to this request on
27   the ground that it seeks the production of documents containing
     confidential, sensitive, proprietary, commercial, business and financial
28   information. Plaintiff further objects to this request to the extent that it
     seeks documents protected by attorney-client privilege or the work-

product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make all relevant, non-privileged responsive documents available for inspection under mutually agreeable terms, following entry of a mutually agreeable protective order.

## REQUEST FOR PRODUCTION NUMBER FORTY-FOUR

Any and all DOCUMENTS which refer, reflect or relate to all tickets to the "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour" which YOU sold on the auction portion of the ticketmaster.com website from January 1, 2007 to present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-

## REQUEST FOR PRODUCTION NUMBER FORTY-FIVE

Any and all DOCUMENTS which refer, reflect or relate to the price of each ticket to the "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour" which YOU sold on the auction portion of the ticketmaster.com website from January 1, 2007 to present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney- client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make all relevant, non-privileged responsive documents available for inspection under mutually agreeable terms, following entry of a mutually agreeable protective order.

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

## REQUEST FOR PRODUCTION NUMBER FORTY-NINE

Any and all DOCUMENTS which refer, reflect or relate to any tickets purchased by or on behalf of Thomas J. Prior on the ticketmaster.com website from February 1, 2007 to present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make all relevant, non-privileged responsive documents available for inspection under mutually agreeable terms, following entry of a mutually agreeable protective order.

## REQUEST FOR PRODUCTION NUMBER FIFTY

Any and all DOCUMENTS which refer, reflect or relate to any tickets purchased by or on behalf of Gary Charles Bonner on the ticketmaster.com website from February 1, 2007 to present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 50:

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make all relevant, non-privileged responsive documents available for inspection under mutually agreeable terms, following entry of a mutually agreeable protective order.

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

1    **1.    RMG's Contentions and Points and Authorities.**

2    Pursuant to FRCP 34(b)(1)(B), a request for producing documents must

3    specify a reasonable time, place and manner for the inspection and for performing

4    the related acts.  Pursuant to FRCP 34(b)(C), an objection to part of a request must

5    specify the part and permit inspection of the rest.

6    In this matter, Ticketmaster has withheld every document set forth in RMG's

7    request numbers 18-24, 32, 34-40, 44-45 and 49-50 pursuant to its objections,

8    pending the issuance of a protective order.  However, it is clear from these requests,

9    that most of the information which would be responsive to the requests are not

10    confidential.  These actions on behalf of Ticketmaster are grossly inappropriate.

11    Moreover, all relevant, non-privileged documents which are not confidential should

12    have been provided.

13    **2.    TM's Contentions and Points and Authorities.**

14    Most of the documents responsive to these requests are confidential.  As of

15    the filing of this joint statement, non-confidential documents responsive to these

16    requests have been produced.    Ticketmaster is willing to produce additional

17    responsive documents following entry of a protective order.

18    **3.    Proposed Resolution During Conference of Counsel.**

19    **a.    RMG's Proposal.**

20    RMG'S counsel asked Ticketmaster's counsel if all documents responsive to

21    request numbers 18-24, 32, 34-40, 44-45 and 49-50 were confidential.

22    Ticketmaster' s counsel stated that not all documents responsive to request numbers

23    18-24, 32, 34-40, 44-45 and 49-50 were confidential.    RMG's counsel then

24    requested that Ticketmaster immediately produce the non-confidential documents

25    responsive to request numbers 18-24, 32, 34-40, 44-45 and 49-50, and produce the

26    "confidential" documents upon the resolution of the protective order issue.

27    Ticketmaster's counsel stated Ticketmaster would produce the non-confidential

28    materials, but that he would not "go out on a limb" and provide RMG's counsel

COGGAN & TARLOW
LOS ANGELES
NEW YORK

1    with any definite timeframe as to when that might be. He said he hoped it would be

2    accomplished in two to three weeks, notwithstanding the fact that pursuant to the

3    agreement of the parties these documents were due on January 29, 2008.

### b.    Ticketmaster's proposal.

5    Months ago, Ticketmaster sent RMG a proposed stipulated protective order,

6    to which RMG never responded. (Knight Decl., ¶ 5.) At the start of the mandatory

7    conference of counsel, Ticketmaster asked RMG if RMG had any comments to the

8    proposed order, because the lack of response was delaying the production of

9    documents.    (Knight Decl., ¶ 8.)    Counsel for RMG responded that RMG's

10    principals had become angered by the Court's adverse rulings in this matter and

11    were therefore unwilling to negotiate any protective order with Ticketmaster. (*Id.*)

12    RMG's counsel stated that he informed RMG's principals that Ticketmaster would

13    likely move—successfully—for a protective order, but they nevertheless would not

14    give him the authority to enter into a stipulated protective order with Ticketmaster.

15    (*Id.*)

16    Subsequently, RMG's counsel requested that Ticketmaster produce non-

17    confidential documents despite the lack of a protective order.    (*Id.*, ¶ 14.)

18    Ticketmaster's counsel agreed, but informed RMG's counsel that Ticketmaster was

19    in the process of reviewing thousands of pages of documents and that additional

20    time would be needed before such documents could be produced.    (*Id.*)    Those

21    documents are now being produced.

22

23

24

25

26

27

28

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION

1  Dated:        ~~March~~ *Apr.1* ___, 2008        Coggan & Tarlow

2

3                                               By: _____

4                                                   David N. Tarlow
                                                    *Attorneys for Defendant*
                                                    RMG TECHNOLOGIES,INC.

5  Dated:        ~~March~~ *April* 1 , 2008       Manatt, Phelps & Phillips, LLP

6

7

8                                               By: _____ / RK
                                                    Donald R. Brown
9                                                   *Attorneys for Plaintiff*
                                                    TICKETMASTER L.L.C.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COGGAN & TARLOW
LOS ANGELES
NEW YORK

JOINT STIPULATION