**DECLARATION**

Dockets.Justia.com

## DECLARATION OF DAVID N. TARLOW

DAVID N. TARLOW declares and states:

1. I am an attorney duly admitted to practice law before this Court and all of the Courts of the State of California.

2. I submit this declaration pursuant to the motion of RMG TECHNOLOGIES, INC. ("RMG") ("motion") to compel the production of documents.

3. On December 7, 2007, I personally served Ticketmaster's attorneys with RMG's Request for Production of Documents ("RRFP"). At said meet and confer, its attorney Alison Sultan White asked me for an extension of time to respond to the RRFP, because the production date was January 7, 2008, and she did not want to work on them over the Holidays. Even though Ticketmaster would not grant RMG an extension to respond to its Requests for Production of Documents, RMG granted Ticketmaster an extension to January 29, 2008 to respond.

4. On January 29, 2008, Ticketmaster served its response to RRFP. A true and correct copy of same is attached hereto as Exhibit "A." Therein, it objected to each and every request. <u>From January 29, 2008 through March 27, 2008, Ticketmaster did not produce a single page of any document responsive to the RRFP</u>.

5. On February 26, 2008, I sent a meet and confer letter to Mr. Knight regarding Ticketmaster's improper response to the RRFP and Ticketmaster's failure to produce any documents. A true and correct copy of same is attached hereto as Exhibit "B."

6. On March 5, 2008, an associate at Coggan & Tarlow, Joshua Blum, and I participated in a mandatory meet and confer meeting with Mr. Knight and another associate of Manatt, Phelps & Phillips LLP regarding RMG's responses to Ticketmaster's Request for Production of Documents ("TRFP") and Ticketmaster's RRFP pursuant to LR 37-1.

1
Declaration

7. The meet and confer session with respect to RMG's responses to the TRFP lasted approximately 2 ½ hours. Then we met and conferred regarding Ticketmaster's inadequate responses to the RRFP and failure to produce documents occurred. This portion of the meeting took less than 30 minutes.

8. In meeting and conferring on Ticketmaster's responses to the RRFP, my first course of business was to ask Mr. Knight when the documents which Ticketmaster agreed to produce pursuant to RRFP Numbers 7, 8 and 9 would be produced. Mr. Knight stated that documents would not be produced for "at least 2 to 3 weeks" but that he did not "want to go out on a limb" because it may be longer.

9. I then asked Mr. Knight if Ticketmaster planned on providing any documents regarding its convenience charges, pursuant to RRFP Numbers 1, 2, 3 and 6 and if they were being withheld until the execution of a protective order. I explained to him that documents responsive to these requests were essential to defending against Ticketmaster's damages claims, because if Ticketmaster was passing off its website security expenditure to its customers, then it was not being damaged by the alleged conduct of RMG. Further, Mr. Blum conveyed to Mr. Knight that records regarding the convenience charges that concern the costs of website security are relevant to Ticketmaster's damages claims, specifically to show what was actually spent by Ticketmaster for its security. We asked that these documents be produced forthwith, without objection. Mr. Knight stated that he thought the requests were irrelevant, because Ticketmaster is entitled to use its money anyway it desired. This response confused me and I still do not know what he meant. He also stated he was told by partners at his firm not to compromise on these RRFPs and to advise me that these issues would have to be resolved by the magistrate on a motion to compel. To date, Ticketmaster has not supplemented these responses, nor has it provided any documents responsive to these requests.

10. I then asked Mr. Knight if Ticketmaster planned on providing any documents in response to RRFP Number 12, which asked for all documents that

2
Declaration

reflect any claim that Ticketmaster has made for loss of goodwill. I explained that if Ticketmaster never made a claim for loss of goodwill, it would be relevant to negating its argument that it had lost or is in the process of losing goodwill in this matter. I further explained that if Ticketmaster had made a claim for loss of goodwill, it would be relevant to show the amount at which Ticketmaster valued its goodwill. Both of these reasons are relevant to Ticketmaster's damages claims. Mr. Knight said "I see your point," that these documents were probably relevant, but that he had to go back to his client to see if it was willing to supplement the response. As of the preparation of this stipulation, Ticketmaster's counsel has not contacted me regarding this request. To date, Ticketmaster has not supplemented this response, nor has it provided any documents responsive to this request.

11. Mr. Knight then said that Ticketmaster would produce documents pursuant to RRFP Number 33 in its document production, but he would not commit to any time frame, other than that nothing would be produced for at least 2 to 3 weeks. To date, Ticketmaster has not provided any documents responsive to this request.

12. I then asked Mr. Knight if Ticketmaster would produce documents responsive to RRFP 46-48 and 51-66, as these requests were relevant to Ticketmaster's loss of goodwill claims and whether Ticketmaster was causing its own loss of goodwill. I explained that these claims were also relevant to RMG's affirmative defenses of frivolous action brought to control competition and violate anti-trust laws, and unclean hands. Mr. Knight said that he had no authority to respond, other than to say that this was a magistrate issue that would have to be dealt with on a motion to compel. To date, Ticketmaster has not provided any documents responsive to these requests.

13. With respect to RRFP Numbers 18-24, 32, 34-40, 44-45 and 49-50, Mr. Knight said that documents are being withheld because there is no protective order in place. I asked him if all of the documents responsive to these requests were

3
Declaration

"confidential." Mr. Knight said "no." I then asked is there any reason why the non-confidential documents could not be produced while the issue of the protective order was being resolved. Mr. Knight said "no." So I asked him to produce them immediately. Mr. Knight said it would be at least 2 to 3 weeks, maybe longer.

14. On March 27, 2008, approximately one week after being served with RMG's joint stipulation herein, Ticketmaster served its supplemental responses to RRFP. A true and correct copy of same is attached hereto as Exhibit "C." On March 28, 2008 Ticketmaster produced some documents, most of which are insignificant, and comprised of newspaper articles found in the public domain which anyone could have pulled from the internet, some customer complaints arising out of the "Hannah Montana" events, and customer complaints forwarded to Ticketmaster from the Indiana Attorney General, and random other materials. From my initial review of same, it does not appear as though Ticketmaster has provided any of the crucial documents concerning Ticketmaster's actual economic damages, convenience charges, internet infrastructure costs, claims for loss of goodwill, investigation into this matter or technical measures taken to thwart technological devices.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

EXECUTED this 1st day of April, 2008.

DAVID N. TARLOW