**EXHIBIT A**

Dockets.Justia.com

MANATT, PHELPS & PHILLIPS, LLP
ROBERT H. PLATT (Bar No. CA 108533)
rplatt@manatt.com
MARK S. LEE (Bar No. CA 094103)
mlee@manatt.com
DONALD R. BROWN (Bar No. CA 156548)
dbrown@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for *Plaintiff*
TICKETMASTER L.L.C.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TICKETMASTER L.L.C., a Virginia limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>RMG TECHNOLOGIES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. CV 07-2534 ABC (JWJx)<br><br>**PLAINTIFF TICKETMASTER L.L.C.'S RESPONSES TO RMG TECHNOLOGIES, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

PROPOUNDING PARTY:     RMG TECHNOLOGIES, INC., a Delaware

corporation

RESPONDING PARTY:     TICKETMASTER L.L.C., a Virginia limited

liability company

SET NO.:     ONE (1)

## GENERAL OBJECTIONS AND STATEMENT

    Ticketmaster L.L.C. ("Plaintiff" or "Ticketmaster") makes the following objections to the entire First Set of Requests For Production of Documents propounded by Defendant RMG Technologies, Inc.'s ("Defendant"):

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

1.     This Response is subject to all objections ordinarily available if such statements or documents were offered in court. All such objections are hereby expressly reserved and may be interposed at the time of trial or at any other time. By providing this Response, Ticketmaster is not making any incidental or implied admissions regarding the content of any document requested. No response or objection to any Request herein should be taken as an admission that Ticketmaster admits the existence of any fact set forth in or assumed by the Request, or that such response or objection constitutes admissible evidence. No response to any Request is intended to be, nor shall any response be construed as, a waiver by Ticketmaster of all or any part of any objection to any request.

2.     Ticketmaster's research, discovery, and preparation for trial in this matter is ongoing and is not yet complete. This Response is based upon the current state of Ticketmaster's pre-trial preparation and the investigation that it has conducted to date. Ticketmaster anticipates that its continuing discovery and investigation may reveal information and documents not presently known to it, upon which Ticketmaster may rely during trial. Accordingly, this Response is made without prejudice to Ticketmaster's rights to produce documents at a later date and to introduce them at the time of trial.

3.     Ticketmaster objects to the "Definitions" and "Instructions" in the Requests to the extent that they are inconsistent with and/or seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure.

4.     Ticketmaster objects to the "Definitions" and "Instructions" in the Requests to the extent that they are vague, ambiguous, and unintelligible.

5.     Ticketmaster objects to each Request to the extent it seeks documents or information protected from discovery by the attorney-client privilege or the attorney work product doctrine.

6.     Ticketmaster objects to each Request to the extent it seeks to discover trade secrets and/or any other private, sensitive, confidential, proprietary,

Manatt, Phelps &
Phillips, LLP
Attorneys at Law
Los Angeles

41184987.5

2

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

1  and/or commercial information, the disclosure of which could be damaging to the
2  business or property of Ticketmaster, Ticketmaster' customers or contractors, or
3  other related business entities.

4          7.      Ticketmaster objects to each Request to the extent that it
5  violates the right of privacy of Plaintiff or any third party under the United States
6  Constitution, the California Constitution, and applicable statutes.

7          8.      Ticketmaster objects to each Request to the extent it seeks the
8  disclosure or production of personal records regarding consumers without proper
9  notification to the consumer.

10         9.      Ticketmaster objects to all the Requests to the extent that they
11 are vague, ambiguous, and unintelligible in that the manner in which specific
12 requests are phrased creates confusion given the issues involved in the litigation.

13         10.     Ticketmaster objects to all the Requests to the extent they are
14 unduly burdensome and/or oppressive.

15         11.     Ticketmaster objects to all the Requests to the extent they are
16 overbroad as to time or scope.

17         Each of the general responses and objections asserted above (the
18 "General Responses and Objections") applies to each Request where appropriate
19 and are incorporated into each of Ticketmaster's responses below as though set
20 forth in full.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS
## REQUEST FOR PRODUCTION NO. 1:

Any and all DOCUMENTS which refer, reflect or relate to YOUR method of
determining convenience charges for tickets sold on ticketmaster.com.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                                3        TICKETMASTER L.L.C.'S RESPONSES TO
                                                   REQUESTS FOR PRODUCTION (SET ONE)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not limited to the term "method". Plaintiff further objects to this request to the extent it lacks foundation. Plaintiff further objects to this request on the ground that it is compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all DOCUMENTS which refer, reflect or relate to all factors considered by YOU in determining convenience charges for tickets purchased on ticketmaster.com.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not limited to the term "considered". Plaintiff further objects to this request to the extent it lacks foundation. Plaintiff further objects to this request on the ground that it is compound, overbroad, unduly burdensome and

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                                    4                TICKETMASTER L.L.C.'S RESPONSES TO
                                                              REQUESTS FOR PRODUCTION (SET ONE)

1  oppressive. Plaintiff further objects to this request on the ground that it seeks the

2  production of documents containing confidential, sensitive, proprietary,

3  commercial, business and financial information. Plaintiff further objects to this

4  request to the extent that it seeks documents protected by attorney-client privilege

5  or the work-product doctrine.

6

7  **REQUEST FOR PRODUCTION NO. 3:**

8      Any and all DOCUMENTS which refer, reflect or relate to the identity of all

9  PERSONS involved in the decision making process of determining convenience

10  charges for tickets purchased on ticketmaster.com.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

12      Plaintiff incorporates by reference each and every one of the General

13  Responses and Objections as though fully set forth herein. Plaintiff further objects

14  to this request because it seeks information neither relevant to the subject matter of

15  this litigation nor reasonably calculated to lead to the discovery of admissible

16  evidence. Plaintiff further objects to this request on the ground that it is vague and

17  ambiguous, including but not limited to the phrase "decision making process".

18  Plaintiff further objects to this request to the extent it lacks foundation. Plaintiff

19  further objects to this request on the ground that it is compound, overbroad, unduly

20  burdensome and oppressive. Plaintiff further objects to this request on the ground

21  that it seeks the production of documents containing confidential, sensitive,

22  proprietary, commercial, business and financial information. Plaintiff further

23  objects to this request to the extent that it seeks documents protected by attorney-

24  client privilege or the work-product doctrine.

25

26  **REQUEST FOR PRODUCTION NO. 4:**

27      Any and all DOCUMENTS which refer, reflect or relate to whether internet

28  security costs are factored into YOUR convenience charges.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                          5          TICKETMASTER L.L.C.'S RESPONSES TO
                                               REQUESTS FOR PRODUCTION (SET ONE)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not limited to the phrases "internet security costs" and "factored". Plaintiff further objects to this request to the extent it lacks foundation. Plaintiff further objects to this request on the ground that it is compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Convenience charges are based, among other things, on Plaintiff's cost of doing business, which is in turn affected by the cost of, among other things, Plaintiff's attempt to maintain a secure website. Plaintiff has conducted a diligent search and reasonable inquiry during its effort to comply with this Request and has no documents currently within its possession, custody or control that identify the cost of attempting to maintain a secure website as a specific factor in determining convenience charges.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all DOCUMENTS which refer, reflect or relate to whether the costs associated with paying YOUR information technology staff are factored into YOUR convenience charges.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                                    6              TICKETMASTER L.L.C.'S RESPONSES TO
                                                             REQUESTS FOR PRODUCTION (SET ONE)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

2      Plaintiff incorporates by reference each and every one of the General

3  Responses and Objections as though fully set forth herein. Plaintiff further objects

4  to this request because it seeks information neither relevant to the subject matter of

5  this litigation nor reasonably calculated to lead to the discovery of admissible

6  evidence. Plaintiff further objects to this request on the ground that it is vague and

7  ambiguous, including but not limited to the term "factored". Plaintiff further

8  objects to this request to the extent it lacks foundation. Plaintiff further objects to

9  this request on the ground that it is compound, overbroad, unduly burdensome and

10 oppressive. Plaintiff further objects to this request on the ground that it seeks the

11 production of documents containing confidential, sensitive, proprietary,

12 commercial, business and financial information. Plaintiff further objects to this

13 request to the extent that it seeks documents protected by attorney-client privilege

14 or the work-product doctrine.

15      Subject to and without waiving the foregoing objections, Plaintiff responds

16 as follows: Convenience charges are based, among other things, on Plaintiff's cost

17 of doing business, which is in turn affected by the cost of, among other things,

18 paying Plaintiff's information technology staff. Plaintiff has conducted a diligent

19 search and reasonable inquiry during its effort to comply with this Request and has

20 no documents currently within its possession, custody or control that identify the

21 cost of paying its information technology staff as a specific factor in determining

22 convenience charges.

23

24 **REQUEST FOR PRODUCTION NO. 6:**

25      Any and all DOCUMENTS which refer, reflect or relate to any research

26 which YOU conducted in determining convenience charges for tickets sold on

27 ticketmaster.com.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

7

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

2        Plaintiff incorporates by reference each and every one of the General

3    Responses and Objections as though fully set forth herein. Plaintiff further objects

4    to this request because it seeks information neither relevant to the subject matter of

5    this litigation nor reasonably calculated to lead to the discovery of admissible

6    evidence. Plaintiff further objects to this request on the ground that it is vague and

7    ambiguous, including but not limited to the term "research". Plaintiff further

8    objects to this request to the extent it lacks foundation. Plaintiff further objects to

9    this request on the ground that it is compound, overbroad, unduly burdensome and

10   oppressive. Plaintiff further objects to this request on the ground that it seeks the

11   production of documents containing confidential, sensitive, proprietary,

12   commercial, business and financial information. Plaintiff further objects to this

13   request to the extent that it seeks documents protected by attorney-client privilege

14   or the work-product doctrine.

