**EXHIBIT B**

Ticketmaster LLC v. RMG Technologies Inc et al
Case 2:07-cv-02534-ABC-JC   Document 105-4   Filed 04/01/2008   Page 1 of 8

Dockets.Justia.com

LAW OFFICES OF
# COGGAN & TARLOW

DAVID N. TARLOW
dnt@cogganlaw.com

ADMITTED TO PRACTICE LAW IN:
CALIFORNIA
NEW YORK
NEW JERSEY

1925 CENTURY PARK EAST, SUITE 2320
LOS ANGELES, CALIFORNIA 90067-2343
(310) 407-0922
FAX (310) 407-0923

NEW YORK OFFICE
641 LEXINGTON AVENUE
14TH FLOOR
NEW YORK, NEW YORK 10022
(212) 634-6470
FAX (212) 634-6471

REPLY TO_____LA_____

February 26, 2008

**Via Fax and Mail (310)312-4224**
Raaqim Knight, Esq.
Manatt, Phelps & Phillips, LLP
11355 West Olympic Blvd.
Los Angeles, California 90064

Re: **Ticketmaster, LLC v. RMG Technologies, Inc., Case No.: CV07-2534 ABC(JCx)**

Dear Mr. Knight:

I am in receipt of Ticketmaster's Responses to RMG Technologies, Inc.'s Request for Production of Documents dated January 29, 2008. Ticketmaster's responses are severely deficient in several respects, and they fail to comply with the requirements set forth in Rules 26 and 34. As Ticketmaster requested, and received, an extra three (3) weeks to respond to same, the response should have complied with the Federal Rules of Civil Procedure. As you have requested that we meet and confer regarding RMG's supplemental responses within 10 days, as required by L.R. 37-1, RMG also requests that we meet and confer regarding Ticketmaster's deficient responses to their requests. My calendar is full until March 5, 2008, and I request that we meet and confer on all issues, in my office, at 10:30 a.m. on that day.

## Ticketmaster's Failure to Produce Documents Along with Its Response

Pursuant to Rule 34(a)-(b) a party is obliged to produce all specified relevant and nonprivileged documents or other things in its possession, custody or control on the date and time specified in the Request for Production of Documents. On December 7, 2007, RMG personally served its request for production of documents upon your office. The request for production of documents required that Ticketmaster "produce and permit the inspection and photocopying of the documents and tangible things...designated at the offices of COGGAN & TARLOW, 1925 Century Park East, Suite 2320, Los Angeles, California within 30 days of service of these demands. Alternatively, the production may be accomplished by your delivery of copies of the requested documents and tangible things to Coggan & Tarlow at the above address provided that Ticketmaster or its authorized representative will make the originals of such documents and tangible things available for inspection and photocopying at a later date and upon reasonable notice by RMG or its authorized representative." Accordingly, Ticketmaster was required to produce and permit inspection of documents and tangible things at the offices of

LAW OFFICES OF
## COGGAN & TARLOW

To: Raaqim Knight
From: David N. Tarlow
Date: 2/26/2008
Page: 2

Coggan & Tarlow on or before January 6, 2008. However, Alison Sultan White and Don Brown both requested an extension of time to respond to January 29, 2008 (even though Ticketmaster refused to grant RMG an extension of time to respond to its request for production of documents). RMG agreed to the extension, and gave Ticketmaster to January 29, 2008 to respond and produce the requested documents. On January 29, 2008, Ticketmaster provided a written response to the request to produce documents, but has failed to produce a single document in response to RMG's requests. Thus, demand is made that Ticketmaster produce all documents which are responsive to its requests forthwith.

### Ticketmaster's Responses to Request Numbers 7, 8 and 9

In Ticketmaster's responses to numbers 7, 8 and 9, it states that it will make all relevant, unprivileged and responsive documents available for inspection, yet Ticketmaster failed to produce the documents for the inspection which was to take place in my offices on January 29, 2008, pursuant to the Request for Production of Documents and the extensions of time granted to Ticketmaster. To date, no such documents have been produced. Ticketmaster's obstructionist tactics in stating that it will make documents available for inspection, but then failing to produce them at the inspection, is improper. We can only assume that these tactics have been employed by Ticketmaster to avoid *its* discovery obligations. Accordingly, please produce said documents forthwith.

