**EXHIBIT C**

Dockets.Justia.com

MANATT, PHELPS & PHILLIPS, LLP
ROBERT H. PLATT (Bar No. CA 108533)
    rplatt@manatt.com
MARK S. LEE (Bar No. CA 094103)
    mlee@manatt.com
DONALD R. BROWN (Bar No. CA 156548)
    dbrown@manatt.com
RAAQIM A. S. KNIGHT (Bar No. CA 217630)
    rknight@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for *Plaintiff*
TICKETMASTER L.L.C.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TICKETMASTER L.L.C., a Virginia limited liability company,<br><br>                    Plaintiff,<br><br>          vs.<br><br>RMG TECHNOLOGIES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>                    Defendants. | No. CV 07-2534 ABC (JWJx)<br><br>**PLAINTIFF TICKETMASTER L.L.C.'S SUPPLEMENTAL RESPONSES TO RMG TECHNOLOGIES, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS (SET ONE)** |

PROPOUNDING PARTY:        RMG TECHNOLOGIES, INC., a Delaware

corporation

RESPONDING PARTY:        TICKETMASTER L.L.C., a Virginia limited

liability company

SET NO.:        ONE (1)

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1

PLAINTIFF'S SUPPLEMENTAL RESPONSES
TO REQUESTS FOR PRODUCTION (SET
ONE)

## GENERAL OBJECTIONS AND STATEMENT

Ticketmaster L.L.C. ("Plaintiff" or "Ticketmaster") makes the following objections to the entire First Set of Requests For Production of Documents propounded by Defendant RMG Technologies, Inc.'s ("Defendant"):

1.      This Response is subject to all objections ordinarily available if such statements or documents were offered in court. All such objections are hereby expressly reserved and may be interposed at the time of trial or at any other time. By providing this Response, Ticketmaster is not making any incidental or implied admissions regarding the content of any document requested. No response or objection to any Request herein should be taken as an admission that Ticketmaster admits the existence of any fact set forth in or assumed by the Request, or that such response or objection constitutes admissible evidence. No response to any Request is intended to be, nor shall any response be construed as, a waiver by Ticketmaster of all or any part of any objection to any request.

2.      Ticketmaster's research, discovery, and preparation for trial in this matter is ongoing and is not yet complete. This Response is based upon the current state of Ticketmaster's pre-trial preparation and the investigation that it has conducted to date. Ticketmaster anticipates that its continuing discovery and investigation may reveal information and documents not presently known to it, upon which Ticketmaster may rely during trial. Accordingly, this Response is made without prejudice to Ticketmaster's rights to produce documents at a later date and to introduce them at the time of trial.

3.      Ticketmaster objects to the "Definitions" and "Instructions" in the Requests to the extent that they are inconsistent with and/or seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure.

4.      Ticketmaster objects to the "Definitions" and "Instructions" in the Requests to the extent that they are vague, ambiguous, and unintelligible.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                                        2                    PLAINTIFF'S SUPPLEMENTAL RESPONSES
TO REQUESTS FOR PRODUCTION (SET
ONE)

1         5.    Ticketmaster objects to each Request to the extent it seeks

2    documents or information protected from discovery by the attorney-client privilege

3    or the attorney work product doctrine.

4         6.    Ticketmaster objects to each Request to the extent it seeks to

5    discover trade secrets and/or any other private, sensitive, confidential, proprietary,

6    and/or commercial information, the disclosure of which could be damaging to the

7    business or property of Ticketmaster, Ticketmaster' customers or contractors, or

8    other related business entities.

9         7.    Ticketmaster objects to each Request to the extent that it

10   violates the right of privacy of Plaintiff or any third party under the United States

11   Constitution, the California Constitution, and applicable statutes.

12        8.    Ticketmaster objects to each Request to the extent it seeks the

13   disclosure or production of personal records regarding consumers without proper

14   notification to the consumer.

15        9.    Ticketmaster objects to all the Requests to the extent that they

16   are vague, ambiguous, and unintelligible in that the manner in which specific

17   requests are phrased creates confusion given the issues involved in the litigation.

18        10.    Ticketmaster objects to all the Requests to the extent they are

19   unduly burdensome and/or oppressive.

20        11.    Ticketmaster objects to all the Requests to the extent they are

21   overbroad as to time or scope.

22        Each of the general responses and objections asserted above (the

23   "General Responses and Objections") applies to each Request where appropriate

24   and are incorporated into each of Ticketmaster's responses below as though set

25   forth in full.

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                                    3                    PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                                                   TO REQUESTS FOR PRODUCTION (SET
                                                                   ONE)

1    **RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

2    **REQUEST FOR PRODUCTION NO. 1:**

3          Any and all DOCUMENTS which refer, reflect or relate to YOUR method of

4    determining convenience charges for tickets sold on ticketmaster.com.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

6          Plaintiff incorporates by reference each and every one of the General

7    Responses and Objections as though fully set forth herein. Plaintiff further objects

8    to this request because it seeks information neither relevant to the subject matter of

9    this litigation nor reasonably calculated to lead to the discovery of admissible

10   evidence. Plaintiff further objects to this request on the ground that it is vague and

11   ambiguous, including but not limited to the term "method". Plaintiff further objects

12   to this request to the extent it lacks foundation. Plaintiff further objects to this

13   request on the ground that it is compound, overbroad, unduly burdensome and

14   oppressive. Plaintiff further objects to this request on the ground that it seeks the

15   production of documents containing confidential, sensitive, proprietary,

16   commercial, business and financial information. Plaintiff further objects to this

17   request to the extent that it seeks documents protected by attorney-client privilege

18   or the work-product doctrine.

19

20   **REQUEST FOR PRODUCTION NO. 2:**

21         Any and all DOCUMENTS which refer, reflect or relate to all factors

22   considered by YOU in determining convenience charges for tickets purchased on

23   ticketmaster.com.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

25         Plaintiff incorporates by reference each and every one of the General

26   Responses and Objections as though fully set forth herein. Plaintiff further objects

27   to this request because it seeks information neither relevant to the subject matter of

28   this litigation nor reasonably calculated to lead to the discovery of admissible

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                    4          PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                         TO REQUESTS FOR PRODUCTION (SET
                                         ONE)

1  evidence. Plaintiff further objects to this request on the ground that it is vague and
2  ambiguous, including but not limited to the term "considered". Plaintiff further
3  objects to this request to the extent it lacks foundation. Plaintiff further objects to
4  this request on the ground that it is compound, overbroad, unduly burdensome and
5  oppressive. Plaintiff further objects to this request on the ground that it seeks the
6  production of documents containing confidential, sensitive, proprietary,
7  commercial, business and financial information. Plaintiff further objects to this
8  request to the extent that it seeks documents protected by attorney-client privilege
9  or the work-product doctrine.

10

11  **REQUEST FOR PRODUCTION NO. 3:**

12       Any and all DOCUMENTS which refer, reflect or relate to the identity of all
13  PERSONS involved in the decision making process of determining convenience
14  charges for tickets purchased on ticketmaster.com.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

16       Plaintiff incorporates by reference each and every one of the General
17  Responses and Objections as though fully set forth herein. Plaintiff further objects
18  to this request because it seeks information neither relevant to the subject matter of
19  this litigation nor reasonably calculated to lead to the discovery of admissible
20  evidence. Plaintiff further objects to this request on the ground that it is vague and
21  ambiguous, including but not limited to the phrase "decision making process".
22  Plaintiff further objects to this request to the extent it lacks foundation. Plaintiff
23  further objects to this request on the ground that it is compound, overbroad, unduly
24  burdensome and oppressive. Plaintiff further objects to this request on the ground
25  that it seeks the production of documents containing confidential, sensitive,
26  proprietary, commercial, business and financial information. Plaintiff further
27  objects to this request to the extent that it seeks documents protected by attorney-
28  client privilege or the work-product doctrine.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                                    5                    PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                                                   TO REQUESTS FOR PRODUCTION (SET
                                                                   ONE)

1

2    **REQUEST FOR PRODUCTION NO. 4:**

3        Any and all DOCUMENTS which refer, reflect or relate to whether internet

4    security costs are factored into YOUR convenience charges.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

6        Plaintiff incorporates by reference each and every one of the General

7    Responses and Objections as though fully set forth herein.  Plaintiff further objects

8    to this request because it seeks information neither relevant to the subject matter of

9    this litigation nor reasonably calculated to lead to the discovery of admissible

10   evidence.  Plaintiff further objects to this request on the ground that it is vague and

11   ambiguous, including but not limited to the phrases "internet security costs" and

12   "factored".  Plaintiff further objects to this request to the extent it lacks foundation.

13   Plaintiff further objects to this request on the ground that it is compound,

14   overbroad, unduly burdensome and oppressive.  Plaintiff further objects to this

15   request on the ground that it seeks the production of documents containing

16   confidential, sensitive, proprietary, commercial, business and financial information.

17   Plaintiff further objects to this request to the extent that it seeks documents

18   protected by attorney-client privilege or the work-product doctrine.

19       Subject to and without waiving the foregoing objections, Plaintiff responds

20   as follows:  Convenience charges are based, among other things, on Plaintiff's cost

21   of doing business, which is in turn affected by the cost of, among other things,

22   Plaintiff's attempt to maintain a secure website.  Plaintiff has conducted a diligent

23   search and reasonable inquiry during its effort to comply with this Request and has

24   no documents currently within its possession, custody or control that identify the

25   cost of attempting to maintain a secure website as a specific factor in determining

26   convenience charges.

