**DECLARATION**

Dockets.Justia.com

# DECLARATION OF RAAQIM KNIGHT

I, Raaqim Knight, declare as follows:

1.    I am an attorney licensed to practice before all courts of the State of California and before this Court. I am an associate in the law firm of Manatt, Phelps & Phillips, LLP, counsel for Plaintiff Ticketmaster L.L.C. ("Ticketmaster") in this matter. I have personal knowledge of the facts set forth in this Declaration. If called as a witness, I can and will testify competently to all of these facts.

2.    Attached hereto as **Exhibit A** is a true and correct copy of relevant portions of the Declaration of Kevin McLain, filed in support of Plaintiff's Motion for Preliminary Injunction.

3.    Attached hereto as **Exhibit B** is a true and correct copy of the Court's Order Granting Motion to Dismiss

4.    Attached hereto as **Exhibit C** is a true and correct copy of the Order Granting Plaintiff's Motion for Preliminary Injunction.

5.    On January 25, 2008, Don Brown, of Manatt, Phelps & Phillips, sent via e-mail a draft stipulated protective order to David Tarlow, counsel for Defendant RMG Technologies, Inc. ("RMG"), for his consideration. Mr. Tarlow did not respond to Mr. Brown's January 25, 2008 e-mail. Attached hereto as **Exhibit D** is a true and correct copy of the January 25, 2008 e-mail.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41222941.1

DECLARATION OF RAAQIM KNIGHT

6.      On February 4, 2008, Mr. Brown sent Mr. Tarlow another e-mail, superseding his January 28, 2008 e-mail, which attached a revised draft stipulated protective order.   Mr. Tarlow did not respond to Mr. Brown's February 4, 2008 e-mail, or otherwise provide any comments regarding either of the draft protective orders that Mr. Brown forwarded.  To date, RMG has not provided Ticketmaster with any comments to the draft Stipulated Protective Order that Ticketmaster sent to RMG's counsel, nor has RMG provided any alternative protective order for Ticketmaster's consideration.  Attached hereto as **Exhibit E** are true and correct copies of the February 4, 2008 e-mail and the accompanying revised draft stipulated protective order.

7.      On March 5, 2008, I met and conferred with Mr. Tarlow regarding Ticketmaster's responses to Defendant RMG Technologies, Inc.'s Request for Production of Documents (Set One), pursuant to L.R. 37-1.

8.      At the outset of the mandatory conference of counsel, I inquired into the status of the draft Stipulated Protective Order that Mr. Brown had forwarded to Mr. Tarlow, but for which RMG had not provided any comments or other response.  I pointed out that the lack of an operative protective order was delaying Ticketmaster's production of responsive documents.  Mr. Tarlow responded that RMG's principals had become angered by the Court's adverse rulings in this matter and because of that, they were unwilling to negotiate any protective order with Ticketmaster.  As a compromise, I suggested that RMG provide a draft of a protective order that it would be amenable to.  However, Mr. Tarlow stated that he had informed RMG's principals that Ticketmaster would likely bring a motion for a protective order, and that the Court would likely grant such a motion, but that, nevertheless, his client would not give him the authority to enter into a stipulated protective order with Ticketmaster.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

41222941.1

DECLARATION OF RAAQIM KNIGHT

1          9.    During the mandatory conference of counsel, Mr. Tarlow and I

2    discussed Ticketmaster's responses to Document Request Nos. 1, 2, 3 and 6.

3    However, contrary to Mr. Tarlow's claim in the joint stipulation, RMG never

4    inquired into whether Ticketmaster intended on producing any document upon the

5    execution of a protective order. Instead, following Mr. Tarlow's informing me that

6    RMG's principals were angered by the adverse rulings of the Court in this matter

7    and would not agree to enter into any protective order with Ticketmaster, the entry

8    of a protective order was not raised any further. Furthermore, contrary to Mr.

