Jay M. Coggan (SBN 86107)
jmc@cogganlaw.com
David N. Tarlow (SBN 214050)
dnt@cogganlaw.com
Joshua G. Blum (SBN 249082)
jgb@cogganlaw.com
**COGGAN & TARLOW**
1925 Century Park East, Suite 2320
Los Angeles, California 90067
Telephone (310) 407-0922
Facsimile (310) 407-0923

Attorneys for RMG TECHNOLOGIES, INC., a Delaware corporation

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TICKETMASTER, L.L.C., a Virginia limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RMG TECHNOLOGIES, INC., a Delaware corporation and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CJ 07-2534 ABC(JCx)<br><br>**DISCOVERY MOTION**<br><br>**RMG TECHNOLOGIES, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL TICKETMASTER'S PRODUCTION OF DOCUMENTS.**<br><br>Hearing Date: April 22, 2008<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom 20<br>Pre-Trial Conference: 9/15/08<br>Trial: 10/21/08<br>Discovery Cutoff: 5/23/08 |

I. <u>TICKETMASTER SHOULD BE COMPELLED TO PRODUCE ALL RECORDS CONCERNING ITS CONVENIENCE CHARGES PURSUANT TO RMG REQUEST FOR PRODUCTION NUMBERS 1, 2, 3 AND 6, AS THESE RECORDS ARE RELEVANT TO DEFENDING AGAINST TICKETMASTER'S REQUEST FOR COMPENSATORY DAMAGES.</u>

It is extremely well settled law throughout this country that compensatory damages are those damages intended to make the plaintiff whole. *Adray v. Adry-*

*Mart, Inc.*, (9th Cir. 1995), 76 F.3d 984, 988. *Geddes v. United Financial Group*, (9th Cir. 1977) 559 F.2d 557, 560. *Hendry v. Pelland*, (C.A.C.D. 1996) 73 F.3d 397, 402.

"[A] cardinal principle of law is that in the absence of punitive damages a plaintiff can recover no more than the loss actually suffered.' For 'when the plaintiff has accepted satisfaction in full for the injury done him, from whatever source it may come,' we said, 'he is so far affected in equity and good conscience, that the law will not permit him again to recover for the same damages.' The office of compensatory damages is to make the plaintiff whole, but certainly not more than whole." *Kassman v. American University*, (C.A.D.C. 1976) 546 F.2d 1029, 1033.

In TICKETMASTER, LLC'S ("Ticketmaster") First Amended Complaint, it seeks to be awarded compensatory damages on its: 1) First Claim for Copyright Infringement; 2) Second Claim for Violation of the Digital Millennium Copyright Act; 3) Fourth Claim for Violation of California Penal Code § 502; 4) Seventh Claim for Breach of Contract; and 5) Eight Claim for Inducing Breach of Contract. These compensatory damages claims, in part, arise from Ticketmaster's claim that it sustained increased costs of data storage, trouble shooting and system maintenance as a result of RMG's software. Further, in Ticketmaster's Third Claim for Violation of the Computer Fraud and Abuse Act, it seeks economic damages for its increased costs of data storage, trouble shooting and system maintenance.

Moreover, in Ticketmaster's response to RMG TECHNOLOGIES, INC.'s ("RMG") request for production numbers 4 and 5, Ticketmaster has specifically admitted that its convenience charges are based, among other things, on Plaintiff's cost of doing business, which is in turn affected by the cost of, among other things, Plaintiff's attempt to maintain a secure website and payment to its information technology staff.

It is respectfully submitted that the information requested concerning Ticketmaster's convenience charges, including, but not limited to Ticketmaster's method of determining convenience charges, the factors considered in determining convenience charges, the identity of the persons involved in the decision making process for determining convenience charges and the research which Ticketmaster conducted in determining its convenience charges is directly relevant to RMG's defenses.

First, and by way of example only, if documents concerning Ticketmaster's method of determining its charges (including its research) is to take all of its costs and roll them into its convenience charges, then Ticketmaster would not be entitled to any compensatory damages in this matter relative to its data storage, trouble shooting, system maintenance and internet security, as Ticketmaster would already have been made whole through the sale of tickets to its customers. Further, if Ticketmaster took only ¾ of its costs and rolled them into its convenience charges, then Ticketmaster's claim for compensatory damages relative to its internet security, maintenance and construction would be only 25% of its total costs for same. RMG needs this information in order to defend this lawsuit and disprove Ticketmaster's damages claims.

