1  MANATT, PHELPS & PHILLIPS, LLP
   ROBERT H. PLATT (Bar No. CA 108533)
2  rplatt@manatt.com
   MARK S. LEE (Bar No. CA 094103)
3  mlee@manatt.com
   DONALD R. BROWN (Bar No. CA 156548)
4  dbrown@manatt.com
   11355 West Olympic Boulevard
5  Los Angeles, CA  90064-1614
   Telephone:  (310) 312-4000
6  Facsimile:   (310) 312-4224

7  Attorneys for *Plaintiff*
   TICKETMASTER L.L.C.
8

9                 UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| TICKETMASTER L.L.C., a Virginia limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>RMG TECHNOLOGIES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 07-2534 ABC(JCx)<br><br>Hon. Jacqueline Chooljian<br><br>**TICKETMASTER L.L.C.'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS; DECLARATION OF RAAQIM KNIGHT**<br><br>Hearing Date: April 22, 2008<br>Hearing Time: 1:30 p.m.<br>Location:    Courtroom C, 8th Fl, Spring St.<br><br>Pre-Trial Conf.: September 15, 2008<br>Trial Date: October 1, 2008<br>Discovery Cut-Off:  May 23, 2008 |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41225900.1

TICKETMASTER'S SUPPLEMENTAL
BRIEF RE RMG'S MOTION TO COMPEL

**SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendant RMG Technologies, Inc.'s ("RMG") Motion To Compel Production of Documents is much ado about nothing. RMG seeks to "compel" production of (1) documents plaintiff Ticketmaster, L.L.C. ("Ticketmaster") produced before RMG filed its motion to compel, or (2) documents that Ticketmaster has always been prepared to provide upon entry of a protective order. Indeed, Ticketmaster asked RMG to stipulate to a protective order that is virtually identical to the protective order that was entered in a related case – *Ticketmaster L.L.C. v. Designer Tickets and Tours, Inc., et al.*, C.D.Cal., Case No. CV 07-1092 ABC (JCx). RMG refused to stipulate, forcing Ticketmaster to file a concurrent motion for a protective order. Thus, a substantial portion of this motion is unnecessary and could have been avoided.

Most of the remaining requests raised in RMG's motion are moot. In its portion of the Joint Stipulation In Support of Defendant's Motion To Compel (the "Joint Stip"), RMG principally complains that Ticketmaster should produce non-privileged, non-confidential documents that are responsive to Document Request Nos. 18-24, 32, 34-40, 44-45 and 49-50. Ticketmaster produced most, if not all, such documents days before RMG filed its motion. (*See* Declaration of Raaqim Knight attached hereto, ¶ 5.) Indeed, Ticketmaster would have produced the documents sooner, but the requests were so broad that it took seven attorneys and two paralegals six weeks reviewing 407,371 pages of documents, to identify responsive documents, and then to segregate out non-confidential documents that could be produced absent a protective order. (*Id*, ¶¶ 2, 3, 4.)

Many of the remaining items in dispute relate only to RMG's recently dismissed antitrust counterclaims. Ticketmaster believes it would be premature to be subjected to extensive discovery regarding claims that are likely to be dismissed (if, indeed, RMG files amended counterclaims at all after reading some of the

1  Court's comments in granting the motion to dismiss).  After preliminarily enjoining
2  RMG from further infringement of Ticketmaster's rights because of its likely
3  success on the merits (see *Ticketmaster L.L.C. v. RMG Technologies, Inc.*, 507
4  F.Supp.2d 1096 (C.D.Cal. 2007) it commented as follows when dismissing RMG's
5  antitrust counterclaims in Ticketmaster L.L.C. v. RMG Technologies, Inc. ---
6  F.Supp.2d ---, 2008 WL 649788, *4, *6 (C.D.Cal. March 10, 2008):

> The allegations of the ... [antitrust counterclaims] are hopelessly muddled as to what product market (or markets) are at issue here.
> * * *
> RMG should be aware that defining the market in ... [the way it proposed] will undoubtedly give rise to numerous problems in the future...
> * * *
> [M]any of Ticketmaster's arguments as to why RMG's allegations fail appear well-taken; and there is no need to examine these arguments in detail unless RMG manages to identify a proper market.  RMG should consider Ticketmaster's arguments ... if it chooses to amend its counterclaims.

