MANATT, PHELPS & PHILLIPS, LLP
ROBERT H. PLATT (Bar No. CA 108533)
rplatt@manatt.com
MARK S. LEE (Bar No. CA 094103)
mlee@manatt.com
DONALD R. BROWN (Bar No. CA 156548)
dbrown@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for *Plaintiff*
TICKETMASTER L.L.C.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TICKETMASTER L.L.C., a Virginia limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>RMG TECHNOLOGIES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 07-2534 ABC(JCx)<br><br>Hon. Jacqueline Chooljian<br><br>**TICKETMASTER L.L.C.'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Hearing Date: April 22, 2008<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom C, 8th Fl, Spring St.<br><br>Pre-Trial Conf.: September 15, 2008<br>Trial Date: October 1, 2008<br>Discovery Cut-Off: May 23, 2008 |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41225318.1

TICKETMASTER'S SUPPLEMENTAL BRIEF RE PLAINTIFF'S MOTION TO COMPEL

Dockets.Justia.com

## I. INTRODUCTION

Since January 7, 2008, Defendant RMG Technologies, Inc. ("RMG") has produced approximately 30 pages of documents in response to Plaintiff Ticketmaster L.L.C.'s ("Ticketmaster") requests for production. Rather, RMG has asserted unfounded objections, utilized overly narrow hyper-technical interpretations of requests to unduly limit their scope, denied possessing documents Ticketmaster has proven are in its possession and falsely promised to produce documents that have never arrived.

In its portion of the Joint Stipulation re Plaintiff's Motion to Compel Production of Documents (the "Joint Stip"), RMG fails to justify its failure to produce responsive documents. Instead, RMG responds to the charge that it has unreasonably withheld documents with the inaccurate *non sequitur* that Ticketmaster has failed to produce documents, too. Notwithstanding the fact that Ticketmaster has produced most, if not all, non-confidential documents responsive to RMG's requests, totaling approximately 1,000 pages, that issue is a red-herring. RMG has an independent obligation to produce relevant, non-privileged documents responsive to the requests despite possessing objections or other complaints regarding Ticketmaster's discovery responses. Accordingly, the Court should grant Ticketmaster's motion.

## II. ARGUMENT

### A. RMG's Withholding of Documents on the Basis of Confidentiality and Simultaneous Refusal to Enter a Stipulated Protective Order Is Without Justification.

RMG's refusal to produce documents based on confidentiality while simultaneously refusing to negotiate a protective order, remains unjustified. Months ago, Ticketmaster sent RMG a draft protective order that is virtually identical to the protective order that was entered in a related case – *Ticketmaster L.L.C. v. Designer Tickets and Tours, Inc., et al.*, C.D.Cal., Case No. CV 07-1092 ABC (JCx). RMG refused to even provide comments. Indeed, in its portion of the

1  Joint Stip, RMG reiterates that it "is simply not amenable to entering into the
2  protective order proposed by Ticketmaster." (*See* Joint Stip, p. 13:3-4.)

3  RMG argues that because the Court granted Ticketmaster's motion for
4  expedited discovery, but did not grant RMG's request for a protective order, it
5  should not have to enter into the proposed protective order nor produce
6  "confidential" documents.[1] RMG complains that the protective order proposed by
7  Ticketmaster provides greater protection for Ticketmaster's confidential
8  information than the Court's Order Granting Leave To Take Expedited Discovery
9  To Determine Compliance With Preliminary Injunction ("Expedited Discovery
10 Order") provided RMG's confidential information. This is a red-herring.

11 The terms of the Court's Expedited Discovery Order have nothing to do with
12 RMG's production of documents going forward. Moreover, the protection
13 provided by Ticketmaster's proposed protective order would apply equally to both
14 parties' confidential documents produced in the ordinary course of discovery.
15 Thus, if RMG is truly concerned about the confidentiality of its documents, it
16 should welcome the added protection provided by Ticketmater's proposed
17 protective order.

18 Moreover, as discussed in the Supplemental Brief In Support of
19 Ticketmaster's Motion for a Protective Order, filed concurrently herewith, and the
20 Expedited Discovery Order itself, the Court had good cause for permitting the level
21 of access to RMG's documents set forth therein, as the Court previously determined
22 when it entered the Expedited Discovery Order. Ultimately, the terms of the
23 Expedited Discovery Order have nothing to do with RMG's continuing obligation
24 to abide by the discovery rules.

---

[1] Contrary to RMG's contention in the Joint Stip, its counsel never informed Ticketmaster that RMG was willing to enter into a revised protective order. Instead, RMG took the position that it would not even engage in negotiations regarding a protective order. Ultimately, RMG refuses to produce any documents unless the Court enters a protective order that has the same terms as that of the Court's Expedited Discovery Order.

