| | |
|---|---|
| 1 | MANATT, PHELPS & PHILLIPS, LLP |
| | ROBERT H. PLATT (Bar No. CA 108533) |
| 2 | rplatt@manatt.com |
| | MARK S. LEE (Bar No. CA 094103) |
| 3 | mlee@manatt.com |
| | DONALD R. BROWN (Bar No. CA 156548) |
| 4 | dbrown@manatt.com |
| | 11355 West Olympic Boulevard |
| 5 | Los Angeles, CA 90064-1614 |
| | Telephone: (310) 312-4000 |
| 6 | Facsimile: (310) 312-4224 |
| 7 | Attorneys for *Plaintiff* |
| | TICKETMASTER L.L.C. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| TICKETMASTER L.L.C., a Virginia limited liability company, | Case No. CV 07-2534 ABC(JCx) |
|---|---|
| Plaintiff, | Hon. Jacqueline Chooljian |
| vs. | **TICKETMASTER, L.L.C.'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER** |
| RMG TECHNOLOGIES, INC., a Delaware corporation, and DOES 1 through 10, inclusive, | |
| Defendants. | Hearing Date: April 22, 2008 |
| | Hearing Time: 1:30 p.m. |
| | Location: Courtroom C, 8th Fl, Spring St. |
| | Pre-Trial Conf.: September 15, 2008 |
| | Trial Date: October 1, 2008 |
| | Discovery Cut-Off: May 23, 2008 |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41225862.1

TICKETMASTER'S SUPPLEMENTAL BRIEF RE PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Dockets.Justia.com

## I. INTRODUCTION

Plaintiff Ticketmaster, L.L.C. ("Ticketmaster") should not have had to bring this motion. Defendant RMG Technologies, Inc.'s ("RMG") refusal to negotiate a stipulated protective order with Ticketmaster has nothing to do with its desire to protect its confidential information. Rather, RMG's principals have opposed this motion because they are upset with the Court's previous adverse rulings in this matter. In the Joint Stipulation in Support of Plaintiff's Motion For a Protective Order ("Joint Stip"), RMG completely ignores the legal standard governing Ticketmaster's motion. RMG instead asserts a myriad of irrelevant arguments, accusations and red-herrings. It culminates with RMG's proffer of protective order terms that it would find amenable (three months after Ticketmaster provided it with a draft protective order for comment, but not before it wasted the time and resources of the Court, the parties and their counsel).

This Court should grant Plaintiff's motion and order RMG to pay Ticketmaster's reasonable expenses incurred in making this motion, including attorney's fees.

## II. ARGUMENT

### A. RMG's Portion of the Joint Stip Ignores the Legal Standard Governing This Motion.

Ticketmaster is entitled to a protective order if it can show that the subject information is confidential under California law, and that unrestricted disclosure of such information might harm Ticketmaster. *American Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 740 (Fed. Cir. 1987). Thus, to avoid a protective order, RMG needed to show that: (a) Tickemaster's information was not confidential; or (b) that unrestricted disclosure of the information would not harm Ticketmaster. RMG did not even attempt to do so.

Ticketmaster's portion of the Joint Stip also alerted RMG to the fact that it had the burden of demonstrating that its need for unrestricted access to the

requested information outweighs the injury that disclosure might cause to Ticketmaster. *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). However, RMG made no attempt to make such a showing, either. Indeed, nowhere in the Joint Stip does RMG explain why its technology staff needs unrestricted access to Ticketmaster's highly sensitive information to defend itself. Nor does it contend that the resulting harm to Ticketmaster is outweighed by its alleged need. Meanwhile, the arguments that RMG has advanced are specious.

### B. The Protective Order Protects Both Parties.

RMG argues that Ticketmaster's proposed protective order will not protect its confidential information because Ticketmaster has already been given unfettered access to RMG's source code.[1] While Ticketmaster has <u>not</u> been given unfettered access to RMG's source code (the Court's Expedited Discovery Order does impose restrictions on Ticketmaster's use of the information), that issue is a red herring. The terms of the Court's Expedited Discovery Order have nothing to do with the parties' production of documents going forward.

Moreover, RMG itself has objected to discovery requests from Ticketmaster on the grounds that the material requested was allegedly confidential. Thus, RMG as well as Ticketmaster would benefit from entry of a protective order.

### C. The Court's Expedited Discovery Order Was Warranted.

RMG argues further that it is unfair for Ticketmaster to get greater protection for its own technical information than the Court allowed for RMG when it entered its Expedited Discovery Order. RMG contends that because the Court granted Ticketmaster's motion for expedited discovery without granting RMG's request for

---

[1] When scrutinized, RMG's argument that it is not benefited by the proposed protective order only makes sense if RMG is not producing any additional sensitive material. If RMG stands by the position that it is not producing any additional sensitive material, then either: (a) RMG has (once again) falsely promised to produce documents it has no intention of producing, or (b) RMG is waiving its ability to claim confidentiality protection for any documents eventually produced.

a protective order,[2] it should not have to enter into Ticketmaster's proposed protective order. Aside from the impropriety of indirectly asking this Court to reconsider the previous Expedited Discovery Order, RMG's argument makes no sense. If RMG is truly concerned about the confidentiality of its documents, it should welcome the added protection Ticketmaster's proposed protective order would provide for prospective productions.

