ROBERT H. PLATT (Bar No. CA 108533)
rplatt@manatt.com
MARK S. LEE (Bar No. CA 094103)
mlee@manatt.com
CHAD S. HUMMEL (Bar No. CA 139055)
chummel@manatt.com
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for *Plaintiff and Counter-Defendant*
TICKETMASTER L.L.C. and *Counter-Defendant*
IAC/INTERACTIVECORP

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TICKETMASTER L.L.C., a Virginia limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>RMG TECHNOLOGIES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 07-2534-ABC (JCx)<br><br>**TICKETMASTER L.L.C. AND IAC/INTERACTIVECORP'S *EX PARTE* APPLICATION TO STAY ALL MOTION, DISCOVERY, AND PRETRIAL DEADLINES UNTIL DEFENDANTS ENGAGE COUNSEL OR A DEFAULT IS ENTERED; DECLARATION OF MARK S. LEE IN SUPPORT THEREOF** |
| RMG TECHNOLOGIES, INC., a Delaware corporation,<br><br>Counterclaim-Plaintiff,<br><br>vs.<br><br>TICKETMASTER L.L.C., a Virginia limited liability company, IAC/INTERACTIVE CORP., a Delaware corporation, and ROES 1 through 10, inclusive,<br><br>Counterclaim-Defendants. | Complaint Filed: April 17, 2007 |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

Plaintiff and counterclaim-defendant Ticketmaster L.L.C. ("Ticketmaster") and counterclaim-defendant IAC/InterActiveCorp ("IAC") hereby apply *ex parte* for an Order staying all pending motion, discovery and pretrial deadlines. Ticketmaster and IAC request this relief because defendant and counterclaimant RMG Technologies, Inc. ("RMG"), a corporation, is currently without counsel and therefore may neither defend against Ticketmaster's claims nor prosecute its counterclaims. The lack of counsel for RMG is making it difficult or impossible for Ticketmaster and IAC to proceed on the merits in compliance with deadlines currently established by rules or this Court's Orders.

Therefore Ticketmaster and IAC request that these deadlines be stayed until such time, if ever, that RMG has retained new counsel and the Court has an opportunity to order new deadlines. Ticketmaster and IAC make this application without waiving any right of Ticketmaster and IAC to seek entry of a default against RMG in the meantime (which, if entered, would obviate any need for the Court to order new deadlines).

This Application and all supporting papers will be served via overnight mail on RMG on April 22, 2008. Because RMG is without counsel, Ticketmaster and IAC could not give notice of this Application. [Declaration of Mark S. Lee ("Lee Decl."), ¶¶ 2-3.]

This Application is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Mark S. Lee, and upon such other argument and evidence as may be presented at any hearing on this motion.

Dated: April 21, 2008            MANATT, PHELPS & PHILLIPS, LLP


By:_____/s/ Mark S. Lee_____
     Mark S. Lee
     Attorneys for *Plaintiff and Counter-Defendant* TICKETMASTER L.L.C. and *Counter-Defendant* IAC/INTERACTIVECORP

41230583.2                              2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant and counterclaimant RMG Technologies, Inc. ("RMG") recently stipulated to the withdrawal of its counsel, and the Court in due course entered an Order dated April 10, 2008 approving the withdrawal of RMG's counsel. As a corporation, RMG may not represent itself, yet RMG has failed to retain new counsel.

There are a number of deadlines currently pending in this action, including deadlines to respond to discovery requests, to complete discovery, and to respond to amended counterclaims that were filed by RMG immediately prior to the withdrawal of its counsel. Because RMG cannot currently prosecute or defend against claims in this action, plaintiff and counterclaim-defendant Ticketmaster L.L.C. ("Ticketmaster") and counterclaim-defendant IAC/InterActiveCorp ("IAC") wish to avoid the effort and expense of further litigation activity that may turn out to be unnecessary.

Therefore, Ticketmaster and IAC respectfully request that the Court stay all motion, discovery and pretrial deadlines until such time, if ever, that new counsel appears on behalf of RMG. In the meantime, Ticketmaster and IAC intend to set for hearing on May 19, 2008, a motion to enter default against RMG, which, if granted, would obviate any need to set new deadlines in this action.

## II. BRIEF FACTUAL BACKGROUND

### A. Current Pleadings and Discovery

Ticketmaster's First Amended Complaint alleges copyright infringement, violation of the Digital Millennium Act, and a variety of other claims in connection with RMG's manufacture and distribution of automated devices that provide RMG's customers with an unfair advantage over legitimate consumers in the purchase of tickets on Ticketmaster's website. [First Amended Complaint, filed on June 25, 2007.] This Court preliminarily enjoined RMG from such activities

during the pendency of the case. *Ticketmaster L.L.C. v. RMG Technologies, Inc.*, 507 F. Supp. 2d 1096 (C.D. Cal. 2007).

RMG in turn filed antitrust counterclaims against Ticketmaster and IAC that were dismissed on March 10, 2008 with leave to amend. *Ticketmaster L.L.C. v. RMG Technologies, Inc.*, 536 F. Supp. 2d 1191 (C.D. Cal. March 10, 2008). RMG filed amended antitrust counterclaims just before its counsel withdrew from this case. The current deadline for Ticketmaster and IAC to move to dismiss the amended counterclaims—which Ticketmaster and IAC believe are just as deficient as the original antitrust counterclaims—is April 28, 2008. [Lee Decl., ¶ 4.]

