1 ROBERT H. PLATT (State Bar No. 108533)
rplatt@manatt.com
2 MARK S. LEE (State Bar No. 094103)
mlee@manatt.com
3 CHAD S. HUMMEL (State Bar No. 139055)
chummel@manatt.com
4 MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
5 Los Angeles, California 90064-1614
Telephone: (310) 312-4000
6 Facsimile: (310) 312-4224

7 Attorneys for *Plaintiff and Counter-Defendant*
TICKETMASTER L.L.C. and *Counter-Defendant*
8 IAC/INTERACTIVECORP

9  UNITED STATES DISTRICT COURT

10  FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TICKETMASTER L.L.C., a Virginia limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>RMG TECHNOLOGIES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>RMG TECHNOLOGIES, INC., a Delaware corporation,<br><br>Counterclaim-Plaintiff,<br><br>vs.<br><br>TICKETMASTER L.L.C., a Virginia limited liability company, IAC/INTERACTIVE CORP., a Delaware corporation, and ROES 1 through 10, inclusive,<br><br>Counterclaim-Defendants. | Case No. CV 07-2534-ABC (JCx)<br><br>**NOTICE OF MOTION AND MOTION BY TICKETMASTER L.L.C. AND IAC/INTERACTIVECORP. TO STRIKE RMG TECHNOLOGIES, INC.'S ANSWER, ENTER DEFAULT AGAINST RMG, AND DISMISS RMG'S SECOND AMENDED COUNTERCLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF MARK S. LEE IN SUPPORT THEREOF**<br><br>Date: June 2, 2008<br>Time: 10:00 a.m.<br>Place: The Courtroom of the Hon. Audrey B. Collins<br><br>Complaint filed: April 17, 2007 |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41270163.1
5/2/08 11:10 AM

NOTICE OF MOTION AND MOTION TO
STRIKE RMG TECHNOLOGIES'
ANSWER

Dockets.Justia.com

TO DEFENDANT/COUNTERCLAIM-PLAINTIFF:

PLEASE TAKE NOTICE that on June 2, 2008, at 10:00 a.m., in the Courtroom of the Honorable Audrey B. Collins, located at 255 East Temple Street, Los Angeles, California, Plaintiff and Counterclaim-Defendant Ticketmaster L.L.C. ("Ticketmaster") and Counterclaim-Defendant IAC/InterActiveCorp (sued incorrectly herein as IAC/Interactive Corp.) ("IAC") will and hereby do move for an order to strike the Answer filed by Defendant and Counterclaimant RMG Technologies, Inc. ("RMG"), to enter default against RMG, and to dismiss RMG's Second Amended Counterclaims pursuant to 28 U.S.C. § 1654, Federal Rule of Civil Procedure 41(b) and (c), and Local Rules 83-2.10.1 and 83-2.10.4.

This Motion is made on the grounds that RMG is not represented by counsel and, as a corporation, cannot proceed *pro se*. RMG thus has made it impossible to adjudicate the merits of the claims in this action, such that RMG's claims and defenses should be stricken and dismissed.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities and Declaration of Mark S. Lee, all pleadings, records and files herein, of which the Court is respectfully requested to take judicial notice, and such other and further matters as may be presented in connection with this Motion.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41270163.1
5/2/08 11:10 AM

2

NOTICE OF MOTION AND MOTION TO STRIKE RMG TECHNOLOGIES' ANSWER

1  Since RMG is presently unrepresented by counsel, this Motion is made
2  without the pre-motion conference of counsel required under Local Rule 7-3.

