1  MANATT, PHELPS & PHILLIPS, LLP
   ROBERT H. PLATT (Bar No. CA 108533)
2    rplatt@manatt.com
   MARK S. LEE (Bar No. CA 094103)
3    mlee@manatt.com
   DONALD R. BROWN (Bar No. CA 156548)
4    dbrown@manatt.com
   RAAQIM A. S. KNIGHT (Bar No. CA 217630)
5    rknight@manatt.com
   11355 West Olympic Boulevard
6  Los Angeles, CA 90064-1614
   Telephone: (310) 312-4000
7  Facsimile: (310) 312-4224

8  Attorneys for *Plaintiff and Counter-Defendant*
   TICKETMASTER L.L.C. and *Counter-Defendant*
9  IAC/INTERACTIVECORP

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TICKETMASTER L.L.C., a Virginia limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>RMG TECHNOLOGIES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | No. CV 07-2534 ABC (JCx)<br><br>Hon. Audrey B. Collins<br><br>**[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION** |
| RMG TECHNOLOGIES, INC., a Delaware corporation,<br><br>Counterclaim-Plaintiff,<br><br>vs.<br><br>TICKETMASTER L.L.C., a Virginia limited liability company, IAC/INTERACTIVE CORP., a Delaware corporation, and ROES 1 through 10, inclusive,<br><br>Counterclaim-Defendants. | |

The Court having previously entered a default, having considered the Application by Ticketmaster L.L.C. ("Ticketmaster") and IAC/InterActiveCorp ("IAC") for Entry of Default Judgment and Permanent Injunction against RMG Technologies, Inc. ("RMG"), and being fully advised in the premises, a judgment and permanent injunction is entered as follows:

## I.  JUDGMENT.

1. Ticketmaster's application for a default judgment and permanent injunction is granted.

2. Default judgment is hereby entered against RMG and in favor of Ticketmaster on all claims in Ticketmaster's First Amended Complaint, and against RMG and in favor of Ticketmaster and IAC on all counterclaims in RMG's Second Amended Counterclaims.

3. RMG's Second Amended Counterclaims are dismissed with prejudice.

4. Judgment is hereby entered in favor of Ticketmaster in the amount of $_____, pursuant to 17 U.S.C. Section 504 as disgorgement of the profits that RMG has wrongfully earned through infringement of Ticketmaster's copyrights, and based on Ticketmaster's claims for relief for inducement to breach contract and intentional interference with contractual relations.

## II.  PERMANENT INJUNCTION.

5. RMG and its officers, directors, principals, agents, representatives, shareholders, partners, employees, successors, assigns, licensees, contractual privies, and all others acting in active concert or participation with them or otherwise acting on RMG's behalf, are hereby PERMANENTLY ENJOINED from:

(a) creating, trafficking in, facilitating the use of or using computer programs or other automated devices to circumvent the technological copy protection systems in Ticketmaster's website, http://www.ticketmaster.com;

(b) using information gained from access of Ticketmaster's website to create computer programs to circumvent Ticketmaster's copy protection and website regulation systems;

(c) copying or facilitating the copying of Ticketmaster's website or any portion thereof in excess of any license Ticketmaster has granted by its website's Terms of Use;

(d) otherwise accessing and using Ticketmaster's website in excess of the license granted by the Terms of Use posted thereon; and

(e) breaching or facilitating the breach by others of the Terms of Use posted on Ticketmaster's website, as they may be amended from time to time;

### III.     IMPOUNDMENT AND DESTRUCTION.

6.     RMG shall, on or before _____, 2008, deliver to Ticketmaster's counsel of record, Manatt, Phelps & Phillips, LLP, 11355 West Olympic Blvd., Los Angeles, California 90064, for impoundment and destruction, all electronic and other copies of all bots, programs, or other automated devices used by RMG and all persons acting for its benefit or on its behalf to violate Ticketmaster's rights;

7.     RMG shall deliver along with all electronic and other copies of the aforementioned bots, programs, or other automated devices a written declaration, signed under penalty of perjury, certifying that all such bots, programs, or other automated devices in RMG's possession, custody or control have been delivered to Ticketmaster's counsel;

8.     Within seven (7) calendar days after the date that this Injunction is entered as an order of the Court, RMG shall cause to have sent to each of its business partners, affiliates, parents, subsidiaries, officers, directors, employees, servants, representatives, agents, and attorneys a copy of the permanent injunction included in this judgment;

9. RMG's violation of the permanent injunction included in this judgment shall constitute contempt of court, and Ticketmaster shall recover all reasonable costs and attorneys' fees expended in bringing a contempt motion.

**IV. FEES, COSTS, AND RETENTION OF JURISDICTION.**

10. Ticketmaster is hereby awarded its reasonable attorneys' fees in the amount of $_____, pursuant to 17 U.S.C. Sections 505 and 1203 based on its claims for relief for copyright infringement and violation of the Digital Millennium Copyright Act; California Penal Code Section 502(e) based on its claim for relief for violation of the California Penal Code § 502; and 18 U.S.C. Section 1964 based on its claims for relief for violation of RICO, 18 U.S.C. §§ 1962(c) and 1962(d);

11. Ticketmaster is awarded its costs of suit in an amount to be determined by the Clerk of the Court;

12. The Court shall retain jurisdiction to enforce the permanent injunction included in this judgment, as well as to consider any post trial motions to increase damages or award attorney's fees.

Dated: June \_\_\_\_, 2008

_____
The Honorable Audrey B. Collins
United States District Judge

Submitted By:

/s/ Donald R. Brown
DONALD R. BROWN
MANATT, PHELPS & PHILLIPS, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Attorneys for *Plaintiff and Counter-Defendant*
TICKETMASTER L.L.C. and *Counter-Defendant*
IAC/INTERACTIVECORP