MANATT, PHELPS & PHILLIPS, LLP
ROBERT H. PLATT (Bar No. CA 108533)
rplatt@manatt.com
MARK S. LEE (Bar No. CA 094103)
mlee@manatt.com
DONALD R. BROWN (Bar No. CA 156548)
dbrown@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for *Plaintiff and Counter-Defendant*
TICKETMASTER L.L.C. and
*Counter-Defendant* IAC/INTERACTIVECORP

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TICKETMASTER L.L.C., a Virginia limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>RMG TECHNOLOGIES, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. CV 07-2534 ABC(JWJx)<br><br>**SUPPLEMENTAL BRIEF RE IMPOUNDMENT AND DESTRUCTION OF INFRINGING ARTICLES PROVIDED PURSUANT TO COURT ORDER**<br><br>Judge: The Hon. Audrey B. Collins<br>Place: Courtroom 680 |

Pursuant to the Court's June 16, 2008 Minute Order, plaintiff and counterclaim-defendant Ticketmaster L.L.C. submits this Supplemental Brief concerning the impoundment and destruction of infringing articles as part of the Proposed Judgment.

As an initial matter, <u>Ticketmaster wishes to apprise the Court that it is willing to forego the remedy of impoundment and destruction insofar as the Court is prepared to immediately enter the remainder of the Proposed Judgment.</u> Although Ticketmaster is entitled to the remedy of impoundment and destruction as

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

41289879.3

a matter of course under copyright law, and on that basis requested such relief in the Proposed Judgment, Ticketmaster believes the other remedies in the Proposed Judgment offer sufficient protection to permit it to forego seeking an impoundment and destruction remedy in this instance. Therefore, Ticketmaster respectfully requests that the Court immediately enter the Proposed Judgment (including damages as requested), but strike paragraphs 6 and 7 of the Proposed Judgment.

If, however, the Court prefers to adhere to the full briefing schedule delineated in its June 16 Order, then Ticketmaster respectfully requests that the Court enter the Proposed Judgment (including damages) as is, without striking paragraphs 6 and 7. As discussed below, Ticketmaster is entitled to impoundment and destruction of the infringing articles, and is offering to forego that remedy only insofar as doing so will immediately bring the case to a conclusion.

## THE COPYRIGHT ACT PROVIDES FOR THE IMPOUNDMENT AND DESTRUCTION OF INFRINGING ARTICLES

"The Copyright Act provides the owner of a copyright with a potent arsenal of remedies against an infringer of his work, including . . . the impoundment and destruction of all reproductions of his work made in violation of his rights . . ." *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 433-34 (1984). These remedies are codified in 17 U.S.C. Section 503. Section 503(a) states that "at any time while an action under this title is pending, the court may order the impounding . . . for all copies . . . claimed to have been made or used in violation of the copyright owner's exclusive rights, and of all . . . other articles by means of which such copies . . . may be reproduced." Section 503(b) similarly states that "as part of a final judgment or decree, the court may order the destruction . . . of all copies . . . found to have been made or used in violation of the copyright owner's exclusive rights and of all . . . other articles by means of which such copies . . . may be reproduced."

Here, RMG's liability for copyright infringement is judicially established by this Court's previous entry of default. RMG has already demonstrated a willingness to infringe Ticketmaster's copyrights, even after this Court preliminarily enjoined it from doing so. (*See* Ex Parte Application For Expedited Discovery Order filed November 6, 2007, Docket No. 66.) Impoundment and destruction of infringing articles, along with the equipment and materials used to create those infringing articles, is needed to insure that RMG engages in no further infringement. Many courts have ordered impoundment, destruction, or similar disposition of infringing articles and equipment used to create infringing articles in such circumstances. *See, e.g., Cipes v. Mikasa, Inc.*, 404 F. Supp. 2d 367, 370-71 (D. Mass. 2005) (defendant ordered to deliver infringing materials to plaintiff's possession); *Universal City Studios, Inc. v. Ahmed*, 31 U.S.P.Q.2d 1839, 1843-44 (E.D. Pa. 1994) (court ordered counterfeit videotapes destroyed and seized TV/VCR units donated to a local charity); *Foreign Car Parts, Inc. of New England v. Auto World, Inc.*, 366 F. Supp. 977 (N.D. Pa. 19783) (all plates, molds and matrices for making infringing copies ordered destroyed).

## **CONCLUSION**

Therefore, Ticketmaster respectfully requests that the Court immediately enter the Proposed Judgment (including damages) but without paragraphs 6 and 7 regarding impoundment and destruction of RMG's infringing articles. In the alternative, if the Court prefers to adhere to the full briefing schedule delineated in its June 16 Order, then Ticketmaster respectfully requests that the Court enter the Proposed Judgment (including damages) as is, including paragraphs 6 and 7.

/ / /

/ / /

| | |
|---|---|
| 1  Dated: June 18, 2008 | MANATT, PHELPS & PHILLIPS, LLP<br>ROBERT H. PLATT<br>MARK S. LEE<br>DONALD R. BROWN<br><br>By: _/s/ Donald R. Brown_____<br>Donald R. Brown<br>Attorneys for *Plaintiff and Counter-Defendant*<br>TICKETMASTER L.L.C. and<br>*Counter-Defendant*<br>IAC/INTERACTIVECORP |

**PROOF OF SERVICE**

I, Karen K. Pickering, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 11355 West Olympic Boulevard, Los Angeles, California 90064-1614. On June 18, 2008, I served a copy of the within document(s):

**SUPPLEMENTAL BRIEF RE IMPOUNDMENT AND DESTRUCTION OF INFRINGING ARTICLES PROVIDED PURSUANT TO COURT ORDER.**

- ☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

- ☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

- ☐ by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Golden State Overnight agent for delivery.

- ☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

- ☐ by sending an electronic message with attached PDF.

Cipriano Garibay
RMG Technologies, Inc.
301 Grand Street
Pittsburgh, Pennsylvania 15219

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 18, 2008, at Los Angeles, California.

Karen K. Pickering

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

41113534.1