15

16   **REQUEST FOR PRODUCTION NO. 7:**

17       Any and all DOCUMENTS which refer, reflect or relate to any interviews

18   YOU gave to the media regarding the "Hannah Montana/Miley Cyrus Best of Both

19   Worlds" tour in the year 2007.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

21       Plaintiff incorporates by reference each and every one of the General

22   Responses and Objections as though fully set forth herein. Plaintiff further objects

23   to this request because it seeks information neither relevant to the subject matter of

24   this litigation nor reasonably calculated to lead to the discovery of admissible

25   evidence. Plaintiff further objects to this request on the ground that it is vague and

26   ambiguous, including but not limited to the term "research". Plaintiff further

27   objects to this request on the ground that it is overbroad, unduly burdensome and

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                                  8            TICKETMASTER L.L.C.'S RESPONSES TO
                                                         REQUESTS FOR PRODUCTION (SET ONE)

1   oppressive.  Plaintiff further objects to this request to the extent that it seeks
2   documents protected by attorney-client privilege or the work-product doctrine.

3       Subject to and without waiving the foregoing objections, Plaintiff responds
4   as follows: Plaintiff will make all relevant, unprivileged responsive documents
5   available for inspection.

6

7   **REQUEST FOR PRODUCTION NO. 8:**

8       Any and all DOCUMENTS which refer, reflect or relate to any
9   communications that YOU have had with the Attorney General of Arkansas, Dustin
10  McDaniel.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

12      Plaintiff incorporates by reference each and every one of the General
13  Responses and Objections as though fully set forth herein.  Plaintiff further objects
14  to this request because it seeks information neither relevant to the subject matter of
15  this litigation nor reasonably calculated to lead to the discovery of admissible
16  evidence.  Plaintiff further objects to this request on the ground that it is overbroad,
17  unduly burdensome and oppressive.  Plaintiff further objects to this request to the
18  extent that it seeks documents protected by attorney-client privilege or the work-
19  product doctrine.

20      Subject to and without waiving the foregoing objections, Plaintiff responds
21  as follows: Plaintiff will make all relevant, unprivileged responsive documents
22  available for inspection.

23

24  **REQUEST FOR PRODUCTION NO. 9:**

25      Any and all DOCUMENTS which refer, reflect or relate to any
26  communications that YOU have had with the Attorney General of Missouri, Jay
27  Nixon.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                              9              TICKETMASTER L.L.C.'S RESPONSES TO
                                                       REQUESTS FOR PRODUCTION (SET ONE)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

2      Plaintiff incorporates by reference each and every one of the General

3  Responses and Objections as though fully set forth herein. Plaintiff further objects

4  to this request because it seeks information neither relevant to the subject matter of

5  this litigation nor reasonably calculated to lead to the discovery of admissible

6  evidence. Plaintiff further objects to this request on the ground that it is overbroad,

7  unduly burdensome and oppressive. Plaintiff further objects to this request to the

8  extent that it seeks documents protected by attorney-client privilege or the work-

9  product doctrine.

10      Subject to and without waiving the foregoing objections, Plaintiff responds

11  as follows: Plaintiff will make all relevant, unprivileged responsive documents

12  available for inspection.

13

14  **REQUEST FOR PRODUCTION NO. 10:**

15      Any and all DOCUMENTS which refer, reflect or relate to the purpose of the

16  CAPTCHA page on the ticketmaster.com website, including, but not limited to

17  emails, internal memoranda, meeting notes, manuals, handbooks and training

18  materials.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

20      Plaintiff incorporates by reference each and every one of the General

21  Responses and Objections as though fully set forth herein. Plaintiff further objects

22  to this request on the ground that it is overbroad, unduly burdensome and

23  oppressive. Plaintiff further objects to this request on the ground that it seeks the

24  production of documents containing confidential, sensitive, proprietary,

25  commercial, business and financial information. Plaintiff further objects to this

26  request to the extent that it seeks documents protected by attorney-client privilege

27  or the work-product doctrine.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    10           TICKETMASTER L.L.C.'S RESPONSES TO
                                           REQUESTS FOR PRODUCTION (SET ONE)

1      Subject to and without waiving the foregoing objections, Plaintiff responds

2  as follows:  Plaintiff will make all relevant, non-privileged responsive documents

3  available for inspection under mutually agreeable terms, following entry of a

4  mutually agreeable protective order.

5

6  **REQUEST FOR PRODUCTION NO. 11:**

7      Any and all DOCUMENTS which refer, reflect or relate to any copyrights

8  which YOU own in the ticketmaster.com website.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

10      Plaintiff incorporates by reference each and every one of the General

11  Responses and Objections as though fully set forth herein.  Plaintiff further objects

12  to this request to the extent it seeks information neither relevant to the subject

13  matter of this litigation nor reasonably calculated to lead to the discovery of

14  admissible evidence.  Plaintiff further objects to this request on the ground that it is

15  overbroad, unduly burdensome and oppressive.  Plaintiff further objects to this

16  request on the ground that it seeks the production of documents containing

17  confidential, sensitive, proprietary, commercial, business and financial information.

18  Plaintiff further objects to this request to the extent that it seeks documents

19  protected by attorney-client privilege or the work-product doctrine.

20      Subject to and without waiving the foregoing objections, Plaintiff responds

21  as follows:  Plaintiff will make all relevant, non-privileged responsive documents

22  pertaining to the copyrights alleged in the operative complaint available for

23  inspection under mutually agreeable terms, following entry of a mutually agreeable

24  protective order.

25

26  **REQUEST FOR PRODUCTION NO. 12:**

27      Any and all DOCUMENTS which refer, reflect or relate to any claim that

28  YOU have made for loss of goodwill from January 1, 2002 to present, including,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                                11                TICKETMASTER L.L.C.'S RESPONSES TO
                                                           REQUESTS FOR PRODUCTION (SET ONE)

1    but not limited to corporate tax returns, financial statements and profit and loss

2    statements.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

4        Plaintiff incorporates by reference each and every one of the General

5    Responses and Objections as though fully set forth herein. Plaintiff further objects

6    to this request because it is vague, ambiguous and unintelligible, including but not

7    limited to the phrase "any claim that YOU have made for loss of goodwill."

8    Plaintiff further objects to this request to the extent it seeks information neither

9    relevant to the subject matter of this litigation nor reasonably calculated to lead to

10   the discovery of admissible evidence. Plaintiff further objects to this request on the

11   ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further

12   objects to this request on the ground that it seeks the production of documents

13   containing confidential, sensitive, proprietary, commercial, business and financial

14   information. Plaintiff further objects to this request to the extent that it seeks

15   documents protected by attorney-client privilege or the work-product doctrine.

16

17   **REQUEST FOR PRODUCTION NO. 13:**

18       Any and all DOCUMENTS which refer, reflect or relate to any investigation

19   that YOU have performed regarding the use of "spiders" on the ticketmaster.com

20   website.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

22       Plaintiff incorporates by reference each and every one of the General

23   Responses and Objections as though fully set forth herein. Plaintiff further objects

24   to this request because it seeks information neither relevant to the subject matter of

25   this litigation nor reasonably calculated to lead to the discovery of admissible

26   evidence. Plaintiff further objects to this request because it is vague and

27   ambiguous. Plaintiff further objects to this request on the ground that it is

28   overbroad, unduly burdensome and oppressive. Plaintiff further objects to this

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                              12            TICKETMASTER L.L.C.'S RESPONSES TO
                                                      REQUESTS FOR PRODUCTION (SET ONE)

1  request on the ground that it seeks the production of documents containing
2  confidential, sensitive, proprietary, commercial, business and financial information.
3  Plaintiff further objects to this request to the extent that it seeks documents
4  protected by attorney-client privilege or the work-product doctrine.

5      Subject to and without waiving the foregoing objections, Plaintiff responds
6  as follows:  Plaintiff will make all relevant, non-privileged responsive documents
7  available for inspection under mutually agreeable terms, following entry of a
8  mutually agreeable protective order.

9

**REQUEST FOR PRODUCTION NO. 14:**

11      Any and all DOCUMENTS which refer, reflect or relate to any investigation
12  that YOU have performed regarding the use of "robots" on the ticketmaster.com
13  website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

15      Plaintiff incorporates by reference each and every one of the General
16  Responses and Objections as though fully set forth herein.  Plaintiff further objects
17  to this request because it seeks information neither relevant to the subject matter of
18  this litigation nor reasonably calculated to lead to the discovery of admissible
19  evidence.   Plaintiff further objects to this request because it is vague and
20  ambiguous.   Plaintiff further objects to this request on the ground that it is
21  overbroad, unduly burdensome and oppressive.   Plaintiff further objects to this
22  request on the ground that it seeks the production of documents containing
23  confidential, sensitive, proprietary, commercial, business and financial information.
24  Plaintiff further objects to this request to the extent that it seeks documents
25  protected by attorney-client privilege or the work-product doctrine.

26      Subject to and without waiving the foregoing objections, Plaintiff responds
27  as follows:  Plaintiff will make all relevant, non-privileged responsive documents
28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                          13                TICKETMASTER L.L.C.'S RESPONSES TO
                                                      REQUESTS FOR PRODUCTION (SET ONE)

1  available for inspection under mutually agreeable terms, following entry of a

2  mutually agreeable protective order.