### Ticketmaster's Responses to Request Numbers 1, 2, 3 and 6

Ticketmaster objects to providing any documents regarding its method of determining convenience charges, the factors considered in determining convenience charges, the identification of all persons involved in the decision making process in determining convenience charges and all research conducted in determining convenience charges, based upon a slew of boilerplate objections, including, but not limited to objections that the requests seek information which is irrelevant, and the requests are vague and ambiguous. All of the objections set forth by Ticketmaster to these requests are frivolous and not well taken. First, these requests are all highly relevant to the subject matter in this case, as they will tend to show whether or not Ticketmaster has suffered any damages by any of the acts alleged in the Complaint. If Ticketmaster has simply "passed off" its increased costs in constructing and securing its website to customers by adding in those costs to its convenience charges, then Ticketmaster's damages claims, if any, will be reduced. Second, any objection that these requests are vague, ambiguous or compound are simply the result of Ticketmaster's strained reading of same. Each request is stated simply and succinctly. RMG is entitled to documents responsive same, as damages are an element to all of Ticketmaster's claims. *See Lim v. The.TV Corporation International*, (2002) 99 Cal. App. 4th 684, 694. *See also Fisher v. Paul Revere Insurance Group*, (C.A.9(Cal.))55 Fed. Appx. 412, 414. (Damages are an element of fraud). *See Computer Fraud and Abuse Act* 18

LAW OFFICES OF

# COGGAN & TARLOW

To: Raaqim Knight
From: David N. Tarlow
Date: 2/26/2008
Page: 3

U.S.C. § 1030 (Requires $5,000.00 in damage to a computer in order to sue civilly). *See Careau & Co. v. Security Pacific Business Credit, Inc.*, (1990), 222 Cal. App.3d 1371, 1388. (Plaintiff must plead and prove damages in order to prevail on a cause of action for breach of contract). *See also Pacific Gas & Electric v. Bear Stearns & Company* (1990) 50 Cal. 3d 1118, 1126. *See Contemporary Investments, Inc. v. Safeco Title Insurance Co.*, (1983) 145 Cal. App.3d 999, 1002. (Plaintiff must plead and prove the element of damages to prevail on causes of action for inducing breach of contract or intentional interference with contract).

### Ticketmaster's Response to RMG Request for Production Number 12

Ticketmaster has repeatedly asserted that it has lost goodwill with its clients and customers, yet it has objected to a request that it produce any and all documents that refer, reflect or relate to any claim that it made for loss of goodwill from January 1, 2002 to present as irrelevant, vague, ambiguous, overbroad, unduly burdensome and oppressive, and that it requests information protected by attorney-client privilege. These objections are poorly taken. Ticketmaster has claimed loss of goodwill repeatedly in its motion for a preliminary injunction. RMG is entitled to discover all documents that prove or disprove Ticketmaster's theory. If no such documents exist, then Ticketmaster should simply state that they do not exist and explain why. If the only documents that exist are protected by the attorney-client privilege, then produce a privilege log and identify those documents so the Court can determine whether or not same should be provided. If the requested documents exist but are being withheld, then such withholding is wrongful, and said documents should be provided forthwith.

### Ticketmaster's Response to RMG Request for Production Number 33

In this request, RMG simply asks for all documents which reflect the witnesses who have knowledge of Ticketmaster's attempt to stop the use of spiders, robots, bots, automated devices or automated processes on its website. Ticketmaster's objection that this request is vague, ambiguous or overbroad, unduly burdensome or oppressive, or that it calls for any confidential information is simply baseless. In fact, these are precisely the types of documents which should have been provided with initial disclosures. Pointedly, Rule 26(1)(A) specifically requires Ticketmaster to identify the name, address and telephone number of each individual likely to have discoverable information that Ticketmaster may use to support its claims and defenses. For Ticketmaster to withhold documents which simply refer, reflect or relate to these witnesses is improper and in bad faith.

LAW OFFICES OF
COGGAN & TARLOW

To: Raaqim Knight
From: David N. Tarlow
Date: 2/26/2008
Page: 4

### Ticketmaster's Response to RMG Request for Production 46, 47, 48 and 51-66

Ticketmaster, as part of its loss of goodwill claim, argued to the Court that the Hannah Montana fiasco was caused by RMG. RMG anticipates that Ticketmaster will make the same arguments at trial. The information requested in requests 46-48 is calculated to defend against these claims and therefore, is highly relevant.

Moreover, while Ticketmaster claims that each of these requests are premature based upon its motion to dismiss, presumably because Ticketmaster believes that the anti-trust counterclaims will be dismissed. That is no justification for failing to submit to discovery. Even if the anti-trust counterclaims are dismissed, Ticketmaster will still have to litigate against an anti-trust affirmative defense. Pointedly, RMG's 10th Affirmative Defense states "Plaintiff's FAC, and each of its purported claims fail, as this is a frivolous action as same has been brought solely to control competition and violate antitrust laws." Moreover, RMG's 13th Affirmative defense claims that Ticketmaster is acting with unclean hands. Based upon those affirmative defenses, which have not been challenged by Ticketmaster, and are now being litigated, no justification exists for Ticketmaster's failure to produce the responsive documents. Accordingly, request is hereby made that all of such documents be produced in my office forthwith.