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                                    6                    PLAINTIFF'S SUPPLEMENTAL RESPONSES
TO REQUESTS FOR PRODUCTION (SET
ONE)

1  **REQUEST FOR PRODUCTION NO. 5:**

2      Any and all DOCUMENTS which refer, reflect or relate to whether the costs

3  associated with paying YOUR information technology staff are factored into

4  YOUR convenience charges.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

6      Plaintiff incorporates by reference each and every one of the General

7  Responses and Objections as though fully set forth herein.  Plaintiff further objects

8  to this request because it seeks information neither relevant to the subject matter of

9  this litigation nor reasonably calculated to lead to the discovery of admissible

10  evidence.  Plaintiff further objects to this request on the ground that it is vague and

11  ambiguous, including but not limited to the term "factored".   Plaintiff further

12  objects to this request to the extent it lacks foundation. Plaintiff further objects to

13  this request on the ground that it is compound, overbroad, unduly burdensome and

14  oppressive.  Plaintiff further objects to this request on the ground that it seeks the

15  production of documents containing confidential, sensitive, proprietary,

16  commercial, business and financial information.  Plaintiff further objects to this

17  request to the extent that it seeks documents protected by attorney-client privilege

18  or the work-product doctrine.

19      Subject to and without waiving the foregoing objections, Plaintiff responds

20  as follows:  Convenience charges are based, among other things, on Plaintiff's cost

21  of doing business, which is in turn affected by the cost of, among other things,

22  paying Plaintiff's information technology staff.  Plaintiff has conducted a diligent

23  search and reasonable inquiry during its effort to comply with this Request and has

24  no documents currently within its possession, custody or control that identify the

25  cost of paying its information technology staff as a specific factor in determining

26  convenience charges.

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                              7              PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                                       TO REQUESTS FOR PRODUCTION (SET
                                                       ONE)

1  **REQUEST FOR PRODUCTION NO. 6:**

2       Any and all DOCUMENTS which refer, reflect or relate to any research

3  which YOU conducted in determining convenience charges for tickets sold on

4  ticketmaster.com.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

6       Plaintiff incorporates by reference each and every one of the General

7  Responses and Objections as though fully set forth herein. Plaintiff further objects

8  to this request because it seeks information neither relevant to the subject matter of

9  this litigation nor reasonably calculated to lead to the discovery of admissible

10 evidence. Plaintiff further objects to this request on the ground that it is vague and

11 ambiguous, including but not limited to the term "research". Plaintiff further

12 objects to this request to the extent it lacks foundation. Plaintiff further objects to

13 this request on the ground that it is compound, overbroad, unduly burdensome and

14 oppressive. Plaintiff further objects to this request on the ground that it seeks the

15 production of documents containing confidential, sensitive, proprietary,

16 commercial, business and financial information. Plaintiff further objects to this

17 request to the extent that it seeks documents protected by attorney-client privilege

18 or the work-product doctrine.

19

20 **REQUEST FOR PRODUCTION NO. 7:**

21      Any and all DOCUMENTS which refer, reflect or relate to any interviews

22 YOU gave to the media regarding the "Hannah Montana/Miley Cyrus Best of Both

23 Worlds" tour in the year 2007.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

25      Plaintiff incorporates by reference each and every one of the General

26 Responses and Objections as though fully set forth herein. Plaintiff further objects

27 to this request because it seeks information neither relevant to the subject matter of

28 this litigation nor reasonably calculated to lead to the discovery of admissible

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1

8

PLAINTIFF'S SUPPLEMENTAL RESPONSES
TO REQUESTS FOR PRODUCTION (SET
ONE)

1   evidence. Plaintiff further objects to this request on the ground that it is vague and

2   ambiguous, including but not limited to the term "research". Plaintiff further

3   objects to this request on the ground that it is overbroad, unduly burdensome and

4   oppressive. Plaintiff further objects to this request to the extent that it seeks

5   documents protected by attorney-client privilege or the work-product doctrine.

6        Subject to and without waiving the foregoing objections, Plaintiff responds

7   as follows: Plaintiff will make all relevant, unprivileged responsive documents

8   available for inspection.

9

10  **REQUEST FOR PRODUCTION NO. 8:**

11       Any and all DOCUMENTS which refer, reflect or relate to any

12  communications that YOU have had with the Attorney General of Arkansas, Dustin

13  McDaniel.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

15       Plaintiff incorporates by reference each and every one of the General

16  Responses and Objections as though fully set forth herein. Plaintiff further objects

17  to this request because it seeks information neither relevant to the subject matter of

18  this litigation nor reasonably calculated to lead to the discovery of admissible

19  evidence. Plaintiff further objects to this request on the ground that it is overbroad,

20  unduly burdensome and oppressive. Plaintiff further objects to this request to the

21  extent that it seeks documents protected by attorney-client privilege or the work-

22  product doctrine.

23       Subject to and without waiving the foregoing objections, Plaintiff responds

24  as follows: Plaintiff will make all relevant, unprivileged responsive documents

25  available for inspection.

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                    9              PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                             TO REQUESTS FOR PRODUCTION (SET
                                             ONE)

1  **REQUEST FOR PRODUCTION NO. 9:**

2  Any and all DOCUMENTS which refer, reflect or relate to any

3  communications that YOU have had with the Attorney General of Missouri, Jay

4  Nixon.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

6  Plaintiff incorporates by reference each and every one of the General

7  Responses and Objections as though fully set forth herein.  Plaintiff further objects

8  to this request because it seeks information neither relevant to the subject matter of

9  this litigation nor reasonably calculated to lead to the discovery of admissible

10  evidence.  Plaintiff further objects to this request on the ground that it is overbroad,

11  unduly burdensome and oppressive.  Plaintiff further objects to this request to the

12  extent that it seeks documents protected by attorney-client privilege or the work-

13  product doctrine.

14  Subject to and without waiving the foregoing objections, Plaintiff responds

15  as follows: Plaintiff will make all relevant, unprivileged responsive documents

16  available for inspection.

17

18  **REQUEST FOR PRODUCTION NO. 10:**

19  Any and all DOCUMENTS which refer, reflect or relate to the purpose of the

20  CAPTCHA page on the ticketmaster.com website, including, but not limited to

21  emails, internal memoranda, meeting notes, manuals, handbooks and training

22  materials.

23  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

24  Plaintiff incorporates by reference each and every one of the General

25  Responses and Objections as though fully set forth herein.  Plaintiff further objects

26  to this request on the ground that it is overbroad, unduly burdensome and

27  oppressive.  Plaintiff further objects to this request on the ground that it seeks the

28  production of documents containing confidential, sensitive, proprietary,

1  commercial, business and financial information.  Plaintiff further objects to this
2  request to the extent that it seeks documents protected by attorney-client privilege
3  or the work-product doctrine.

4      Subject to and without waiving the foregoing objections, Plaintiff responds
5  as follows:  Plaintiff will make available for inspection all relevant, non-privileged
6  responsive documents.  However, confidential documents responsive to this request
7  will only be made available for inspection following entry of a protective order.

8

9  **REQUEST FOR PRODUCTION NO. 11:**

10      Any and all DOCUMENTS which refer, reflect or relate to any copyrights
11  which YOU own in the ticketmaster.com website.

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

13      Plaintiff incorporates by reference each and every one of the General
14  Responses and Objections as though fully set forth herein.  Plaintiff further objects
15  to this request to the extent it seeks information neither relevant to the subject
16  matter of this litigation nor reasonably calculated to lead to the discovery of
17  admissible evidence.  Plaintiff further objects to this request on the ground that it is
18  overbroad, unduly burdensome and oppressive.  Plaintiff further objects to this
19  request on the ground that it seeks the production of documents containing
20  confidential, sensitive, proprietary, commercial, business and financial information.
21  Plaintiff further objects to this request to the extent that it seeks documents
22  protected by attorney-client privilege or the work-product doctrine.

23      Subject to and without waiving the foregoing objections, Plaintiff responds
24  as follows:  Plaintiff will make available for inspection all relevant, non-privileged
25  responsive documents.  However, confidential documents responsive to this request
26  will only be made available for inspection following entry of a protective order.

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                                11    PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                               TO REQUESTS FOR PRODUCTION (SET
                                               ONE)

1    **REQUEST FOR PRODUCTION NO. 12:**

2        Any and all DOCUMENTS which refer, reflect or relate to any claim that

3    YOU have made for loss of goodwill from January 1, 2002 to present, including,

4    but not limited to corporate tax returns, financial statements and profit and loss

5    statements.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

7        Plaintiff incorporates by reference each and every one of the General

8    Responses and Objections as though fully set forth herein. Plaintiff further objects

9    to this request because it is vague, ambiguous and unintelligible, including but not

10   limited to the phrase "any claim that YOU have made for loss of goodwill."

11   Plaintiff further objects to this request to the extent it seeks information neither

12   relevant to the subject matter of this litigation nor reasonably calculated to lead to

13   the discovery of admissible evidence. Plaintiff further objects to this request on the

14   ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further

15   objects to this request on the ground that it seeks the production of documents

16   containing confidential, sensitive, proprietary, commercial, business and financial

17   information. Plaintiff further objects to this request to the extent that it seeks

18   documents protected by attorney-client privilege or the work-product doctrine.

19

20   **REQUEST FOR PRODUCTION NO. 13:**

21       Any and all DOCUMENTS which refer, reflect or relate to any investigation

22   that YOU have performed regarding the use of "spiders" on the ticketmaster.com

23   website.