9    Tarlow's claim in the joint stipulation, I never suggested that the documents

10   requested by these requests were relevant, as they are not. Instead, as Mr. Tarlow

11   acknowledged in his declaration supporting RMG's portion of the Joint Stipulation

12   Regarding Plaintiff's Motion to Compel, I stated that these documents were not

13   relevant and would not be produced. Attached hereto as **Exhibit F** is a true and

14   correct copy of the relevant portion of Mr. Tarlow's declaration in support of the

15   Joint Stipulation Regarding Plaintiff's Motion to Compel.

16         10.   During the mandatory conference of counsel, Mr. Tarlow and I

17   discussed Ticketmaster's responses to Document Request No. 12. I informed Mr.

18   Tarlow that the requested documents were irrelevant and highly sensitive. In

19   response, Mr. Tarlow stated that Ticketmaster's failure to claim a loss of goodwill

20   on tax returns would constitute an admission by Ticketmaster that Ticketmaster had

21   not lost any goodwill. While indicating that I understood Mr. Tarlow's logic, I

22   reiterated that the documents would have little to no relevance and would be highly

23   confidential. I also stated that I was skeptical as to whether a corporation's tax

24   returns would indicate lost goodwill in any event. In the spirit of compromise,

25   however, I informed Mr. Tarlow that I would research the issue further, and that

26   Ticketmaster would supplement its response if the law so required. I have

27   researched this issue and believe that Ticketmaster's objections are valid.

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3

41222941.1

DECLARATION OF RAAQIM KNIGHT

1      11.    During the mandatory conference of counsel, Mr. Tarlow and I
2  discussed Ticketmaster's responses to Document Request No. 33. I informed Mr.
3  Tarlow that Ticketmaster was agreeable to producing documents responsive to this
4  request subject to a protective order. However, the documents responsive to this
5  request contain confidential information. I informed Mr. Tarlow that Ticketmaster
6  would not produce confidential documents unless and until the entry of a protective
7  order.

8      12.    During the mandatory conference of counsel, Mr. Tarlow and I
9  discussed Ticketmaster's responses to Document Request Nos. 46, 47 and 48. Mr.
10  Tarlow admitted that these requests related to RMG's antirust counterclaim. I
11  stated that these requests were premature because, at that time, the Court's ruling on
12  Ticketmaster's motion to dismiss was pending. Mr. Tarlow countered that, even if
13  its counterclaim were ultimately dismissed, RMG still asserted antitrust violations
14  as an affirmative defense. In response, I informed Mr. Tarlow that any affirmative
15  defense predicated on antitrust violations would suffer the same infirmities as
16  RMG's counterclaim and thus the same basis for Ticketmaster's objections would
17  apply.

18      13.    During the mandatory conference of counsel, Mr. Tarlow and I
19  discussed Ticketmaster's responses to Document Request Nos. 49 through 66. I
20  stated that, similar to Document Request Nos. 46, 47 and 48, these requests were
21  premature because, at that time, the Court's ruling on Ticketmaster's motion to
22  dismiss was pending. Mr. Tarlow countered that, even if its counterclaim were
23  ultimately dismissed, RMG still asserted antitrust violations as an affirmative
24  defense. I informed Mr. Tarlow that any affirmative defense predicated on antitrust
25  violations would suffer the same infirmities as RMG's counterclaim and thus the
26  same basis for Ticketmaster's objections would apply.

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

4

41222941.1

DECLARATION OF RAAQIM KNIGHT

14.    During the mandatory conference of counsel, Mr. Tarlow and I discussed Ticketmaster's responses to Document Request Nos. 8-24, 32, 34-40, 44-45, 49-50, in which Ticketmaster indicated that it would produce responsive documents.  Mr. Tarlow requested that Ticketmaster produce non-confidential documents, despite the lack of an operative protective order.  I agreed that Ticketmaster would produce non-confidential responsive documents without a protective order.  However, I informed Mr. Tarlow that Ticketmaster and its counsel were in the process of reviewing tens of thousands of pages of documents in order to make a production and that additional time would be needed before such documents could be produced.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed by me on March 31, 2008, in Los Angeles, California.

Raaqim A. S. Knight