Second, RMG needs to know what factors Ticketmaster has taken into account when determining convenience charges, as there may be factors which Ticketmaster does not roll into its convenience charges for which RMG may be specifically required to compensate Ticketmaster. RMG needs to know what these factors are to prepare its defense, to determine whether RMG's alleged actions have any effect on these factors in order to show that RMG's alleged actions have no effect upon said factors and to evaluate RMG's possible exposure in this matter. Without having documents showing what these factors are, RMG is in no position to defend against Ticketmaster's claims.

Third, documents concerning the identities of the persons involved in the decision making process for convenience charges are relevant in that they will lead to the discovery of witnesses on the subject.

All of these requested documents are extremely relevant and important to RMG's defense in this matter, and same should be produced forthwith.

## II. TICKETMASTER SHOULD PRODUCE DOCUMENTS CONCERNING CLAIMS IT MADE FOR LOSS OF GOODWILL.

Ticketmaster claims it lost goodwill due to RMG's actions. If Ticketmaster's claim is meritorious, it should have documentation to support same, such as tax returns, financial statements and profit and loss statements which show a loss of goodwill. If Ticketmaster does not possess these types of documents which reflect the loss of goodwill, that would be some evidence of the fact that Ticketmaster has not lost goodwill based upon the actions of RMG. Therefore, Ticketmaster should produce same.

Ticketmaster has asserted that RMG is going on a fishing expedition for the production of sensitive financial data and tax returns which it states is disfavored pursuant to 26 U.S.C. § 6103. However, a reading of 26 U.S.C. § 6103 reveals that it is completely inapplicable to this request, as said section only deals with rules regarding the production of tax records by the government or certain designated persons, of which Ticketmaster is not included.

Finally, RMG's request is specifically tailored for the production of documents that show claims for loss of goodwill. It does not request all financial data of the Plaintiff.

## III. TICKETMASTER'S REFUSAL TO PRODUCE DOCUMENTS PURSUANT TO REQUEST NUMBERS 46-48 AND 51-66.

The discovery cut-off date in this matter is May 23, 2008. On March 10,

COGGAN & TARLOW
ATTORNEYS AT LAW
LOS ANGELES
NEW YORK

4

2008, the court dismissed RMG's anti-trust counter-claims, and granted RMG 30 days leave to amend. RMG will amend its counter-claims by April 9, 2008. RMG still has anti-trust affirmative defenses which are alive, have not been dismissed, and have never been challenged by Ticketmaster.

Ticketmaster's refusal to produce these documents based upon the fact that RMG's anti-trust counterclaims were dismissed, even though RMG's anti-trust affirmative defenses still exist, and even though RMG will be filing amended anti-trust counterclaims by April 9, 2008, is clearly a wrongful attempt to foreclose RMG's ability to obtain said documents by the discovery cutoff.

Finally, Ticketmaster has filed to cite to any relevant authority to support its failure to produce documents responsive to these requests, thus, it should be ordered to produce same forthwith.

### IV. CONCLUSION.

Based upon the foregoing, it is respectfully requested that Defendant's Motion to Compel be granted in its entirety.

Dated: April 8, 2008          Coggan & Tarlow

By: _____
David N. Tarlow
*Attorneys for Defendant*
RMG TECHNOLOGIES, INC.

## PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss:
COUNTY OF LOS ANGELES   )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: **1925 Century Park East, #2320, Los Angeles, California 90067**

On **April 8, 2008,** I served the foregoing document described as **RMG TECHNOLOGIES, INC.'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL TICKETMASTER'S PRODUCTION OF DOCUMENTS** on all interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, and addressed as follows:

Robert H. Platt
Mark Lee
Donald R. Brown
Raaqim Knight
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Blvd.
Los Angeles, CA 90064

**( X ) BY MAIL.** I caused such envelopes to be deposited in the mail. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon, fully prepaid, at Los Angeles, California in the ordinary course of business.

I declare under penalty of perjury that I am the member of the bar of this court at whose direction that the service herein was made.

Executed on this **8th** day of **April, 2008,** at Los Angeles, California.

*/s/ David N. Tarlow*
DAVID N. TARLOW