15  New case law affirms that "there is no need to consider" antitrust discovery
16  in such circumstances.  *See U.S. v. Beary*, 2007 WL 2712217, *10 (N.D.Cal. 2007)
17  (denying motion to compel discovery related to dismissed cross-claim); *Curry v.
18  Strain*, 2008 WL 238958, *1 (5th Cir. 2008) (affirming denial of motion to compel
19  discovery related to claims that were previously dismissed).

20  Finally, several of RMG's requests seek production of documents relating to
21  the calculation of Ticketmaster's convenience charges.  However, such documents
22  have no bearing on RMG's liability for its direct and indirect abuse of
23  Ticketmaster's website, and thus are irrelevant and beyond the scope of permissible
24  discovery.  RMG's novel "offset" theory does not change this fact.

25  RMG's request seeking Ticketmaster's tax documents is similarly improper,
26  because such documents are not only irrelevant, but extremely sensitive and
27  confidential.  In the spirit of compromise, Ticketmaster is willing to stipulate that
28  its tax returns do not feature a line item deduction for goodwill lost due to the use

1 | of automated devices or the activities of ticket brokers.

2 |     For all the foregoing reasons as well as those set forth in Ticketmaster's portion of the Joint Stip, the Court should grant Plaintiff's motion

Dated: April 8, 2008     Manatt, Phelps & Phillips, LLP

By: *Donald Brown/RK*
Donald R. Brown
*Attorneys for Plaintiff*
TICKETMASTER L.L.C.

# DECLARATION OF RAAQIM KNIGHT

I, Raaqim Knight, declare as follows:

1. I am an attorney licensed to practice before all courts of the State of California and before this Court. I am an associate in the law firm of Manatt, Phelps & Phillips, LLP, counsel for Plaintiff Ticketmaster L.L.C. ("Ticketmaster") in this matter. I have personal knowledge of the facts set forth in this Declaration. If called as a witness, I can and will testify competently to all of these facts.

2. Since January 2008, I have led a team of seven attorneys and two paralegals tasked with reviewing documents in Ticketmaster's possession to look for documents that might be responsive to Defendant RMG Technologies, Inc.'s ("RMG") discovery requests. This has necessitated the review of at least 407,371 pages of material, which is the equivalent of 203 boxes of documents.

3. Many documents that are potentially responsive to RMG's requests contain sensitive, confidential information, including trade secrets and technological documents indicating Ticketmaster's methods of detecting and preventing violations of its website's terms of use by ticket brokers. Accordingly, documents must be closely scrutinized to identify and adequately protect the confidential information contained therein. This process is laborious and time-consuming.

4. The review was slowed further by the revelation that RMG would not stipulate to a protective order. RMG's refusal to stipulate was unexpected and necessitated an additional review to segregate confidential documents from the remainder to prevent their production in the absence of a protective order.

5. On March 5, 2008, I met and conferred with counsel for RMG, David Tarlow, regarding Ticketmaster's responses to Defendant RMG Technologies, Inc.'s Request for Production of Documents (Set One), pursuant to L.R. 37-1. During that meeting, I informed Mr. Tarlow that I was reviewing Ticketmaster's documents and that Ticketmaster would produce non-confidential responsive documents in approximately two to three weeks. I also informed Mr. Tarlow that Ticketmaster would not produce confidential documents absent an operative protective order.

6. On March 28, 2008, days before RMG filed the instant motion, Ticketmaster produced approximately 1,000 pages of responsive non-confidential documents.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed by me on April 8, 2008, in Los Angeles, California.

Raaqim A. S. Knight