### B. RMG's Failure to Produce Responsive Documents It Clearly Possesses Is Without Justification.

In the Joint Stip, RMG continues its attempt to avoid producing documents responsive to Request Nos. 26, 9, 29, 37, 50, 54, 48, 56, and 30 by advancing hyper-technical and overly narrow interpretations of the document requests. For example, RMG contends that the definitions of "Tickets" and "Automated Devices" are so narrow that it could not possibly possess any documents responsive to the requests. However, in its Order Granting Plaintiff's Motion For Preliminary Injunction (the "Injunction") the Court rejected RMG's definition of "Automated Devices" and ruled that RMG's products are automated devices. (*See* Injunction, pp. 14:3-16:3.) Moreover, RMG admits that during the mandatory meet and confer process, Ticketmaster clarified the categories of documents sought and offered to amend several definitions accordingly, including the definition of "Tickets."

In the Joint Stip, RMG contends that it is entitled to hold on to its overly narrow interpretations and simply ignore Ticketmaster's amended definitions. RMG suggests that rather than compromise during the meet and confer process, the parties' only option was for Ticketmaster to draft and serve entirely new requests. The Local Rules and Federal Rules require otherwise. L.R. 37-1 ("[C]ounsel for the parties shall confer in a good faith attempt to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible."); Fed.R.Civ.P 37 (requires litigants to seek to resolve discovery disputes by informal means before filing discovery motions).

### C. RMG's Failure to Produce Documents Based On Its Overbreadth and Relevance Objections Is Without Justification.

RMG refused to produce documents in response to Request Nos. 41, 39, 13, 58, 14, 60 & 61 objecting that the requests are overly broad and thus seek irrelevant documents. However, RMG does not contend that there are no relevant documents that would be responsive to these requests. RMG argues that it should be excused

1  from producing relevant documents because it claims some may not be relevant.
2  This violates RMG's discovery obligations. Fed.R.Civ.P. 34 ("An objection to part
3  of a request must specify the party and permit inspection of the rest"); William W.
4  Schwarzer, A. Wallace Tashima & James M. Wagstaffe, *California Practice Guide,*
5  *Federal Civil Procedure Before Trial*, ch. 11(IV)-C, ¶ 11:1917 (2007) ("Avoid
6  relying exclusively on the 'oppressive and burdensome' objection. Instead, suggest
7  alternatives ... (e.g., limit production to records covering a certain period of time, ...
8  etc.)").

### D. RMG's Failure to Produce Documents It Indicated That It Would Produce Is Without Justification.

In a December 2007 meeting, in RMG's January 2008 Supplemental Response to Request For Production of Documents (Set One) (the "Supplemental Responses"), and its portion of the Joint Stip, RMG has repeatedly stated that it would, at some undefined point in the future, produce documents responsive to Document Request Nos. 1, 2, 9, 10, 15-17, 20-24, 26-27, 35, 40, 42-47, 49, 51, 52-53, 55, and 59. However, to date, RMG has not produced a single document that originated with RMG. Indeed, its total production is less than 30 pages.

In the Joint Stip, RMG complains that Ticketmaster hastily rushed to file its motion to compel. RMG also accuses Ticketmaster of being uncooperative because it would not agree to wait an additional unspecified amount of time before seeking to compel production of the requested documents. These accusations are specious.

RMG has already made several unfulfilled promises to produce documents.[2]

---

[2] On or about December 7, 2008, at a mandatory conference of counsel, RMG promised to make an initial production of documents on January 7, 2008 that would be followed by the production of additional responsive documents along with its Supplemental Responses. On January 29, 2008, RMG's counsel served its Supplemental Responses and indicated that additional responsive documents were "coming under separate cover." No documents ever came. Moreover, RMG never informed Ticketmaster that it would not be producing additional documents, despite its responses to the contrary, until the March 5, 2008 mandatory meeting of counsel. RMG's failure to inform Ticketmaster that no additional documents would be forthcoming, despite its responses to the contrary, induced Ticketmaster to delay filing a motion to compel much earlier.

1 | In the face of RMG's failure to keep its earlier promises, and with the looming
2 | discovery cutoff, Ticketmaster simply did not have the luxury of being able to wait
3 | for RMG to finally fulfill its promises.

### E. RMG's Objections That Responsive Documents Are Equally Accesible to Ticketmaster Is Not Well Taken.

Finally, RMG's objections to Request Nos. 8 and 41, that it does not have to produce documents that are "equally available" to Ticketmaster are not well taken. *Greenly v. Lee*, 2008 WL 298822, 3 (E.D.Cal. 2008) (finding objection that documents were "equally available" to the requesting party inappropriate to the extent the responding party had responsive documents in his possession, custody or control) (citing *St. Paul Reinsurance Co. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D.Iowa 2000) ("courts have unambiguously stated that this exact objection is insufficient to resist a discovery request")).

### III. CONCLUSION

For all the foregoing reasons as well as those set forth in Ticketmaster's portion of the Joint Stip, the Court should grant Plaintiff's motion.

Dated: April 8, 2008       Manatt, Phelps & Phillips, LLP

By: _____
Donald R. Brown
*Attorneys for Plaintiff*
TICKETMASTER L.L.C.