Moreover, any discrepancy in the parties' relative access to their opponent's confidential information would be justified, as the Court implicitly recognized when it ordered expedited discovery without all of the restrictions RMG requested. Ticketmaster's concerns regarding RMG's access to Ticketmaster's sensitive information are based on RMG's history of illegal infiltration of Ticketmaster's website. The Court has already ruled that RMG's products and services likely are infringing Ticketmaster's rights when it entered the preliminary injunction in Ticketmaster's favor. Ticketmaster's concern that RMG could use Ticketmaster's sensitive information to create new or improved automated devices to defeat Ticketmaster's security measures is reasonable in such circumstances.

On the other hand, Ticketmaster has no need or incentive to use RMG's computer code and other sensitive information in the manner RMG claims to fear Ticketmaster will. RMG claimed it "feared that [its confidential] information would be disseminated to the public," and "that Ticketmaster was attempting to purchase businesses that operate in the secondary market, and would use TBAT's source code for its own purposes." (Joint Stip, pp. 3:27-4:2.) However,

---

[2] RMG makes the half-hearted argument that the Court's refusal to issue the protective order proposed by RMG, should be the law of the case. However, reliance on the law of the case doctrine in this instance would be misplaced, because that doctrine only applies to the rulings of appellate courts. *See U.S. v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) ("*All rulings of a trial court are subject to revision at any time before the entry of judgment.*") (emphasis in original); *Waggoner v. Dallaire*, 767 F.2d 589, 593 (9th Cir. 1985) (quotation omitted), cert. denied, 475 U.S. 1064 (1986) ("The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case.").

Ticketmaster has no interest in the widespread dissemination of source code that can be used to circumvent its own security measures. Ticketmaster has filed this action to prevent just such conduct. Further, Ticketmaster obviously does not need to use, and would have no interest in using, RMG's automated devices to circumvent its own security measures.

### D. Regardless of RMG's Size, Ticketmaster's Confidential Information Is Entitled to Protection.

RMG adds that it is a small company with limited resources and thus, according to RMG, it would be more economical and efficient for RMG's staff to review Ticketmaster's technical documents, than for RMG to retain an expert to review them. Again, RMG has not identified what purpose its staff would have for reviewing Ticketmaster's technical documents. But regardless of the purpose, this is another red-herring. The amount of resources RMG possesses does not change Ticketmaster's need to protect its trade secrets and other highly sensitive information from misuse.[3] If anything, RMG's "limited resources" increase the need for a protective order, since they increase RMG's incentive to increase its profits by improperly using such information to create new or improved automated devices it could market to others.

### E. RMG Should Be Ordered To Bear the Cost of This Motion.

Ticketmaster should not have had to bring this motion. Months ago, Ticketmaster provided RMG with a draft protective order that is virtually identical to the protective order that was entered in a related case – *Ticketmaster L.L.C. v. Designer Tickets and Tours, Inc., et al.*, C.D.Cal., Case No. CV 07-1092 ABC (JCx). RMG refused to even provide comments. Ticketmaster's proposed protective order is reasonable and RMG's refusal to negotiate is improper.

---

[3] Moreover, RMG would have to pay its own staff for its review of Ticketmaster's material. Accordingly, the additional costs associated with hiring an outside expert to review Ticketmaster's material are offset by amounts it will save by not having to pay its own staff to perform that task.

In fact, RMG's counsel admitted that RMG's refusal to negotiate was not in good faith. At the mandatory conference of counsel, RMG's counsel informed Ticketmaster's counsel that RMG's principals had become angered by the Court's adverse rulings in this matter and were therefore unwilling to negotiate any protective order with Ticketmaster. (Declaration of Raaqim Knight filed concurrently with the Joint Stipulation Regarding Defendant's Motion To Compel Production of Documents, ¶ 8.) RMG's counsel stated that he informed RMG's principals that Ticketmaster would likely move—successfully—for a protective order, but they nevertheless would not give him the authority to enter into a stipulated protective order with Ticketmaster. (*Id.*)

RMG's belated concession that it "is willing to enter into a protective order on the same terms as that of the court's November 9, 2007 order"[4] ignores the fact that RMG refused to negotiate for three months, forcing Ticketmaster to file this otherwise unnecessary motion. RMG should be ordered to pay the fees it forced Ticketmaster to incur in bringing this motion, pursuant to FRCP 37(a)(5).

### III. CONCLUSION

For all the foregoing reasons as well as those set forth in Ticketmaster's portion of the Joint Stip, the Court should grant Plaintiff's motion.

Dated:   April 8, 2008          Manatt, Phelps & Phillips, LLP

By: *Donald Brown*/RK
   Donald R. Brown
   *Attorneys for Plaintiff*
   TICKETMASTER L.L.C.

---

[4] Ticketmaster maintains that its proposed protective order, attached to the Joint Stip, is more appropriate in this case than a protective order that is limited to the terms of the Expedited Discovery Order.