Before its counsel withdrew, RMG also served two sets of requests for production of documents and one set of interrogatories, all of which must be responded to by April 28, 2008. [Lee Decl., ¶ 5.] Many of the requests seek documents and information that are extremely confidential and should only be viewed by counsel. [*Id.*]

The current discovery cut-off in this case is May 23, 2008. [Lee Decl., ¶ 6.] Ticketmaster had intended to conduct several depositions of RMG employees and other third party witnesses before that date. [*Id.*]

### B. RMG's Counsel Withdraws

On March 31, 2008, RMG's counsel filed a motion to withdraw, and in support of that motion submitted a stipulation by RMG to the withdrawal of its counsel. On April 10, 2008, the motion to withdraw was granted. [April 10, 2008 Minute Order]. As a corporation, RMG can neither defend itself nor prosecute counterclaims. *See* 28 U.S.C. § 1654; C.D. Cal. Local Rule 83-2.10.1. Thus, there is no one with whom Ticketmaster can meet and confer regarding its contemplated motion to dismiss the amended counterclaims, discovery responses, or any other matter. Further, there is no counsel on behalf of RMG to produce documents, receive discovery responses, or oppose Ticketmaster's motion.

1 Ticketmaster has advised RMG that it will seek entry of a default if
2 RMG does not promptly engage new counsel, and that Ticketmaster intends to file
3 such a motion shortly. [Notice of Intention to Move to Strike and Enter Default,
4 filed April 16, 2008]. However, a noticed motion cannot be heard until May 19,
5 and Ticketmaster does not wish to incur the expense of preparing a motion to
6 dismiss, preparing discovery responses, or conducting out of state discovery when
7 RMG cannot even participate in the litigation.

Ticketmaster and IAC therefore respectfully ask the Court to continue
9 all pending deadlines until after it considers Ticketmaster's request to enter default
10 against RMG.

11 **III.   TICKETMASTER'S APPLICATION SHOULD BE GRANTED.**

12   **A.   Ticketmaster Will Be Prejudiced if This Application is Denied.**

13 Ticketmaster and IAC will be prejudiced if this Application is denied
14 for several reasons.

15 First, RMG filed its recent amended counterclaims one business day
16 before the Court entered its Order allowing RMG's counsel to withdraw.
17 Ticketmaster and IAC requested a meet and confer pursuant to Local Rule 7-3
18 regarding the amended antitrust claims, but RMG's counsel withdrew before it
19 responded to the request. As RMG is without counsel, the parties cannot fulfill this
20 mandatory requirement. This requirement is especially significant here because (1)
21 a previous conference of counsel led to RMG amend its antitrust claims when
22 defects were brought to light, and (2) the new antitrust counterclaims have not
23 addressed the defects this Court noted when it previously dismissed similar
24 counterclaims.

25 Second, RMG's counsel propounded two sets of document requests
26 and one set of interrogatories just before they moved to withdraw. Now, there is no
27 one to receive Ticketmaster's responses, or to use them in any manner if they were
28 received.

Third, there is currently a May 23, 2008 discovery cut-off, and a law and motion cut-off of June 23, 2008, which will require Ticketmaster to undertake significant and expensive discovery. [Lee Decl., ¶ 6.] All of these efforts will waste client and judicial resources if RMG chooses not to defend itself by engaging new counsel.

### B. RMG Will Not Be Prejudiced If This Application Is Granted.

RMG currently has no counsel and thus can take no actions in this case before it gains counsel. Thus, insofar as an extension of any deadlines in this case would extend the time for Ticketmaster to perform any act it otherwise would have performed earlier, there would be no ensuing prejudice to RMG. Indeed, if RMG were to retain new counsel, that counsel would probably request additional time for motions, discovery, and pretrial efforts anyway.

In sum, granting this application would not prejudice RMG, and would benefit all parties and the Court.

## IV. CONCLUSION

Ticketmaster and IAC respectfully request that the Court grant this application and stay all motion, discovery, and pre-trial deadlines until such time, if ever, that RMG has retained new counsel, at which point new deadlines could be ordered. Ticketmaster and IAC request this relief without waiving any right to seek entry of a default against RMG in the meantime (which, if entered, would obviate any need for the Court to order new deadlines).

Dated: April 21, 2008                    MANATT, PHELPS & PHILLIPS, LLP


By: /s/ Mark S. Lee\_\_
  Mark S. Lee
  Attorneys for *Plaintiff and Counter-Defendant* TICKETMASTER L.L.C. and *Counter-Defendant* IAC/INTERACTIVECORP

## DECLARATION OF MARK S. LEE

I, Mark S. Lee, declare:

1. I am an attorney admitted to practice before this Court and all the courts of the State of California, and am a member of the firm of Manatt, Phelps & Phillips, LLP, counsel for Plaintiff Ticketmaster, LLC and IAC/INTERACTIVECORP (collectively, "Ticketmaster") in this action.

2. On April 10, 2008, my colleague, Noel S. Cohen, contacted then-counsel for RMG, David Tarlow, to request a meet and confer pursuant to Local Rule 7-3 regarding Ticketmaster's intent to file a motion to dismiss the antitrust counterclaims in the Second Amended Counterclaims.

3. On April 11, 2008, Mr. Tarlow responded that his firm was relieved as counsel for RMG and thus would not be participating in this conference.

4. The current deadline for Ticketmaster and IAC to move to dismiss the amended counterclaims is April 28, 2008.

5. Before its counsel withdrew, RMG served two sets of requests for production of documents and one set of interrogatories, all of which must be responded to by April 28, 2008. Many of the requests seek documents and information that are extremely confidential and should only be viewed by counsel.

6. The current discovery cut-off in this case is May 23, 2008 and the law and motion cut-off is June 23, 2008. Ticketmaster had intended to conduct several depositions of RMG employees and other third party witnesses before the discovery cut-off.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 21st day of April, 2008 at Los Angeles, California.

                                                /s/ Mark S. Lee
                                                Mark S. Lee