3  Dated: May 2, 2008

ROBERT H. PLATT
MARK S. LEE
CHAD S. HUMMEL
MANATT, PHELPS & PHILLIPS, LLP


By: s/Mark S. Lee
Mark S. Lee
Attorneys for *Plaintiff and Counter-Defendant* TICKETMASTER L.L.C. and *Counter-Defendant* IAC/INTERACTIVECORP

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41270163.1
5/2/08 12:00 PM

3

NOTICE OF MOTION AND MOTION TO STRIKE RMG TECHNOLOGIES' ANSWER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

Page

A. INTRODUCTION .................................................................................................. 3
B. BACKGROUND FACTS ...................................................................................... 3
    1. Current Pleadings and Deadlines ............................................................. 3
    2. RMG's Counsel Withdraws ..................................................................... 4
    3. RMG's Notice of The Consequences of Withdrawal ............................. 4
C. ARGUMENT ......................................................................................................... 5
    1. RMG Must Have Counsel To Defend or Prosecute Claims .................. 5
    2. RMG's Lack of Counsel Requires his Court To Strike RMG Answer, Enter Default Against RMG, And Dismiss RMG's Counterclaims .............................................................................................. 6
    3. Due Process Favors Dismissal Of RMG's Counterclaims .................... 7
        (a) The Public Interest Favors Dismissal ........................................... 7
        (b) The Court's Need To Manage Its Docket Favors Dismissal ........ 7
        (c) The Risk Of Prejudice To Ticketmaster Favors Dismissal ......... 8
        (d) Public Policy Favoring Disposition Of Cases On Their Merits Does Not Weigh Against Dismissal Here ....................... 8
        (e) Less Drastic Alternatives Are Not Available ............................... 9
        (f) RMG's Counterclaims Should Be Dismissed Even If This Court Determines That Less Than All Factors Favor Dismissal ......................................................................................... 9
    4. RMG Has Had More Than Enough Time To Retain Counsel And Avoid Default ..................................................................................... 10
D. CONCLUSION .................................................................................................... 11

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

41270163.1
5/2/08 12:00 PM

i

NOTICE OF MOTION AND MOTION TO STRIKE RMG

# TABLE OF AUTHORITIES

Page

## CASES

*Alpha Land Company v. Little*,
   238 F.R.D. 497 (E.D. Cal. 2006) .................................................................... 10

*Arco Environmental Remediation, L.L.C. v.
   RDM Multi-Enterprises, Inc.*,
   166 Fed.Appx. 929 (9th Cir. 2006) ................................................................. 10

*In re Eisen*,
   31 F.3d 1447 (9th Cir. 1994) ......................................................................... 8, 9

*Employee's Painters Trust v. Ethan Enterprises, Inc.*,
   480 F.3d 993 (9th Cir. 2007) ........................................................................ 6, 10

*Ferdik v. Bonzelet*,
   963 F.2d 1258 (9th Cir. 1992) ....................................................................... 7, 9

*Grace v. Bank Leumi Trust Co. of N.Y*,
   443 F.3d 180 (2d Cir. 2006) ............................................................................. 6

*Malone v. U.S. Postal Service*,
   833 F.2d 128 (9th Cir. 1987) ............................................................................ 9

*Morris v. Morgan Stanley & Company*,
   942 F.2d 648 (9th Cir. 1991) ......................................................................... 8, 9

*Pagtalunan v. Galaza*,
   291 F.3d 639 (9th Cir. 2002) ......................................................................... 7, 8

*In re Phenylpropanolamine (PPA) Products Liability Litigation*,
   460 F.3d 1217 (9th Cir. 2006) ....................................................................... 8, 9

*Rowland v. California Men's Colony*,
   506 U.S. 194 (1993) .......................................................................................... 5

*Softwareworks Group, Inc. v. Ihosting, Inc.*,
   2007 WL 1279495 (N.D. Cal. 2007) ............................................................... 10

*Strong Delivery Ministry Ass'n v. Board of Appeals of Cook County*,
   543 F.2d 32 (7th Cir. 1976) .............................................................................. 6

*Ticketmaster L.L.C. v. RMG Technologies, Inc.*,
   507 F.Supp.2d 1096 (C.D. Cal. 2007) .............................................................. 3

*Turner v. American Bar Assn.*,
   407 F.Supp. 451 (N.D. Tex. 1975) ................................................................... 5

*U.S. v. High Country Broadcasting Company*,
   3 F.3d 1244 (9th Cir. 1993) .......................................................................... 6, 10