3

4  **REQUEST FOR PRODUCTION NO. 15:**

5      Any and all DOCUMENTS which refer, reflect or relate to any investigation

6  that YOU have performed regarding the use of "bots" on the ticketmaster.com web

7  site.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

9      Plaintiff incorporates by reference each and every one of the General

10  Responses and Objections as though fully set forth herein. Plaintiff further objects

11  to this request because it seeks information neither relevant to the subject matter of

12  this litigation nor reasonably calculated to lead to the discovery of admissible

13  evidence. Plaintiff further objects to this request because it is vague and

14  ambiguous. Plaintiff further objects to this request on the ground that it is

15  overbroad, unduly burdensome and oppressive. Plaintiff further objects to this

16  request on the ground that it seeks the production of documents containing

17  confidential, sensitive, proprietary, commercial, business and financial information.

18  Plaintiff further objects to this request to the extent that it seeks documents

19  protected by attorney-client privilege or the work-product doctrine.

20      Subject to and without waiving the foregoing objections, Plaintiff responds

21  as follows: Plaintiff will make all relevant, non-privileged responsive documents

22  available for inspection under mutually agreeable terms, following entry of a

23  mutually agreeable protective order.

24

25  **REQUEST FOR PRODUCTION NO. 16:**

26      Any and all DOCUMENTS which refer, reflect or relate to any investigation

27  that YOU have performed regarding the use of "automatic devices" on the

28  ticketmaster.com website.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                                    14          TICKETMASTER L.L.C.'S RESPONSES TO
                                                          REQUESTS FOR PRODUCTION (SET ONE)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

2       Plaintiff incorporates by reference each and every one of the General

3  Responses and Objections as though fully set forth herein.  Plaintiff further objects

4  to this request because it seeks information neither relevant to the subject matter of

5  this litigation nor reasonably calculated to lead to the discovery of admissible

6  evidence.    Plaintiff further objects to this request because it is vague and

7  ambiguous.    Plaintiff further objects to this request on the ground that it is

8  overbroad, unduly burdensome and oppressive.    Plaintiff further objects to this

9  request on the ground that it seeks the production of documents containing

10 confidential, sensitive, proprietary, commercial, business and financial information.

11 Plaintiff further objects to this request to the extent that it seeks documents

12 protected by attorney-client privilege or the work-product doctrine.

13       Subject to and without waiving the foregoing objections, Plaintiff responds

14 as follows:  Plaintiff will make all relevant, non-privileged responsive documents

15 available for inspection under mutually agreeable terms, following entry of a

16 mutually agreeable protective order.

17

18 **REQUEST FOR PRODUCTION NO. 17:**

19       Any and all DOCUMENTS which refer, reflect or relate to any investigation

20 that YOU have performed regarding the use of "automated processes" on the

21 ticketmaster.com website.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

23       Plaintiff incorporates by reference each and every one of the General

24 Responses and Objections as though fully set forth herein.  Plaintiff further objects

25 to this request because it seeks information neither relevant to the subject matter of

26 this litigation nor reasonably calculated to lead to the discovery of admissible

27 evidence.    Plaintiff further objects to this request because it is vague and

28 ambiguous.    Plaintiff further objects to this request on the ground that it is

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    15        TICKETMASTER L.L.C.'S RESPONSES TO
                                        REQUESTS FOR PRODUCTION (SET ONE)

1    overbroad, unduly burdensome and oppressive.  Plaintiff further objects to this

2    request on the ground that it seeks the production of documents containing

3    confidential, sensitive, proprietary, commercial, business and financial information.

4    Plaintiff further objects to this request to the extent that it seeks documents

5    protected by attorney-client privilege or the work-product doctrine.

6        Subject to and without waiving the foregoing objections, Plaintiff responds

7    as follows:  Plaintiff will make all relevant, non-privileged responsive documents

8    available for inspection under mutually agreeable terms, following entry of a

9    mutually agreeable protective order.

10

11   **REQUEST FOR PRODUCTION NO. 18:**

12       Any and all DOCUMENTS which refer, reflect or relate to any investigation

13   that YOU have performed with respect to RMG Technologies, Inc., a Delaware

14   corporation.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

16       Plaintiff incorporates by reference each and every one of the General

17   Responses and Objections as though fully set forth herein.  Plaintiff further objects

18   to this request to the extent it seeks information neither relevant to the subject

19   matter of this litigation nor reasonably calculated to lead to the discovery of

20   admissible evidence.  Plaintiff further objects to this request on the ground that it is

21   vague and ambiguous.  Plaintiff further objects to this request on the ground that it

22   is overbroad, unduly burdensome and oppressive.  Plaintiff further objects to this

23   request on the ground that it seeks the production of documents containing

24   confidential, sensitive, proprietary, commercial, business and financial information.

25   Plaintiff further objects to this request to the extent that it seeks documents

26   protected by attorney-client privilege or the work-product doctrine.

27       Subject to and without waiving the foregoing objections, Plaintiff responds

28   as follows:  Plaintiff will make all relevant, non-privileged responsive documents

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                                16                TICKETMASTER L.L.C.'S RESPONSES TO
                                                           REQUESTS FOR PRODUCTION (SET ONE)

1    available for inspection under mutually agreeable terms, following entry of a

2    mutually agreeable protective order.

3

4    **REQUEST FOR PRODUCTION NO. 19:**

5    Any and all DOCUMENTS which refer, reflect or relate to RMG

6    Technologies, Inc., a Delaware corporation.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

8    Plaintiff incorporates by reference each and every one of the General

9    Responses and Objections as though fully set forth herein.  Plaintiff further objects

10   to this request to the extent that it seeks information neither relevant to the subject

11   matter of this litigation nor reasonably calculated to lead to the discovery of

12   admissible evidence.  Plaintiff further objects to this request on the ground that it is

13   vague and ambiguous.  Plaintiff further objects to this request on the ground that it

14   is overbroad, unduly burdensome and oppressive.  Plaintiff further objects to this

15   request on the ground that it seeks the production of documents containing

16   confidential, sensitive, proprietary, commercial, business and financial information.

17   Plaintiff further objects to this request to the extent that it seeks documents

18   protected by attorney-client privilege or the work-product doctrine.

19   Subject to and without waiving the foregoing objections, Plaintiff responds

20   as follows:  Plaintiff will make all relevant, non-privileged responsive documents

21   available for inspection under mutually agreeable terms, following entry of a

22   mutually agreeable protective order.

23

24   **REQUEST FOR PRODUCTION NO. 20:**

25   Any and all DOCUMENTS which refer, reflect or relate to any

26   communications between YOU and Chris Kovach.

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                              17          TICKETMASTER L.L.C.'S RESPONSES TO
                                                    REQUESTS FOR PRODUCTION (SET ONE)

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

2         Plaintiff incorporates by reference each and every one of the General

3    Responses and Objections as though fully set forth herein. Plaintiff further objects

4    to this request because it seeks information neither relevant to the subject matter of

5    this litigation nor reasonably calculated to lead to the discovery of admissible

6    evidence. Plaintiff further objects to this request on the ground that it is overbroad,

7    unduly burdensome and oppressive. Plaintiff further objects to this request on the

8    ground that it violates the right to privacy of a third party. Plaintiff further objects

9    to this request to the extent that it seeks documents protected by attorney-client

10   privilege or the work-product doctrine.

11        Subject to and without waiving the foregoing objections, Plaintiff responds

12   as follows: Plaintiff will make all relevant, non-privileged responsive documents

13   available for inspection under mutually agreeable terms, following entry of a

14   mutually agreeable protective order.

15

16   **REQUEST FOR PRODUCTION NO. 21:**

17        Any and all DOCUMENTS which refer, reflect or relate to the settlement

18   agreement between YOU and Chris Kovach, as referenced in YOUR motion for

19   preliminary injunction in this matter.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

21        Plaintiff incorporates by reference each and every one of the General

22   Responses and Objections as though fully set forth herein. Plaintiff further objects

23   to this request to the extent it seeks information neither relevant to the subject

24   matter of this litigation nor reasonably calculated to lead to the discovery of

25   admissible evidence. Plaintiff further objects to this request on the ground that it is

26   overbroad, unduly burdensome and oppressive. Plaintiff further objects to this

27   request on the ground that it violates the right to privacy of a third party. Plaintiff

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    18          TICKETMASTER L.L.C.'S RESPONSES TO
                                          REQUESTS FOR PRODUCTION (SET ONE)

1  further objects to this request to the extent that it seeks documents protected by

2  attorney-client privilege or the work-product doctrine.

3      Subject to and without waiving the foregoing objections, Plaintiff responds

4  as follows:  Plaintiff will make all relevant, non-privileged responsive documents

5  available for inspection under mutually agreeable terms, following entry of a

6  mutually agreeable protective order.

7

8  **REQUEST FOR PRODUCTION NO. 22:**

9      Any and all DOCUMENTS which refer, reflect or relate to any purchase of

10  tickets that Chris Kovach or anyone on his behalf made on ticketmaster.com prior

11  to May of 2007.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

13      Plaintiff incorporates by reference each and every one of the General

14  Responses and Objections as though fully set forth herein.  Plaintiff further objects

15  to this request to the extent that it seeks information neither relevant to the subject

16  matter of this litigation nor reasonably calculated to lead to the discovery of

17  admissible evidence.  Plaintiff further objects to this request on the ground that it is

18  overbroad, unduly burdensome and oppressive.   Plaintiff further objects to this

19  request on the ground that it seeks the production of documents containing

20  confidential, sensitive, proprietary, commercial, business and financial information.