### Ticketmaster's Response to Request Numbers 18-24, 32, 34-40, 44-45, 49-50

For all of these requests, Ticketmaster claims that the responsive documents will only be produced after entry of a mutually agreeable protective order. However, with each of these requests, it is entirely unclear why Ticketmaster deems any of this information to be confidential. Here are a few examples: 1) In Request Number 18, RMG seeks all documents which refer, reflect or relate to an investigation which you have conducted with respect to RMG. Any of such information would relate to RMG, and not any trade secret, confidential research, or commercial information of Ticketmaster; 2) In Request Number 19, RMG seeks all documents which refer, reflect or relate to RMG. Again, how could the response to this request possibly include confidential information of Ticketmaster?; 3) In Request Number 20, RMG seeks documents reflecting communications between Ticketmaster and Kovach. Kovach is a witness in this matter who gave a declaration to Ticketmaster for their motion for preliminary injunction. What type of trade secrets, confidential research or commercial information did Ticketmaster discuss with Kovach, a ticket broker that should not be disclosed now? The very fact that Ticketmaster communicated any matters to Kovach in and of itself shows that any documents reflecting same are not confidential. In Request Number 23, RMG seeks information regarding the purchase of tickets made by Kovach or on his behalf since May of 2007. This information is sought to show RMG's affirmative defense of waiver, and Ticketmaster's unclean hands. Kovach's ticket purchases in no way constitute confidential information of Ticketmaster or of Kovach.

LAW OFFICES OF
# COGGAN & TARLOW

To: Raaqim Knight
From: David N. Tarlow
Date: 2/26/2008
Page: 5

Moreover, Rule 34 requires that if an objection is made to part of an item or category, that the part shall be specified and inspection permitted on the remaining parts. Ticketmaster has not specified which parts, if any, of any request is objectionable, nor has it produced or stated that it will produce any documents regarding any remaining parts. This failure to produce documents is improper.

### Ticketmaster's Response to Any Request Whereby It Objects Pursuant to the Attorney-Client Privilege or Work Product Doctrine

Parties withholding documents as privileged should identify and describe the documents in sufficient detail to enable the demanding party to assess the applicability of the privilege or protection. FRCP 26(b)(5)(A). In Ticketmaster's response to most of the requests, it objects pursuant to the attorney-client privilege or work product doctrine, yet Ticketmaster fails to produce a privilege log indicating if it is withholding documents pursuant to a privilege, and stating the privilege. Thus, RMG has no basis of knowing whether there are documents responsive to its requests which should have been produced. All responses setting forth said objections are improper and should be supplemented with a privilege log.

### Conclusion

I have read your meet and confer letter dated February 21, 2008, and I am aware you would like to meet and confer with me in person at your offices on February 29, 2008. Unfortunately, I will be at an all day mediation on that date, and I am not available to meet and confer with you in person until March 5, 2008 due to the fact that my schedule is full. Moreover, as I have already appeared at your office for a L.R. 37-1 conference, and as RMG is also a prospective moving party, I hereby request that we meet and confer on all issues in my offices, rather than at your offices. Therefore, I propose that we meet and confer at my office on Wednesday, March 5, 2008 at 10:30 a.m. Your attention to this letter is greatly appreciated.

Very truly yours,

David N. Tarlow

CC: RMG

# COGGAN & TARLOW

1925 Century Park East, Suite 2320
Los Angeles, CA 90067

Telephone: 310-407-0922　　　　　　　　　　　　　　Facsimile: 310-407-0923

## FACSIMILE COVER SHEET

DATE: 2/26/08

TO: Raqqim Knight　　　　　FAX NO. 310-312-4224

FROM: David Tarlow

NUMBER OF PAGES: 6
*Including this Page*

RE:

***IMPORTANT CONFIDENTIALITY NOTICE***

The documents included in this facsimile transmission from COGGAN & TARLOW contain information that may be confidential or legally privileged. These documents are intended only for the use of the individual or entity named on this transmission cover sheet. If you or your firm are not the intended recipient and have received this transmission mistakenly, you are hereby notified that reading, copying, disclosing, or distributing these documents, or taking any action based on the information contained within them is strictly prohibited, and that the documents should be returned to this firm immediately. If you have received this facsimile in error please notify us by telephone immediately (310) 407-0922 so that we can arrange to retrieve the transmitted documents at no cost to you.

HP Officejet Pro L7600 All-in-C series

Fax Log for
Coggan and Tarlow
310-407-0923
Feb 26 2008 6:22PM

---

**Last Transaction**

| Date | Time | Type | Station ID | Duration | Pages | Result |
|------|------|------|------------|----------|-------|--------|
| Feb 26 | 6:20PM | Fax Sent | 13103124224 | 1:51 | 6 | OK |