24   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

25       Plaintiff incorporates by reference each and every one of the General

26   Responses and Objections as though fully set forth herein. Plaintiff further objects

27   to this request because it seeks information neither relevant to the subject matter of

28   this litigation nor reasonably calculated to lead to the discovery of admissible

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                    12              PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                             TO REQUESTS FOR PRODUCTION (SET
                                                           ONE)

1    evidence.   Plaintiff further objects to this request because it is vague and
2    ambiguous.   Plaintiff further objects to this request on the ground that it is
3    overbroad, unduly burdensome and oppressive.   Plaintiff further objects to this
4    request on the ground that it seeks the production of documents containing
5    confidential, sensitive, proprietary, commercial, business and financial information.
6    Plaintiff further objects to this request to the extent that it seeks documents
7    protected by attorney-client privilege or the work-product doctrine.

8         Subject to and without waiving the foregoing objections, Plaintiff responds
9    as follows:  Plaintiff will make available for inspection all relevant, non-privileged
10   responsive documents.  However, confidential documents responsive to this request
11   will only be made available for inspection following entry of a protective order.

12

13   **REQUEST FOR PRODUCTION NO. 14:**

14        Any and all DOCUMENTS which refer, reflect or relate to any investigation
15   that YOU have performed regarding the use of "robots" on the ticketmaster.com
16   website.

17   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

18        Plaintiff incorporates by reference each and every one of the General
19   Responses and Objections as though fully set forth herein.  Plaintiff further objects
20   to this request because it seeks information neither relevant to the subject matter of
21   this litigation nor reasonably calculated to lead to the discovery of admissible
22   evidence.   Plaintiff further objects to this request because it is vague and
23   ambiguous.   Plaintiff further objects to this request on the ground that it is
24   overbroad, unduly burdensome and oppressive.   Plaintiff further objects to this
25   request on the ground that it seeks the production of documents containing
26   confidential, sensitive, proprietary, commercial, business and financial information.
27   Plaintiff further objects to this request to the extent that it seeks documents
28   protected by attorney-client privilege or the work-product doctrine.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                              13          PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                                    TO REQUESTS FOR PRODUCTION (SET
                                                    ONE)

1    Subject to and without waiving the foregoing objections, Plaintiff responds
2    as follows:  Plaintiff will make available for inspection all relevant, non-privileged
3    responsive documents.  However, confidential documents responsive to this request
4    will only be made available for inspection following entry of a protective order.

5

6    **REQUEST FOR PRODUCTION NO. 15:**

7    Any and all DOCUMENTS which refer, reflect or relate to any investigation
8    that YOU have performed regarding the use of "bots" on the ticketmaster.com web
9    site.

10    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

11    Plaintiff incorporates by reference each and every one of the General
12    Responses and Objections as though fully set forth herein.  Plaintiff further objects
13    to this request because it seeks information neither relevant to the subject matter of
14    this litigation nor reasonably calculated to lead to the discovery of admissible
15    evidence.    Plaintiff further objects to this request because it is vague and
16    ambiguous.    Plaintiff further objects to this request on the ground that it is
17    overbroad, unduly burdensome and oppressive.  Plaintiff further objects to this
18    request on the ground that it seeks the production of documents containing
19    confidential, sensitive, proprietary, commercial, business and financial information.
20    Plaintiff further objects to this request to the extent that it seeks documents
21    protected by attorney-client privilege or the work-product doctrine.

22    Subject to and without waiving the foregoing objections, Plaintiff responds
23    as follows:  Plaintiff will make available for inspection all relevant, non-privileged
24    responsive documents.  However, confidential documents responsive to this request
25    will only be made available for inspection following entry of a protective order.

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                                      14               PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                                                TO REQUESTS FOR PRODUCTION (SET
                                                                ONE)

1  **REQUEST FOR PRODUCTION NO. 16:**

2      Any and all DOCUMENTS which refer, reflect or relate to any investigation

3  that YOU have performed regarding the use of "automatic devices" on the

4  ticketmaster.com website.

5  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

6      Plaintiff incorporates by reference each and every one of the General

7  Responses and Objections as though fully set forth herein.  Plaintiff further objects

8  to this request because it seeks information neither relevant to the subject matter of

9  this litigation nor reasonably calculated to lead to the discovery of admissible

10  evidence.    Plaintiff further objects to this request because it is vague and

11  ambiguous.    Plaintiff further objects to this request on the ground that it is

12  overbroad, unduly burdensome and oppressive.  Plaintiff further objects to this

13  request on the ground that it seeks the production of documents containing

14  confidential, sensitive, proprietary, commercial, business and financial information.

15  Plaintiff further objects to this request to the extent that it seeks documents

16  protected by attorney-client privilege or the work-product doctrine.

17      Subject to and without waiving the foregoing objections, Plaintiff responds

18  as follows:  Plaintiff will make available for inspection all relevant, non-privileged

19  responsive documents.  However, confidential documents responsive to this request

20  will only be made available for inspection following entry of a protective order.

21

22  **REQUEST FOR PRODUCTION NO. 17:**

23      Any and all DOCUMENTS which refer, reflect or relate to any investigation

24  that YOU have performed regarding the use of "automated processes" on the

25  ticketmaster.com website.

26  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

27      Plaintiff incorporates by reference each and every one of the General

28  Responses and Objections as though fully set forth herein.  Plaintiff further objects

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217296.1                    15       PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                        TO REQUESTS FOR PRODUCTION (SET
                                        ONE)

1  to this request because it seeks information neither relevant to the subject matter of
2  this litigation nor reasonably calculated to lead to the discovery of admissible
3  evidence.    Plaintiff further objects to this request because it is vague and
4  ambiguous.    Plaintiff further objects to this request on the ground that it is
5  overbroad, unduly burdensome and oppressive.  Plaintiff further objects to this
6  request on the ground that it seeks the production of documents containing
7  confidential, sensitive, proprietary, commercial, business and financial information.
8  Plaintiff further objects to this request to the extent that it seeks documents
9  protected by attorney-client privilege or the work-product doctrine.

10      Subject to and without waiving the foregoing objections, Plaintiff responds
11  as follows:  Plaintiff will make available for inspection all relevant, non-privileged
12  responsive documents.  However, confidential documents responsive to this request
13  will only be made available for inspection following entry of a protective order.

14

15  **REQUEST FOR PRODUCTION NO. 18:**

16      Any and all DOCUMENTS which refer, reflect or relate to any investigation
17  that YOU have performed with respect to RMG Technologies, Inc., a Delaware
18  corporation.

19  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

20      Plaintiff incorporates by reference each and every one of the General
21  Responses and Objections as though fully set forth herein.  Plaintiff further objects
22  to this request to the extent it seeks information neither relevant to the subject
23  matter of this litigation nor reasonably calculated to lead to the discovery of
24  admissible evidence.  Plaintiff further objects to this request on the ground that it is
25  vague and ambiguous.  Plaintiff further objects to this request on the ground that it
26  is overbroad, unduly burdensome and oppressive.  Plaintiff further objects to this
27  request on the ground that it seeks the production of documents containing
28  confidential, sensitive, proprietary, commercial, business and financial information.

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217296.1                              16           PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                                     TO REQUESTS FOR PRODUCTION (SET
                                                     ONE)

1  Plaintiff further objects to this request to the extent that it seeks documents
2  protected by attorney-client privilege or the work-product doctrine.

3  Subject to and without waiving the foregoing objections, Plaintiff responds
4  as follows:  Plaintiff will make available for inspection all relevant, non-privileged
5  responsive documents.  However, confidential documents responsive to this request
6  will only be made available for inspection following entry of a protective order.

7

8  **REQUEST FOR PRODUCTION NO. 19:**

9  Any and all DOCUMENTS which refer, reflect or relate to RMG
10  Technologies, Inc., a Delaware corporation.

11  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

12  Plaintiff incorporates by reference each and every one of the General
13  Responses and Objections as though fully set forth herein.  Plaintiff further objects
14  to this request to the extent that it seeks information neither relevant to the subject
15  matter of this litigation nor reasonably calculated to lead to the discovery of
16  admissible evidence.  Plaintiff further objects to this request on the ground that it is
17  vague and ambiguous.  Plaintiff further objects to this request on the ground that it
18  is overbroad, unduly burdensome and oppressive.  Plaintiff further objects to this
19  request on the ground that it seeks the production of documents containing
20  confidential, sensitive, proprietary, commercial, business and financial information.
21  Plaintiff further objects to this request to the extent that it seeks documents
22  protected by attorney-client privilege or the work-product doctrine.

23  Subject to and without waiving the foregoing objections, Plaintiff responds
24  as follows:  Plaintiff will make available for inspection all relevant, non-privileged
25  responsive documents.  However, confidential documents responsive to this request
26  will only be made available for inspection following entry of a protective order.

27

28

1  **REQUEST FOR PRODUCTION NO. 20:**

2      Any and all DOCUMENTS which refer, reflect or relate to any

3  communications between YOU and Chris Kovach.

4  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

5      Plaintiff incorporates by reference each and every one of the General

6  Responses and Objections as though fully set forth herein. Plaintiff further objects

7  to this request because it seeks information neither relevant to the subject matter of

8  this litigation nor reasonably calculated to lead to the discovery of admissible

9  evidence. Plaintiff further objects to this request on the ground that it is overbroad,

10 unduly burdensome and oppressive. Plaintiff further objects to this request on the

11 ground that it violates the right to privacy of a third party. Plaintiff further objects

12 to this request to the extent that it seeks documents protected by attorney-client

13 privilege or the work-product doctrine.

14     Subject to and without waiving the foregoing objections, Plaintiff responds

15 as follows: Plaintiff will make available for inspection all relevant, non-privileged

16 responsive documents. However, confidential documents responsive to this request

17 will only be made available for inspection following entry of a protective order.

18

19 **REQUEST FOR PRODUCTION NO. 21:**

20     Any and all DOCUMENTS which refer, reflect or relate to the settlement

21 agreement between YOU and Chris Kovach, as referenced in YOUR motion for

22 preliminary injunction in this matter.