## STATUTES

28 U.S.C. § 1654 ................................................................................... 1, 5, 7, 9

## RULES

California Central District Local Rule 7-3 ............................................................ 5

California Central District Local Rule 11-1 .......................................................... 5

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41270163.1
5/2/08 12:00 PM

ii

NOTICE OF MOTION AND
MOTION TO STRIKE RMG

**TABLE OF AUTHORITIES**
(continued)

Page

California Central District Local Rule 37-1 .................................................................... 5
California Central District Local Rule 83-2.10.1 ........................................................ 5, 9
California Central District Local Rule 83-2.10.4 ........................................................ 1, 6
Federal Rule of Civil Procedure 11 ................................................................................ 5
Federal Rule of Civil Procedure 26 ................................................................................ 5
Federal Rule of Civil Procedure 41 ......................................................................... 1, 7, 9
Federal Rule of Civil Procedure 41(b) .................................................................. 6, 7, 8, 9
Federal Rule of Civil Procedure 41(c) ........................................................................ 6, 7

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41270163.1
5/2/08 12:00 PM

iii

NOTICE OF MOTION AND
MOTION TO STRIKE RMG

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. INTRODUCTION

Defendant and counterclaimant RMG Technologies, Inc. ("RMG") stipulated to the withdrawal of its counsel on March 21, 2008, and the Court approved that withdrawal on April 8, 2008. RMG has not retained new counsel in the weeks since this Court permitted that withdrawal, and it cannot represent itself.

RMG's stipulation and failure to engage new counsel has made it impossible to resolve the claims in this action on the merits. Plaintiff and counter-claim defendant Ticketmaster L.L.C. (jointly, "Ticketmaster") and counter-claim defendant IAC/InterActive Corp therefore respectfully request that the Court dismiss RMG's Second Amended Counterclaims, strike RMG's Answer to Ticketmaster's First Amended Complaint, and enter default against RMG.

## B. BACKGROUND FACTS

### 1. Outstanding Pleadings

Ticketmaster's First Amended Complaint alleges copyright infringement, violation of the Digital Millennium Copyright Act, and other claims in connection with RMG's manufacture and distribution of automated devices that provide its customers with an unfair advantage over consumers in the purchase of tickets on Ticketmaster's website. (First Amended Complaint, filed on June 25, 2007.) This Court preliminarily enjoined RMG from such activities during the pendency of the case. *Ticketmaster L.L.C. v. RMG Technologies, Inc.*, 507 F. Supp. 2d 1096 (C.D. Cal. 2007).

RMG filed counterclaims against Ticketmaster and IAC. On March 10, 2008, this Court dismissed one of those counterclaims without leave to amend, and dismissed other counterclaims with leave to amend. *Ticketmaster L.L.C. v. RMG Technologies, Inc.*, 536 F. Supp. 2d 1191 (C.D. Cal. March 10, 2008). On

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41270163.1
5/2/08 11:10 AM

4

NOTICE OF MOTION AND MOTION TO STRIKE RMG TECHNOLOGIES' ANSWER

April 9, 2008, RMG filed Second Amended Counterclaims. (See Second Amended Counterclaims, Docket #113.)

### 2. RMG's Counsel Withdraws And The Court Stays Deadlines

In March 2008, RMG's counsel moved to withdraw as counsel in this case, and in support of that motion submitted a stipulation to that withdrawal signed by RMG. (See Motion to Withdraw filed on March 31, 2008, docket #103.) This Court granted the motion to withdraw. (See Order entered on April 8, 2008, Docket #114.)

Counsel's withdrawal makes it impossible to continue litigating the merits of the parties' claims. Therefore, Ticketmaster and IAC applied ex parte to stay all motion, discovery and pretrial deadlines until RMG engages new counsel or a default is entered, and on April 25, 2008, the Court granted the application. (Order entered April 25, 2008, Docket #119.)