21  Plaintiff further objects to this request on the ground that it violates the right to

22  privacy of a third party.  Plaintiff further objects to this request to the extent that it

23  seeks documents protected by attorney-client privilege or the work-product

24  doctrine.

25      Subject to and without waiving the foregoing objections, Plaintiff responds

26  as follows:  Plaintiff will make all relevant, non-privileged responsive documents

27  available for inspection under mutually agreeable terms, following entry of a

28  mutually agreeable protective order.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                          19        TICKETMASTER L.L.C.'S RESPONSES TO
                                              REQUESTS FOR PRODUCTION (SET ONE)

1

2  **REQUEST FOR PRODUCTION NO. 23:**

3      Any and all DOCUMENTS which refer, reflect or relate to any purchase of

4  tickets that Chris Kovach or anyone on his behalf made on ticketmaster.com

5  subsequent to May of 2007.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

7      Plaintiff incorporates by reference each and every one of the General

8  Responses and Objections as though fully set forth herein. Plaintiff further objects

9  to this request because it seeks information neither relevant to the subject matter of

10 this litigation nor reasonably calculated to lead to the discovery of admissible

11 evidence. Plaintiff further objects to this request on the ground that it seeks the

12 production of documents containing confidential, sensitive, proprietary,

13 commercial, business and financial information. Plaintiff further objects to this

14 request on the ground that it violates the right to privacy of a third party. Plaintiff

15 further objects to this request to the extent that it seeks documents protected by

16 attorney-client privilege or the work-product doctrine.

17

18 **REQUEST FOR PRODUCTION NO. 24:**

19      Any and all DOCUMENTS which refer, reflect or relate to the first time

20 YOU learned that RMG's devices were allegedly being used on ticketmaster.com.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

22      Plaintiff incorporates by reference each and every one of the General

23 Responses and Objections as though fully set forth herein. Plaintiff further objects

24 to this request to the extent that it seeks information neither relevant to the subject

25 matter of this litigation nor reasonably calculated to lead to the discovery of

26 admissible evidence. Plaintiff further objects to this request on the ground that it is

27 vague and ambiguous, including but not limited to the phrase "RMG's devices."

28 Plaintiff further objects to this request on the ground that it seeks the production of

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41184987.5                            20              TICKETMASTER L.L.C.'S RESPONSES TO
                                                      REQUESTS FOR PRODUCTION (SET ONE)

1  documents containing confidential, sensitive, proprietary, commercial, business and

2  financial information.  Plaintiff further objects to this request to the extent that it

3  seeks documents protected by attorney-client privilege or the work-product

4  doctrine.

5      Subject to and without waiving the foregoing objections, Plaintiff responds

6  as follows:  Plaintiff will make all relevant, non-privileged responsive documents

7  available for inspection under mutually agreeable terms, following entry of a

8  mutually agreeable protective order.

9

10  **REQUEST FOR PRODUCTION NO. 25:**

11      Any and all DOCUMENTS which refer, reflect or relate to any technological

12  measure that YOU have taken to stop the use of "spiders" on the ticketmaster.com

13  website.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

15      Plaintiff incorporates by reference each and every one of the General

16  Responses and Objections as though fully set forth herein.  Plaintiff further objects

17  to this request because it seeks information neither relevant to the subject matter of

18  this litigation nor reasonably calculated to lead to the discovery of admissible

19  evidence.  Plaintiff further objects to this request on the ground that it is overbroad,

20  unduly burdensome and oppressive.  Plaintiff further objects to this request on the

21  ground that it seeks the production of documents containing confidential, sensitive,

22  proprietary, commercial, business and financial information.   Plaintiff further

23  objects to this request to the extent that it seeks documents protected by attorney-

24  client privilege or the work-product doctrine.

25      Subject to and without waiving the foregoing objections, Plaintiff responds

26  as follows:  Plaintiff will make all relevant, non-privileged responsive documents

27  available for inspection under mutually agreeable terms, following entry of a

28  mutually agreeable protective order.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    21         TICKETMASTER L.L.C.'S RESPONSES TO
                                         REQUESTS FOR PRODUCTION (SET ONE)

1

2    **REQUEST FOR PRODUCTION NO. 26:**

3        Any and all DOCUMENTS which refer, reflect or relate to any technological

4    measure that YOU have taken to stop the use of "robots" on the ticketmaster.com

5    website.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

7        Plaintiff incorporates by reference each and every one of the General

8    Responses and Objections as though fully set forth herein. Plaintiff further objects

9    to this request because it seeks information neither relevant to the subject matter of

10   this litigation nor reasonably calculated to lead to the discovery of admissible

11   evidence. Plaintiff further objects to this request on the ground that it is overbroad,

12   unduly burdensome and oppressive. Plaintiff further objects to this request on the

13   ground that it seeks the production of documents containing confidential, sensitive,

14   proprietary, commercial, business and financial information. Plaintiff further

15   objects to this request to the extent that it seeks documents protected by attorney-

16   client privilege or the work-product doctrine.

17       Subject to and without waiving the foregoing objections, Plaintiff responds

18   as follows: Plaintiff will make all relevant, non-privileged responsive documents

19   available for inspection under mutually agreeable terms, following entry of a

20   mutually agreeable protective order.

21

22   **REQUEST FOR PRODUCTION NO. 27:**

23       Any and all DOCUMENTS which refer, reflect or relate to any technological

24   measure that YOU have taken to stop the use of "bots" on the ticketmaster.com

25   website.

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    22         TICKETMASTER L.L.C.'S RESPONSES TO
                                         REQUESTS FOR PRODUCTION (SET ONE)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make all relevant, non-privileged responsive documents available for inspection under mutually agreeable terms, following entry of a mutually agreeable protective order.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all DOCUMENTS which refer, reflect or relate to any technological measure that YOU have taken to stop the use of "automatic devices" on the ticketmaster.com website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    23        TICKETMASTER L.L.C.'S RESPONSES TO
                                        REQUESTS FOR PRODUCTION (SET ONE)

1    proprietary, commercial, business and financial information.    Plaintiff further

2    objects to this request to the extent that it seeks documents protected by attorney-

3    client privilege or the work-product doctrine.

4        Subject to and without waiving the foregoing objections, Plaintiff responds

5    as follows:   Plaintiff will make all relevant, non-privileged responsive documents

6    available for inspection under mutually agreeable terms, following entry of a

7    mutually agreeable protective order.

8

9    **REQUEST FOR PRODUCTION NO. 29**:

10       Any and all DOCUMENTS which refer, reflect or relate to any technological

11   measure that YOU have taken to stop the use of "automated processes" on the

12   ticketmaster.com website.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

14       Plaintiff incorporates by reference each and every one of the General

15   Responses and Objections as though fully set forth herein.  Plaintiff further objects

16   to this request because it seeks information neither relevant to the subject matter of

17   this litigation nor reasonably calculated to lead to the discovery of admissible

18   evidence.  Plaintiff further objects to this request on the ground that it is overbroad,

19   unduly burdensome and oppressive.  Plaintiff further objects to this request on the

20   ground that it seeks the production of documents containing confidential, sensitive,

21   proprietary, commercial, business and financial information.    Plaintiff further

22   objects to this request to the extent that it seeks documents protected by attorney-

23   client privilege or the work-product doctrine.

24       Subject to and without waiving the foregoing objections, Plaintiff responds

25   as follows:  Plaintiff will make all relevant, non-privileged responsive documents

26   available for inspection under mutually agreeable terms, following entry of a

27   mutually agreeable protective order.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

24

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

**REQUEST FOR PRODUCTION NO. 30:**

Any and all DOCUMENTS which refer, reflect or relate to any measures YOU took to calculate the actual damages that YOU would incur in the event that a user of ticketmaster.com accessed more than 1,000 pages of the ticketmaster.com website in any twenty four (24) hour period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request on the ground that it is compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not limited to the phrase "any measures YOU took". Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff has conducted a diligent search and reasonable inquiry during its effort to comply with this Request and has no non-privileged documents currently within its possession, custody or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all DOCUMENTS which refer, reflect or relate to the identity of any PERSON who performed any calculation on YOUR behalf as to the actual damages that YOU would incur in the event that a user of ticketmaster.com accessed more than 1,000 pages of the ticketmaster.com website in any twenty four (24) hour period.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                                    25          TICKETMASTER L.L.C.'S RESPONSES TO
                                                          REQUESTS FOR PRODUCTION (SET ONE)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request on the ground that it is compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not limited to the phrase "reflect or relate to the identity of". Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff has conducted a diligent search and reasonable inquiry during its effort to comply with this Request and has no non-privileged documents currently within its possession, custody or control that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all DOCUMENTS which refer, reflect or relate to any monies that YOU have spent on technological measures that YOU have taken to stop the use of spiders, robots, bots, automatic devices or automated processes on the ticketmaster.com website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41184987.5                                    26                TICKETMASTER L.L.C.'S RESPONSES TO
                                                               REQUESTS FOR PRODUCTION (SET ONE)

1  vague and ambiguous, including but not limited to the phrase "refer, reflect or relate

2  to any monies". Plaintiff further objects to this request on the ground that it is

3  compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects

4  to this request on the ground that it seeks the production of documents containing

5  confidential, sensitive, proprietary, commercial, business and financial information.

6  Plaintiff further objects to this request to the extent that it seeks documents

7  protected by attorney-client privilege or the work-product doctrine.

8       Subject to and without waiving the foregoing objections, Plaintiff responds

9  as follows: Plaintiff will make all relevant, non-privileged responsive documents

10  available for inspection under mutually agreeable terms, following entry of a

11  mutually agreeable protective order.