23 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

24     Plaintiff incorporates by reference each and every one of the General

25 Responses and Objections as though fully set forth herein. Plaintiff further objects

26 to this request to the extent it seeks information neither relevant to the subject

27 matter of this litigation nor reasonably calculated to lead to the discovery of

28 admissible evidence. Plaintiff further objects to this request on the ground that it is

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                          18          PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                                TO REQUESTS FOR PRODUCTION (SET
                                                                ONE)

overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make available for inspection all relevant, non-privileged responsive documents. However, confidential documents responsive to this request will only be made available for inspection following entry of a protective order.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all DOCUMENTS which refer, reflect or relate to any purchase of tickets that Chris Kovach or anyone on his behalf made on ticketmaster.com prior to May of 2007.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make available for inspection all relevant, non-privileged

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1

19

PLAINTIFF'S SUPPLEMENTAL RESPONSES
TO REQUESTS FOR PRODUCTION (SET
ONE)

1  responsive documents.  However, confidential documents responsive to this request
2  will only be made available for inspection following entry of a protective order.

3

**REQUEST FOR PRODUCTION NO. 23:**

Any and all DOCUMENTS which refer, reflect or relate to any purchase of tickets that Chris Kovach or anyone on his behalf made on ticketmaster.com subsequent to May of 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein.  Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information.  Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party.  Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all DOCUMENTS which refer, reflect or relate to the first time YOU learned that RMG's devices were allegedly being used on ticketmaster.com.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein.  Plaintiff further objects to this request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                          20                PLAINTIFF'S SUPPLEMENTAL RESPONSES
TO REQUESTS FOR PRODUCTION (SET
ONE)

1 vague and ambiguous, including but not limited to the phrase "RMG's devices."
2 Plaintiff further objects to this request on the ground that it seeks the production of
3 documents containing confidential, sensitive, proprietary, commercial, business and
4 financial information.  Plaintiff further objects to this request to the extent that it
5 seeks documents protected by attorney-client privilege or the work-product
6 doctrine.

7      Subject to and without waiving the foregoing objections, Plaintiff responds
8 as follows:  Plaintiff will make available for inspection all relevant, non-privileged
9 responsive documents.  However, confidential documents responsive to this request
10 will only be made available for inspection following entry of a protective order.

11

12 **REQUEST FOR PRODUCTION NO. 25:**

13      Any and all DOCUMENTS which refer, reflect or relate to any technological
14 measure that YOU have taken to stop the use of "spiders" on the ticketmaster.com
15 website.

16 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

17      Plaintiff incorporates by reference each and every one of the General
18 Responses and Objections as though fully set forth herein.  Plaintiff further objects
19 to this request because it seeks information neither relevant to the subject matter of
20 this litigation nor reasonably calculated to lead to the discovery of admissible
21 evidence.  Plaintiff further objects to this request on the ground that it is overbroad,
22 unduly burdensome and oppressive.  Plaintiff further objects to this request on the
23 ground that it seeks the production of documents containing confidential, sensitive,
24 proprietary, commercial, business and financial information.   Plaintiff further
25 objects to this request to the extent that it seeks documents protected by attorney-
26 client privilege or the work-product doctrine.

27      Subject to and without waiving the foregoing objections, Plaintiff responds
28 as follows:  Plaintiff will make available for inspection all relevant, non-privileged

1  responsive documents. However, confidential documents responsive to this request

2  will only be made available for inspection following entry of a protective order.

3

4  **REQUEST FOR PRODUCTION NO. 26:**

5  Any and all DOCUMENTS which refer, reflect or relate to any technological

6  measure that YOU have taken to stop the use of "robots" on the ticketmaster.com

7  website.

8  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

9  Plaintiff incorporates by reference each and every one of the General

10 Responses and Objections as though fully set forth herein. Plaintiff further objects

11 to this request because it seeks information neither relevant to the subject matter of

12 this litigation nor reasonably calculated to lead to the discovery of admissible

13 evidence. Plaintiff further objects to this request on the ground that it is overbroad,

14 unduly burdensome and oppressive. Plaintiff further objects to this request on the

15 ground that it seeks the production of documents containing confidential, sensitive,

16 proprietary, commercial, business and financial information. Plaintiff further

17 objects to this request to the extent that it seeks documents protected by attorney-

18 client privilege or the work-product doctrine.

19 Subject to and without waiving the foregoing objections, Plaintiff responds

20 as follows: Plaintiff will make available for inspection all relevant, non-privileged

21 responsive documents. However, confidential documents responsive to this request

22 will only be made available for inspection following entry of a protective order.

23

24 **REQUEST FOR PRODUCTION NO. 27:**

25 Any and all DOCUMENTS which refer, reflect or relate to any technological

26 measure that YOU have taken to stop the use of "bots" on the ticketmaster.com

27 website.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                    22          PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                          TO REQUESTS FOR PRODUCTION (SET
                                          ONE)

1   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

2          Plaintiff incorporates by reference each and every one of the General

3   Responses and Objections as though fully set forth herein.  Plaintiff further objects

4   to this request because it seeks information neither relevant to the subject matter of

5   this litigation nor reasonably calculated to lead to the discovery of admissible

6   evidence.  Plaintiff further objects to this request on the ground that it is overbroad,

7   unduly burdensome and oppressive.  Plaintiff further objects to this request on the

8   ground that it seeks the production of documents containing confidential, sensitive,

9   proprietary, commercial, business and financial information.   Plaintiff further

10  objects to this request to the extent that it seeks documents protected by attorney-

11  client privilege or the work-product doctrine.

12         Subject to and without waiving the foregoing objections, Plaintiff responds

13  as follows:  Plaintiff will make available for inspection all relevant, non-privileged

14  responsive documents.  However, confidential documents responsive to this request

15  will only be made available for inspection following entry of a protective order.

16

17  **REQUEST FOR PRODUCTION NO. 28:**

18         Any and all DOCUMENTS which refer, reflect or relate to any technological

19  measure that YOU have taken to stop the use of "automatic devices" on the

20  ticketmaster.com website.

21  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

22         Plaintiff incorporates by reference each and every one of the General

23  Responses and Objections as though fully set forth herein.  Plaintiff further objects

24  to this request because it seeks information neither relevant to the subject matter of

25  this litigation nor reasonably calculated to lead to the discovery of admissible

26  evidence.  Plaintiff further objects to this request on the ground that it is overbroad,

27  unduly burdensome and oppressive.  Plaintiff further objects to this request on the

28  ground that it seeks the production of documents containing confidential, sensitive,

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                          23                PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                                      TO REQUESTS FOR PRODUCTION (SET
                                                      ONE)

1  proprietary, commercial, business and financial information.   Plaintiff further
2  objects to this request to the extent that it seeks documents protected by attorney-
3  client privilege or the work-product doctrine.

4        Subject to and without waiving the foregoing objections, Plaintiff responds
5  as follows:  Plaintiff will make available for inspection all relevant, non-privileged
6  responsive documents.  However, confidential documents responsive to this request
7  will only be made available for inspection following entry of a protective order.

8

9  **REQUEST FOR PRODUCTION NO. 29:**

10        Any and all DOCUMENTS which refer, reflect or relate to any technological
11  measure that YOU have taken to stop the use of "automated processes" on the
12  ticketmaster.com website.

13  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

14        Plaintiff incorporates by reference each and every one of the General
15  Responses and Objections as though fully set forth herein.  Plaintiff further objects
16  to this request because it seeks information neither relevant to the subject matter of
17  this litigation nor reasonably calculated to lead to the discovery of admissible
18  evidence.  Plaintiff further objects to this request on the ground that it is overbroad,
19  unduly burdensome and oppressive.  Plaintiff further objects to this request on the
20  ground that it seeks the production of documents containing confidential, sensitive,
21  proprietary, commercial, business and financial information.   Plaintiff further
22  objects to this request to the extent that it seeks documents protected by attorney-
23  client privilege or the work-product doctrine.

24        Subject to and without waiving the foregoing objections, Plaintiff responds
25  as follows:  Plaintiff will make available for inspection all relevant, non-privileged
26  responsive documents.  However, confidential documents responsive to this request
27  will only be made available for inspection following entry of a protective order.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                                    24                    PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                                                    TO REQUESTS FOR PRODUCTION (SET
                                                                    ONE)

**REQUEST FOR PRODUCTION NO. 30:**

Any and all DOCUMENTS which refer, reflect or relate to any measures YOU took to calculate the actual damages that YOU would incur in the event that a user of ticketmaster.com accessed more than 1,000 pages of the ticketmaster.com website in any twenty four (24) hour period.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request on the ground that it is compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not limited to the phrase "any measures YOU took". Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make available for inspection all relevant, non-privileged responsive documents, if any exist. However, confidential documents responsive to this request will only be made available for inspection following entry of a protective order.

**REQUEST FOR PRODUCTION NO. 31:**

Any and all DOCUMENTS which refer, reflect or relate to the identity of any PERSON who performed any calculation on YOUR behalf as to the actual damages that YOU would incur in the event that a user of ticketmaster.com accessed more than 1,000 pages of the ticketmaster.com website in any twenty four (24) hour period.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                25                PLAINTIFF'S SUPPLEMENTAL RESPONSES
TO REQUESTS FOR PRODUCTION (SET
ONE)

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request on the ground that it is compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it is vague and ambiguous, including but not limited to the phrase "reflect or relate to the identity of". Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make available for inspection all relevant, non-privileged responsive documents, if any exist. However, confidential documents responsive to this request will only be made available for inspection following entry of a protective order.