### 3. RMG's Notice of The Consequences of Withdrawal.

Before moving to withdraw, RMG's former counsel advised RMG that RMG would not be able to represent itself in this action unless it retained new counsel. (Motion to Withdraw filed March 31, 2008, p.1.) After the Court granted the motion to withdraw, Ticketmaster advised RMG that it would seek entry of a default if RMG did not promptly engage new counsel if RMG did not retain new counsel by April 25, 2008. (See Notice filed on April 16, 2008, Docket #115.) In response, RMG's CEO contacted Ticketmaster's counsel and asked that Ticketmaster wait an additional week before moving for default, to give RMG an additional opportunity to obtain counsel. (Lee Decl. ¶ 5). Ticketmaster agreed to that request, but urged RMG to obtain counsel promptly and reiterated that, otherwise, Ticketmaster would proceed to file the motion. (Id.)

### 4. RMG's Failure To Engage Counsel

No new counsel has appeared to represent RMG. (Lee Decl. ¶6; Court's Docket herein.)

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41270163.1
5/2/08 12:00 PM

5

NOTICE OF MOTION AND MOTION TO STRIKE RMG TECHNOLOGIES' ANSWER

## C. ARGUMENT

### 1. RMG Must Have Counsel To Defend or Prosecute Claims.

As a corporation, RMG must be represented by counsel to litigate this action. 28 U.S.C. § 1654 (a party must conduct its case as permitted "by the rules of such courts"); Local Rule 83-2.10.1 (a corporation "may not appear in any action or proceeding *pro se*.") This Court's rules requiring meet-and-confer procedures regarding motions and discovery, as well as the signing of papers, also require RMG to be represented by counsel. *See e.g.*, F.R.C.P. Rules 11(a) and 26(g)(1), and Local Rules 7-3, 11-1, and 37-1.

This requirement that corporations be represented by counsel has existed for centuries. *See e.g., Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993) ("[i]t has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel"); *see also, Turner v. American Bar Assn.*, 407 F. Supp. 451, 476 (N.D. Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel). The rule is needed to ensure that a corporation is not represented by an officer who might have a conflict of interest with the corporation. *See e.g., Strong Delivery Ministry Ass'n v. Board of Appeals of Cook County*, 543 F.2d 32 (7th Cir. 1976); *Grace v. Bank Leumi Trust Co. of N.Y*, 443 F.3d 180 (2d Cir. 2006).

When moving to withdraw and obtaining RMG's stipulation to the withdrawal, RMG's original counsel advised RMG of its mandatory obligation to retain new counsel. (See Motion to Withdraw filed on March 31, 2008, p. 1.) Ticketmaster also notified RMG to engage new counsel to avoid entry of default over a month before this motion will be set for hearing. (See Notice filed on April 16, 2008) By the time this motion is heard, almost two months will have passed since RMG was notified of this fact by its prior counsel. RMG nevertheless remains unrepresented by counsel.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41270163.1
5/2/08 11:10 AM

6

NOTICE OF MOTION AND MOTION TO STRIKE RMG TECHNOLOGIES' ANSWER

### 2. RMG's Lack of Counsel Requires This Court To Strike Its Answer, Enter Default, And Dismiss RMG's Counterclaims.

The Federal Rules of Civil Procedure and this Court's Local Rules authorize the dismissal and entry of default against an unrepresented corporate entity. Local Rule 83-2.10.4 provides that RMG's failure to retain counsel is "ground for dismissal or judgment by default." Similarly, FRCP Rule 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.[1]

Dismissal of an unrepresented corporate entity pursuant to the FRCP or local rules has been regularly upheld by the Ninth Circuit. *See e.g., U.S. v. High Country Broadcasting Company*, 3 F.3d 1244, 1245 (9th Cir. 1993) (district court's entry of default against an unrepresented corporation "was perfectly appropriate"); *Employee's Painters Trust v. Ethan Enter., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (district court's entry of default pursuant to local rules affirmed).