12

13  **REQUEST FOR PRODUCTION NO. 33:**

14       Any and all DOCUMENTS which refer, reflect or relate to any PERSON

15  who YOU have employed, either as an employee or an independent contractor, in

16  an attempt to stop the use of spiders, robots, bots, automated devices or automated

17  processes on the ticketmaster.com website.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

19       Plaintiff incorporates by reference each and every one of the General

20  Responses and Objections as though fully set forth herein. Plaintiff further objects

21  to this request on the ground that it is vague and ambiguous, including but not

22  limited to the phrase "employed . . . in an attempt". Plaintiff further objects to

23  this request to the extent that it lacks foundation. Plaintiff further objects to this

24  request on the ground that it is overbroad, unduly burdensome and oppressive.

25  Plaintiff further objects to this request on the ground that it seeks the production of

26  documents containing confidential, sensitive, proprietary, commercial, business and

27  financial information. Plaintiff further objects to this request on the ground that it

28  violates the right to privacy of a third party. Plaintiff further objects to this request

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    27          TICKETMASTER L.L.C.'S RESPONSES TO
                                          REQUESTS FOR PRODUCTION (SET ONE)

1    to the extent that it seeks documents protected by attorney-client privilege or the

2    work-product doctrine.

3

4    **REQUEST FOR PRODUCTION NO. 34:**

5    Any and all DOCUMENTS which refer, reflect or relate to any money that

6    you have paid to any PERSON who YOU have employed, either as an employee or

7    an independent contractor, in an attempt to stop the use of spiders, robots, bots,

8    automated devices or automated processes on the ticketmaster.com website.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

10    Plaintiff incorporates by reference each and every one of the General

11    Responses and Objections as though fully set forth herein. Plaintiff further objects

12    to this request on the ground that it is vague and ambiguous, including but not

13    limited to the phrases "refer, reflect or relate to any money" and "employed . . . in

14    an attempt".    Plaintiff further objects to this request to the extent that it lacks

15    foundation.    Plaintiff further objects to this request on the ground that it is

16    compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects

17    to this request on the ground that it seeks the production of documents containing

18    confidential, sensitive, proprietary, commercial, business and financial information.

19    Plaintiff further objects to this request on the ground that it violates the right to

20    privacy of a third party. Plaintiff further objects to this request to the extent that it

21    seeks documents protected by attorney-client privilege or the work-product

22    doctrine.

23    Subject to and without waiving the foregoing objections, Plaintiff responds

24    as follows: Plaintiff will make all relevant, non-privileged responsive documents

25    available for inspection under mutually agreeable terms, following entry of a

26    mutually agreeable protective order.

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                              28            TICKETMASTER L.L.C.'S RESPONSES TO
                                                      REQUESTS FOR PRODUCTION (SET ONE)

1  **REQUEST FOR PRODUCTION NO. 35:**

2      Any and all DOCUMENTS which refer, reflect or relate to any complaints

3  that any of YOUR CLIENTS have made to YOU regarding the use of spiders,

4  robots, bots, automated devices or automated processes on the ticketmaster.com

5  website.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

7      Plaintiff incorporates by reference each and every one of the General

8  Responses and Objections as though fully set forth herein. Plaintiff further objects

9  to this request on the ground that it is vague and ambiguous, including but not

10  limited to the term "complaints". Plaintiff further objects to this request on the

11  ground that it is compound, overbroad, unduly burdensome and oppressive.

12  Plaintiff further objects to this request on the ground that it seeks the production of

13  documents containing confidential, sensitive, proprietary, commercial, business and

14  financial information. Plaintiff further objects to this request on the ground that it

15  violates the right to privacy of a third party. Plaintiff further objects to this request

16  to the extent that it seeks documents protected by attorney-client privilege or the

17  work-product doctrine.

18      Subject to and without waiving the foregoing objections, Plaintiff responds

19  as follows: Plaintiff will make all relevant, non-privileged responsive documents

20  available for inspection under mutually agreeable terms, following entry of a

21  mutually agreeable protective order.

22

23  **REQUEST FOR PRODUCTION NO. 36:**

24      Any and all DOCUMENTS which refer, reflect or relate to any complaints

25  that any of YOUR CLIENTS have made to YOU regarding YOUR inability to

26  distribute tickets in a fair and equitable manner.

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    29        TICKETMASTER L.L.C.'S RESPONSES TO
                                        REQUESTS FOR PRODUCTION (SET ONE)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not limited to the term "complaints". Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request to the extent that it lacks foundation. Plaintiff further objects to this request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make all relevant, non-privileged responsive documents available for inspection under mutually agreeable terms, following entry of a mutually agreeable protective order.

**REQUEST FOR PRODUCTION NO. 37:**

Any and all DOCUMENTS which refer, reflect or relate to any complaints that any of YOUR CUSTOMERS have made to YOU regarding YOUR inability to distribute tickets in a fair and equitable manner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    30              TICKETMASTER L.L.C.'S RESPONSES TO
                                             REQUESTS FOR PRODUCTION (SET ONE)

1    limited to the term "complaints". Plaintiff further objects to this request to the
2    extent that it lacks foundation. Plaintiff further objects to this request to the extent
3    that it seeks information neither relevant to the subject matter of this litigation nor
4    reasonably calculated to lead to the discovery of admissible evidence. Plaintiff
5    further objects to this request on the ground that it is overbroad, unduly burdensome
6    and oppressive. Plaintiff further objects to this request on the ground that it seeks
7    the production of documents containing confidential, sensitive, proprietary,
8    commercial, business and financial information. Plaintiff further objects to this
9    request on the ground that it violates the right to privacy of a third party. Plaintiff
10    further objects to this request to the extent that it seeks documents protected by
11    attorney-client privilege or the work-product doctrine.

12        Subject to and without waiving the foregoing objections, Plaintiff responds
13    as follows: Plaintiff will make all relevant, non-privileged responsive documents
14    available for inspection under mutually agreeable terms, following entry of a
15    mutually agreeable protective order.

16

17    **REQUEST FOR PRODUCTION NO. 38:**

18        Any and all DOCUMENTS which refer, reflect or relate to the number of
19    tickets available for retail sale for each concert on the "Hannah Montana & Miley
20    Cyrus: Best of Both Worlds Tour" from January 1, 2007 through February 2008.

21    **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

22        Plaintiff incorporates by reference each and every one of the General
23    Responses and Objections as though fully set forth herein. Plaintiff further objects
24    to this request because it seeks information neither relevant to the subject matter of
25    this litigation nor reasonably calculated to lead to the discovery of admissible
26    evidence. Plaintiff further objects to this request on the ground that it is vague and
27    ambiguous, including but not limited to the phrase "number of tickets available for
28    retail sale". Plaintiff further objects to this request on the ground that it is

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    31         TICKETMASTER L.L.C.'S RESPONSES TO
                                         REQUESTS FOR PRODUCTION (SET ONE)

1   compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects
2   to this request on the ground that it seeks the production of documents containing
3   confidential, sensitive, proprietary, commercial, business and financial information.
4   Plaintiff further objects to this request to the extent that it seeks documents
5   protected by attorney-client privilege or the work-product doctrine.

6          Subject to and without waiving the foregoing objections, Plaintiff responds
7   as follows: Plaintiff will make all relevant, non-privileged responsive documents
8   available for inspection under mutually agreeable terms, following entry of a
9   mutually agreeable protective order.

10

11  **REQUEST FOR PRODUCTION NO. 39:**

12         Any and all DOCUMENTS which refer, reflect or relate to the number of
13  tickets available for retail sale to fan club members for each concert on the "Hannah
14  Montana & Miley Cyrus: Best of Both Worlds Tour" from January 1, 2007 through
15  February 2008.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

17         Plaintiff incorporates by reference each and every one of the General
18  Responses and Objections as though fully set forth herein. Plaintiff further objects
19  to this request because it seeks information neither relevant to the subject matter of
20  this litigation nor reasonably calculated to lead to the discovery of admissible
21  evidence. Plaintiff further objects to this request on the ground that it is vague and
22  ambiguous, including but not limited to the phrase "number of tickets available for
23  retail sale". Plaintiff further objects to this request on the ground that it is
24  compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects
25  to this request on the ground that it seeks the production of documents containing
26  confidential, sensitive, proprietary, commercial, business and financial information.
27  Plaintiff further objects to this request to the extent that it seeks documents
28  protected by attorney-client privilege or the work-product doctrine.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                          32          TICKETMASTER L.L.C.'S RESPONSES TO
                                                REQUESTS FOR PRODUCTION (SET ONE)

1    Subject to and without waiving the foregoing objections, Plaintiff responds
2    as follows: Plaintiff will make all relevant, non-privileged responsive documents
3    available for inspection under mutually agreeable terms, following entry of a
4    mutually agreeable protective order.

5

6    **REQUEST FOR PRODUCTION NO. 40:**

7    Any and all DOCUMENTS which refer, reflect or relate to the number of
8    tickets available for retail sale to the general public for each concert on the "Hannah
9    Montana & Miley Cyrus: Best of Both Worlds Tour" from January 1, 2007 through
10   February 2008.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

12   Plaintiff incorporates by reference each and every one of the General
13   Responses and Objections as though fully set forth herein. Plaintiff further objects
14   to this request because it seeks information neither relevant to the subject matter of
15   this litigation nor reasonably calculated to lead to the discovery of admissible
16   evidence. Plaintiff further objects to this request on the ground that it is vague and
17   ambiguous, including but not limited to the phrases "number of tickets available for
18   retail sale" and "general public". Plaintiff further objects to this request on the
19   ground that it is compound, overbroad, unduly burdensome and oppressive.
20   Plaintiff further objects to this request on the ground that it seeks the production of
21   documents containing confidential, sensitive, proprietary, commercial, business and
22   financial information. Plaintiff further objects to this request to the extent that it
23   seeks documents protected by attorney-client privilege or the work-product
24   doctrine.