## REQUEST FOR PRODUCTION NO. 32:

Any and all DOCUMENTS which refer, reflect or relate to any monies that YOU have spent on technological measures that YOU have taken to stop the use of spiders, robots, bots, automatic devices or automated processes on the ticketmaster.com website.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request to the extent that it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                          26                  PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                                        TO REQUESTS FOR PRODUCTION (SET
                                                        ONE)

1   vague and ambiguous, including but not limited to the phrase "refer, reflect or relate
2   to any monies". Plaintiff further objects to this request on the ground that it is
3   compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects
4   to this request on the ground that it seeks the production of documents containing
5   confidential, sensitive, proprietary, commercial, business and financial information.
6   Plaintiff further objects to this request to the extent that it seeks documents
7   protected by attorney-client privilege or the work-product doctrine.

8          Subject to and without waiving the foregoing objections, Plaintiff responds
9   as follows: Plaintiff will make available for inspection all relevant, non-privileged
10  responsive documents. However, confidential documents responsive to this request
11  will only be made available for inspection following entry of a protective order.

12

13  **REQUEST FOR PRODUCTION NO. 33:**

14         Any and all DOCUMENTS which refer, reflect or relate to any PERSON
15  who YOU have employed, either as an employee or an independent contractor, in
16  an attempt to stop the use of spiders, robots, bots, automated devices or automated
17  processes on the ticketmaster.com website.

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

19         Plaintiff incorporates by reference each and every one of the General
20  Responses and Objections as though fully set forth herein. Plaintiff further objects
21  to this request on the ground that it is vague and ambiguous, including but not
22  limited to the phrase "employed . . . in an attempt". Plaintiff further objects to
23  this request to the extent that it lacks foundation. Plaintiff further objects to this
24  request on the ground that it is overbroad, unduly burdensome and oppressive.
25  Plaintiff further objects to this request on the ground that it seeks the production of
26  documents containing confidential, sensitive, proprietary, commercial, business and
27  financial information. Plaintiff further objects to this request on the ground that it
28  violates the right to privacy of a third party. Plaintiff further objects to this request

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                    27          PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                          TO REQUESTS FOR PRODUCTION (SET
                                          ONE)

1    to the extent that it seeks documents protected by attorney-client privilege or the

2    work-product doctrine.

3         Subject to and without waiving the foregoing objections, Plaintiff responds

4    as follows:  Following entry of a protective order, Plaintiff will make available for

5    inspection all relevant, non-privileged documents relating to attempts by

6    Ticketmaster's employees or independent contractors working on its behalf to stop

7    the use of spiders, robots, bots, automated devices or automated processes on the

8    ticketmaster.com website.

9

10   **REQUEST FOR PRODUCTION NO. 34:**

11        Any and all DOCUMENTS which refer, reflect or relate to any money that

12   you have paid to any PERSON who YOU have employed, either as an employee or

13   an independent contractor, in an attempt to stop the use of spiders, robots, bots,

14   automated devices or automated processes on the ticketmaster.com website.

15   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

16        Plaintiff incorporates by reference each and every one of the General

17   Responses and Objections as though fully set forth herein.  Plaintiff further objects

18   to this request on the ground that it is vague and ambiguous, including but not

19   limited to the phrases "refer, reflect or relate to any money" and "employed . . . in

20   an attempt".   Plaintiff further objects to this request to the extent that it lacks

21   foundation.   Plaintiff further objects to this request on the ground that it is

22   compound, overbroad, unduly burdensome and oppressive.  Plaintiff further objects

23   to this request on the ground that it seeks the production of documents containing

24   confidential, sensitive, proprietary, commercial, business and financial information.

25   Plaintiff further objects to this request on the ground that it violates the right to

26   privacy of a third party.  Plaintiff further objects to this request to the extent that it

27   seeks documents protected by attorney-client privilege or the work-product

28   doctrine.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                    28            PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                             TO REQUESTS FOR PRODUCTION (SET
                                                          ONE)

1    Subject to and without waiving the foregoing objections, Plaintiff responds
2    as follows:  Plaintiff will make available for inspection all relevant, non-privileged
3    responsive documents.  However, confidential documents responsive to this request
4    will only be made available for inspection following entry of a protective order.

5

6    **REQUEST FOR PRODUCTION NO. 35:**

7    Any and all DOCUMENTS which refer, reflect or relate to any complaints
8    that any of YOUR CLIENTS have made to YOU regarding the use of spiders,
9    robots, bots, automated devices or automated processes on the ticketmaster.com
10   website.

11   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

12   Plaintiff incorporates by reference each and every one of the General
13   Responses and Objections as though fully set forth herein.  Plaintiff further objects
14   to this request on the ground that it is vague and ambiguous, including but not
15   limited to the term "complaints".  Plaintiff further objects to this request on the
16   ground that it is compound, overbroad, unduly burdensome and oppressive.
17   Plaintiff further objects to this request on the ground that it seeks the production of
18   documents containing confidential, sensitive, proprietary, commercial, business and
19   financial information.  Plaintiff further objects to this request on the ground that it
20   violates the right to privacy of a third party.  Plaintiff further objects to this request
21   to the extent that it seeks documents protected by attorney-client privilege or the
22   work-product doctrine.

23   Subject to and without waiving the foregoing objections, Plaintiff responds
24   as follows:  Plaintiff will make available for inspection all relevant, non-privileged
25   responsive documents.  However, confidential documents responsive to this request
26   will only be made available for inspection following entry of a protective order.

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217296.1                              29

PLAINTIFF'S SUPPLEMENTAL RESPONSES
TO REQUESTS FOR PRODUCTION (SET
ONE)

1  **REQUEST FOR PRODUCTION NO. 36:**

2     Any and all DOCUMENTS which refer, reflect or relate to any complaints

3  that any of YOUR CLIENTS have made to YOU regarding YOUR inability to

4  distribute tickets in a fair and equitable manner.

5  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

6     Plaintiff incorporates by reference each and every one of the General

7  Responses and Objections as though fully set forth herein. Plaintiff further objects

8  to this request on the ground that it is vague and ambiguous, including but not

9  limited to the term "complaints". Plaintiff further objects to this request on the

10 ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further

11 objects to this request to the extent that it lacks foundation. Plaintiff further objects

12 to this request to the extent that it seeks information neither relevant to the subject

13 matter of this litigation nor reasonably calculated to lead to the discovery of

14 admissible evidence. Plaintiff further objects to this request on the ground that it

15 seeks the production of documents containing confidential, sensitive, proprietary,

16 commercial, business and financial information. Plaintiff further objects to this

17 request on the ground that it violates the right to privacy of a third party. Plaintiff

18 further objects to this request to the extent that it seeks documents protected by

19 attorney-client privilege or the work-product doctrine.

20    Subject to and without waiving the foregoing objections, Plaintiff responds

21 as follows: Plaintiff will make available for inspection all relevant, non-privileged

22 responsive documents. However, confidential documents responsive to this request

23 will only be made available for inspection following entry of a protective order.

24

25

26

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217296.1                                    30                    PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                                                    TO REQUESTS FOR PRODUCTION (SET
                                                                    ONE)

1  **REQUEST FOR PRODUCTION NO. 37:**

2      Any and all DOCUMENTS which refer, reflect or relate to any complaints

3  that any of YOUR CUSTOMERS have made to YOU regarding YOUR inability to

4  distribute tickets in a fair and equitable manner.

5  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

6      Plaintiff incorporates by reference each and every one of the General

7  Responses and Objections as though fully set forth herein.  Plaintiff further objects

8  to this request on the ground that it is vague and ambiguous, including but not

9  limited to the term "complaints".  Plaintiff further objects to this request to the

10  extent that it lacks foundation.  Plaintiff further objects to this request to the extent

11  that it seeks information neither relevant to the subject matter of this litigation nor

12  reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff

13  further objects to this request on the ground that it is overbroad, unduly burdensome

14  and oppressive.  Plaintiff further objects to this request on the ground that it seeks

15  the production of documents containing confidential, sensitive, proprietary,

16  commercial, business and financial information.  Plaintiff further objects to this

17  request on the ground that it violates the right to privacy of a third party.  Plaintiff

18  further objects to this request to the extent that it seeks documents protected by

19  attorney-client privilege or the work-product doctrine.

20      Subject to and without waiving the foregoing objections, Plaintiff responds

21  as follows:  Plaintiff will make available for inspection all relevant, non-privileged

22  responsive documents.  However, confidential documents responsive to this request

23  will only be made available for inspection following entry of a protective order.

24

25  **REQUEST FOR PRODUCTION NO. 38:**

26      Any and all DOCUMENTS which refer, reflect or relate to the number of

27  tickets available for retail sale for each concert on the "Hannah Montana & Miley

28  Cyrus: Best of Both Worlds Tour" from January 1, 2007 through February 2008.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1

31

PLAINTIFF'S SUPPLEMENTAL RESPONSES
TO REQUESTS FOR PRODUCTION (SET
ONE)

1 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

2 Plaintiff incorporates by reference each and every one of the General

3 Responses and Objections as though fully set forth herein. Plaintiff further objects

4 to this request because it seeks information neither relevant to the subject matter of

5 this litigation nor reasonably calculated to lead to the discovery of admissible

6 evidence. Plaintiff further objects to this request on the ground that it is vague and

7 ambiguous, including but not limited to the phrase "number of tickets available for

8 retail sale". Plaintiff further objects to this request on the ground that it is

9 compound, overbroad, unduly burdensome and oppressive. Plaintiff further objects

10 to this request on the ground that it seeks the production of documents containing

11 confidential, sensitive, proprietary, commercial, business and financial information.