### 3. Due Process Favors Dismissal Of RMG's Counterclaims.

RMG's failure to retain counsel in violation of 28 U.S.C. § 1654 and Local Rule 83-2.10.1 subjects its counterclaims to dismissal under FRCP Rules 41(b) and (c).. The Court should weigh the following factors to determine whether to dismiss those counter-claims :

---

[1] Rule 41(b) is made applicable to the dismissal of counterclaims through FRCP Rule 41(c)

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41270163.1
5/2/08 11:10 AM

7

NOTICE OF MOTION AND MOTION TO STRIKE RMG TECHNOLOGIES' ANSWER

   (a) the public's interest in expeditious resolution of litigation;

   (b) the Court's need to manage its docket;

   (c) the risk of prejudice to the defendants (in this case, counter-defendants);

   (d) the public policy favoring disposition of cases on their merits; and

   (e) the availability of less drastic alternatives.

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-1261 (9th Cir. 1992).

Those factors favor dismissal here.

### (a) The Public Interest Favors Dismissal.

The expeditious resolution of litigation always favors dismissal when a case cannot be resolved on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). (public's interest in expeditious resolution "always favors dismissal"); *Ferdik*, supra, 963 F.2d at 1261 (same). Unless RMG's is represented by counsel, this case cannot be resolved on the merits. Therefore, RMG's failure to retain counsel weighs in favor of dismissal of RMG's counterclaims.

### (b) The Court's Need To Manage Its Docket Favors Dismissal.

The Court has inherent powers to manage its docket without hindrance caused by the failure of a party to comply with applicable rules. Moreover, the Ninth Circuit, recognizing the heavy caseload of the Central District of California, has emphasized the propriety of swift docket-management action against noncompliant litigants in the Central District. *See Pagtalunan*, supra, 291 F.3d at 643-644 (in upholding Rule 41(b) dismissal, concurring judge wrote separately to highlight the "huge caseload" of the Central District: "In my view, the weight of the docket-managing factor depends on the size and load of the docket, and those in

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41270163.1
5/2/08 11:10 AM

8

NOTICE OF MOTION AND MOTION TO STRIKE RMG TECHNOLOGIES' ANSWER

1  the best position to know what that is are our beleaguered trial judges"). This factor
2  favors dismissal.

### (c) The Risk Of Prejudice To Ticketmaster Favors Dismissal.

At this juncture, it is unclear if RMG will ever retain new counsel. The attendant delay in the prosecution of this action militates in favor of dismissal because of the prejudice that arises from loss of evidence and memory, as well as the disappearance or death of witnesses. *In re Eisen*, 31 F.3d 1447, 1453 (9th Cir. 1994). Additional prejudice to Ticketmaster and IAC consists of the ongoing costs of litigation itself. *Pagtalunan*, 291 F.3d at 642. This factor weighs in favor of dismissal.

### (d) Public Policy Favoring Disposition Of Cases On Their Merits Does Not Weigh Against Dismissal Here.

RMG has had ample opportunity to retain new counsel, and has been apprised by its original counsel and by Ticketmaster of the consequences of not retaining new counsel. Moreover, because RMG has not retained new counsel, it is impossible to litigate the claims in this action on the merits. *See e.g.*, *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (party has a responsibility to move a case toward disposition); *also*, *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (same). This factor weighs in favor of dismissal.

### (e) Less Drastic Alternatives Are Not Available

There is no alternative to dismissal here. The retention of counsel is an absolute necessity, with no meaningful lesser sanction that could be imposed by the Court. 28 U.S.C. § 1654; C.D. Cal. Local Rule 83-2.10.1; §§ C.1,2., *supra*.