25   Subject to and without waiving the foregoing objections, Plaintiff responds
26   as follows: Plaintiff will make all relevant, non-privileged responsive documents
27   available for inspection under mutually agreeable terms, following entry of a
28   mutually agreeable protective order.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41184987.5    33    TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

1

2 **REQUEST FOR PRODUCTION NO. 41:**

3      Any and all DOCUMENTS which refer, reflect or relate to the number of

4 tickets retained by Miley Cyrus for each concert on the "Hannah Montana & Miley

5 Cyrus: Best of Both Worlds Tour" from January 1, 2007 through February 2008.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

7      Plaintiff incorporates by reference each and every one of the General

8 Responses and Objections as though fully set forth herein. Plaintiff further objects

9 to this request because it seeks information neither relevant to the subject matter of

10 this litigation nor reasonably calculated to lead to the discovery of admissible

11 evidence. Plaintiff further objects to this request on the ground that it is vague and

12 ambiguous, including but not limited to the term "retained". Plaintiff further

13 objects to this request on the ground that it is compound, overbroad, unduly

14 burdensome and oppressive. Plaintiff further objects to this request on the ground

15 that it seeks the production of documents containing confidential, sensitive,

16 proprietary, commercial, business and financial information. Plaintiff further

17 objects to this request to the extent that it seeks documents protected by attorney-

18 client privilege or the work-product doctrine.

19      Subject to and without waiving the foregoing objections, Plaintiff responds

20 as follows: Plaintiff has conducted a diligent search and reasonable inquiry during

21 its effort to comply with this Request and has no documents currently within its

22 possession, custody or control that are responsive to this Request.

23

24 **REQUEST FOR PRODUCTION NO. 42:**

25      Any and all DOCUMENTS which refer, reflect or relate to the number of

26 tickets retained by the promoters of the "Hannah Montana & Miley Cyrus: Best of

27 Both Worlds Tour" for all concerts of the tour from January 1, 2007 through

28 February 2008.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                          34            TICKETMASTER L.L.C.'S RESPONSES TO
                                                  REQUESTS FOR PRODUCTION (SET ONE)

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

2       Plaintiff incorporates by reference each and every one of the General

3 Responses and Objections as though fully set forth herein. Plaintiff further objects

4 to this request because it seeks information neither relevant to the subject matter of

5 this litigation nor reasonably calculated to lead to the discovery of admissible

6 evidence. Plaintiff further objects to this request on the ground that it is vague and

7 ambiguous, including but not limited to the term "retained". Plaintiff further

8 objects to this request on the ground that it is compound, overbroad, unduly

9 burdensome and oppressive. Plaintiff further objects to this request on the ground

10 that it seeks the production of documents containing confidential, sensitive,

11 proprietary, commercial, business and financial information. Plaintiff further

12 objects to this request to the extent that it seeks documents protected by attorney-

13 client privilege or the work-product doctrine.

14       Subject to and without waiving the foregoing objections, Plaintiff responds

15 as follows: Plaintiff has conducted a diligent search and reasonable inquiry during

16 its effort to comply with this Request and has no documents currently within its

17 possession, custody or control that are responsive to this Request.

18

19   **REQUEST FOR PRODUCTION NO. 43:**

20       Any and all DOCUMENTS which refer, reflect or relate to the number of

21 tickets retained by the venues where the "Hannah Montana & Miley Cyrus: Best of

22 Both Worlds Tour" occurred for all concerts of the tour from January 1, 2007

23 through February 2008.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

25       Plaintiff incorporates by reference each and every one of the General

26 Responses and Objections as though fully set forth herein. Plaintiff further objects

27 to this request because it seeks information neither relevant to the subject matter of

28 this litigation nor reasonably calculated to lead to the discovery of admissible

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5       35     TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

1    evidence.  Plaintiff further objects to this request on the ground that it is vague and
2    ambiguous, including but not limited to the term "retained".    Plaintiff further
3    objects to this request on the ground that it is compound, overbroad, unduly
4    burdensome and oppressive.  Plaintiff further objects to this request on the ground
5    that it seeks the production of documents containing confidential, sensitive,
6    proprietary, commercial, business and financial information.    Plaintiff further
7    objects to this request to the extent that it seeks documents protected by attorney-
8    client privilege or the work-product doctrine.

9         Subject to and without waiving the foregoing objections, Plaintiff responds
10   as follows:  Plaintiff has conducted a diligent search and reasonable inquiry during
11   its effort to comply with this Request and has no documents currently within its
12   possession, custody or control that are responsive to this Request.

13

14   **REQUEST FOR PRODUCTION NO. 44:**

15        Any and all DOCUMENTS which refer, reflect or relate to all tickets to the
16   "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour" which YOU sold on
17   the auction portion of the ticketmaster.com website from January 1, 2007 to
18   present.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

20        Plaintiff incorporates by reference each and every one of the General
21   Responses and Objections as though fully set forth herein.  Plaintiff further objects
22   to this request because it seeks information neither relevant to the subject matter of
23   this litigation nor reasonably calculated to lead to the discovery of admissible
24   evidence.  Plaintiff further objects to this request on the ground that it is overbroad,
25   unduly burdensome and oppressive.  Plaintiff further objects to this request on the
26   ground that it seeks the production of documents containing confidential, sensitive,
27   proprietary, commercial, business and financial information.    Plaintiff further
28   objects to this request to the extent that it seeks documents protected by attorney-

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                                    36                 TICKETMASTER L.L.C.'S RESPONSES TO
                                                                REQUESTS FOR PRODUCTION (SET ONE)

1    client privilege or the work-product doctrine.    Plaintiff further objects to this
2    request on the grounds that it is premature at this time, given Plaintiff's pending
3    motion to dismiss Defendant's counter-claim.

4         Subject to and without waiving the foregoing objections, Plaintiff responds
5    as follows:  Plaintiff will make all relevant, non-privileged responsive documents
6    available for inspection under mutually agreeable terms, following entry of a
7    mutually agreeable protective order.

8

9    **REQUEST FOR PRODUCTION NO. 45:**

10         Any and all DOCUMENTS which refer, reflect or relate to the price of each
11    ticket to the "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour" which
12    YOU sold on the auction portion of the ticketmaster.com website from January 1,
13    2007 to present.

14    **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

15         Plaintiff incorporates by reference each and every one of the General
16    Responses and Objections as though fully set forth herein.  Plaintiff further objects
17    to this request because it seeks information neither relevant to the subject matter of
18    this litigation nor reasonably calculated to lead to the discovery of admissible
19    evidence.  Plaintiff further objects to this request on the ground that it is overbroad,
20    unduly burdensome and oppressive.  Plaintiff further objects to this request on the
21    ground that it seeks the production of documents containing confidential, sensitive,
22    proprietary, commercial, business and financial information.    Plaintiff further
23    objects to this request to the extent that it seeks documents protected by attorney-
24    client privilege or the work-product doctrine.

25         Subject to and without waiving the foregoing objections, Plaintiff responds
26    as follows:  Plaintiff will make all relevant, non-privileged responsive documents
27    available for inspection under mutually agreeable terms, following entry of a
28    mutually agreeable protective order.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41184987.5                                37        TICKETMASTER L.L.C.'S RESPONSES TO
                                                    REQUESTS FOR PRODUCTION (SET ONE)

1

2  **REQUEST FOR PRODUCTION NO. 46:**

3    Any and all DOCUMENTS which refer, reflect or relate to all tickets to the

4  "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour" which were sold on

5  TicketExchange portion of the ticketmaster.com website from January 1, 2007 to

6  present.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

8    Plaintiff incorporates by reference each and every one of the General

9  Responses and Objections as though fully set forth herein.  Plaintiff further objects

10  to this request because it seeks information neither relevant to the subject matter of

11  this litigation nor reasonably calculated to lead to the discovery of admissible

12  evidence.  Plaintiff further objects to this request on the ground that it is overbroad,

13  unduly burdensome and oppressive.  Plaintiff further objects to this request on the

14  ground that it seeks the production of documents containing confidential, sensitive,

15  proprietary, commercial, business and financial information.   Plaintiff further

16  objects to this request to the extent that it seeks documents protected by attorney-

17  client privilege or the work-product doctrine.   Plaintiff further objects to this

18  request on the grounds that it is premature, given Plaintiff's pending motion to

19  dismiss Defendant's counterclaim.

20

21  **REQUEST FOR PRODUCTION NO. 47:**

22    Any and all DOCUMENTS which refer, reflect or relate to all convenience

23  charges YOU were paid as a result of sales on the TicketExchange portion of the

24  ticketmaster.com website for the "Hannah Montana & Miley Cyrus: Best of Both

25  Worlds Tour" from January 1, 2007 to present.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

27    Plaintiff incorporates by reference each and every one of the General

28  Responses and Objections as though fully set forth herein.  Plaintiff further objects

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                38        TICKETMASTER L.L.C.'S RESPONSES TO
                                    REQUESTS FOR PRODUCTION (SET ONE)

1    to this request because it seeks information neither relevant to the subject matter of

2    this litigation nor reasonably calculated to lead to the discovery of admissible

3    evidence. Plaintiff further objects to this request on the ground that it is overbroad,

4    unduly burdensome and oppressive. Plaintiff further objects to this request on the

5    ground that it seeks the production of documents containing confidential, sensitive,

6    proprietary, commercial, business and financial information. Plaintiff further

7    objects to this request to the extent that it seeks documents protected by attorney-

8    client privilege or the work-product doctrine. Plaintiff further objects to this

9    request on the grounds that it is premature, given Plaintiff's pending motion to

10    dismiss Defendant's counterclaim.