12 Plaintiff further objects to this request to the extent that it seeks documents

13 protected by attorney-client privilege or the work-product doctrine.

14 Subject to and without waiving the foregoing objections, Plaintiff responds

15 as follows: Plaintiff will make available for inspection all relevant, non-privileged

16 responsive documents. However, confidential documents responsive to this request

17 will only be made available for inspection following entry of a protective order.

18

19 **REQUEST FOR PRODUCTION NO. 39:**

20 Any and all DOCUMENTS which refer, reflect or relate to the number of

21 tickets available for retail sale to fan club members for each concert on the "Hannah

22 Montana & Miley Cyrus: Best of Both Worlds Tour" from January 1, 2007 through

23 February 2008.

24 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

25 Plaintiff incorporates by reference each and every one of the General

26 Responses and Objections as though fully set forth herein. Plaintiff further objects

27 to this request because it seeks information neither relevant to the subject matter of

28 this litigation nor reasonably calculated to lead to the discovery of admissible

1  evidence.  Plaintiff further objects to this request on the ground that it is vague and
2  ambiguous, including but not limited to the phrase "number of tickets available for
3  retail sale".   Plaintiff further objects to this request on the ground that it is
4  compound, overbroad, unduly burdensome and oppressive.  Plaintiff further objects
5  to this request on the ground that it seeks the production of documents containing
6  confidential, sensitive, proprietary, commercial, business and financial information.
7  Plaintiff further objects to this request to the extent that it seeks documents
8  protected by attorney-client privilege or the work-product doctrine.

9       Subject to and without waiving the foregoing objections, Plaintiff responds
10  as follows:  Plaintiff will make available for inspection all relevant, non-privileged
11  responsive documents, if any exist.  However, confidential documents responsive to
12  this request will only be made available for inspection following entry of a
13  protective order.

14

15  **REQUEST FOR PRODUCTION NO. 40:**

16       Any and all DOCUMENTS which refer, reflect or relate to the number of
17  tickets available for retail sale to the general public for each concert on the "Hannah
18  Montana & Miley Cyrus: Best of Both Worlds Tour" from January 1, 2007 through
19  February 2008.

20  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

21       Plaintiff incorporates by reference each and every one of the General
22  Responses and Objections as though fully set forth herein.  Plaintiff further objects
23  to this request because it seeks information neither relevant to the subject matter of
24  this litigation nor reasonably calculated to lead to the discovery of admissible
25  evidence.  Plaintiff further objects to this request on the ground that it is vague and
26  ambiguous, including but not limited to the phrases "number of tickets available for
27  retail sale" and "general public".  Plaintiff further objects to this request on the
28  ground that it is compound, overbroad, unduly burdensome and oppressive.

1   Plaintiff further objects to this request on the ground that it seeks the production of
2   documents containing confidential, sensitive, proprietary, commercial, business and
3   financial information.  Plaintiff further objects to this request to the extent that it
4   seeks documents protected by attorney-client privilege or the work-product
5   doctrine.

6          Subject to and without waiving the foregoing objections, Plaintiff responds
7   as follows:  Plaintiff will make available for inspection all relevant, non-privileged
8   responsive documents.  However, confidential documents responsive to this request
9   will only be made available for inspection following entry of a protective order.

10

11  **REQUEST FOR PRODUCTION NO. 41:**

12         Any and all DOCUMENTS which refer, reflect or relate to the number of
13  tickets retained by Miley Cyrus for each concert on the "Hannah Montana & Miley
14  Cyrus: Best of Both Worlds Tour" from January 1, 2007 through February 2008.

15  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

16         Plaintiff incorporates by reference each and every one of the General
17  Responses and Objections as though fully set forth herein.  Plaintiff further objects
18  to this request because it seeks information neither relevant to the subject matter of
19  this litigation nor reasonably calculated to lead to the discovery of admissible
20  evidence.  Plaintiff further objects to this request on the ground that it is vague and
21  ambiguous, including but not limited to the term "retained".   Plaintiff further
22  objects to this request on the ground that it is compound, overbroad, unduly
23  burdensome and oppressive.  Plaintiff further objects to this request on the ground
24  that it seeks the production of documents containing confidential, sensitive,
25  proprietary, commercial, business and financial information.   Plaintiff further
26  objects to this request to the extent that it seeks documents protected by attorney-
27  client privilege or the work-product doctrine.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                                      34                 PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                                                   TO REQUESTS FOR PRODUCTION (SET
                                                                   ONE)

1       Subject to and without waiving the foregoing objections, Plaintiff responds

2   as follows:  Plaintiff will make available for inspection all relevant, non-privileged

3   responsive documents, if any exist.  However, confidential documents responsive to

4   this request will only be made available for inspection following entry of a

5   protective order.

6

7   **REQUEST FOR PRODUCTION NO. 42:**

8       Any and all DOCUMENTS which refer, reflect or relate to the number of

9   tickets retained by the promoters of the "Hannah Montana & Miley Cyrus: Best of

10  Both Worlds Tour" for all concerts of the tour from January 1, 2007 through

11  February 2008.

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

13      Plaintiff incorporates by reference each and every one of the General

14  Responses and Objections as though fully set forth herein.  Plaintiff further objects

15  to this request because it seeks information neither relevant to the subject matter of

16  this litigation nor reasonably calculated to lead to the discovery of admissible

17  evidence.  Plaintiff further objects to this request on the ground that it is vague and

18  ambiguous, including but not limited to the term "retained".  Plaintiff further

19  objects to this request on the ground that it is compound, overbroad, unduly

20  burdensome and oppressive.  Plaintiff further objects to this request on the ground

21  that it seeks the production of documents containing confidential, sensitive,

22  proprietary, commercial, business and financial information.  Plaintiff further

23  objects to this request to the extent that it seeks documents protected by attorney-

24  client privilege or the work-product doctrine.

25      Subject to and without waiving the foregoing objections, Plaintiff responds

26  as follows:  Plaintiff will make available for inspection all relevant, non-privileged

27  responsive documents, if any exist.  However, confidential documents responsive to

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                      35                PLAINTIFF'S SUPPLEMENTAL RESPONSES
TO REQUESTS FOR PRODUCTION (SET
ONE)

1    this request will only be made available for inspection following entry of a

2    protective order.

3

4    **REQUEST FOR PRODUCTION NO. 43:**

5           Any and all DOCUMENTS which refer, reflect or relate to the number of

6    tickets retained by the venues where the "Hannah Montana & Miley Cyrus: Best of

7    Both Worlds Tour" occurred for all concerts of the tour from January 1, 2007

8    through February 2008.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

10          Plaintiff incorporates by reference each and every one of the General

11   Responses and Objections as though fully set forth herein.  Plaintiff further objects

12   to this request because it seeks information neither relevant to the subject matter of

13   this litigation nor reasonably calculated to lead to the discovery of admissible

14   evidence.  Plaintiff further objects to this request on the ground that it is vague and

15   ambiguous, including but not limited to the term "retained".  Plaintiff further

16   objects to this request on the ground that it is compound, overbroad, unduly

17   burdensome and oppressive.  Plaintiff further objects to this request on the ground

18   that it seeks the production of documents containing confidential, sensitive,

19   proprietary, commercial, business and financial information.  Plaintiff further

20   objects to this request to the extent that it seeks documents protected by attorney-

21   client privilege or the work-product doctrine.

22          Subject to and without waiving the foregoing objections, Plaintiff responds

23   as follows:  Plaintiff has conducted a diligent search and reasonable inquiry during

24   its effort to comply with this Request and has no documents currently within its

25   possession, custody or control that are responsive to this Request.

26

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217296.1                              36              PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                                        TO REQUESTS FOR PRODUCTION (SET
                                                        ONE)

**REQUEST FOR PRODUCTION NO. 44:**

Any and all DOCUMENTS which refer, reflect or relate to all tickets to the "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour" which YOU sold on the auction portion of the ticketmaster.com website from January 1, 2007 to present.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine. Plaintiff further objects to this request on the grounds that it is premature at this time, given Plaintiff's pending motion to dismiss Defendant's counter-claim.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make available for inspection all relevant, non-privileged responsive documents. However, confidential documents responsive to this request will only be made available for inspection following entry of a protective order.

**REQUEST FOR PRODUCTION NO. 45:**

Any and all DOCUMENTS which refer, reflect or relate to the price of each ticket to the "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour" which YOU sold on the auction portion of the ticketmaster.com website from January 1, 2007 to present.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                    37          PLAINTIFF'S SUPPLEMENTAL RESPONSES
TO REQUESTS FOR PRODUCTION (SET
ONE)

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and oppressive. Plaintiff further objects to this request on the ground that it seeks the production of documents containing confidential, sensitive, proprietary, commercial, business and financial information. Plaintiff further objects to this request to the extent that it seeks documents protected by attorney-client privilege or the work-product doctrine.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff will make available for inspection all relevant, non-privileged responsive documents. However, confidential documents responsive to this request will only be made available for inspection following entry of a protective order.

**REQUEST FOR PRODUCTION NO. 46:**

Any and all DOCUMENTS which refer, reflect or relate to all tickets to the "Hannah Montana & Miley Cyrus: Best of Both Worlds Tour" which were sold on TicketExchange portion of the ticketmaster.com website from January 1, 2007 to present.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, given the dismissal of Defendant's counterclaim. Plaintiff further objects to this request on the ground that it is overbroad, unduly burdensome and

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1

38

PLAINTIFF'S SUPPLEMENTAL RESPONSES
TO REQUESTS FOR PRODUCTION (SET
ONE)

1    oppressive.  Plaintiff further objects to this request on the ground that it seeks the

2    production of documents containing confidential, sensitive, proprietary,

3    commercial, business and financial information.  Plaintiff further objects to this

4    request to the extent that it seeks documents protected by attorney-client privilege

5    or the work-product doctrine.