Issuing a warning prior to dismissal is sometimes considered a less drastic alternative, but RMG has already been repeatedly warned by both its prior counsel and Ticketmaster to no avail. (See Motion to Withdraw filed on March 31, 2008, p. 1; Notice filed on April 16, 2008.) Indeed, RMG has implicitly

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41270163.1
5/2/08 11:10 AM

9

NOTICE OF MOTION AND MOTION TO STRIKE RMG TECHNOLOGIES'
ANSWER

acknowledged the consequences of being unrepresented. (Lee Decl. ¶5) This motion obviously constitutes yet another warning, and in and of itself satisfies the warning requirement. *See e.g., Morris*, 942 F.2d at 652 (expressly rejecting warning requirement as a prerequisite to a Rule 41(b) dismissal); *see also In re Eisen*, 31 F.3d at 1455. There is no point to this Court issuing yet a fourth warning in these circumstances. *Malone v. U.S. Postal Service*, 833 F.2d 128, 132 (9th Cir. 1987); *In re PPA*, 460 F.3d at 1229; *Malone*, 833 F.3d at 132-133.

(f) **RMG's Counterclaims Should Be Dismissed Even If This Court Determines That Less Than All Factors Favor Dismissal.**

This Court need not find that all five factors have been satisfied in order to grant this motion. A determination that three or more factors weigh in favor of dismissal has been held sufficient to support dismissal, and three or more certainly favor dismissal here. *See e.g., Ferdik*, 963 F.2d at 1263 (upholding Rule 41(b) dismissal when there were "three factors that strongly support dismissal"); *see also, Malone*, 833 F.2d at 133, fn.3 (upholding dismissal when four factors present).

4. **RMG Has Had More Than Enough Time To Retain Counsel And Avoid Default.**

RMG is entitled to a reasonable amount of time to retain new counsel. *See, e.g., Employee Painters Trust, supra*, 480 F.3d at 998; *see also, Alpha Land Company v. Little*, 238 F.R.D. 497, 502 (E.D. Cal. 2006) (upholding dismissal of trust entity for failing to retain the requisite counsel).[2] However, it is appropriate to enter a default against an unrepresented corporate entity that fails to retain counsel

---

[2] Unlike a Rule 41 dismissal, which is governed by a well-established formula for determining when a Rule 41 motion may be granted, no similar analysis is required to enter default against an unrepresented corporate entity. It is sufficient that a corporate entity had a reasonable opportunity to retain counsel, but failed to do so. *See e.g., Arco Environmental Remediation, L.L.C. v. RDM Multi-Enterprises, Inc.*, 166 Fed.Appx. 929, 930 (9th Cir. 2006) (Rule 41 dismissal analysis not applicable with respect to default, and a default was appropriate after corporate entity was given opportunity to retain counsel, but failed to do so).

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41270163.1
5/2/08 11:10 AM

10

NOTICE OF MOTION AND MOTION TO STRIKE RMG TECHNOLOGIES' ANSWER

1  after a reasonable period of time. *High Country, supra*, 3 F.3d at 1245; *see also*
2  *Alpha Land*, 238 F.R.D. at 502 (when trust failed to indicate its intent to retain
3  counsel, the court dismissed its complaint "for this reason alone").
4        RMG has had ample time to engage new counsel. RMG has known
5  since at least as early as March 31, 2008, that it must retain counsel or risk entry of
6  default. At RMG's request, Ticketmaster delayed filing this motion for another
7  week specifically so that RMG could engage counsel. RMG nevertheless has not
8  retained counsel.
9        Striking RMG's Answer and entering default against RMG is
10  warranted in these circumstances, as case law affirms. *Employees Painters' Trust*,
11  480 F.3d at 998 (default upheld when corporate entity failed to retain new counsel
12  "by the date withdrawal [of its prior counsel became] effective"); *Softwareworks*
13  *Group, Inc. v. Ihosting, Inc.*, 2007 WL 1279495 (N.D. Cal. 2007) (the corporate
14  entity's failure to retain new counsel within two weeks supported striking of answer
15  and dismissal of counterclaim).
16        Neither Ticketmaster nor the Court should have to continue addressing
17  and pursuing or defending against claims that RMG has elected to no longer
18  contest. This Court should grant Ticketmaster's motion so that this action may be
19  promptly terminated.[3]

20  **D.   CONCLUSION**
21        Ticketmaster respectfully requests that the Court dismiss RMG's
22  Second Amended Counterclaims, strike RMG's Answer, and enter default against
23     / / /
24     / / /
25     / / /
26
27
28

---

[3]   Should the Court grant this motion, Ticketmaster will next move for entry of a default judgment, permanent injunction, and its attorneys' fees.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41270163.1
5/2/08 11:10 AM

11

NOTICE OF MOTION AND MOTION TO
STRIKE RMG TECHNOLOGIES'
ANSWER

RMG for failure to retain counsel for all the reasons described above.