11

12    **REQUEST FOR PRODUCTION NO. 48:**

13          Any and all DOCUMENTS which refer, reflect or relate to any agreements

14    you had with any PERSON to sell tickets to the "Hannah Montana & Miley Cyrus:

15    Best of Both Worlds Tour."

16    **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

17          Plaintiff incorporates by reference each and every one of the General

18    Responses and Objections as though fully set forth herein. Plaintiff further objects

19    to this request because it seeks information neither relevant to the subject matter of

20    this litigation nor reasonably calculated to lead to the discovery of admissible

21    evidence. Plaintiff further objects to this request on the ground that it is overbroad,

22    unduly burdensome and oppressive. Plaintiff further objects to this request on the

23    ground that it seeks the production of documents containing confidential, sensitive,

24    proprietary, commercial, business and financial information. Plaintiff further

25    objects to this request on the ground that it violates the right to privacy of a third

26    party. Plaintiff further objects to this request to the extent that it seeks documents

27    protected by attorney-client privilege or the work-product doctrine.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5           39        TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

1  **REQUEST FOR PRODUCTION NO. 49:**

2       Any and all DOCUMENTS which refer, reflect or relate to any tickets

3  purchased by or on behalf of Thomas J. Prior on the ticketmaster.com website from

4  February 1, 2007 to present.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

6       Plaintiff incorporates by reference each and every one of the General

7  Responses and Objections as though fully set forth herein. Plaintiff further objects

8  to this request to the extent that it seeks information neither relevant to the subject

9  matter of this litigation nor reasonably calculated to lead to the discovery of

10  admissible evidence. Plaintiff further objects to this request on the ground that it is

11  overbroad, unduly burdensome and oppressive. Plaintiff further objects to this

12  request on the ground that it seeks the production of documents containing

13  confidential, sensitive, proprietary, commercial, business and financial information.

14  Plaintiff further objects to this request on the ground that it violates the right to

15  privacy of a third party. Plaintiff further objects to this request to the extent that it

16  seeks documents protected by attorney-client privilege or the work-product

17  doctrine.

18       Subject to and without waiving the foregoing objections, Plaintiff responds

19  as follows: Plaintiff will make all relevant, non-privileged responsive documents

20  available for inspection under mutually agreeable terms, following entry of a

21  mutually agreeable protective order.

22

23  **REQUEST FOR PRODUCTION NO. 50:**

24       Any and all DOCUMENTS which refer, reflect or relate to any tickets

25  purchased by or on behalf of Gary Charles Bonner on the ticketmaster.com website

26  from February 1, 2007 to present.

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

40

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

2          Plaintiff incorporates by reference each and every one of the General

3  Responses and Objections as though fully set forth herein.  Plaintiff further objects

4  to this request to the extent that it seeks information neither relevant to the subject

5  matter of this litigation nor reasonably calculated to lead to the discovery of

6  admissible evidence.  Plaintiff further objects to this request on the ground that it is

7  overbroad, unduly burdensome and oppressive.  Plaintiff further objects to this

8  request on the ground that it seeks the production of documents containing

9  confidential, sensitive, proprietary, commercial, business and financial information.

10  Plaintiff further objects to this request on the ground that it violates the right to

11  privacy of a third party.  Plaintiff further objects to this request to the extent that it

12  seeks documents protected by attorney-client privilege or the work-product

13  doctrine.

14          Subject to and without waiving the foregoing objections, Plaintiff responds

15  as follows:  Plaintiff will make all relevant, non-privileged responsive documents

16  available for inspection under mutually agreeable terms, following entry of a

17  mutually agreeable protective order.

18

19  **REQUEST FOR PRODUCTION NO. 51:**

20          Any and all DOCUMENTS which refer, reflect or relate to any tickets

21  purchased by or on behalf of Designer Tickets on the ticketmaster.com website

22  from February 1, 2007 to present.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

24          Plaintiff incorporates by reference each and every one of the General

25  Responses and Objections as though fully set forth herein.  Plaintiff further objects

26  to this request to the extent that it seeks information neither relevant to the subject

27  matter of this litigation nor reasonably calculated to lead to the discovery of

28  admissible evidence.  Plaintiff further objects to this request on the ground that it is

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                          41          TICKETMASTER L.L.C.'S RESPONSES TO
                                                REQUESTS FOR PRODUCTION (SET ONE)

1    overbroad, unduly burdensome and oppressive.  Plaintiff further objects to this

2    request on the ground that it seeks the production of documents containing

3    confidential, sensitive, proprietary, commercial, business and financial information.

4    Plaintiff further objects to this request on the ground that it violates the right to

5    privacy of a third party.  Plaintiff further objects to this request to the extent that it

6    seeks documents protected by attorney-client privilege or the work-product

7    doctrine.

8

9    **REQUEST FOR PRODUCTION NO. 52:**

10        Any and all DOCUMENTS which refer, reflect or relate to any

11    communications that YOU have had with Barry's Tickets, located in Los Angeles,

12    California, regarding the possible sale of the Barry's Tickets business to YOU.

13    **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

14        Plaintiff incorporates by reference each and every one of the General

15    Responses and Objections as though fully set forth herein.  Plaintiff further objects

16    to this request because it seeks information neither relevant to the subject matter of

17    this litigation nor reasonably calculated to lead to the discovery of admissible

18    evidence. Plaintiff further objects to this request on the ground that it lacks

19    foundation.  Plaintiff further objects to this request on the ground that it violates the

20    right to privacy of a third party.  Plaintiff further objects to this request on the

21    grounds that it is premature, given Plaintiff's pending motion to dismiss

22    Defendant's counterclaim.

23

24    **REQUEST FOR PRODUCTION NO. 53:**

25        Any and all DOCUMENTS which refer, reflect or relate to any

26    communications that YOU have had with Sea Coast Ticket Agency, Inc. located in

27    Portsmouth, New Hampshire, regarding the possible sale of the Sea Coast Ticket

28    Agency business to YOU.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    42        TICKETMASTER L.L.C.'S RESPONSES TO
                                        REQUESTS FOR PRODUCTION (SET ONE)

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

2    Plaintiff incorporates by reference each and every one of the General

3    Responses and Objections as though fully set forth herein. Plaintiff further objects

4    to this request because it seeks information neither relevant to the subject matter of

5    this litigation nor reasonably calculated to lead to the discovery of admissible

6    evidence. Plaintiff further objects to this request on the ground that it lacks

7    foundation. Plaintiff further objects to this request on the ground that it violates the

8    right to privacy of a third party. Plaintiff further objects to this request on the

9    grounds that it is premature, given Plaintiff's pending motion to dismiss

10   Defendant's counterclaim.

11

12   **REQUEST FOR PRODUCTION NO. 54:**

13   Any and all DOCUMENTS which refer, reflect or relate to any

14   communications that YOU have had with Total Travel and Tickets in Florida

15   regarding the possible sale of the Total Travel and Tickets business to YOU.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

17   Plaintiff incorporates by reference each and every one of the General

18   Responses and Objections as though fully set forth herein. Plaintiff further objects

19   to this request because it seeks information neither relevant to the subject matter of

20   this litigation nor reasonably calculated to lead to the discovery of admissible

21   evidence. Plaintiff further objects to this request on the ground that it lacks

22   foundation. Plaintiff further objects to this request on the ground that it violates the

23   right to privacy of a third party. Plaintiff further objects to this request on the

24   grounds that it is premature, given Plaintiff's pending motion to dismiss

25   Defendant's counterclaim.

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                43        TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

**REQUEST FOR PRODUCTION NO. 55:**

Any and all DOCUMENTS which refer, reflect or relate to any communications that YOU have had with Admit One, located in New York, new York regarding the possible sale of the Admit One business to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it lacks foundation. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request on the grounds that it is premature, given Plaintiff's pending motion to dismiss Defendant's counterclaim.