6

7    **REQUEST FOR PRODUCTION NO. 47:**

8         Any and all DOCUMENTS which refer, reflect or relate to all convenience

9    charges YOU were paid as a result of sales on the TicketExchange portion of the

10   ticketmaster.com website for the "Hannah Montana & Miley Cyrus: Best of Both

11   Worlds Tour" from January 1, 2007 to present.

12   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

13        Plaintiff incorporates by reference each and every one of the General

14   Responses and Objections as though fully set forth herein.  Plaintiff further objects

15   to this request because it seeks information neither relevant to the subject matter of

16   this litigation nor reasonably calculated to lead to the discovery of admissible

17   evidence, given the dismissal of Defendant's counterclaim.  Plaintiff further objects

18   to this request on the ground that it is overbroad, unduly burdensome and

19   oppressive.  Plaintiff further objects to this request on the ground that it seeks the

20   production of documents containing confidential, sensitive, proprietary,

21   commercial, business and financial information.  Plaintiff further objects to this

22   request to the extent that it seeks documents protected by attorney-client privilege

23   or the work-product doctrine.

24

25   **REQUEST FOR PRODUCTION NO. 48:**

26        Any and all DOCUMENTS which refer, reflect or relate to any agreements

27   you had with any PERSON to sell tickets to the "Hannah Montana & Miley Cyrus:

28   Best of Both Worlds Tour."

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                    39              PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                              TO REQUESTS FOR PRODUCTION (SET
                                              ONE)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

2      Plaintiff incorporates by reference each and every one of the General

3  Responses and Objections as though fully set forth herein.  Plaintiff further objects

4  to this request because it seeks information neither relevant to the subject matter of

5  this litigation nor reasonably calculated to lead to the discovery of admissible

6  evidence.  Plaintiff further objects to this request on the ground that it is overbroad,

7  unduly burdensome and oppressive.  Plaintiff further objects to this request on the

8  ground that it seeks the production of documents containing confidential, sensitive,

9  proprietary, commercial, business and financial information.   Plaintiff further

10 objects to this request on the ground that it violates the right to privacy of a third

11 party.  Plaintiff further objects to this request to the extent that it seeks documents

12 protected by attorney-client privilege or the work-product doctrine.

13

14 **REQUEST FOR PRODUCTION NO. 49:**

15     Any and all DOCUMENTS which refer, reflect or relate to any tickets

16 purchased by or on behalf of Thomas J. Prior on the ticketmaster.com website from

17 February 1, 2007 to present.

18 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

19     Plaintiff incorporates by reference each and every one of the General

20 Responses and Objections as though fully set forth herein.  Plaintiff further objects

21 to this request to the extent that it seeks information neither relevant to the subject

22 matter of this litigation nor reasonably calculated to lead to the discovery of

23 admissible evidence.  Plaintiff further objects to this request on the ground that it is

24 overbroad, unduly burdensome and oppressive.   Plaintiff further objects to this

25 request on the ground that it seeks the production of documents containing

26 confidential, sensitive, proprietary, commercial, business and financial information.

27 Plaintiff further objects to this request on the ground that it violates the right to

28 privacy of a third party.  Plaintiff further objects to this request to the extent that it

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                    40          PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                          TO REQUESTS FOR PRODUCTION (SET
                                                         ONE)

1  seeks documents protected by attorney-client privilege or the work-product
2  doctrine.

3      Subject to and without waiving the foregoing objections, Plaintiff responds
4  as follows:  Plaintiff will make available for inspection all relevant, non-privileged
5  responsive documents.  However, confidential documents responsive to this request
6  will only be made available for inspection following entry of a protective order.

7

8  **REQUEST FOR PRODUCTION NO. 50:**

9      Any and all DOCUMENTS which refer, reflect or relate to any tickets
10  purchased by or on behalf of Gary Charles Bonner on the ticketmaster.com website
11  from February 1, 2007 to present.

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

13      Plaintiff incorporates by reference each and every one of the General
14  Responses and Objections as though fully set forth herein.  Plaintiff further objects
15  to this request to the extent that it seeks information neither relevant to the subject
16  matter of this litigation nor reasonably calculated to lead to the discovery of
17  admissible evidence.  Plaintiff further objects to this request on the ground that it is
18  overbroad, unduly burdensome and oppressive.  Plaintiff further objects to this
19  request on the ground that it seeks the production of documents containing
20  confidential, sensitive, proprietary, commercial, business and financial information.
21  Plaintiff further objects to this request on the ground that it violates the right to
22  privacy of a third party.  Plaintiff further objects to this request to the extent that it
23  seeks documents protected by attorney-client privilege or the work-product
24  doctrine.

25      Subject to and without waiving the foregoing objections, Plaintiff responds
26  as follows:  Plaintiff will make available for inspection all relevant, non-privileged
27  responsive documents.  However, confidential documents responsive to this request
28  will only be made available for inspection following entry of a protective order.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                                    41        PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                                        TO REQUESTS FOR PRODUCTION (SET
                                                        ONE)

1

2   **REQUEST FOR PRODUCTION NO. 51:**

3        Any and all DOCUMENTS which refer, reflect or relate to any tickets

4   purchased by or on behalf of Designer Tickets on the ticketmaster.com website

5   from February 1, 2007 to present.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

7        Plaintiff incorporates by reference each and every one of the General

8   Responses and Objections as though fully set forth herein. Plaintiff further objects

9   to this request to the extent that it seeks information neither relevant to the subject

10  matter of this litigation nor reasonably calculated to lead to the discovery of

11  admissible evidence. Plaintiff further objects to this request on the ground that it is

12  overbroad, unduly burdensome and oppressive. Plaintiff further objects to this

13  request on the ground that it seeks the production of documents containing

14  confidential, sensitive, proprietary, commercial, business and financial information.

15  Plaintiff further objects to this request on the ground that it violates the right to

16  privacy of a third party. Plaintiff further objects to this request to the extent that it

17  seeks documents protected by attorney-client privilege or the work-product

18  doctrine.

19

20  **REQUEST FOR PRODUCTION NO. 52:**

21       Any and all DOCUMENTS which refer, reflect or relate to any

22  communications that YOU have had with Barry's Tickets, located in Los Angeles,

23  California, regarding the possible sale of the Barry's Tickets business to YOU.

24  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

25       Plaintiff incorporates by reference each and every one of the General

26  Responses and Objections as though fully set forth herein. Plaintiff further objects

27  to this request because it seeks information neither relevant to the subject matter of

28  this litigation nor reasonably calculated to lead to the discovery of admissible

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41217296.1                              42          PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                                    TO REQUESTS FOR PRODUCTION (SET
                                                    ONE)

1    evidence, given the dismissal of Defendant's counterclaim. Plaintiff further objects

2    to this request on the ground that it lacks foundation. Plaintiff further objects to this

3    request on the ground that it violates the right to privacy of a third party.

4

5    **REQUEST FOR PRODUCTION NO. 53:**

6         Any and all DOCUMENTS which refer, reflect or relate to any

7    communications that YOU have had with Sea Coast Ticket Agency, Inc. located in

8    Portsmouth, New Hampshire, regarding the possible sale of the Sea Coast Ticket

9    Agency business to YOU.

10   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

11        Plaintiff incorporates by reference each and every one of the General

12   Responses and Objections as though fully set forth herein. Plaintiff further objects

13   to this request because it seeks information neither relevant to the subject matter of

14   this litigation nor reasonably calculated to lead to the discovery of admissible

15   evidence, given the dismissal of Defendant's counterclaim. Plaintiff further objects

16   to this request on the ground that it lacks foundation. Plaintiff further objects to this

17   request on the ground that it violates the right to privacy of a third party.

18

19   **REQUEST FOR PRODUCTION NO. 54:**

20        Any and all DOCUMENTS which refer, reflect or relate to any

21   communications that YOU have had with Total Travel and Tickets in Florida

22   regarding the possible sale of the Total Travel and Tickets business to YOU.

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                          43         PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                               TO REQUESTS FOR PRODUCTION (SET
                                               ONE)

1  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

2       Plaintiff incorporates by reference each and every one of the General

3  Responses and Objections as though fully set forth herein. Plaintiff further objects

4  to this request because it seeks information neither relevant to the subject matter of

5  this litigation nor reasonably calculated to lead to the discovery of admissible

6  evidence, given the dismissal of Defendant's counterclaim. Plaintiff further objects

7  to this request on the ground that it lacks foundation. Plaintiff further objects to this

8  request on the ground that it violates the right to privacy of a third party.

9

10  **REQUEST FOR PRODUCTION NO. 55:**

11       Any and all DOCUMENTS which refer, reflect or relate to any

12  communications that YOU have had with Admit One, located in New York, new

13  York regarding the possible sale of the Admit One business to YOU.

14  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

15       Plaintiff incorporates by reference each and every one of the General

16  Responses and Objections as though fully set forth herein. Plaintiff further objects

17  to this request because it seeks information neither relevant to the subject matter of

18  this litigation nor reasonably calculated to lead to the discovery of admissible

19  evidence, given the dismissal of Defendant's counterclaim. Plaintiff further objects

20  to this request on the ground that it lacks foundation. Plaintiff further objects to this

21  request on the ground that it violates the right to privacy of a third party.

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1

44

PLAINTIFF'S SUPPLEMENTAL RESPONSES
TO REQUESTS FOR PRODUCTION (SET
ONE)

1    **REQUEST FOR PRODUCTION NO. 56:**

2         Any and all DOCUMENTS which refer, reflect or relate to any

3    communications that YOU have had with As Off Music regarding the possible sale

4    of the As Off Music business to YOU.