Dated:  May 2, 2008

ROBERT H. PLATT
MARK S. LEE
CHAD S. HUMMEL
MANATT, PHELPS & PHILLIPS, LLP


By: s/Mark S. Lee
　　Mark S. Lee
　　Attorneys for *Plaintiff and Counter-Defendant* TICKETMASTER L.L.C. and *Counter-Defendant* IAC/INTERACTIVECORP

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41270163.1
5/2/08 12:03 PM

12

NOTICE OF MOTION AND MOTION TO STRIKE RMG TECHNOLOGIES' ANSWER

## DECLARATION OF MARK S. LEE

I, Mark S. Lee, declare:

1. I am an attorney admitted to practice before this Court and am a member of the firm of Manatt, Phelps & Phillips, LLP, counsel for plaintiff and counterclaim-defendant Ticketmaster L.L.C. ("Ticketmaster") and counterclaim-defendant IAC/InterActiveCorp ("IAC") in this action.

2. On March 21, 2008, defendant and counterclaimant RMG Technologies, Inc. ("RMG") stipulated to the withdrawal of its counsel, Coggan & Tarlow. The stipulation is attached as an exhibit to Coggan & Tarlow's motion to withdraw as counsel, filed on or about March 31, 2008.

3. On April 8, 2008, this Court granted Coggan & Tarlow's motion to withdraw as counsel to RMG.

4. On April 16, 2008, Ticketmaster advised RMG that it would seek entry of a default if RMG did not promptly engage new counsel, and that Ticketmaster intended to file such a motion shortly.

5. On April 24, 2008, I received a telephone call from Cipriano Garibay, President of RMG Technologies, Inc. Mr. Garibay asked if Ticketmaster and IAC would agree to wait one week to file the motion to enter default so he could engage counsel. After consulting with my client, I advised Mr. Garibay that Ticketmaster and IAC would wait one week to file the motion. I also urged Mr. Garibay to engage new counsel as soon as possible, and cautioned him that if new counsel did not appear, Ticketmaster and IAC would file this motion.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41270163.1
5/2/08 11:10 AM

13

NOTICE OF MOTION AND MOTION TO STRIKE RMG TECHNOLOGIES' ANSWER

6. I never heard from Mr. Garibay again. No new counsel has appeared for RMG herein.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 2 day of May 2008, at Los Angeles, California.

s/Mark S. Lee
_____
MARK S. LEE

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41270163.1
5/2/08 12:00 PM

14

NOTICE OF MOTION AND MOTION TO STRIKE RMG TECHNOLOGIES' ANSWER

PROOF OF SERVICE

I, Jack-Lynn Sawyer, CCLS, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen (18) years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On May 2, 2008, I served a copy of the within document(s):

**Notice Of Motion And Motion By Ticketmaster L.L.C. And Iac/Interactivecorp. To Strike RMG Technologies, Inc.'s Answer, Enter Default Against RMG, And Dismiss RMG's Second Amended Counterclaims; Memorandum Of Points And Authorities And Declaration Of Mark S. Lee In Support Thereof**

☒ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒ by placing the document(s) listed above in a sealed envelope and affixing a prepaid air bill, and causing the envelope to be delivered to a Federal Express Overnight agent for delivery

Cipriano Garibay
RMG TECHNOLOGIES, INC.
301 N. Grand Street, Ste. 4300
Pittsburgh, PA 15219
Fax: (877) 284-1215
Phone: (866) 417-9506
E-mail: rmgtech@rmgtech.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

EXECUTED on May 2, 2008, at Los Angeles, California.

_____
JACK-LYNN SAWYER, CCLS

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41273351.1
5/2/08 12:05 PM