**REQUEST FOR PRODUCTION NO. 56:**

Any and all DOCUMENTS which refer, reflect or relate to any communications that YOU have had with As Off Music regarding the possible sale of the As Off Music business to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it lacks foundation. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request on the

1  grounds that it is premature, given Plaintiff's pending motion to dismiss

2  Defendant's counterclaim.

3

4  **REQUEST FOR PRODUCTION NO. 57:**

5        Any and all DOCUMENTS which refer, reflect or relate to any tickets that

6  YOU have sold to Barry's Tickets in Los Angeles, California from January 1, 2007

7  to present.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

9        Plaintiff incorporates by reference each and every one of the General

10  Responses and Objections as though fully set forth herein. Plaintiff further objects

11  to this request because it seeks information neither relevant to the subject matter of

12  this litigation nor reasonably calculated to lead to the discovery of admissible

13  evidence. Plaintiff further objects to this request to the extent that it lacks

14  foundation. Plaintiff further objects to this request on the ground that it violates the

15  right to privacy of a third party. Plaintiff further objects to this request on the

16  grounds that it is premature, given Plaintiff's pending motion to dismiss

17  Defendant's counterclaim.

18

19  **REQUEST FOR PRODUCTION NO. 58:**

20        Any and all DOCUMENTS which refer, reflect or relate to any

21  complementary tickets that YOU have given to Barry's Tickets in Los Angeles,

22  California from January 1, 2007 to present.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

24        Plaintiff incorporates by reference each and every one of the General

25  Responses and Objections as though fully set forth herein. Plaintiff further objects

26  to this request because it seeks information neither relevant to the subject matter of

27  this litigation nor reasonably calculated to lead to the discovery of admissible

28  evidence. Plaintiff further objects to this request to the extent that it lacks

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                                    45              TICKETMASTER L.L.C.'S RESPONSES TO
                                                              REQUESTS FOR PRODUCTION (SET ONE)

1  foundation.  Plaintiff further objects to this request on the ground that it violates the

2  right to privacy of a third party.  Plaintiff further objects to this request on the

3  grounds that it is premature, given Plaintiff's pending motion to dismiss

4  Defendant's counterclaim.

5

6  **REQUEST FOR PRODUCTION NO. 59:**

7      Any and all DOCUMENTS which refer, reflect or relate to any tickets that

8  YOU have sold to Sea Coast Ticket Agency, located in Portsmouth, New

9  Hampshire from January 1, 2007 to present.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

11      Plaintiff incorporates by reference each and every one of the General

12  Responses and Objections as though fully set forth herein.  Plaintiff further objects

13  to this request because it seeks information neither relevant to the subject matter of

14  this litigation nor reasonably calculated to lead to the discovery of admissible

15  evidence.   Plaintiff further objects to this request to the extent that it lacks

16  foundation.  Plaintiff further objects to this request on the ground that it violates the

17  right to privacy of a third party.  Plaintiff further objects to this request on the

18  grounds that it is premature, given Plaintiff's pending motion to dismiss

19  Defendant's counterclaim.

20

21  **REQUEST FOR PRODUCTION NO. 60:**

22      Any and all DOCUMENTS which refer, reflect or relate to any

23  complementary tickets that YOU have given to Sea Coast Ticket Agency, located in

24  Portsmouth, New Hampshire from January 1, 2007 to present.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

26      Plaintiff incorporates by reference each and every one of the General

27  Responses and Objections as though fully set forth herein.  Plaintiff further objects

28  to this request because it seeks information neither relevant to the subject matter of

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                   46        TICKETMASTER L.L.C.'S RESPONSES TO
                                       REQUESTS FOR PRODUCTION (SET ONE)

1  this litigation nor reasonably calculated to lead to the discovery of admissible

2  evidence.  Plaintiff further objects to this request to the extent that it lacks

3  foundation.  Plaintiff further objects to this request on the ground that it violates the

4  right to privacy of a third party.  Plaintiff further objects to this request on the

5  grounds that it is premature, given Plaintiff's pending motion to dismiss

6  Defendant's counterclaim.

7

8  **REQUEST FOR PRODUCTION NO. 61:**

9      Any and all DOCUMENTS which refer, reflect or relate to any tickets that

10  YOU have sold to Total Travel and Tickets, located in Florida, from January 1,

11  2007 to present.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

13      Plaintiff incorporates by reference each and every one of the General

14  Responses and Objections as though fully set forth herein.  Plaintiff further objects

15  to this request because it seeks information neither relevant to the subject matter of

16  this litigation nor reasonably calculated to lead to the discovery of admissible

17  evidence.  Plaintiff further objects to this request to the extent that it lacks

18  foundation.  Plaintiff further objects to this request on the ground that it violates the

19  right to privacy of a third party.  Plaintiff further objects to this request on the

20  grounds that it is premature, given Plaintiff's pending motion to dismiss

21  Defendant's counterclaim.

22

23  **REQUEST FOR PRODUCTION NO. 62:**

24      Any and all DOCUMENTS which refer, reflect or relate to any

25  complementary tickets that YOU have given to Total Travel and Tickets, located in

26  Florida from January 1, 2007 to present.

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5

47

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

2        Plaintiff incorporates by reference each and every one of the General

3 Responses and Objections as though fully set forth herein. Plaintiff further objects

4 to this request because it seeks information neither relevant to the subject matter of

5 this litigation nor reasonably calculated to lead to the discovery of admissible

6 evidence. Plaintiff further objects to this request to the extent that it lacks

7 foundation. Plaintiff further objects to this request on the ground that it violates the

8 right to privacy of a third party. Plaintiff further objects to this request on the

9 grounds that it is premature, given Plaintiff's pending motion to dismiss

10 Defendant's counterclaim.

11

12    **REQUEST FOR PRODUCTION NO. 63:**

13        Any and all DOCUMENTS which refer, reflect or relate to any tickets that

14 YOU have sold to Admit One, located in New York, from January 1, 2007 to

15 present.

16    **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

17        Plaintiff incorporates by reference each and every one of the General

18 Responses and Objections as though fully set forth herein. Plaintiff further objects

19 to this request because it seeks information neither relevant to the subject matter of

20 this litigation nor reasonably calculated to lead to the discovery of admissible

21 evidence. Plaintiff further objects to this request to the extent that it lacks

22 foundation. Plaintiff further objects to this request on the ground that it violates the

23 right to privacy of a third party. Plaintiff further objects to this request on the

24 grounds that it is premature, given Plaintiff's pending motion to dismiss

25 Defendant's counterclaim.

26

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41184987.5

48

TICKETMASTER L.L.C.'S RESPONSES TO
REQUESTS FOR PRODUCTION (SET ONE)

1  **REQUEST FOR PRODUCTION NO. 64:**

2      Any and all DOCUMENTS which refer, reflect or relate to any

3  complementary tickets that YOU have given to Admit One, located in New York,

4  from January 1, 2007 to present.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

6      Plaintiff incorporates by reference each and every one of the General

7  Responses and Objections as though fully set forth herein. Plaintiff further objects

8  to this request because it seeks information neither relevant to the subject matter of

9  this litigation nor reasonably calculated to lead to the discovery of admissible

10  evidence. Plaintiff further objects to this request to the extent that it lacks

11  foundation. Plaintiff further objects to this request on the ground that it violates the

12  right to privacy of a third party. Plaintiff further objects to this request on the

13  grounds that it is premature, given Plaintiff's pending motion to dismiss

14  Defendant's counterclaim.

15

16  **REQUEST FOR PRODUCTION NO. 65:**

17      Any and all DOCUMENTS which refer, reflect or relate to any tickets that

18  YOU have sold to As Off Music from January 1, 2007 to present.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

20      Plaintiff incorporates by reference each and every one of the General

21  Responses and Objections as though fully set forth herein. Plaintiff further objects

22  to this request because it seeks information neither relevant to the subject matter of

23  this litigation nor reasonably calculated to lead to the discovery of admissible

24  evidence. Plaintiff further objects to this request to the extent that it lacks

25  foundation. Plaintiff further objects to this request on the ground that it violates the

26  right to privacy of a third party. Plaintiff further objects to this request on the

27  grounds that it is premature, given Plaintiff's pending motion to dismiss

28  Defendant's counterclaim.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    49        TICKETMASTER L.L.C.'S RESPONSES TO
                                        REQUESTS FOR PRODUCTION (SET ONE)

1

2    **<u>REQUEST FOR PRODUCTION NO. 66:</u>**

3        Any and all DOCUMENTS which refer, reflect or relate to any

4    complementary tickets that YOU have given to As Off Music from January 1, 2007

5    to present.

6    **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 66:</u>**

7        Plaintiff incorporates by reference each and every one of the General

8    Responses and Objections as though fully set forth herein. Plaintiff further objects

9    to this request because it seeks information neither relevant to the subject matter of

10   this litigation nor reasonably calculated to lead to the discovery of admissible

11   evidence. Plaintiff further objects to this request to the extent that it lacks

12   foundation. Plaintiff further objects to this request on the ground that it violates the

13   right to privacy of a third party. Plaintiff further objects to this request on the

14   grounds that it is premature, given Plaintiff's pending motion to dismiss

15   Defendant's counterclaim.

16

17   Dated: January 29, 2008                MANATT, PHELPS & PHILLIPS, LLP
                                            ROBERT H. PLATT
18                                          MARK S. LEE
                                            DONALD R. BROWN
19

20

21                                          By: _____
                                               Donald R. Brown
22                                             Attorneys for *Plaintiff*
                                               TICKETMASTER L.L.C.
23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41184987.5                    50          TICKETMASTER L.L.C.'S RESPONSES TO
                                          REQUESTS FOR PRODUCTION (SET ONE)

1

## PROOF OF SERVICE

2

I, Karen K. Pickering, declare:

3

4

5

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 11355 West Olympic Boulevard, Los Angeles, California  90064-1614.  On January 29, 2008, I served a copy of the within document(s):

6

7

**PLAINTIFF TICKETMASTER L.L.C.'S RESPONSES TO RMG TECHNOLOGIES, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE).**

8

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

9

10

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

11

12

13

☐    by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Golden State Overnight agent for delivery.

14

☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

15

16

☐    by sending an electronic message with attached PDF.

17

18

19

20

David N. Tarlow, Esq.
Law Offices of Coggan & Tarlow
1925 Century Park East, Suite 2320
Los Angeles, California 90067-2343
Tel. No. (310) 407-0922
Fax No. (310) 407-0923
Email:  dnt@cogganlaw.com

21

22

23

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

24

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

25

Executed on January 29, 2008, at Los Angeles, California.

26

27

28

Karen K. Pickering

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41113534.1