5    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

6         Plaintiff incorporates by reference each and every one of the General

7    Responses and Objections as though fully set forth herein.  Plaintiff further objects

8    to this request because it seeks information neither relevant to the subject matter of

9    this litigation nor reasonably calculated to lead to the discovery of admissible

10   evidence, given the dismissal of Defendant's counterclaim. Plaintiff further objects

11   to this request on the ground that it lacks foundation.  Plaintiff further objects to this

12   request on the ground that it violates the right to privacy of a third party.

13

14   **REQUEST FOR PRODUCTION NO. 57:**

15        Any and all DOCUMENTS which refer, reflect or relate to any tickets that

16   YOU have sold to Barry's Tickets in Los Angeles, California from January 1, 2007

17   to present.

18   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

19        Plaintiff incorporates by reference each and every one of the General

20   Responses and Objections as though fully set forth herein.  Plaintiff further objects

21   to this request because it seeks information neither relevant to the subject matter of

22   this litigation nor reasonably calculated to lead to the discovery of admissible

23   evidence, given the dismissal of Defendant's counterclaim.  Plaintiff further objects

24   to this request to the extent that it lacks foundation.  Plaintiff further objects to this

25   request on the ground that it violates the right to privacy of a third party.

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                            45                PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                                        TO REQUESTS FOR PRODUCTION (SET
                                                        ONE)

1 **REQUEST FOR PRODUCTION NO. 58:**

2    Any and all DOCUMENTS which refer, reflect or relate to any

3 complementary tickets that YOU have given to Barry's Tickets in Los Angeles,

4 California from January 1, 2007 to present.

5 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

6    Plaintiff incorporates by reference each and every one of the General

7 Responses and Objections as though fully set forth herein.  Plaintiff further objects

8 to this request because it seeks information neither relevant to the subject matter of

9 this litigation nor reasonably calculated to lead to the discovery of admissible

10 evidence, given the dismissal of Defendant's counterclaim.  Plaintiff further objects

11 to this request to the extent that it lacks foundation.  Plaintiff further objects to this

12 request on the ground that it violates the right to privacy of a third party.

13

14 **REQUEST FOR PRODUCTION NO. 59:**

15    Any and all DOCUMENTS which refer, reflect or relate to any tickets that

16 YOU have sold to Sea Coast Ticket Agency, located in Portsmouth, New

17 Hampshire from January 1, 2007 to present.

18 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

19    Plaintiff incorporates by reference each and every one of the General

20 Responses and Objections as though fully set forth herein.  Plaintiff further objects

21 to this request because it seeks information neither relevant to the subject matter of

22 this litigation nor reasonably calculated to lead to the discovery of admissible

23 evidence, given the dismissal of Defendant's counterclaim.  Plaintiff further objects

24 to this request to the extent that it lacks foundation.  Plaintiff further objects to this

25 request on the ground that it violates the right to privacy of a third party.

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1

46

PLAINTIFF'S SUPPLEMENTAL RESPONSES
TO REQUESTS FOR PRODUCTION (SET
ONE)

1  **REQUEST FOR PRODUCTION NO. 60:**

2      Any and all DOCUMENTS which refer, reflect or relate to any

3  complementary tickets that YOU have given to Sea Coast Ticket Agency, located in

4  Portsmouth, New Hampshire from January 1, 2007 to present.

5  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

6      Plaintiff incorporates by reference each and every one of the General

7  Responses and Objections as though fully set forth herein. Plaintiff further objects

8  to this request because it seeks information neither relevant to the subject matter of

9  this litigation nor reasonably calculated to lead to the discovery of admissible

10  evidence, given the dismissal of Defendant's counterclaim. Plaintiff further objects

11  to this request to the extent that it lacks foundation. Plaintiff further objects to this

12  request on the ground that it violates the right to privacy of a third party.

13

14  **REQUEST FOR PRODUCTION NO. 61:**

15      Any and all DOCUMENTS which refer, reflect or relate to any tickets that

16  YOU have sold to Total Travel and Tickets, located in Florida, from January 1,

17  2007 to present.

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

19      Plaintiff incorporates by reference each and every one of the General

20  Responses and Objections as though fully set forth herein. Plaintiff further objects

21  to this request because it seeks information neither relevant to the subject matter of

22  this litigation nor reasonably calculated to lead to the discovery of admissible

23  evidence, given the dismissal of Defendant's counterclaim. Plaintiff further objects

24  to this request to the extent that it lacks foundation. Plaintiff further objects to this

25  request on the ground that it violates the right to privacy of a third party.

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                    47            PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                           TO REQUESTS FOR PRODUCTION (SET
                                                          ONE)

1    **REQUEST FOR PRODUCTION NO. 62:**

2          Any and all DOCUMENTS which refer, reflect or relate to any

3    complementary tickets that YOU have given to Total Travel and Tickets, located in

4    Florida from January 1, 2007 to present.

5    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

6          Plaintiff incorporates by reference each and every one of the General

7    Responses and Objections as though fully set forth herein.  Plaintiff further objects

8    to this request because it seeks information neither relevant to the subject matter of

9    this litigation nor reasonably calculated to lead to the discovery of admissible

10   evidence, given the dismissal of Defendant's counterclaim.  Plaintiff further objects

11   to this request to the extent that it lacks foundation.  Plaintiff further objects to this

12   request on the ground that it violates the right to privacy of a third party.

13

14   **REQUEST FOR PRODUCTION NO. 63:**

15         Any and all DOCUMENTS which refer, reflect or relate to any tickets that

16   YOU have sold to Admit One, located in New York, from January 1, 2007 to

17   present.

18   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

19         Plaintiff incorporates by reference each and every one of the General

20   Responses and Objections as though fully set forth herein.  Plaintiff further objects

21   to this request because it seeks information neither relevant to the subject matter of

22   this litigation nor reasonably calculated to lead to the discovery of admissible

23   evidence, given the dismissal of Defendant's counterclaim.  Plaintiff further objects

24   to this request to the extent that it lacks foundation.  Plaintiff further objects to this

25   request on the ground that it violates the right to privacy of a third party.

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                                48                    PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                                               TO REQUESTS FOR PRODUCTION (SET
                                                               ONE)

1  **REQUEST FOR PRODUCTION NO. 64:**

2      Any and all DOCUMENTS which refer, reflect or relate to any

3  complementary tickets that YOU have given to Admit One, located in New York,

4  from January 1, 2007 to present.

5  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

6      Plaintiff incorporates by reference each and every one of the General

7  Responses and Objections as though fully set forth herein. Plaintiff further objects

8  to this request because it seeks information neither relevant to the subject matter of

9  this litigation nor reasonably calculated to lead to the discovery of admissible

10  evidence, given the dismissal of Defendant's counterclaim. Plaintiff further objects

11  to this request to the extent that it lacks foundation. Plaintiff further objects to this

12  request on the ground that it violates the right to privacy of a third party.

13

14  **REQUEST FOR PRODUCTION NO. 65:**

15      Any and all DOCUMENTS which refer, reflect or relate to any tickets that

16  YOU have sold to As Off Music from January 1, 2007 to present.

17  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

18      Plaintiff incorporates by reference each and every one of the General

19  Responses and Objections as though fully set forth herein. Plaintiff further objects

20  to this request because it seeks information neither relevant to the subject matter of

21  this litigation nor reasonably calculated to lead to the discovery of admissible

22  evidence, given the dismissal of Defendant's counterclaim. Plaintiff further objects

23  to this request to the extent that it lacks foundation. Plaintiff further objects to this

24  request on the ground that it violates the right to privacy of a third party.

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                                        49                    PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                                                        TO REQUESTS FOR PRODUCTION (SET
                                                                        ONE)

**REQUEST FOR PRODUCTION NO. 66:**

Any and all DOCUMENTS which refer, reflect or relate to any complementary tickets that YOU have given to As Off Music from January 1, 2007 to present.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Plaintiff incorporates by reference each and every one of the General Responses and Objections as though fully set forth herein. Plaintiff further objects to this request because it seeks information neither relevant to the subject matter of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, given the dismissal of Defendant's counterclaim. Plaintiff further objects to this request to the extent that it lacks foundation. Plaintiff further objects to this request on the ground that it violates the right to privacy of a third party.

Dated: March 27, 2008                    MANATT, PHELPS & PHILLIPS, LLP


By: _____
    Raaqim A. S. Knight
    *Attorneys for Plaintiff*
    TICKETMASTER L.L.C.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41217296.1                              50              PLAINTIFF'S SUPPLEMENTAL RESPONSES
                                                        TO REQUESTS FOR PRODUCTION (SET
                                                        ONE)

**PROOF OF SERVICE**

I, Lori McCoy Shuler declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On March 27, 2008, I served a copy of the within document(s):

**Plaintiff Ticketmaster L.L. C's Supplemental Responses to RMG Technologies, Inc.'s Request for Production of Documents (Set One)]**

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐     by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Golden State Overnight agent for delivery.

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐     by sending an electronic message with attached PDF.

David N. Tarlow, Esq.
Law Offices of Coggan & Tarlow
1925 Century Park East, Suite 2320
Los Angeles, California 90067-2343
Tel. No. (310) 407-0922
Fax No. (310) 407-0923
Email: dnt@cogganlaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41221120.1

1    I declare that I am employed in the office of a member of the bar of this court at whose
2 direction the service was made.

3    Executed on March 27, 2008, at Los Angeles, California.

4

5                                          Lori McCoy Shuler

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Los Angeles

41221120.1                              2